UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEROY "BUD" BENSEL, et al.    :
                              :   HONORABLE JOSEPH E. IRENAS
        Plaintiffs,           :
                              :   CIVIL ACTION NO. 02-2917(JEI)
    v.                        :
                              :   **ORDER APPOINTING SPECIAL MASTER**
AIR LINE PILOTS ASSOCIATION,  :
et al.                        :
                              :
        Defendants.           :

**APPEARANCES:**

TRUJILLO RODRIGUEZ & RICHARDS, LLC
By: Lisa J. Rodriguez, Esq.
    Nicole M. Acchione, Esq.
8 Kings Highway West
Haddonfield, NJ  08033
    Counsel for Plaintiffs


ARCHER & GREINER, P.C.
By: John C. Connell, Esq.
    Alexander Nemiroff, Esq.
One Centennial Square
Haddonfield, NJ  08033

KATZ & RANZMAN, P.C.
By: Daniel M. Katz, Esq.
1015 18th Street N.W.
Suite 801
Washington, D.C. 20036
    Counsel for Defendants


**IRENAS**, Senior District Judge:

   This matter having appeared before the Court upon written

request of Plaintiff, Leroy Bensel, to address Defendant's

electronic discovery obligations (Docket No. 231), the Court having considered the requests of the parties, and it appearing that:

    (1)  By letter dated September 12, 2007, Plaintiff wrote to this Court concerning a dispute over Defendant's discovery obligations pertaining to documents maintained in some form of electronic media (tapes, hard drives, storage discs, etc.) and the metadata relating to such documents.  The dispute further involved the identity of the persons who would be permitted to search these media, the scope and extent of the search, the identity of the media to be searched, and the right to duplicate such media to facilitate the search process.  It was also clear that further discovery of electronic media might also implicate issues of confidentiality and privilege.  Defendant responded by letter dated September 26, 2007, rejecting Plaintiff's contention that Defendant's discovery obligations had not been fully satisfied.

    (2)  This court held a status conference on September 28, 2007, at which time the Court concluded that there were complex issues related to electronic discovery which needed to be addressed in order to complete discovery in this case. Since issues concerning possible (but vigorously denied) spoliation have been raised by Plaintiff, the Court entered an Order to Preserve evidence on October 3, 2007 (Docket No. 232).

(3)   As both parties are aware, the two Magistrate Judges sitting in the Camden Federal Courthouse are both disqualified from participating in this case.  Moreover, the Court has a heavy trial schedule, including a soon to start multiple defendant murder-drug conspiracy case.  Thus, the ability to provide a swift resolution of the complex electronic discovery issues might be seriously impaired.  The Court suggested to the parties that they might consider a Court-appointed Special Master under Fed. R. Civ. P. 53 to expeditiously resolve the disputes.  The Court suggested the appointment of Ronald J. Hedges, Esq. as Special Master.  Mr. Hedges, who until recently served as a Magistrate Judge, has taken a leadership role in developing procedures and protocols for electronic discovery.  Both parties have indicated their consent to such an appointment and have advised the Court that they are not aware of any conflict of interest with Mr. Hedges.  Mr. Hedges has filed an affidavit as required by Fed. R. Civ. P. 53(b)(3) advising the Court that he is not aware of any conflict of interest with either party.  Moreover, a copy of the proposed Order appointing Mr. Hedges was circulated to counsel for their comment prior to its entry.  (See Fed. R. Civ. P. 53(b)(1)).

For the reasons set forth, and for good cause shown,
    **IT IS** on this 23rd day of October, 2007,

**ORDERED THAT**

(1) Ronald J. Hedges, Esq. is hereby appointed Special Master pursuant to Fed. R. Civ. P. 53(a)(1)(A) and (C) to assist in the resolution of all disputes relating to electronic discovery including, without limitation, the following:

 (a) the identity of the electronic media to be searched for documents (hard drives, tapes, storage discs, computers, laptops, servers);

 (b) the format in which any documents must be produced;

 (c) the extent to which metadata must be produced in an accessible format with respect to any document;

 (d) the identity of persons who will be allowed to conduct any electronic searches;

 (e) the need or desirability of making mirror image copies of electronic media as part of the searching process;

 (f) the extent to which experts or other technical personal selected by Plaintiff would be permitted to participate in the search process, and;

 (g) issues of confidentiality and privilege which arise during the electronic discovery process, as well as other related issues which may arise.

(2) The Special Master shall proceed with all reasonable diligence to resolve the discovery dispute.  Unless otherwise extended by the Court, the work of the Special Master shall be completed by January 14, 2008.  The Special Master may communicate *ex parte* with either party only with the consent of both parties, but must give both parties the opportunity to be heard on all issues.  All parties shall fully cooperate with the Special Master and make such written and oral presentations to the Special Master as he shall require and shall appear for such hearings and conferences as the Special Master shall designate.

(3) If requested by both parties, the Special Master may participate in settlement negotiations on any and all issues in this matter.

(4) All recommendations by the Special Master shall be made in writing, either through formal written submission by the Special Master or through the transcript of a hearing before the Special Master, and shall be provided to the parties.  If the parties agree to comply with any such recommendation, it need not be submitted to the Court for further action.  However, if either party objects to a particular recommendation, it shall be submitted to the Court for further action as a Report and Recommendation ("R & R").  Upon receipt of

     an R & R the Court will promptly establish a timetable for acting on the R & R consistent with Fed. R. Civ. P. 53(g)(2).  The Special Master shall preserve all written recommendations made to the parties, whether accepted or not, as well as all written submissions by the parties to the Special Master.  The Special Master shall also maintain a calendar of all conferences and hearings held with the parties which shall contain a summary description of such hearing or conference.  However, unless otherwise ordered by the Court, only the R & R's discussed above shall be filed on the official docket of the court.

(4) The Court will decide *de novo* all objections to findings of fact made or recommended by the Special Master unless the parties shall hereafter stipulate otherwise pursuant to Fed. R. Civ. P. 53(g)(3).  All legal conclusions shall be reviewed *de novo*. The Special Master's rulings on procedural matters shall be reversed only for an abuse of discretion.

(5) The Special Master shall have and shall exercise the power to regulate all proceedings in every hearing before the master and to do all acts and take all measures necessary or proper for the efficient performance of the master's duties, as set forth in this order.  The parties are hereby directed and

required to appear before the Special Master from time to time, when directed by the Special Master or the Court, and to produce before the Special Master such papers and electronic documents as relate to the matter in issue, and to submit to such oral examination as the Special Master may require.  Unless otherwise directed, all hearings before the Special Master will be held in Newark, NJ at the Martin Luther King, Jr. Federal Building and United States Courthouse.  Any hearing before the Special Master shall be preserved by a court reporter with each party bearing one half of the cost of the court reporter's attendance fees and the cost of any transcript requested by the Special Master.  Any transcript made at the request of a specific party, however, shall be paid for by the party requesting the transcript.

(6) In accordance with Fed. R. Civ. P. 53(h)(1), the Special Master shall be compensated at an hourly rate of $350.00 per hour plus out of pocket costs.  The Special Master shall, on a monthly basis, prepare and submit for this Court's approval a bill detailing the work performed and the hours expended by the Special Master in the performance of his duties.  Upon being notified of the Court's approval of the Special Master's bill, the parties shall, within ten (10) days,

        submit payment to the Special Master.

(7) The compensation so allowed to the Special Master by this Court shall be shared fifty percent by the plaintiff and fifty percent by the defendant, with the express reservation that the apportionment of such costs may be modified by the Court based on facts and circumstances which may arise during the discovery process.

        s/ *Joseph E. Irenas*
        **JOSEPH E. IRENAS, S.U.S.D.J.**