```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

LEROY "BUD" BENSEL, et al.      :
                                :    HONORABLE JOSEPH E. IRENAS
          Plaintiffs,           :
                                :    CIVIL ACTION NO. 02-2917 (JEI)
     v.                         :
                                :
AIR LINE PILOTS ASSOCIATION,    :          OPINION
et al.                          :
                                :
          Defendants.           :
                                :
                                :
```

**APPEARANCES:**

TRUJILLO RODRIGUEZ & RICHARDS, LLC
By: Lisa J. Rodriguez, Esq.
8 Kings Highway West
Haddonfield, NJ 08033
    Counsel for Plaintiffs

ARCHER & GREINER, P.C.
By: John C. Connell, Esq.
    Alexander Nemiroff, Esq.
One Centennial Square
Haddonfield, NJ 08033
    Counsel for Defendant Air Line Pilots Association,
    International

KATZ & RANZMAN, P.C.
By: Daniel M. Katz, Esq.
1015 18th Street N.W.
Suite 801
Washington, D.C. 20036
    Counsel for Defendant Air Line Pilots Association,
    International

**IRENAS**, Senior District Judge:

   Presently before the Court is Defendant Air Line Pilots

Association, International's ("ALPA") Motion to Compel the Production of Documents (Docket No. 220) pursuant to Fed. R. Civ. P. 37, and the Cross-Motion for a Protective Order of Plaintiffs, former pilots of Trans World Airlines, (Docket No. 223) pursuant to Fed. R. Civ. P. 26(c) and 37(a)(4)(B).  For the reasons set forth below, we will grant in part and deny in part ALPA's motion and deny Plaintiffs' cross-motion.

## I.

As the underlying facts to this litigation are detailed at *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 301-04 (3d Cir. 2004) and *Bensel v. Allied Pilots Ass'n*, 271 F. Supp. 2d 616, 620-22 (D.N.J. 2003), the Court will only recite those facts pertinent to the present motions.  In the motions presently before the Court, ALPA seeks to compel the production of twenty-five documents (the "Subject Documents") produced by prior class counsel, Cureton Caplan, P.C. ("Cureton Caplan"), which were later determined to be protected by the attorney-client privilege by current class counsel, Trujillo Rodriguez & Richards, LLC ("Trujillo Rodriguez").[1]  ALPA also seeks to compel any additional documents related to the same subject matter as the

---

[1] Plaintiffs provided the Subject Documents to the Court for an *in camera* review.

2

Subject Documents on the basis of waiver.  In their cross-motion, Plaintiffs seek a protective order requiring ALPA to return the Subject Documents to Plaintiffs.

The Subject Documents consist of twenty-three pieces of correspondence between class representative Leroy "Bud" Bensel and the law firm of Boies, Schiller & Flexner LLP (the "Boies Firm"),[2] who was retained by Bensel and his organization, the Aviation Workers Rights Foundation ("AWRF"), to file objections to the single-carrier proceedings in front of the National Mediation Board in late 2001 and early 2002.[3]  (Pls' Br. at 7; Bensel Decl.[4] ¶ 3).  The remaining two Subject Documents are communications between Plaintiffs and their former class counsel,

---

[2] Of these twenty-three documents, twenty documents consist of a fax cover page from a former TWA pilot forwarding an otherwise non-privileged document to an attorney at the Boies Firm, and one document consists of a fax cover page forwarding a privileged document.  (Pls' Br. at 5-6).  Most of the fax cover pages contain handwritten notes from the sender to the attorney. (Id.).  The other two Boies Firm documents are identical and consist of an email from Bensel to a Boies Firm attorney forwarding a non-privileged document. (Id.).

[3] The Boies Firm later represented Bensel and AWRF in 2002 in defending a lawsuit filed by the Allied Pilots Association in the United States District Court for the Northern District of Texas. (Pls' Br. at 7; Bensel Decl. ¶ 4).

[4] Citations to the "Bensel Decl.", "Strembler Decl." and "Cureton Decl." refer to the Declarations of Leroy "Bud" Bensel, Alexandra Strembler and Jerald Cureton, respectively, submitted in support of Plaintiffs' cross-motion.  Citations to the "Katz Decl." refer to the Declaration of Daniel M. Katz submitted in support of ALPA's motion.

Cureton Caplan.[5]  (Pls' Br. at 5).

Plaintiffs, through Cureton Caplan, first produced the Subject Documents in April 2005 as part of their initial disclosures pursuant to Fed. R. Civ. P. 26 in a production of approximately 6,000 pages.  (Def's Br. at 2; Def's Opp. Br. at 6; Pls' Br. at 5).  At the time of the production, Alexandra Strembler, a contract attorney for Cureton Caplan, informed counsel for ALPA that Plaintiffs were not producing any privileged documents.  (Katz Decl. ¶ 2).

By order dated May 16, 2006, Cureton Caplan was allowed to withdraw as class counsel, and current class counsel, Trujillo Rodriguez, was appointed.  Later, during the deposition of class representative Howard Hollander on September 19, 2006, ALPA sought Hollander's testimony regarding a Subject Document.  (Katz Decl. ¶ 3).  It was at this time that Plaintiffs first asserted the attorney-client privilege over the Subject Document and requested that ALPA return the Subject Document.  (*Id.*)  Plaintiffs later identified all of the Subject Documents on a privilege log submitted to ALPA dated November 6, 2006, and since that time, the parties have attempted to resolve the issue on their own and in status conferences with Magistrate Judge Donio.  (*Id.* ¶ 1; Def's Declaration Attesting to Compliance with L. Civ.

---

[5]Cureton Caplan also represented Bensel and the AWRF in a separate suit against the Allied Pilots Association filed in New Jersey.  (Bensel Decl. ¶ 4).

R. 37.1(b)(1) ¶ 3).

As stated in affidavits submitted by Bensel and representatives from Cureton Caplan, Jerald Cureton and Alexandra Strembler, Plaintiffs assert that they did not intentionally waive the attorney-client privilege with respect to the Subject Documents.  (Cureton Decl. ¶¶ 4-6, 8-10; Strembler Decl. ¶¶ 5-8; Bensel Decl. ¶¶ 5-8).  Instead, the documents were disclosed inadvertently.  (Strembler Decl. ¶ 4).

**II.**

The attorney-client may be waived where a client "voluntarily discloses privileged information to a person outside the attorney-client relationship." *Jame Fine Chems., Inc. v. Hi-Tech Pharmacal Co.*, 2006 U.S. Dist. LEXIS 58235, at *6 (D.N.J. Aug. 16, 2006).  However, an inadvertent disclosure of a privileged document "does not necessarily constitute waiver of the attorney-client privilege."  *Id*.  Although the Third Circuit has not specifically addressed the issue of waiver by inadvertent disclosure of privileged documents, courts in this Circuit have generally followed the approach that "[w]hile an inadvertent disclosure is, by definition, an unintentional act, if such a disclosure results from gross negligence, . . . the disclosure [will be deemed] to be intentional, thus constituting a waiver of

5

the privilege." *Ciba-Geigy Corp. v. Sandoz Ltd.*, 916 F. Supp. 404, 411 (D.N.J. 1995). The following five factors are considered when determining whether the privilege has been waived:

> "(1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosure; and (5) whether the overriding interests of justice would or would not be served by relieving the party of its error."

*Id.* (quoting *Advanced Med., Inc. v. Arden Med. Sys., Inc.*, 1988 U.S. Dist. LEXIS 7297, at *6 (E.D. Pa. July 18, 1988)). "A party or person seeking to obtain a protective order on the basis of an asserted privilege bears the burden of establishing the applicability of a privilege to the information sought." *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1089-90 (D.N.J. 1996).

Based on the affidavits submitted by Plaintiffs and the lack of any evidence indicating that privileged documents were intentionally produced, we find that Plaintiffs' initial disclosure of the Subject Documents was inadvertent, and not as part of a purposeful production of communications between the Boies Firm and Plaintiffs. We must therefore determine whether the inadvertent disclosure of such documents waived the attorney-client privilege.

With respect to the reasonableness of the precautions taken

6

to prevent the disclosure, Plaintiffs have failed to provide any facts regarding the initial review of the Subject Documents and steps taken to avoid the disclosure of privileged documents during the production by former class counsel, Cureton Caplan.[6] Instead, Plaintiffs assert that the fact that such documents were privileged would not have been apparent on the face of the fax cover pages.  Although this begs the question of whether these documents were in fact reviewed by prior counsel prior to disclosure, a review of the documents shows that a number of the documents contained the full name of the Boies Firm.  The documents from Cureton Caplan were even attached to a fax cover page containing the firm's letterhead.  While recognizing that a number of the Subject Documents only had the name of the Boies Firm attorney as the recipient on the fax cover page, it was still incumbent on Plaintiffs' counsel to ascertain the names of those attorneys who may appear on the set of documents being produced.  Because Plaintiffs have set forth no information regarding precautions taken to prevent inadvertent disclosure, factor one weighs in favor of ALPA.

Factor two, the number of inadvertent disclosures, also supports a finding of waiver.  As the Subject Documents consist

---

[6] For example, in *Ciba-Geigy*, the court looked to the extent of the privilege review of documents by attorneys and whether such attorneys were under any time constraints as indicators of the reasonableness of the precautions taken to avoid disclosure. 916 F. Supp. at 412-13.

of twenty-five documents that total approximately 155 pages, the Subject Documents comprised a substantial number of pages of the total production of 6,000 pages.  *Compare Ciba Geigy*, 916 F. Supp. at 414 (finding that disclosure of seven documents totaling twenty-three pages out of 681 total documents weighed in favor of waiver), *with Maldonado v. New Jersey*, 225 F.R.D. 120, 129 (D.N.J. 2002) (finding that a "one-time leak situation" of one document weighed against waiver).

As to the third factor regarding the extent of the disclosure, Plaintiffs made a full and complete disclosure of all of the Subject Documents to ALPA.

With respect to factor four, delay and measures taken to rectify the situation, we find that Plaintiffs' current counsel promptly submitted a privileged log to ALPA upon learning that the Subject Documents had been disclosed.  While it appears that the parties sought to resolve this issue on their own and with the assistance of Magistrate Judge Donio, it is significant that Plaintiffs waited until August of 2007, almost a year after the initial discovery of the privileged documents, to file their motion for a protective order.  We thus find factor four to be neutral.

Finally, we do not find any circumstances that justify

relieving Plaintiffs of their error in the interests of justice.[7] As four of the five factors weigh in favor of a finding of waiver, we hold that Plaintiffs have waived the privilege with respect to the Subject Documents.[8]

### III.

ALPA argues that, as Plaintiffs have waived the attorney-

---

[7] Plaintiffs argue that they have acted in good faith and that ALPA was ethically obligated to return the documents when it first became aware of its receipt of privileged materials. Yet, Plaintiffs themselves argue that many of the Subject Documents were not easily recognizable as privileged. Further, as the Subject Documents were all bates-labeled and produced in conjunction with a large document production, ALPA's receipt of such documents was under circumstances that would lead one to believe the receipt was intentional. Additionally, Plaintiffs' prior counsel represented to ALPA that they did not intend to withhold any documents on the basis of privilege. As such, Plaintiffs' arguments as to ALPA's ethical obligations are without basis.

[8] Even if we were to find that Plaintiffs did not waive the attorney-client privilege, they concede that twenty-two of the twenty-five Subject Documents consist of non-privileged materials being forwarded to an attorney. Despite this concession, Plaintiffs appear to seek a protective order that encompasses the entirety of each of the twenty-five documents listed on their privilege log, arguing that "Plaintiffs are not claiming privilege over the substance of the document, but the fact that it was sent to counsel." (Pls' Br. at 11). The forwarding of an otherwise non-privileged document to an attorney does not render the entire document to be privileged. *See Clavo v. Zarrabian*, 2003 U.S. Dist. LEXIS 27010, at *4 (C.D. Cal. Sept. 24, 2003) ("The mere transmittal of documents to a lawyer is insufficient to bring documents under the umbrella of the attorney-client privilege.") Thus, for the majority of the Subject Documents, Plaintiffs would have been required to disclose the underlying non-privileged document regardless.

client privilege with respect to the Subject Documents, it is entitled to all privileged communications between Plaintiffs and the Boies Firm. However, courts have previously held that:

> "The general rule that a disclosure waives not only the specific communication but also the subject matter of it in other communications is not appropriate in the case of inadvertent disclosure, unless it is obvious that a party is attempting to gain an advantage or make offensive or unfair use of the disclosure."

*Koch Materials Co. v. Shore Slurry Seal, Inc.*, 208 F.R.D. 109, 120 (D.N.J. 2002) (quoting *Parkway Gallery Furniture v. Kittinger/Penn. House Group*, 116 F.R.D. 46, 52 (D.N.C. 1987)). ALPA has not asserted any facts that would establish that Plaintiffs have attempted to gain an advantage from the disclosure. Thus, because we have determined that the disclosure of documents was inadvertent, Plaintiffs are not required to turn over any additional privileged documents related to the Boies Firm.[9]

**IV.**

For the reasons set forth above, ALPA's Motion to Compel Production of Documents will be granted with respect to the

---

[9] We note that neither party has stated whether additional privileged documents with the Boies Firm actually exist. Further, assuming such documents do exist, Plaintiffs must still disclose any non-privileged documents that are being forwarded to a Boies Firm attorney and redact the privileged material appropriately.

disclosure of the Subject Documents and denied as to any other attorney-client communications with the Boies Firm that have not already been disclosed.  Plaintiffs' Cross-Motion for a Protective Order will be denied.  The Court will issue an appropriate Order.


Dated: March 25, 2008.

                                        s/ *Joseph E. Irenas*
                                      **JOSEPH E. IRENAS, S.U.S.D.J.**