UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEROY "BUD" BENSEL, et al.,

    Plaintiffs,

  v.

ALLIED PILOTS ASSOCIATION et al.,

    Defendants.

HONORABLE JOSEPH E. IRENAS

CIVIL ACTION NO. 02-2917 (JEI)

**OPINION**

**APPEARANCES:**

Lisa J. Rodriguez, Esq.
Nicole M. Acchione, Esq.
TRUJILLO, RODRIGUEZ & RICHARDS, LLC
258 Kings Highway East
Haddonfield, NJ 08033
    Counsel for Plaintiffs

Martin M. Green, Esq.
Allen P. Press, Esq.
Jonathan Andres, Esq.
GREEN JACOBSON, P.C.
Suite 700 Pierre Laclede Center
773 Forsyth Boulevard
St. Louis, MO 63105
    Counsel for Plaintiffs

John C. Connell, Esq.
Alexander Nemiroff, Esq.
ARCHER & GREINER
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033-0968
    Counsel for Defendants

Daniel M. Katz, Esq.
Jason M. Whiteman, Esq.
KATZ & RANZMAN, P.C.
4530 Wisconsin Ave., N.W. Suite 250

1

Washington D.C. 20016
         Counsel for Defendants

**IRENAS**, Senior District Judge:

    Before this Court is the Plaintiffs' Motion for Sanctions, yet another skirmish in an eight year legal war.  For the reasons set forth below, this Motion will be denied.[1]  An opinion disposing of Defendant's motion for summary judgment in the same case will be filed simultaneously and reference is made thereto for the factual and legal background of this law suit.[2]  Plaintiffs, former TWA pilots, have for the life of this litigation been seeking the so-called "smoking gun" which would prove concretely, that the Air Line Pilots Association's ("ALPA") breached its duty of fair representation.  This duty was owed to the Plaintiffs by ALPA because the union was the pilots' exclusive representative during the TWA, Inc.-American Airlines assets acquisition.  Plaintiffs contend the reason for the lack of the so-called smoking gun is ALPA's spoliation of evidence.  However, without specific evidence of fraud or bad faith, these allegations do not rise to the standard required for a finding of spoliation.

    Plaintiffs assert that ALPA intentionally or recklessly

---

[1] This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1337(a).

destroyed documents, emails and other communication well into the discovery period for this lawsuit. Pl. Motion for Sanctions, 1. Yet, as ALPA claims, Plaintiffs have failed to establish any evidence of bad faith, have failed to identify even one document or email favorable to their case that was lost or destroyed, and they have failed to specify any prejudice to their case "arising from the alleged oversights of which they accuse ALPA." Def. Br. Opposing Sanctions, 1. Both parties have each submitted over 60 pages of argument on this motion and yet, it is still difficult to isolate undisputed examples of conduct which would legally amount to spoliation.

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). When documents cannot be found or are destroyed and the contents of the documents are relevant to the case, "the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). Yet, "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally

destroyed, or where failure to produce it is otherwise properly accounted for." *Id.* In other words, there must be a finding that the spoliation was intentional and that there was fraud and a desire to suppress the truth before the Court will make a finding of spoliation. *Id.*

Generally, to determine spoliation of evidence, four factors must be found: (1) the evidence in question must be within the party's control; (2) it must appear that there has been actual suppression or withholding of the evidence; (3) the evidence destroyed or withheld was relevant to claims or defenses; and (4) it was reasonably foreseeable that the evidence would later be discoverable." *Paluch v. Dawson*, 2009 WL 3287395, at *2 (M.D.Pa. 2009); *Brewer,* 72 F.3d at 334. While there is no duty to keep or retain every document in the party's possession, "even in advance of litigation, it [a party] is under a duty to preserve what it knows or reasonable should know, will likely be requested in reasonably foreseeable litigation." *Ogin v. Ahmed,* 563 F.Supp.2d 539, 543 (M.D.Pa. 2008).

In the Third Circuit, the test for whether sanctions are appropriate for spoliation of evidence is: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party

4

is seriously at fault, will serve to deter such conduct by others in the future." *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).

A remaining question about these two legal standards is whether they require evidence of bad faith. In the first test, it would seem the second prong has an intent requirement built in ("(2) it must appear that there has been actual suppression or withholding of the evidence"). Similarly, the *Schmid* standard, prong (1), also seems to include an analysis of the intent of the party to conceal the evidence.

Both parties argue the duty to preserve was triggered on different dates. Because two of the named plaintiffs specifically requested legal help from ALPA in February, 2002, Defendant's duty to preserve was not yet triggered. Def. Br. Opposing Sanctions, 51. Instead, the Court determines the date of the filing of the claim, on June 19, 2002, to be the date when the duty to preserve, with regard to the figures involved with the TWA-MEC, was triggered in general.

However, it is also evident that the Defendant has only begrudgingly complied with their discovery obligations. For example, ALPA refused to treat Ronald Rindfleisch, ALPA's contact person for the American Pilots, Clark and Hunnibell, as a key witness whose records had to be preserved. Def. Br. Opposing Sanctions, 43. While it is true that Rindfleisch did not engage

5

with the TWA-MEC, his title as "New Member Liaison" meant he was key to the Plaintiffs' allegations as set out in the Second Amended Complaint, submitted on January 27, 2003.  The Second Amended Complaint detailed ALPA's alleged motivation for misleading the TWA pilots: the addition of APA members as new members of ALPA.  Pl. Reply Motion, 24.  Thus, a duty to preserve with regards to Rindfleisch's documentation was triggered when the Second Amended Complaint was filed.  However, as ALPA points out, this Court dismissed this case in 2003 and it was not until the end of 2004 when the Third Circuit remanded it to this court for further proceedings.[3]  Parties reassembled in front of Magistrate Judge Donio on January 11, 2005.  Def. Br. Opposing Sanctions, 6.  And, as Plaintiffs admit, ALPA placed a legal hold on all relevant documents on January 31, 2005. Pl. Reply Br., 8.

Discovery then ceased from July 18, 2005, when Plaintiffs' first counsel withdrew, until June 15, 2006, when Plaintiffs' new counsel was approved. Def. Br. Opposing Sanctions, 8.  ALPA did not place a litigation hold on its electronic data, nor its email backup tapes until November of 2006.  Pl. Reply Br., 1; Def. Br. Opposing Sanctions, 9.  So, Plaintiffs are correct that ALPA could have moved faster in taking steps to preserve relevant evidence.

---

[3]The Third Circuit remanded the case back to this Court on Oct. 24, 2004.  *Bensel II*, 387 F.3d 298 (3d Cir. 2004).

However, Plaintiffs do not point to any evidence of bad faith.  In contrast to the evidence presented in *Zubulake v. USB Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (hereinafter *Zubulake V)*, which included concrete proof of purposeful deletion of emails*, id.* at 427, Plaintiffs rely on speculation with regards to email deletion.  For example, 269 boxes of documents from ALPA's TWA field office were destroyed by Iron Mountain, a document management and storage company used by ALPA.  Plaintiffs claim these boxes, which were all allegedly relevant, were intentionally destroyed.  However, as stated in a letter from Iron Mountain, the boxes were inadvertently destroyed.  Def. Br. Opposing Sanctions, 15.  In *Brewer*, the Third Circuit made it clear that "[n]o unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise accounted for." 72 F.3d at 334.  The destruction of the boxes appears to have been accidental, and Plaintiffs have provided only speculation to prove the contrary.

Furthermore, Plaintiffs use vague statements, such as: "ALPA's spoliation was so widespread and covered such a long period of time it can only be concluded that substantial evidence was destroyed which would have been favorable to Plaintiffs." Pl. Reply Motion for Sanctions, 17.  Such a catch-all statement, along with vague speculation as to whether evidence has been

destroyed or even whether evidence was relevant does not rise to the specificity level required by the Third Circuit to impose sanctions or even make a finding of spoliation.

While Defendants should have moved more quickly to place litigation holds on the routine destruction of certain documents and electronic data, the Court does not see any evidence of bad faith. Accordingly, the Court declines to issue a spoliation inference or to impose any other sanction at this time.

For the above-stated reasons, Plaintiffs' Motion for Sanctions will be denied.  An appropriate order will be issued.

December 17th, 2009                        s/ Joseph E. Irenas
                                          **JOSEPH E. IRENAS, S.U.S.D.J.**