

TRUJILLO
RODRIGUEZ &
RICHARDS, LLC
A PENNSYLVANIA LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

February 7, 2011

**VIA E-FILING:**
Honorable Joseph E. Irenas, U.S.D.J.
United States District Court for the District of New Jersey
Post Office Building
401 Market Street, 3rd Floor, Suite 310
Camden, NJ 08101

      RE:    Bensel, et al. v. Air Line Pilots Association
              Civil Action No. 02-2917

Dear Judge Irenas:

       I write in response to Defendant's February 4, 2011, letter to Your Honor describing in detail the bases for two motions the Defendant intends to file in advance of trial. Defendant's letter, filed on the heels of the parties' Joint Final Pretrial Order, is simply inappropriate. Although the Plaintiffs do not believe that the letter warrants a response, the Defendant's reliance upon In re Hydrogen Peroxide, a case decided by the Third Circuit in 2008, as the basis for decertification cannot be left unaddressed.

       Defendant's letter confuses several concepts. Defendant's real argument appears to be that this case is not appropriate for bifurcation. Yet, the motion to bifurcation liability and damages in this case was brought by Defendant prior to Class Counsel's appearance in this case. The Court granted that motion and all subsequent discovery has been in reliance on that bifurcation order.[1]

---

[1] Specifically, in support of its bifurcation motion, Defendant stated, "ALPA is confident that it will prevail on the question of liability, most likely on summary judgment, but, in any event, certainly at trial on that issue, thus obviating the need for the extensive inquiry that would be required to establish damages." See Doc. No. 113, at 11. ALPA further clarified that the *only*

Defendant now apparently would prefer Plaintiffs prove their damages at the liability phase and to effect this outcome, it tries to read new requirements into In re: Hydrogen Peroxide Antitrust Litig., 552 F. 3d 305 (3d Cir. 2008).

Hydrogen Peroxide is not a new case. It is over two years old, and during that time much has been written on the impact of that decision on class certification in this Circuit.

The question before the Third Circuit in Hydrogen Peroxide was whether the predominance requirement of Rule 23 had been satisfied. Specifically, the Third Circuit considered whether the fact of damages could be proven by using common evidence. 552 F. 3d at 321. There was no discussion, as Defendant here suggests, that there must be a "specific analysis of individual injury." See Doc. No. 348, p. 6.

In Hydrogen Peroxide, the issue raised in Defendant's Rule 23(f) petition was the issue of predominance and whether the proposed class was sufficiently cohesive to warrant adjudication by representation. The Court took issue with the trial court's reference to plaintiffs making a "threshold showing," fearing that such reference suggested a presumption of class certification in the plaintiffs' favor rather than the "rigorous analysis" that was required. It was the suggestion that the trial court applied the wrong standard in ruling on the class certification motion that lead the Court to remand. Hydrogen Peroxide, 552 F.3d. at 322.

As recognized by Judge Debevoise In re: Mercedes-Benz Tele Aid Contract Litig., 257 F.R.D. 46 (D. N.J. 2009), the "[p]laintiffs' burden at the class certification stage is not to prove the elements of their particular claim. Instead, the task for plaintiffs at class certification is to demonstrate [those elements are] capable of proof at trial through evidence that is common to class rather than individual to its members" Id. at 49 (citing Hydrogen Peroxide, 552 F. 3d at 309).

Defendant does not address this Court's analysis at the class certification phase, and does not suggest the Court used the wrong standard when it granted class certification in 2003. Nor does Defendant provide an analysis suggesting Plaintiffs' damages cannot be proven by a common methodology.

Hydrogen Peroxide does not provide the Defendant the basis to walk away from its prior decision to seek bifurcation of the damage and liability phase and it does not provide a basis for the decertification of this eight-year old case on the eve of trial.

Respectfully submitted,

s/ Lisa J. Rodriguez

Lisa J. Rodriguez

---

issue which should be decided in the first trial was whether it met its duty of fair representation. Id. at 14. (emphasis added).