**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| LEROY "BUD" BENSEL, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 02-2917 (JEI) |
| | ) | |
| ALLIED PILOTS ASSOCIATION, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANT AIR LINE PILOTS ASSOCIATION'S OPPOSITION TO PLAINTIFFS' THIRD MOTION FOR RECONSIDERATION WITH RESPECT TO THE ISSUE OF SPOLIATION**

---

Archer & Greiner
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033-0968
(856) 795-2121
By: John C. Connell, Esquire
Steven J. Fram, Esquire

*Pro Hac Vice*:
Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Ave., N.W., Suite 250
Washington, DC 20016
(202) 659-4656

Counsel for Defendant Air Line Pilots Association, International

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii
INTRODUCTION .......... 1
PROCEDURAL BACKGROUND .......... 1
ARGUMENT .......... 3
CONCLUSION .......... 4

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Abrams v. Lightolier Inc.,
50 F.3d 1204 (3d Cir. 1995) .......... 3

Bensel v. Allied Pilots Ass'n,
263 F.R.D. 150 (D.N.J. 2009) .......... 1

In re Hlywiak,
573 F. Supp. 2d 871 (D.N.J. 2008) .......... 3

Joyce v. Sea Isle City,
No. 04-5345, 2008 WL 2875456 (D.N.J. July 23, 2008) .......... 3

North River Ins. Co. v. CIGNA Reinsurance Co.,
52 F.3d 1194 (3d Cir. 1995) .......... 3

Pension Committee of Univ. of Montreal v. Banc of America Securities, LLC,
685 F. Supp. 2d 456 (S.D.N.Y. 2010) .......... 2, 3

Serritella v. Markum,
119 F.3d 506 (7th Cir. 1997) .......... 4

Zaldiver v. City of Los Angeles,
780 F.2d 823 (9th Cir. 1986) .......... 4

**RULES**

L. Civ. R. 7.1(i) .......... 3

Fed. R. Civ. P. 11 .......... 4

## INTRODUCTION

Defendant, the Air Line Pilots Association, International ("ALPA"), submits this Brief in opposition to Plaintiff's renewed Motion *In Limine* to Permit Evidence at Trial of ALPA's alleged spoliation.

Plaintiffs' motion is the fourth time that they have moved for spoliation sanctions and the third time that they have sought reconsideration of the Court's rejection of their arguments in a published opinion. See Bensel v. Allied Pilots Ass'n, 263 F.R.D. 150 (D.N.J. 2009). Plaintiffs' motion should be denied because it is untimely and because it does not raise any new facts or law and otherwise fails to meet the demanding standard that governs motions for reconsideration.

## PROCEDURAL BACKGROUND

Although Plaintiffs assert that their present motion is "not a motion for reconsideration of this Court's earlier denial of Plaintiffs' motion for sanctions" or "an attempt to revisit issues raised at the pretrial conference," see Pls.' Brief at 1, that is precisely what it is. Plaintiffs raise the same factual and legal issues that they have already presented to the Court on three prior occasions. Their attempt to take a fourth bite at the apple should be rejected.

Plaintiffs moved for spoliation sanctions against ALPA on March 13, 2009. They requested relief that ranged from an adverse jury instruction to striking ALPA's answer. On December 17, 2009, the Court denied Plaintiffs' motion for sanctions on at least three independent grounds: "Plaintiffs have failed to establish any evidence of bad faith, have failed to identify even one document or email favorable to their case that was lost or destroyed, and . . . have failed to specify any prejudice to their case . . . ." Bensel v. Allied Pilots Ass'n, 263 F.R.D. 150, 151 (D.N.J. 2009). The Court observed that, despite extensive briefing and discovery by Plaintiffs, "it is still difficult to isolate undisputed examples of conduct which would legally amount to spoliation." Id. at 151-52.

On January 25, 2010, Plaintiffs moved for reconsideration, relying on Judge Scheindlin's January 15, 2010 decision in Pension Committee of Univ. of Montreal v. Banc of America Securities, LLC, 685 F. Supp. 2d 456 (S.D.N.Y. 2010). The Court denied this motion for reconsideration on July 8, 2010. See Docket No. 327.

In their portion of the Joint Final Pretrial Order, Plaintiffs again raised the issue of spoliation, asserting that they should be permitted to present at trial evidence concerning ALPA's alleged destruction of documents and other information. See JFPO at page 69, ¶ 12 ("Plaintiffs will move *in limine* to permit evidence of ALPA's spoliation . . . ."). The Court considered and rejected this second application for reconsideration at the Final Pretrial Conference on February 8, 2011. In an Order entered after the conclusion of the Final Pretrial Conference, the Court was clear: "Plaintiffs' motion *in limine* to permit evidence of Defendant's spoliation is hereby **DENIED**." Docket No. 353.[1]

Despite this ruling barely two months ago, Plaintiffs have now requested for a third time that the Court revisit its original decision rejecting plaintiffs' spoliation allegations. They rely primarily upon the decision in Pension Committee, supra -- the same case that they cited fifteen months ago in support of their first motion for reconsideration.

ALPA respectfully submits that Plaintiffs' motion should denied because the Court has already exhaustively examined, analyzed and adjudicated Plaintiffs' claims of spoliation and found them wanting.

---

[1] In a footnote to their brief, Plaintiffs assert that the Court denied their spoliation motion "without opportunity for briefing on this issue," suggesting that the Court's ruling at the Final Pretrial Conference was without prejudice. Pls'. Br. at footnote 1. Plaintiffs are incorrect. The Court was emphatic at the Final Pretrial Conference that it would not permit Plaintiffs to attempt to prejudice the jury by injecting the issue of spoliation into trial. For this reason, the Court denied Plaintiff's motion rather than defer it to the time of trial.

**ARGUMENT**

L. Civ. R. 7.1(i), which governs motions for reconsideration, provides that such a motion "shall be served and filed within fourteen days after the entry of the order" challenged and further provides that the supporting brief must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked . . .." This Court recently summarized the narrow circumstances in which motions for reconsideration are warranted:

> A motion for reconsideration may only be granted on the ground that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) vacating the Order is necessary to correct a clear error of law or prevent manifest injustice. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an extraordinary remedy, and a court should grant it very sparingly. Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reargument." Joyce v. Sea Isle City, No. 04-5345, 2008 WL 2875456, at *2 (D.N.J. July 23, 2008) (citations and internal quotation marks omitted).

In re Hlywiak, 573 F. Supp. 2d 871, 873 (D.N.J. 2008).

Plaintiffs' motion should be denied both because it is untimely and because it fails to meet the exacting standard that applies to such motions. With respect to timeliness, even if Plaintiffs' current motion could somehow be presented as a motion for reconsideration of the Court's ruling at the Final Pretrial Conference, their motion is plainly untimely. No explanation is provided for Plaintiffs' delay.

Moreover, Plaintiffs make no effort to demonstrate that there has been a change in controlling law, that new evidence has become available, or that the Court committed an error of law. The primary case relied upon by Plaintiffs, Pension Committee, has been available for over a year and, in any event, is not "controlling" law. Plaintiffs fail even to acknowledge the highly deferential standard applicable to the Court's evidentiary rulings, see Abrams v. Lightolier Inc.,

50 F.3d 1204, 1213 (3d Cir. 1995) (holding that *in limine* motions "are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion"), much less to argue that the Court abused its discretion. Plaintiffs simply disagree with the Court's ruling.

Given the failure of Plaintiffs to justify their motion, one is left to question why they have filed it. Other courts have found that similar duplicative filings are inappropriate and violate Fed. R. Civ. P. 11 or 28 U.S.C. § 1927. See Zaldiver v. City of Los Angeles, 780 F.2d 823, 832 n.10 (9th Cir. 1986) ("The filing of excessive motions, . . . even if each is well grounded in fact and law, may under particular circumstances be 'harassment' under Rule 11 or sanctionable under some other provision of law . . . ."); see also Serritella v. Markum, 119 F.3d 506, 507-08, 513 (7th Cir. 1997) (upholding Rule 11 sanctions against attorney who re-pleaded counts in amended complaint that district court had stricken from previous complaint).

**CONCLUSION**

For the foregoing reasons, ALPA respectfully requests that the Court deny Plaintiffs' third motion for reconsideration.

Dated: April 21, 2011

Respectfully submitted,

Archer & Greiner
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033-0968
(856) 795-2121

By: */s/ Steven J. Fram*
John C. Connell, Esquire
Steven J. Fram, Esquire

*Pro Hac Vice*:
Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Ave., N.W., Suite 250
Washington, DC 20016
(202) 659-4656
Counsel for Defendant Air Line Pilots Association, International

6661827v1