# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY "BUD" BENSEL, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED PILOTS ASSOCIATION, ET AL., <br><br> Defendants. | HONORABLE JOSEPH E. IRENAS <br><br> CIVIL ACTION NO. 02-2917 (JEI) <br><br> **ORDER DENYING PLAINTIFFS' MOTION IN LIMINE TO PERMIT EVIDENCE AT TRIAL OF DEFENDANT'S SPOLIATION (DOCKET # 372)** |

**APPEARANCES:**

TRUJILLO, RODRIGUEZ & RICHARDS, LLP
By:  Lisa J. Rodriguez
258 Kings Highway East
Haddonfield, NJ 08033
        Counsel for Plaintiffs

ARCHER & GREINER, PC
By: John C. Connell
One Centennial Square
Haddonfield, NJ 08033
        Counsel for Defendant

**IRENAS**, Senior District Judge:

        1.  This matter appears before the Court upon Plaintiffs'
Motion in Limine to Permit Evidence at Trial of Defendant's
Spoliation.  For the reasons set forth below, the Court will deny
Plaintiffs' Motion.

        2.  The Court presumes familiarity with its earlier Opinions
and Orders in this ongoing litigation, and will only include
details relevant to the present Order.  Plaintiffs first moved
for spoliation sanctions against Defendant on March 13, 2009.

The Court denied that motion on December 17, 2009.  *See Bensel v. Allied Pilots Ass'n*, 263 F.R.D. 150, 151 (D.N.J. 2009).  While the Court noted that Defendant "should have moved more quickly to place litigation holds" on certain documents, the Court held that it "did not see any evidence of bad faith" and that spoliation sanctions were not appropriate.  *Id.* at 153.  Plaintiffs then moved for reconsideration of the Court's order, which the Court denied on July 8, 2010.  In the Joint Final Pretrial Order, the Plaintiffs once again sought spoliation sanctions, which were denied on February 8, 2011.

3.  A motion for reconsideration may only be granted on the ground that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) vacating the Order is necessary to correct a clear error of law or manifest injustice.  *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).[1] Plaintiffs have not presented evidence not previously available and have not shown that vacating the Court's Orders is necessary to correct a clear error of law or manifest injustice.

5.  Instead, Plaintiffs argue that there has been an intervening change in the controlling law which warrants the

_____

[1]  Because the Court has made multiple previous orders denying spoliation sanctions, this motion will be treated as a motion for reconsideration despite Plaintiffs assertions otherwise.

2

imposition of sanctions.  The Court disagrees.

6.  Generally, to determine spoliation of evidence, four
factors must be found: (1) the evidence in question must be
within the party's control; (2) it must appear that there has
been actual suppression or withholding of the evidence; (3) the
evidence destroyed or withheld was relevant to claims or
defenses; and (4) it was reasonably foreseeable that the evidence
would later be discoverable." *Paluch v. Dawson*, 2009 WL 3287395,
at *2 (M.D.Pa. 2009); *Brewer v. Quaker State Oil Refining
Corp.*, 72 F.3d 326, 334. While there is no duty to keep or retain
every document in the party's possession, "even in advance of
litigation, it [a party] is under a duty to preserve what it
knows or reasonable should know, will likely be requested in
reasonably foreseeable litigation." *Ogin v. Ahmed*, 563 F.Supp.2d
539, 543 (M.D.Pa. 2008).  In the Third Circuit, the test for
whether sanctions are appropriate for spoliation of evidence is:
"(1) the degree of fault of the party who altered or destroyed
the evidence; (2) the degree of prejudice suffered by the
opposing party; and (3) whether there is a lesser sanction that
will avoid substantial unfairness to the opposing party and,
where the offending party is seriously at fault, will serve to
deter such conduct by others in the future." *Schmid v. Milwaukee
Elec. Tool Corp.*, 13 F.3d 76, 79 (3d Cir. 1994).

6.  Each of these tests implicitly requires evidence of bad

faith. *Bensel*, 263 F.R.D. at 152.  As noted *supra*, this Court has held that Plaintiffs have presented no evidence of Defendant's bad faith and that the imposition of spoliation sanctions is therefore not appropriate.  Plaintiffs argue that sanctions can be imposed even in the absence of bad faith, relying primarily on *Pension Committee of Univ. Of Montreal v. Banc of America Securities, LLC*, 685 F.Supp.2d 456 (S.D.N.Y. 2010).  *Pension Committee* is not controlling for this case and was decided before the Court denied Plaintiffs' initial motion for reconsideration, and therefore does not meet the standard required for the granting of a motion for reconsideration. Further, *Pension Commmittee* repeatedly emphasizes that the determination of sanctions is to be determined on a case-by-case basis, and is "inherently subjective."  *Pension Committee*, 685 F.Supp.2d at 469, 471.  The Court has already analyzed the question of spoliation sanctions on multiple occasions and held that they are not appropriate in this case.  In the absence of new evidence of bad faith or change of controlling law, those holdings will stand and Plaintiffs' Motion will be denied.

**IT IS** on this  27th day of April, 2011,

**ORDERED THAT:**

Plaintiffs' Motion in Limine to Permit Evidence at Trial of Defendant's Spoliation is hereby **DENIED**.

                          s/ Joseph E. Irenas
                          JOSEPH E. IRENAS, S.U.S.D.J.