UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEROY "BUD" BENSEL, et al. : <br><br> Plaintiffs, : <br><br> v. : <br><br> AIR LINE PILOTS ASSOCIATION, et al. : <br><br> Defendants. : | Civil Action No. 02-2917 (JEI) |

---

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE CASE CAPTION

---

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, NJ 08033
(856) 795-9002

**GREEN JACOBSON, P.C.**
Martin M. Green
Joe Jacobson
Allen Press
Jonathan Andres
7733 Forsyth Boulevard Suite
700 Pierre Laclede Center
St. Louis, Missouri 63105
(314) 862-6800

Dated: May 25, 2011

## STATEMENT OF FACTS

The complaint in this action was originally filed by the Allied Pilots' Association, against Leroy "Bud" Bensel, Aviation Workers Rights and American Airlines, Inc. *See Doc. 1, June 19, 2002.* The action had been transferred to the District of New Jersey on Bensel's motion to transfer on the grounds of *forum non conveniens.* Once in front of this Court, the complaint was amended and Bensel was named individually and as one of twelve representatives of a Defendant Class.[1] *See Doc. 13, September 27, 2002.* Ultimately, however, on or about February 3, 2003, the Court flipped the parties and Bensel and the others became representatives of a Plaintiff Class in an action against Allied Pilots Association, American Airlines, Inc. and the Air Line Pilots Association (ALPA"). *See Doc. 48.*

The Defendants moved to dismiss the complaint and by Order entered July 18, 2003, the Court granted that Motion. *See Doc. 72* The Plaintiffs through the Class Representatives appealed this Court's decision and on October 6, 2004, the Third Circuit Court of Appeals reversed and remanded that portion of the Order that dismissed ALPA from the litigation.

Once remanded to this Court, the Plaintiffs sought to have the class realigned, primarily on manageability grounds, reducing the number of class representatives from twelve to six. The Court ordered a realignment on April 15, 2006. *See Doc. 156* It became necessary for the Plaintiffs to again seek to alter the make-up of the class and by

---

[1] The other named representative Defendants were James Arthur, Patrick Brady, Theodore Case, Matthew Comlish, Darshanprit Dhillon, Lemuel Daugherty, Michael Finucan, John Hefley, Howard Hollander, Sally Young and Robert Pastore.

Order dated September 27, 2010, this Court issued an Order removing Leroy "Bud" Bensel as a class representative. *See Doc.345*

Plaintiffs now seek to amend the case caption so that it conforms to the parties actually in the litigation. Primarily, Plaintiffs desire to have Mr. Bensel removed from the case caption, as the first named class representative, as he is no longer serving in that capacity. Failure to remove Bensel as the first class representative in the caption case may lead to jury confusion, particularly because Defendants ALPA has included him on their witness list.

The same rationale, although to a somewhat lesser extent applies to the other Class representatives who were removed as class representatives.[2] And finally if the caption is to be amended American and Allied should also be removed, as they have been finally dismissed from the case. Attached as Exhibit A, is a case caption which reflects Plaintiffs' proposed amended caption, as well as reflects the parties actually in the litigation.

## LEGAL ARGUMENT

Fed. R.Civ. P. 15 (a)(2) provides that a party may amend its pleadings with leave of the Court, and that such leave should be freely granted when justice so requires.[3] *See Faulkner v. Pierre Judes,* 2009 U.S. Dist. LEXIS 3508. (S.D.N.Y. 2009) ("generally leave to amend should be freely given" [citation omitted], and it makes sense that the caption of an action should reflect the actual parties to it.); *Temple v. White, et al.,* 191 U.S. App LEXIS 23006 (3d Cir 1991). Here, there have been several procedures that

---

[2] One distinction, however, is that the other class representatives are not on ALPA's witness list.
[3] Plaintiffs sought ALPA's written consent but they refused the request.

have materially altered the active litigants in this action. Plaintiffs are aware of no prejudice that would result from an Order granting the amendment, conforming the caption to the parties that remain in the litigation.

## CONCLUSION

Plaintiffs' motions for an amendment of the complaint to conform the caption to the parties in the litigation should be granted for these reasons.

Dated: May 25, 2011          Respectfully submitted,

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By:  s/ Lisa J. Rodriguez
      Lisa J. Rodriguez
      Nicole M. Acchione
      258 Kings Highway East
      Haddonfield, NJ  08033
      (856) 795-9002

      GREEN JACOBSON, P.C
      Martin M. Green
      Joe Jacobson
      Allen P. Press
      Jonathan Andres
      Suite 700 Pierre Laclede Center
      7733 Forsyth Boulevard
      St. Louis, Missouri 63105
      (314) 862-6800