**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, New Jersey 08033
(856) 795-9002
*Co-counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al. : | |
| : | Civil Acton No. 02-2917 (JEI) |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| AIR LINE PILOTS ASSOCIATION. : | |
| : | |
| Defendants. : | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO BAR TESTIMONY OF SETH ROSEN**

ALPA has stated it intends to call Seth Rosen as a witness. Mr. Rosen, however, was never disclosed as a witness in either party's Rule 26 Disclosures. He gave a deposition in August 2008, but that was solely as a Rule 30(b)(6) corporate designee, and only on select topics.

ALPA did not thereafter identify Mr. Rosen as a person with knowledge of relevant facts. ALPA should thus not be allowed to call Mr. Rosen as a fact witness. If Mr. Rosen has first-hand knowledge of relevant facts, ALPA should have disclosed him. If he does not have first-hand knowledge of relevant facts, he is a hearsay witness. Either way, his testimony should be barred.

The fact that Mr. Rosen testified as one of ALPA's corporate designees does not alter the analysis. Rule 30(b)(6) requires an organization, such as ALPA, to designate one or more representatives who must then investigate and testify "about information known or reasonably available to the organization." There is no requirement that the designee have any personal knowledge. "Although the individuals selected to testify need not have personal knowledge, Rule 30(b)(6) imposes an obligation on the entity to prepare the witnesses so that they can answer all noticed topics fully, accurately, and non-evasively." *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393 (D.N.J. 2011) (citations omitted). "A Rule 30(b)(6) designee is not simply testifying about matters within his or her personal knowledge, but rather is speaking for the corporation about matters to which the corporation has reasonable access." *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 216 (E.D. Pa. 2008) (citation and internal quotations omitted). "The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary the deponent must use documents, past employees or other resources to obtain responsive information." *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007).

Thus, just because Mr. Rosen testified to certain facts as ALPA's Rule 30(b)(6) designee provided no notice to plaintiffs that Mr. Rosen had personal knowledge about any of the facts to which he testified. Everything he said could be the result of his post-events investigation with respect to his Rule 30(b)(6) designation. Indeed, this seems likely, given that not a single witness to date has testified to Mr. Rosen having any personal involvement whatsoever in any of the events and transactions at issue in this case.

It was incumbent upon ALPA to disclose Mr. Rosen as a fact witness if he was a fact witness. He was not disclosed as such. Thus, he should not be permitted to testify as a fact witness at trial.

                          **TRUJILLO RODRIGUEZ & RICHARDS, LLC**

                By:   s/ Lisa J. Rodriguez
                     Lisa J. Rodriguez
                     Nicole M. Acchione
                     258 Kings Highway East
                     Haddonfield, NJ 08033
                     (856) 795-9002

                     Green Jacobson, P.C.
                     Martin M. Green
                     Allen Press
                     Jonathan Andres
                     7733 Forsyth Boulevard
                     Suite 700 Pierre Laclede Center
                     St. Louis, Missouri 63105
                     (314) 862-6800