

**ARCHER & GREINER, P.C.**
ATTORNEYS AT LAW

**STEVEN J. FRAM**
*Also Member of Pennsylvania Bar*

ONE CENTENNIAL SQUARE
HADDONFIELD, NJ  08033-0968
856-795-2121
FAX 856-795-0574

Email Address:
sfram@archerlaw.com

Direct Dial:
(856) 354-3051

www.archerlaw.com

July 10, 2011

**VIA EMAIL and CM/ECF**
The Honorable Joseph E. Irenas, Sr. U.S.D.J.
United States District Judge
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

      RE:    **Brady, et al. v. Air Line Pilots Association**
               **Civil No. 02-2917 (JEI)**

Dear Judge Irenas:

    As a follow-up to Thursday's charge conference and Your Honor's inquiry concerning Model Charges on the duty of fair representation, I am attaching the Model Charges from the Fifth, Seventh and Eleventh Circuits along with relevant sections from the O'Malley treatise.

    Section 157.102 of the O'Malley treatise is a charge that succinctly defines bad faith:

> A union breaches its duty of fair representation when it acts in "bad faith." "Bad faith" on the part of a union requires a showing of fraud, deceitful action, or dishonest action. Personal hostility alone is insufficient to establish unfair representation if the union's representation was adequate and there is no evidence that the personal hostility tainted the union's actions.

Based upon ALPA prior submissions and arguments (principally our reliance on <u>Deboles</u>) and this instruction and the law it cites, ALPA requests that Your Honor (a) include language requiring a finding of "fraud, deceitful action, or dishonest action"; and (b) strike from the draft charge the language in the second paragraph of Section 16 to the effect that examples of bad faith include "acting with hostility toward union members." That language, we submit, is contrary to the above instruction and the law and is also inconsistent with language already contained in the second paragraph of Section 14 of the draft charge.

PRINCETON OFFICE
700 Alexander Park
Suite 102
Princeton, NJ 08540
P 609-580-3700
F 609-580-0051

FLEMINGTON OFFICE
Plaza One
1 State Route 12, Suite 201
Flemington, NJ 08822-1722
P 908-788-9700
F 908-788-7854

PHILADELPHIA OFFICE
One Liberty Place - 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393
P 215-963-3300
F 215-963-9999

WILMINGTON OFFICE
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801
P 302-777-4350
F 302-777-4352

GEORGETOWN OFFICE
9 East Market Street
P.O. Box 977
Georgetown, DE 19947
P-302-858-5151
F-302-858-5161

NEW YORK OFFICE
2 Penn Plaza
Suite 1500
New York, NY 10121
P 212-292-4988
F 212-629-4568

Hon. Joseph E. Irenas, U.S.D.J.
June 10, 2011
Page 2

> The Eleventh Circuit model charge includes language to the effect that a union has broad discretion in determining whether to pursue a grievance and that it may consider, for example,
>
>> the cost of proceeding weighed against its assessment of the likelihood of success if the grievance is pursued. So, even if an employee's grievance has merit, mere negligence or the exercise of poor judgment on the part of the union does not, in and of itself, constitute a breach of its duty of fair representation. On the other hand, when a union acts arbitrarily or capriciously, or in bad faith and dishonestly, in refusing to process a meritorious grievance, it violates the duty it has to represent fairly the union member who lodged the grievance.

In light of Your Honor's denial of ALPA's motion to dismiss any claim based upon its failure to pursue litigation theories proposed by Mr. Wilder and its rejection of ALPA's proposed charge No. 17, ALPA requests that Your Honor include the following language, which is comparable to that continued in the Eleventh Circuit charge, relating to the pursuit of litigation:

> Individual union members do not have the right to insist that a union file litigation. The basic test is one of reasonableness. So long as the union acts in good faith, the law permits a union to exercise broad discretion in determining whether litigation should be instituted. The union may consider, among other factors, the cost of proceeding, the likelihood of success and the potential adverse consequences of pursuing the litigation, even if meritorious. Thus, even if a properly proposed legal action has merit, mere negligence or the exercise of poor judgment on the part of the union does not constitute a breach of its duty of fair representation. On the other hand, when a union acts arbitrarily or in bad faith and dishonestly, in refusing to pursue properly proposed legal action, it violates the duty it has to represent fairly the union members.

Although Section 13 of the draft charges contain some general language concerning causation, ALPA believes that it is also essential, given the facts of this case and the set-up of the verdict form, for there to be a separate charge on the issue of causation after the specific charges relating to Arbitrary and Bad Faith Conduct. We therefore request that the Court revise the fourth paragraph of Section 13 to read as follows: "In order to prove their case, the TWA Pilots will have to establish by a preponderance of the evidence that ALPA acted arbitrarily or in bad faith and that its arbitrary or bad faith conduct resulted in a tangible injury in the form of a less favorable integration of the TWA pilots into American."

We request that Your Honor then move the fifth paragraph of Section 13 ("If Plaintiffs prove . . .") after Section 16 as a new Section 17 and add the following after the third sentence of this paragraph:

Hon. Joseph E. Irenas, U.S.D.J.
June 10, 2011
Page 3

> In determining the question of causation, you may not guess or speculate about whether any claimed breach of duty resulted in a direct, tangible injury to the Plaintiffs.[1] Rather, Plaintiffs must prove that actual harm was caused by conduct that constituted a breach of the duty of fair representation and must do so by a preponderance of the evidence.[2]

We appreciate the Court's consideration of these requests.

Respectfully submitted,

STEVEN J. FRAM

cc: Lisa Rodriguez, Esquire (w/encl.)(via email and ECF)
    Allen Press, Esquire (w/encl.)(via email and ECF)

6915603v1

---

[1] *See Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 562 (1931) ("...there is a clear distinction between the measure of proof necessary to establish the fact that petitioner had sustained some damage and the measure of proof necessary to enable the jury to fix the amount. The rule which precludes the recovery of uncertain damages applies to such as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount."); *Anderson v. United Paperworkers Int'l. Union AFL-CIO*, 641 F.2d 574, 580 (8th Cir. 1981) ("Even crediting this self-serving testimony, it is mere speculation that an employer which had continually resisted the severance pay provision as written, had refused to establish a security fund, and was only a few months from filing for bankruptcy, would have been willing and able to establish a security fund and contribute the necessary funds to do it. ... The plaintiffs have not proved that but for Gear's misrepresentations in 1974 they would have obtained their severance pay.").

[2] *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1397 & 1398 n.2 (9th Cir. 1986) (affirming summary judgment because plaintiffs could not demonstrate that the employer would have acceded to the employees' demands regarding severance limits if the strike in question continued and stating "[w]e have found no authority which would allow a plaintiff to avoid his burden of proving a causal connection between the wrongful act and some amount of damages because the defendant's actions have made that proof difficult."); *Barrett v. Thorofare Markets, Inc.*, 452 F. Supp. 880, 883 (W.D.Pa.1978) (granting summary judgment because "[t]he fact of injury as well as the amount of damages on this theory must remain purely conjectural.").