# ELEVENTH CIRCUIT

# PATTERN JURY INSTRUCTIONS

# (CIVIL CASES)

# 2005

## **TABLE OF CONTENTS**

| | |
|---|---|
| Judicial Council Resolution | x |
| Preface | xi |
| Preliminary Instructions Before Trial | xvii |

## **BASIC INSTRUCTIONS**

| | |
|---|---|
| Index to Basic Instructions | 1 |
| Directions to Counsel Concerning Preparation of Proposed Instructions | 3 |

| Instruction No. | | | Page |
|---|---|---|---|
| 1 | Face Page - Introduction | | 4 |
| 2 | Consideration Of The Evidence | | |
| | Duty To Follow Instructions | | |
| | .1 | No Corporate Party Involved | 5 |
| | .2 | Corporate Party Involved | 7 |
| | .3 | Governmental Entity Or Agency Involved | 9 |
| 3 | Credibility Of Witnesses | | 11 |
| 4 | Impeachment Of Witnesses | | |
| | .1 | Inconsistent Statement | 12 |
| | .2 | Inconsistent Statement And Felony Conviction | 13 |
| 5 | Expert Witnesses | | |
| | .1 | General Instruction | 14 |
| | .2 | When Expert Witness Fees Represent A Significant Portion Of The Witness' Income | 15 |
| 6 | Burden Of Proof | | |
| | .1 | When Only Plaintiff Has Burden Of Proof | 16 |
| | .2 | When There Are Multiple Claims Or When Both Plaintiff And Defendant Or Third Parties Have Burden Of Proof | 17 |
| 7 | Duty To Deliberate | | |
| | .1 | When Only The Plaintiff Claims Damages | 18 |
| | .2 | When Both Plaintiff And Defendant Claim Damages Or When Damages Are Not An Issue | 19 |

## TABLE OF CONTENTS

Instruction
No.                                                                                      Page

8        Election Of Foreperson
         Explanation Of Verdict Form(s)                                              20
9        Civil Allen Charge                                                          21

## FEDERAL CLAIMS INSTRUCTIONS

Index to Federal Claims Instructions                                                 24

I.      ADVERSE EMPLOYMENT ACTION CLAIMS

1      .1      Public Employee (Constitutional Claims)
               42 USC § 1983
               .1      First Amendment Claim
                       Discharge/Failure To Promote
                       Free Speech On Matter Of Public Concern       32
               .2      First Amendment Claim
                       Discharge/Failure To Promote
                       Political Disloyalty/Key Employee             44
               .3      Equal Protection Claim
                       Race and/or Sex Discrimination
                       Hostile Work Environment
                       (Separate Liability Of Public Body
                         And Individual Supervisors)                 58

1      .2      Title VII, Civil Rights Act
               42 USC § 2000e - 2000e-17
               .1      Race And/Or Sex Discrimination
                       Discharge/Failure To Promote
                       Including "Same Decision" Defense             71

               .2      Race And/Or Sex Discrimination
                       Workplace Harassment
                       No Tangible Employment Action Taken
                       (With Affirmative Defense By Employer)        84

               .3      Race And/Or Sex Discrimination
                       Workplace Harassment
                       Tangible Employment Action Taken              100

# **TABLE OF CONTENTS**

Instruction
  No.                                                                    Page

1    .3    Civil Rights Act
            42 USC §1981
            Race Discrimination In Employment
            Discharge/Failure To Promote
            .1    General Instruction                                    110

1    .4    Age Discrimination In Employment Act
            29 USC §§621-634
            .1    General Instruction                                    119

1    .5    Americans With Disabilities Act
            42 USC §§ 12101-12117
            .1    Disparate Treatment Claim                              130
            .2    Reasonable Accommodation Claim                         145

1    .6    Equal Pay Act
            29 USC § 206(d)(1) and (3)
            .1    General Instruction                                    164

1    .7    Fair Labor Standards Act
            29 USC §§ 201 et seq.
            .1    General Instruction                                    173

1    .8    Family And Medical Leave Act
            Substantive Claims And Retaliation Claims
            29 USC §§ 2601-2654
            .1    General Instruction                                    180

1    .9    Employee Claim Against Employer
            and Union (Vaca v. Sipes)
            .1    General Instruction                                    193

1    .10   Miscellaneous Issues
            .1    Respondeat Superior
                  (Under 42 USC § 1983)                                  199
            .2    Constructive Discharge                                 203
            .3    Retaliation                                            205

### 1.9.1
### Employee Claim Against Employer And Union
### <u>(Vaca v. Sipes)</u>

In this case the Plaintiff makes two claims.  The first claim is that the Plaintiff was discharged by the employer without just cause in violation of the collective bargaining agreement governing the terms and conditions of the Plaintiff's employment.   The second claim is that the Union breached its duty to fairly represent the Plaintiff, as one of its members, in failing to investigate or otherwise process the Plaintiff's grievance against the employer under the grievance procedure set forth in the collective bargaining agreement.

Under the law, an employer may not discharge an employee governed by a collective bargaining agreement, such as the one involved in this case, unless "just cause" exists for the employee's dismissal.  The term "just cause" means a real cause or basis for dismissal as distinguished from an arbitrary whim or caprice; that is, some cause or ground that a reasonable employer, acting in good faith in similar circumstances, would regard as a good and sufficient basis for terminating the services of an employee.

On the first claim, therefore, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:        That the Plaintiff was discharged from employment by the employer; and

Second:       That such discharge was without "just cause."

If you find in favor of the Plaintiff on this first claim, you must then consider the second claim, namely, that the Union breached its duty of "fair representation," that is, to represent fairly the Plaintiff as one of its members.

With regard to that claim you are instructed that a union <u>does</u> have a legal duty to represent fairly the interest of its members in protecting their rights under a collective bargaining agreement.

However, an individual employee does not have an absolute right to require the union to pursue a grievance against the employer. The test is basic fairness. So long as the union acts in good faith, the law permits a union to exercise broad discretion in determining whether a particular employee's grievance should be pursued against the employer under the collective bargaining agreement. The union may consider, for example, the cost of the proceeding weighed against its assessment of the likelihood of success if the grievance is pursued. So, even if an employee's grievance has merit, mere negligence or the exercise of poor judgment on the part of the union does not, in and of

194

itself, constitute a breach of its duty of fair representation. On the other hand, when a union acts arbitrarily or capriciously, or in bad faith and dishonestly, in refusing to process a meritorious grievance, it violates the duty it has to represent fairly the union member who lodged the grievance.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

If you find for the Plaintiff on either of (his) (her) claims, you must then consider the issue of damages. The amount of your verdict should be a sum that you find will justly compensate the Plaintiff for the damages the Plaintiff has incurred. The measure of such damages, if any, is the amount that the Plaintiff would have earned from employment with the employer if the discharge had not occurred, reduced by any earnings that the Plaintiff had, or could have reasonably had, from other employment. In other words, the Plaintiff has a duty to mitigate or minimize the damages and the Defendants are not responsible for lost earnings to the extent that such loss could have been avoided had the Plaintiff used reasonable care in seeking other employment to avoid or minimize the injury.

195

Once you have arrived at a figure for these lost wages or damages, if you have found for the Plaintiff and against both the employer and the union, you will then have the task of apportioning those damages between the employer and the union. In making the apportionment you should follow this guideline. The employer is liable for lost wages due solely to its breach of the collective bargaining agreement in discharging the Plaintiff. However, any increases in lost wages caused by the union's failure to process the Plaintiff's grievance should be charged to the union and not to the employer. Thus, if you find that the Plaintiff would have been reimbursed for lost wages and/or would have been reinstated to the job the Plaintiff held with the employer but for the breach by the union of its duty to fairly represent the Plaintiff, then you must apportion those lost wages between the Defendants according to the extent to which the union's breach of duty to fairly represent caused increases to the wages lost by the Plaintiff.

**1.9.1**
**Employee Claim Against Employer And Union**
**(Vaca v. Sipes)**

## SPECIAL INTERROGATORIES
## TO THE JURY

## Do you find from a preponderance of the evidence:

196

1.    That the Plaintiff was discharged from employment by the Defendant?

Answer Yes or No            _____

2.    That such discharge was without "just cause" (as defined in the Court's instructions)?

Answer Yes or No            _____

[Note:    If you answered No to either of the preceding questions you need not answer any of the remaining questions.]

3.    That the Union breached its duty of fair representation owed to the Plaintiff as one of its members?

Answer Yes or No            _____

4.    That the Plaintiff should be awarded $_____ as the Plaintiff's damages.

[Note:    Answer Question 5 only if you answered Yes to both Question 2 and Question 3.]

5.    That the Plaintiff's damages should be apportioned between the Defendants, _____% against the Defendant _____, and _____% against the Defendant Union.

SO SAY WE ALL.

_____
Foreperson

DATED:_____

197

**ANNOTATIONS AND COMMENTS**

This jury instruction applies when an employee or former employee files a hybrid breach of contract - breach of duty of fair representation suit against the employer and union. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). A Plaintiff may decide to sue one Defendant and not the other, but must prove the same case whether the suit is against one Defendant or both.  Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry, 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519  (1990) (explaining that most collective bargaining agreements accord finality to grievance procedures established by the agreement).

In deciding whether to prosecute a grievance, the union may consider tactical and strategic factors such as its limited resources and consequent need to establish priorities, as well as its desire to maintain harmonious relations among the workers and between the workers and the employer. Pryner v. Tractor Supply Co., 109 F.3d 354, 362 (7th Cir. (1997).

A union's actions are arbitrary only if, in light of the circumstances, its behavior is so far outside a "wide range of reasonableness" as to be irrational.  Air Line Pilots Assn. Int'l. v. O'Neill, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991).  Bad faith on the part of the union requires a showing of fraud, deceitful action, or dishonest action. Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 531 (10th Cir. 1992) (citing Motor Coach Employees v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473  (1971)).  Personal hostility is not enough to establish unfair representation if the representation was adequate and there is no evidence that the personal hostility tainted the union's actions. VanDerVeer v. United Parcel Serv., Inc., 25 F.3d 403, 405 (6th Cir. 1994).  A union owes the duty of fair representation only to members of its collective bargaining unit. Spenlau v. CSX Transp., Inc., 279 F.3d 1313, 1315-16 (11th Cir. 2002).

The limitations period for bringing a hybrid breach of contract - - breach of the duty of fair representation claim is six months from the date of the employer or union's final action, whichever is later. Coppage v. U. S. Postal Serv., 281 F.3d 1200, 1204 (11th Cir. 2002) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-71 103 S.Ct. 2281, 2293-94, 76 L.Ed.2d 476 (1983)).

Generally, damages are apportioned between the employer and union according to the damage caused by each.  However, joint and several liability may be appropriate where the employer and union actively participated in each other's breach. Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1145-46 (2d Cir. 1994); Aguinaga v. United Food & Com. Workers Int'l Union, 993 F.2d 1463, 1474-75 (10th Cir. 1993).

# FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS – CIVIL

## 2006

### Prepared by the Committee on Pattern Jury Instructions
### District Judges Association - Fifth Circuit
### Judge Martin C. Feldman, Chairman

Summary of Contents

| | |
|---|---|
| 1.1 | Preliminary Instructions |
| 2.1 | First Recess |
| 2.2 | Stipulated Testimony |
| 2.3 | Stipulations of Fact |
| 2.4 | Judicial Notice |
| 2.5 | Discontinuance as to Some Parties |
| 2.6 | Publicity During Trial |
| 2.7 | Bench Conferences and Recesses |
| 2.8 | Demonstrative Evidence |
| 2.9 | Witness Not Called |
| 2.10 | Similar Acts—Cautionary Charge |
| 2.11 | Duty to Deliberate |
| 2.12 | Instructions on Deliberation |
| 2.13 | Bias—Corporate Party Involved |
| 2.14 | Clear and Convincing Evidence |
| 2.15 | Limiting Instruction |
| 2.16 | Impeachment by Witnesses' Inconsistent Statements |
| 2.17 | Impeachment by Witnesses' Felony Conviction |
| 2.18 | Consideration of the Evidence |
| 2.19 | Expert Witnesses |
| 2.20 | Burden of Proof When Only Plaintiff Has Burden |
| 2.21 | Use of Notes Taken by Jurors |
| 2.22 | Cautionary Instruction on Damages |
| 2.23 | Deposition Testimony |
| 3.1 | General Instructions for Charge |
| 4.1 | Seaman Status |
| 4.2 | Vessels |
| 4.3 | Jones Act—Unseaworthiness—Maintenance and Cure—Loss of Society (Seaman Status Not Contested) |
| 4.4 | Jones Act—Negligence |
| 4.5 | Unseaworthiness |
| 4.6 | Causation |
| 4.7 | Contributory Negligence |
| 4.8 | Damages |
| 4.9 | Loss of Society |
| 4.10 | Punitive Damages |
| 4.11 | Maintenance and Cure (Appended to Jones Act--Unseaworthiness Claims) |
| 4.12 | Loss of Future Earnings (Replacement for Culver II) |
| 4.13 | Section 905(b) Longshore and Harbor Worker's Compensation Act Claim |
| 5.1 | Federal Employers Liability Act (45 U.S.C. Section 51 et seq.) |
| 5.2 | Federal Safety Appliance Act (45 U.S.C. Section 1 et seq.) |
| 6.1 | Sherman Act (Section I—Per Se Violation) |
| 6.2 | (Section I—Per Se Violation) |
| 7.1 | Securities Act |

| | |
|---|---|
| 8.1 | RICO Claims |
| 9.1 | Patent Infringement |
| 9.2 | Patent Validity |
| 9.3 | Anticipation by Prior Art |
| 9.4 | Prior Art |
| 9.5 | Non-Obviousness |
| 9.6 | Lack of Utility |
| 9.7 | Damages |
| 9.8 | Reasonable Royalty |
| 9.9 | Lost Profits |
| 9.10 | Willful Infringement |
| 9.11 | Damages May Not Be Punitive or Speculative |
| 10.1 | 42 USC Section 1983 (Unlawful Arrest--Unlawful Search--Excessive Force) Qualified Immunity—Good Faith Defense |
| 10.2 | Alternative Excessive Force Section 1983 Jury Charge |
| 10.3 | Civil Rights—42 USC Section 1983 (Superior Officers and Municipalities) |
| 10.4 | Civil Rights—42 USC Section 1983 (Adverse Employment Decision—Exercise of First Amendment Rights) |
| 10.5 | Eighth Amendment (Excessive Force) |
| 10.6 | Eighth Amendment (Inadequate Medical Care) |
| 10.7 | Eighth Amendment (Conditions of Confinement) |
| 11.1 | Fair Labor Standards Act (29 U.S.C. Sec. 216) |
| 11.3 | Employee's Claim Against Employer and Union Introductory Instruction |
| 11.4 | Committee Introduction to Supervisor Sexual Harassment Charges |
| 11.4.1 | Title VII—Sex Discrimination—Supervisor Sexual Harassment Without Tangible Employment Action (Hostile Work Environment) |
| 11.4.2 | Title VII—Sex Discrimination—Supervisor Sexual Harassment Resulting in Tangible Employment Action (Quid Pro Quo) |
| 11.4.3 | Title VII—Sex Discrimination—Co-Worker/Direct and Nondirect Supervisor/Third-Party Sexual Harassment (Hostile Work Environment) |
| 11.5 | Committee Introduction to Title VII Discrimination—Disparate Treatment and Non-Sexual Harassment |
| 11.5.1 | Title VII—Discrimination—Disparate Treatment—Race/Color/Religion/Gender/National Origin |
| 11.5.2 | Title VII—Discrimination—Non-Sexual Harassment—Supervisor Harassment Without Tangible Employment Action (Hostile Work Environment) |
| 11.5.3 | Title VII—Discrimination— Non-Sexual Harassment— Co-Worker/Direct or Non-Direct Supervisor/Third-Party Harassment (Hostile Work Environment) |
| 11.6 | Committee Introduction to Title VII Retaliation |
| 11.6.1 | Title VII—Retaliation |
| 11.7 | Committee Introduction to the Americans With Disabilities Act |
| 11.7.1 | ADA—Disability Discrimination |
| 11.7.2 | ADA—Failure to Accommodate |
| 11.7.3 | ADA—Disability Harassment—Co-Worker/Direct and Non-Direct Supervisor/Third-Party Disability Harassment (Hostile Work Environment) |
| 11.7.4 | ADA—Business Necessity Defense |
| 11.7.5 | ADA—Direct Threat Defense |
| 11.8 | Title VII and ADA Damages |
| 11.9 | Committee Introduction to the Age Discrimination in Employment Act |
| 11.9.1 | ADEA—Disparate Treatment |
| 11.9.2 | ADEA—Willful Violations |
| 11.9.3 | ADEA Harassment |
| 11.9.4 | ADEA—Damages |
| 11.10 | Committee Introduction to the Family and Medical Leave Act |
| 11.10.1 | FMLA—Interference With Leave Rights |

| | |
|---|---|
| 11.10.2 | FMLA—Interference—Denial of Benefits or Job Restoration |
| 11.10.3 | FMLA—Discrimination and Retaliation |
| 11.10.4 | FMLA—Damages |
| 11.11 | Committee Comments on Mixed Motives Instruction |
| 11.11.1 | Mixed Motives Instruction |
| 12.1 | Reasonable Compensation to Stockholder-Employee |
| 12.2 | Debt vs. Equity |
| 12.3 | Employee vs. Independent Contractor |
| 12.4 | Business Loss vs. Hobby Loss |
| 12.5 | Real Estate Held Primarily for Sale |
| 12.6 | Section 6672 Penalty |
| 12.7 | Gifts in Contemplation of Death |
| 13.1 | Automobile Dealers Day-In-Court Act (15 U.S.C. Section 1221) |
| 13.2 | Odometer Requirements, Motor Vehicle Information and Cost Savings Act (15 U.S.C. Section 1981) |
| 13.3 | Eminent Domain |
| 13.4 | Interstate Land Sales Full Disclosure Act (15 U.S.C. Section 1709) |
| 14.1 | Statute of Limitations Defense |
| 15.1 | Consider Damages Only If Necessary |
| 15.2 | Compensatory Damages |
| 15.3 | Calculation of Past and Future Damages |
| 15.4 | Injury/Pain/Disability/Disfigurement/Loss of Capacity for Enjoyment of Life |
| 15.5 | Aggravation or Activation of Disease or Defect |
| 15.6 | Medical Expenses |
| 15.7 | Lost Earnings/Time/Earning Capacity |
| 15.8 | Spouse's Loss of Consortium and Services |
| 15.9 | Parent's Loss of Child's Services, Earnings, Earning Capacity |
| 15.10 | Property Damage |
| 15.11 | Wrongful Death—Estate Damages |
| 15.12 | Wrongful Death—Survivors' Damages |
| 15.13 | Punitive Damages |
| 15.14 | Multiple Claims—Multiple Defendants |
| 15.15 | Mitigation of Damages |

Court's Instruction No. ____
11.3

## 11.3 EMPLOYEE'S CLAIM AGAINST EMPLOYER AND UNION

The plaintiff makes two claims. The plaintiff first claims that his employer discharged him without just cause in violation of the collective bargaining agreement that governs the terms and conditions of the plaintiff's employment. The plaintiff's second claim is that the union breached its duty to fairly represent him as one of its members. Specifically, the plaintiff claims that the union failed to investigate [or otherwise process] the plaintiff's grievance against his employer under the grievance procedure provided by the collective bargaining agreement.

[As to the first claim, you are instructed that an employer may only discharge an employee governed by a collective bargaining agreement if there is just cause for the employee's dismissal. Just cause means a real cause or basis for dismissal and not an arbitrary whim. A just cause is a cause that a reasonable employer, acting in good faith in similar circumstances, would regard as a good and sufficient basis for terminating the services of an employee.]

To win on his first claim, the plaintiff must prove both of the following by a preponderance of the evidence:

1. That his employer discharged him from his employment, and

2. That the discharge was without just cause.

If you find for the plaintiff on the first claim, you must then consider the second claim.

A union has a duty under the law to fairly represent the interests of its members in protecting their rights under a collective bargaining agreement. As to the plaintiff's second claim, the plaintiff must prove by a preponderance of the evidence that the union breached its duty to fairly represent the plaintiff's interests under the collective bargaining agreement.

However, an individual employee does not have an absolute right to require his union to pursue a grievance against his employer. A union has considerable discretion in controlling the grievance and arbitration procedure. The question is not whether the employee is satisfied with the union representation or whether that representation was perfect.

The test is basic fairness. So long as the union acts in good faith, it may exercise its discretion in determining whether to pursue or process an employee's grievance against the employer. Even if an employee's grievance has merit, the union's mere negligence or its exercise of poor judgment does not constitute a breach of its duty of fair representation. But where a union acts in bad faith and with hostility, discrimination or arbitrariness fails to process a meritorious grievance, the union violates its duty to fairly represent the union member who has made the grievance.

### DAMAGES

The amount of your verdict should be a sum that you find fairly compensates the plaintiff for the damages he has incurred. The measure of damages to which the plaintiff is entitled, if any, is the amount which the plaintiff would have earned from his employment with the employer if he had not been discharged. You must reduce this amount by any earnings that the plaintiff earned, or reasonably could have earned, from other employment. [The plaintiff has the duty to mitigate or minimize his damage. The defendants are not responsible for lost earnings that the plaintiff could have avoided if he had used reasonable care in seeking other employment to avoid or minimize the injury.]

Once you have arrived at a figure for lost wages or damages, you must apportion those damages between the employer and the union. In making the apportionment, you should follow this guideline. The employer is liable for lost wages due solely to its breach of the collective bargaining agreement in discharging the plaintiff. The union

is responsible for any increases in lost wages caused by its failure to process the plaintiff's grievance.



Office of the Circuit Executive

# Ninth Circuit Model Civil Jury Instructions
## INTRODUCTION

This Manual of Model Civil Jury Instructions ("Manual") has been prepared to help judges communicate effectively with juries.

The instructions in this manual are models. They must be reviewed carefully before use in a particular case. They are not a substitute for the individual research and drafting that may be required in a particular case, nor are they intended to discourage judges from using their own forms and techniques for instructing juries. *See McDowell v. Calderon*, 130 F.3d 833, 840 (9th Cir. 1997).

The Jury Instructions Committee considers suggestions from judges, staff and practitioners about possible revisions, additions and deletions. After careful assessment and research, many of these suggestions are adopted. Revisions are available online. They are later compiled and published in the printed version of the Manual. The committee strongly encourages users of this book to make suggestions for further revisions and updates. A suggestion form has been included in the back of this book for that purpose.

The Manual is periodically reprinted. Publication of any edition of the Manual necessarily presents a snap-shot of an ongoing research and drafting process. Accordingly, even the most recently dated edition of the Manual does not guarantee that one is using instructions that are up to date. All instructions in this edition are coded to indicate the year they were last approved by the Committee. The code appears at the bottom of the page upon which an instruction appears (e.g. "Approved 2006"). Users of the Manual should check the date to determine when an instruction was last approved. The entire publication and any later changes can be found under the "Publications" area of the Ninth Circuit's website at http://www.ce9.uscourts.gov . This edition is current as to instructions approved in September 2006.

This edition contains a substantial revision and reorganization of many chapters. For example, former Chapters 1-5 have been reorganized as three chapters: Chapter 1 ("Instructions on the Trial Process"), Chapter 2 ("Instructions on Types of Evidence"), and Chapter 3 ("Instructions on Deliberations"). Chapter 9 ("Civil Rights Actions—42 U.S.C. § 1983") and Chapter 10 ("Civil Rights—Title VII— Employment Discrimination; Harassment; Retaliation") have been substantially revised and expanded. To assist users, the committee has included a table listing the old instruction numbers in the 2001 edition and the corresponding numbers in the 2007 edition.

These model instructions have been reviewed by various members of the federal bench and bar. The committee extends its thanks to those who reviewed and commented on various parts of the book. The committee also extends its thanks to Ninth Circuit Office of the Circuit Executive staff members Robin Donoghue and Debra Landis. In addition, the committee acknowledges with gratitude the singular contributions of Joseph Franaszek, Esq. For many years, Mr. Franaszek has worked with the committee on a voluntary basis, providing careful research and drafting assistance, as well as a unique "institutional memory" that enables the shifting members of the committee to understand how existing instructions came to be formulated. Mr. Franaszek has performed an invaluable service to the Ninth Circuit and the Bar and has earned the committee's enduring respect.

## CAVEAT

These model-jury instructions are written and organized by district judges and magistrate judges who are appointed to the Ninth Circuit Jury Instructions Committee by the Chief Circuit Judge. The judges on the Ninth Circuit Court of Appeals do not serve on the committee, however, and they do not participate in the drafting process. The Court of Appeals does not adopt these instructions as definitive. Indeed, occasionally the correctness of a given instruction may be the subject of a Ninth Circuit opinion.

## NINTH CIRCUIT JURY INSTRUCTIONS COMMITTEE

Judge George H. King, Chair
Judge Anna J. Brown
Judge Roger L. Hunt
Judge A. Howard Matz
Judge Jeffrey T. Miller
Judge Marsha J. Pechman
Magistrate Judge Richard Seeborg
Joseph Franaszek, Reporter
Robin Donoghue, Staff
Debra Landis, Staff

September, 2006

**Document Download(s)**
File type:

WordPerfect

File(s) for download:
**Click on the icon(s) below to start download.**



Introduction to Civil Jury Instructions (2006).wpd

Size of file(s):

13 KBytes



Office of the Circuit Executive

# Ninth Circuit Model Civil Jury Instructions
### 13.1 EMPLOYEE CLAIM AGAINST UNION AND/OR EMPLOYER—LABOR MANAGEMENT RELATIONS ACT (LMRA) § 301
### (29 U.S.C. § 185)

In order to prevail, the plaintiff must prove each of the following by a preponderance of the evidence:

1. that the plaintiff was discharged from employment by the employer;

2. that such discharge was without "just cause"; and

3. that the union breached its duty to fairly represent the plaintiff's interests under the collective bargaining agreement.

The plaintiff must prove all three of the above whether [he] [she] is suing the union, the employer, or both. In this case, the plaintiff is suing [[the union] [the employer] [both the union and the employer]].

If you find that the plaintiff has proved each of the elements on which the plaintiff has the burden of proof, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Under the law, an employer may not discharge an employee governed by a collective bargaining agreement, such as the one involved in this case, unless "just cause" exists for the employee's dismissal. The term "just cause" means a real cause or basis for dismissal as distinguished from an arbitrary whim or caprice; that is, some cause or ground that a reasonable employer, acting in good faith in similar circumstances, would regard as a good and sufficient basis for terminating the services of an employee.

A union has a duty under the law to represent fairly the interests of its members in protecting their rights under a collective bargaining agreement. However, an individual employee does not have an absolute right to require the employee's union to pursue a grievance against the employer. A union has considerable discretion in controlling the grievance and arbitration procedure. The question is not whether the employee is satisfied with the union representation or whether that representation was perfect.

Breach of the duty of fair representation occurs only where a union acting in bad faith or in an arbitrary or discriminatory manner fails to process a meritorious grievance. So long as the union acts in good faith, it may exercise its discretion in determining whether to pursue or process an employee's grievance against the employer. Even if an employee's grievance has merit, the union's mere negligence or its exercise of poor judgment does not constitute a breach of its duty of fair representation.

### Comment

This jury instruction applies when an employee or former employee files a suit against either the union or employer. It also applies in a hybrid suit against the employer and union. A plaintiff may decide to

sue one defendant and not the other, but must prove the same case whether the suit is against one defendant or both. *Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (explaining that most collective bargaining agreements accord finality to grievance procedures established by the agreement).

To support a breach of the duty of fair representation claim, the plaintiff must prove that the employer's action violated the terms of the collective bargaining agreement and that the union breached its duty to act honestly and in good faith and to avoid arbitrary conduct. *Id.* at 563; *see also Hines v. Anchor Motor Freight*, 424 U.S. 554, 564 (1976) (union is always subject to complete good faith and honesty of purpose in the exercise of its discretion); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).

A union is not liable for merely negligent conduct. *See United States Steelworkers of Am. v. Rawson*, 495 U.S. 362, 372-73 (1990); *Slevira v. Western Sugar Co.*, 200 F.3d 1218, 1221 (9th Cir.2000). Breach of the duty of fair representation occurs only when a union's conduct is arbitrary, discriminatory, or in bad faith. *See id.* For example, "[a] union breaches its [duty of fair representation] if it ignores a meritorious grievance or processes it in a perfunctory manner." *Conkle v. Jeong*, 73 F.3d 909, 916 (9th Cir.1995) (citing *Vaca*, 386 U.S. at 191).

A union's actions are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be 'irrational.'" *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991). *See also Conkle*, 73 F.3d at 915-16 (holding that a union's decision is arbitrary if it lacks a rational basis); *Johnson v. United States Postal Serv.*, 756 F.2d 1461, 1465 (9th Cir.1985) (holding that reckless disregard may constitute arbitrary conduct); *Tenorio v. NLRB*, 680 F.2d 598, 601 (9th Cir.1982) (defining arbitrary as the "egregious disregard for the right of union members").

To establish that a union acted in "bad faith," a plaintiff must provide "substantial evidence of fraud, deceitful action, or dishonest conduct," *Humphrey v. Moore,* 375 U.S. 335, 348 (1964), or evidence that the union was motivated by personal animus toward the plaintiff. *See Conkle*, 73 F.3d at 916 (including personal animus as basis for finding of bad faith).

**Document Download(s)**

| File type: | File(s) for download:<br>Click on the icon(s) below to start download. | Size of file(s): |
| --- | --- | --- |
| WordPerfect | | 9 KBytes |

civil 13.1.wpd