Federal Jury Practice And Instructions
Current through the 2011 Pocket Part

Civil
Kevin F. O'Malley[a0], Jay E. Grenig[a1], Hon. William C. Lee[a2]

Part
VII. Instructions For Civil Actions Governed by Federal Law
Chapter
157. Labor-Management Secondary Boycotts (29 U.S.C.A. §§ 158(b)(4)(B) and 187) Breach of **Duty** of **Fair Representation** (29 U.S.C.A. § 185)
B. Employee's Claim for Breach of **Duty** of **Fair Representation**
1. Generally

**§ 157.80. Nature of the action**

In this case plaintiff ____________ makes two claims. The plaintiff's first claim is that plaintiff ____________ was discharged from plaintiff's employment by defendant employer without just cause in violation of the collective bargaining agreement governing the terms and conditions of plaintiff's employment.

Plaintiff's second claim is that defendant union breached its duty to represent fairly plaintiff ____________ as one of its bargaining unit members by failing to investigate or otherwise process plaintiff's grievance against defendant employer under the grievance procedure set forth in the collective bargaining agreement.

**NOTES**

*In General*

Most **duty** of **fair representation** claims involve an alleged contract violation by the employer and the employee's claim that the employee's union failed to represent the employee adequately in redressing that contract violation. See Breininger v. Sheet Metal Workers Int'l Ass'n, Local 6, 493 U.S. 67, 80, 110 S.Ct. 424, 432–33, 107 L.Ed.2d 388 (1989). See, e.g., Slevira v. Western Sugar Co., 200 F.3d 1218, 1221 (9th Cir.2000) (action against employer can succeed only if union breached its **duty** of **fair representation**).

*Fifth Circuit*

*Ninth Circuit*

**DUTY** OF **FAIR REPRESENTATION**—ELEMENTS AND BURDEN OF PROOF—HYBRID CLAIM

[On the plaintiff's ____________ claim,] the plaintiff has the burden of proving each of the following by a preponderance of the evidence:

1. the union [describe conduct] the plaintiff's claim against the employer as required by the collective bargaining agreement;
2. the union's conduct toward the employee was [arbitrary] [in bad faith] [dishonest] [discriminatory] [hostile]; and
3. the employer [describe employer's conduct] in violation of the collective bargaining agreement.

If you find that each of these things has been proved, your verdict should be for the plaintiff and against both defendants. On the other hand, if any of these things has not been proved, your verdict should be for the defendants.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Comment

See Vaca v. Sipes, 386 U.S. 171 (1967); Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558 (1990); Hines v. Anchor Motor Freight, 424 U.S. 554 (1976). A union is not liable for merely negligent conduct when the challenged act involves an exercise of the union's judgment rather than a ministerial act. However, a union may be liable for negligent or arbitrary conduct when the challenged act involves a procedural or ministerial act, or involves a failure to raise a meritorious, substantive argument. Peters v. Burlington N. R.R., 931 F.2d 534, 538–39 (9th Cir.1990); Moore v. Bechtel Power Corp., 840 F.2d 634, 636–37 (9th Cir.1988).

In those cases where the challenged conduct of the employer is the discharge of the employee without just cause, the court may use the following definition of "just cause": "Just cause means a cause based on a reasonable ground and exercised in good faith." See Scott v. Anchor Motor Freight, 496 F.2d 276, 281 (6th Cir.), cert. denied, 419 U.S. 868 (1974).

Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction No. 13.1 (1997).

See Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 13.1 (2007).

*Eleventh Circuit*

EMPLOYEE CLAIM AGAINST EMPLOYER AND UNION (VACA v. SIPES)

In this case the Plaintiff makes two claims. The first claim is that the Plaintiff was discharged by the employer without just cause in violation of the collective bargaining agreement governing the terms and conditions of the Plaintiff's employment. The second claim is that the Union breached its duty to fairly represent the Plaintiff, as one of its members, in failing to investigate or otherwise process the Plaintiff's grievance against the employer under the grievance procedure set forth in the collective bargaining agreement.

Under the law, an employer may not discharge an employee governed by a collective bargaining agreement, such as the one involved in this case, unless "just cause" exists for the employee's dismissal. The term "just cause" means a real cause or basis for dismissal as distinguished from an arbitrary whim or caprice; that is, some cause or ground that a reasonable employer, acting in good faith in similar circumstances, would regard as a good and sufficient basis for terminating the services of an employee.

On the first claim, therefore, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiff was discharged from employment by the employer; and

Second: That such discharge was without "just cause."

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

If you find in favor of the Plaintiff on this first claim, you must then consider the second claim, namely, that the Union breached its **duty** of "**fair representation**," that is, to represent fairly the Plaintiff as one of its members.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

With regard to that claim you are instructed that a union does have a legal duty to represent fairly the interest of its members in protecting their rights under a collective bargaining agreement.

However, an individual employee does not have an absolute right to require the union to pursue a grievance against the employer. The test is basic fairness. So long as the union acts in good faith, the law permits a union to exercise broad discretion in determining whether a particular employee's grievance should be pursued against the employer under the collective bargaining agreement. The union may consider, for example, the cost of the proceeding weighed against its assessment of the likelihood of success if the grievance is pursued. So, even if an employee's grievance has merit, mere negligence or the exercise of poor judgment on the part of the union does not, in and of itself, constitute a breach of its **duty** of **fair representation**. On the other hand, when a union acts arbitrarily or capriciously, or in bad faith and dishonestly, in refusing to process a meritorious grievance, it violates the duty it has to represent fairly the union member who lodged the grievance.

If you find for the Plaintiff, you must then consider the issue of damages. The amount of your verdict should be a sum that you find will justly compensate the Plaintiff for the damages the Plaintiff has incurred. The measure of such damages, if any, is the amount that the Plaintiff would have earned from employment with the employer if the discharge had not occurred, reduced by any earnings that the Plaintiff had, or could have reasonably had, from other employment. In other words, the Plaintiff has a duty to mitigate or minimize the damages and the Defendants are not responsible for lost earnings to the extent that such loss could have been avoided had the Plaintiff used reasonable care in seeking other employment to avoid or minimize the injury.

Once you have arrived at a figure for these lost wages or damages, you will then have the task of apportioning those damages between the employer and the union. In making the apportionment you should follow this guideline. The employer is liable for lost wages due solely to its breach of the collective bargaining agreement in discharging the Plaintiff. However, any increases in lost wages caused by the union's failure to process the Plaintiff's grievance should be charged to the union and not to the employer. Thus, if you find that the Plaintiff would have been reimbursed for lost wages and/or would have been reinstated to the job the Plaintiff held with the employer but for the breach by the union of its duty to fairly represent the Plaintiff, then you must apportion those lost wages between the Defendants according to the extent to which the union's breach of duty to fairly represent caused increases to the wages lost by the Plaintiff.

SPECIAL INTERROGATORIES TO THE JURY

Do you find from a preponderance of the evidence:

1.
That the Plaintiff was discharged from employment by the Defendant?
Answer Yes or No ____________

2.
That such discharge was without "just cause" (as defined in the Court's instructions)?
Answer Yes or No ____________

[Note: If you answered No to either of the preceding questions you need not answer either of the remaining questions.]

3.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

That the Union breached its **duty** of **fair representation** owed to the Plaintiff as one of its members?
Answer Yes or No ____________

4.

That the Plaintiff should be awarded $____________ as the Plaintiff's damages.
[Note: Answer Question 5 only if you answered Yes to both Question 2 and Question 3.]

5.

That the Plaintiff's damages should be apportioned between the Defendants, ______% to the Defendant ____________, and ______% to the Defendant Union.

SO SAY WE ALL.

____________________
Foreperson

DATED: ____________

ANNOTATIONS AND COMMENTS

This jury instruction applies when an employee or former employee files a hybrid breach of contract—breach of **duty** of **fair representation** suit against the employer and union. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). A Plaintiff may decide to sue one Defendant and not the other, but must prove the same case whether the suit is against one Defendant or both. Chauffeurs, Teamsters and Helpers Local No. 391 v. Terry, 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) (explaining that most collective bargaining agreements accord finality to grievance procedures established by the agreement).

In deciding whether to prosecute a grievance, the union may consider tactical and strategic factors such as its limited resources and consequent need to establish priorities, as well as its desire to maintain harmonious relations among the workers and between the workers and the employer. Pryner v. Tractor Supply Co., 109 F.3d 354, 362 (7th Cir.), cert. denied, 522 U.S. 912, 118 S.Ct. 294, 139 L.Ed.2d 227 (1997).

A union's actions are arbitrary only if, in light of the circumstances, its behavior is so far outside a "wide range of reasonableness" as to be irrational. Air Line Pilots Assn. Int'l. v. O'Neill, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991). Bad faith on the part of the union requires a showing of fraud, deceitful action, or dishonest action. Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 531 (10th Cir.1992) (citing Motor Coach Employees v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971)). Personal hostility is not enough to establish unfair representation if the representation was adequate and there is no evidence that the personal hostility tainted the union's actions. VanDerVeer v. United Parcel Serv., Inc., 25 F.3d 403, 405 (6th Cir.1994).

Generally, damages are apportioned between the employer and union according to the damage caused by each. However, joint and several liability may be appropriate where the employer and union actively participated in each other's breach. Lewis v. Tuscan Dairy Farms, Inc., 25 F.3d 1138, 1145–46 (2d Cir.1994); Aguinaga v. United Food & Com. Workers Int'l Union, 993 F.2d 1463, 1474–75 (10th Cir.1993), cert. denied, 510 U.S. 1072, 114 S.Ct. 880, 127 L.Ed.2d 75 (1994).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 6 of 6

FED-JI § 157.80
3A Fed. Jury Prac. & Instr. § 157.80 (5th ed.)

Page 5

Eleventh Circuit Pattern Jury Instructions: Federal Claims Instruction No. 1.8.1 (2000).

See Eleventh Circuit Pattern Jury Instructions (Civil Cases) Instruction No. 1.9.1 (2005).

[FNa0] Greensfelder, Hemker & Gale, P.C., Saint Louis, Missouri.

[FNa1] Professor of Law, Marquette University School of Law.

[FNa2] Judge, United States District Court, Northern District of Indiana.

Westlaw. © 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

FED-JI § 157.80

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&rs=WLW11.04&vr=2.0&de... 7/8/2011

Federal Jury Practice And Instructions
Current through the 2011 Pocket Part

Civil
Kevin F. O'Malley[a0], Jay E. Grenig[a1], Hon. William C. Lee[a2]

Part
VII. Instructions For Civil Actions Governed by Federal Law
Chapter
157. Labor-Management Secondary Boycotts (29 U.S.C.A. §§ 158(b)(4)(B) and 187) Breach of **Duty** of **Fair Representation** (29 U.S.C.A. § 185)
B. Employee's Claim for Breach of **Duty** of **Fair Representation**
1. Generally

**§ 157.81. Duty of fair representation**

Defendant union is a labor organization. When a union or labor organization is the exclusive representative of employees, the law requires that the union represent the interests of those employees in a proper manner. This duty is known as the **duty** of **fair representation**.

A union breaches its **duty** of **fair representation** when, in the course of negotiating, administering, or enforcing the collective bargaining agreement, the union's conduct toward a member of the bargaining unit it represents is arbitrary, discriminatory, or in bad faith. A union owes its **duty** of **fair representation** to every employee within the bargaining unit that it represents.

Not every employee within a bargaining unit must be a member of that union. However, the union must represent the interests of every employee within the bargaining unit, whether or not the employee is a union member.

*[Plaintiff ____________ is not a union member. However, plaintiff ____________ is in the bargaining unit represented by the defendant union. Thus, defendant union owes plaintiff ____________ the **duty** of **fair representation**. The duty owed by defendant union is the same as it would be for a union member.]*

*[Plaintiff ____________ is a member of the bargaining unit represented by defendant union. The defendant union owes plaintiff ____________ the **duty** of **fair representation**.]*

**NOTES**

*In General*

A union's **duty** of **fair representation** requires it, as the exclusive bargaining representative for members of the bargaining unit, serve the interests of all members without hostility or discrimination toward any. Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903, 910, 17 L.Ed.2d 842 (1967).

The union is required to serve the interest of all members of the bargaining unit without hostility or discrimination towards any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct. See Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 34, 119 S.Ct. 292, 294, 142 L.Ed.2d 242 (1998). See Goulet v. New Penn Motor Exp., Inc., 512 F.3d 34 (1st Cir. 2008) (union's **duty** of **fair representation** require it not to engage in arbitrary or bad faith conduct evidencing hostility, discrimination, or dishonesty toward an employee union member).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3 of 3

FED-JI § 157.81
3A Fed. Jury Prac. & Instr. § 157.81 (5th ed.)

Page 2

[FNa0] Greensfelder, Hemker & Gale, P.C., Saint Louis, Missouri.

[FNa1] Professor of Law, Marquette University School of Law.

[FNa2] Judge, United States District Court, Northern District of Indiana.

Westlaw. © 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

FED-JI § 157.81

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&rs=WLW11.04&vr=2.0&de... 7/8/2011

Page 2 of 2

FED-JI § 157.100
3A Fed. Jury Prac. & Instr. § 157.100 (5th ed.)

Page 1

Federal Jury Practice And Instructions
Current through the 2011 Pocket Part

Civil
Kevin F. O'Malley[a0], Jay E. Grenig[a1], Hon. William C. Lee[a2]

Part
VII. Instructions For Civil Actions Governed by Federal Law
Chapter
157. Labor-Management Secondary Boycotts (29 U.S.C.A. §§ 158(b)(4)(B) and 187) Breach of **Duty** of **Fair Representation** (29 U.S.C.A. § 185)
B. Employee's Claim for Breach of **Duty** of **Fair Representation**
3. Definitions

**§ 157.100. Arbitrary conduct**

A union's actions are arbitrary if, in the light of circumstances, its behavior is so far outside a "wide range of reasonableness" as to be irrational. A decision is not arbitrary if it is the rational result for the consider of permissible factors and inclusive of a fair and impartial consideration of all employees' interests.
[*In deciding whether to prosecute an employee's grievance, a union may consider tactical and strategic factors, such as its limited resources and the consequent need to establish priorities, as well as the union's desire to maintain harmonious relations among the workers and between the workers and the employer.*]

**NOTES**

*In General*

A union's actions are arbitrary if, in the light of circumstances, its behavior is so far outside a "wide range of reasonableness" as to be irrational. Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991). Accord Walk v. P*I*E Nationwide, Inc., 958 F.2d 1323, 1326 (6th Cir.1992). See also Marquez v. Screen Actors Guild, Inc., 525 U.S. 33, 45–46, 119 S.Ct. 292, 300, 142 L.Ed.2d 242 (1998) (this "wide range of reasonableness" gives union room to make discretionary decisions and choices, even if those judgments are ultimately wrong).

The bracketed paragraph is adapted from Pryner v. Tractor Supply Co., 109 F.3d 354, 362 (7th Cir.), cert. denied, 522 U.S. 912, 118 S.Ct. 294, 139 L.Ed.2d 227 (1997).

[FNa0] Greensfelder, Hemker & Gale, P.C., Saint Louis, Missouri.

[FNa1] Professor of Law, Marquette University School of Law.

[FNa2] Judge, United States District Court, Northern District of Indiana.

Westlaw. © 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

FED-JI § 157.100

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&rs=WLW11.04&vr=2.0&de... 7/8/2011

Federal Jury Practice And Instructions
Current through the 2011 Pocket Part

Civil
Kevin F. O'Malley[a0], Jay E. Grenig[a1], Hon. William C. Lee[a2]

Part
VII. Instructions For Civil Actions Governed by Federal Law
Chapter
157. Labor-Management Secondary Boycotts (29 U.S.C.A. §§ 158(b)(4)(B) and 187) Breach of **Duty** of **Fair Representation** (29 U.S.C.A. § 185)
B. Employee's Claim for Breach of **Duty** of **Fair Representation**
3. Definitions

**§ 157.102. Bad faith**

A union breaches its **duty** of **fair representation** if it acts in "bad faith." "Bad faith" on the part of a union requires a showing of fraud, deceitful action, or dishonest action. Personal hostility alone is insufficient to establish unfair representation if the union's representation was adequate and there is no evidence that the personal hostility tainted the union's actions.

**NOTES**

*In General*

"Bad faith" on the part of a union requires a showing of fraud, deceitful action, or dishonest action. See Motor Coach Employees v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971). Accord Sim v. New York Mailers' Union No. 6, 166 F.3d 465, 472 (2d Cir.1999); Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 531 (10th Cir.1992).

Personal hostility alone is insufficient to establish unfair representation if the union's representation was adequate and there is no evidence that the personal hostility tainted the union's actions. See Motor Coach Employees v. Lockridge, 403 U.S. 274, 299, 91 S.Ct. 1909, 1924, 29 L.Ed.2d 473 (1971). Accord Sim v. New York Mailers' Union No. 6, 166 F.3d 465, 472 (2d Cir.1999); Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 531 (10th Cir.1992).

[FNa0] Greensfelder, Hemker & Gale, P.C., Saint Louis, Missouri.

[FNa1] Professor of Law, Marquette University School of Law.

[FNa2] Judge, United States District Court, Northern District of Indiana.

Westlaw. © 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

FED-JI § 157.102

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Federal Jury Practice And Instructions
Current through the 2011 Pocket Part

Civil
Kevin F. O'Malley[a0], Jay E. Grenig[a1], Hon. William C. Lee[a2]

Part
VII. Instructions For Civil Actions Governed by Federal Law
Chapter
157. Labor-Management Secondary Boycotts (29 U.S.C.A. §§ 158(b)(4)(B) and 187) Breach of **Duty** of **Fair Representation** (29 U.S.C.A. § 185)
B. Employee's Claim for Breach of **Duty** of **Fair Representation**
4. Causation

**§ 157.110. Generally**

Plaintiff ____________ must prove by a preponderance of the evidence both that defendant union breached its **duty** of **fair representation** and that defendant employer breached the collective bargaining agreement. If you find plaintiff ____________ has failed to prove both of these claims by a preponderance of the evidence, then you must decide in favor of defendant union and defendant employer.

If you find plaintiff ____________ has proved by a preponderance of the evidence that defendant union breached its **duty** of **fair representation** and defendant employer breached the collective bargaining agreement, you must determine whether plaintiff ____________ has proved by a preponderance of the evidence that there is a causal connection between these breaches the injuries claimed by plaintiff ____________.

**NOTES**

*In General*

See Teamsters Local 391 v. Terry, 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990) (in hybrid fair representation case, plaintiff must prove that employer's action violated terms of collective bargaining agreement and union breached its **duty** of **fair representation**). Accord Dushaw v. Roadway Express, Inc., 66 F.3d 129, 133 (6th Cir.1995) (without valid fair representation claim against union, claim against employer also failed); Cleveland v. Porca Co., 38 F.3d 289, 297 (7th Cir.1994) (employees could not maintain claim against employer for breach of collective bargaining agreement, since union had not violated its **duty** of **fair representation**); Young v. United Automobile Workers Labor Employment & Training Corp., 95 F.3d 992, 996 (10th Cir.1996) (in order to prevail on hybrid fair representation claim, plaintiff must prove (1) that union breached its **duty** of **fair representation**, and (2) that employer discharged plaintiff in violation of its collective bargaining agreement with union).

See Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 126 (2d Cir.1998), cert. denied, 526 U.S. 1017, 119 S.Ct. 1251, 143 L.Ed.2d 348 (1999) (establishing that union's actions were sufficiently "arbitrary, discriminatory or in bad faith" is only first step toward proving a fair representation claim; plaintiffs must then demonstrate a causal connection between union's wrongful conduct and their injuries); Dushaw v. Roadway Express, Inc., 66 F.3d 129, 132 (6th Cir.1995) (once plaintiff seeking to show breach of duty proves union acted in bad faith or in arbitrary or discriminatory manner, plaintiff must also prove that union's actions tainted grievance procedure

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

such that outcome was more than likely affected by union's breach and impact of union's breach on outcome of grievance proceeding must have been substantial); Williams v. Romano Bros. Beverage Co., 939 F.2d 505, 508 (7th Cir.1991) (plaintiff must show that union's breach actually affected outcome of arbitration); Ackley v. Western Conf. of Teamsters, 958 F.2d 1463, 1472 (9th Cir.1992) (to prevail in misrepresentation case against union, plaintiff's must demonstrate causal relationship between alleged misrepresentation and their injury). See also VanDerVeer v. United Parcel Service, 25 F.3d 403, 405 (6th Cir.1994) (impact of breach of **duty** of **fair representation** on outcome must have been substantial).

See Chapter 104. See also § 104.1.

[FNa0] Greensfelder, Hemker & Gale, P.C., Saint Louis, Missouri.

[FNa1] Professor of Law, Marquette University School of Law.

[FNa2] Judge, United States District Court, Northern District of Indiana.
Westlaw. © 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

FED-JI § 157.110

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.