UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICK BRADY, et al., | : | HONORABLE JOSEPH E. IRENAS |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 02-2917(JEI) |
| v. | : | |
| | : | **JURY CHARGE** |
| | : | |
| AIR LINE PILOTS | : | |
| ASSOCIATION, et al., | : | |
| | : | |
| Defendants. | : | |

Ladies and Gentlemen of the Jury:

## § 1  Introduction to the Final Charge--Province of the Court and of the Jury

Now that you have heard all of the evidence to be received in this trial and the arguments of counsel it becomes my duty and privilege to give you the final instructions of the Court as to the law that will guide you in your decisions.

The Plaintiffs in this matter are several individuals, Howard Hollander, Sally Young, Patrick Brady, Ted Case and Michael Finucan.  They are former pilots for TWA and TWA, LLC. In this action, these individuals are pursuing this litigation not only on their own behalf, but they also represent a class of plaintiffs consisting of some of the approximately 2,300 individuals who were pilots of TWA as of April of 2002.

As you have heard, the defendant, the Air Line Pilots

1

Association, International, which has been referred to as ALPA, is a union and represented the pilots of TWA up until April of 2002.

During the course of these instructions I will refer to the Plaintiffs as Plaintiffs or the Class and I will refer to the Defendant as ALPA.

All of the instructions of law given to you by the Court -- those given to you at the beginning of the trial, those given to you during the trial, and these final instructions -- must guide and govern your deliberations.  It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  You should construe each of the instructions in light of and in harmony with the other instructions, and you should apply the instructions as a whole to the evidence. The order in which the instructions are given has no significance and is no indication of their relative importance.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you.  If any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions,

you are to be governed by the instructions given to you by the Court.

You must not be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any view of the law other than that given in these instructions. It also would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case. You were chosen as jurors for this trial in order to evaluate the evidence received and to decide the factual questions presented by the respective positions of Plaintiffs and ALPA. In deciding the issues presented to you for decision in this trial, you must not be swayed by bias, prejudice, or sympathy for or against any of the parties, nor influenced by public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to evaluate the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law that I am giving you now in these instructions.

At times during the trial you saw lawyers make objections to questions asked by other lawyers, and to answers by witnesses. This simply meant that the lawyers were asking me to make a decision on a rule of law. Do not draw any conclusion from such

objections or from my rulings on them.  These related only to the legal questions that I had to determine and should not influence your thinking.  When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what answer might have been given had I allowed the question to be answered.  Similarly, when I told you not to consider a particular statement, you were told to put that statement out of your mind, and you may not refer to that statement in your deliberations.

During the course of the trial we have from time to time held conferences with the attorneys at sidebar out of the hearing, hopefully, of the jury.  These conferences were held to resolve legal issues which arose during the trial.  Please do not speculate about what was said or decided at these sidebar conferences.  Do not consider them in any way in reaching your verdict.

At times during trial, I asked questions of witnesses. These questions should not be taken as an indication that I have any opinion about the facts in the case.  Indeed, if I have said or done anything during the trial, or in instructing you now, that leads you to believe that I am inclined to favor the case of the Plaintiffs or the Defendant, you must remove that impression from your minds and not permit yourselves to be influenced by it because none was intended to be created.

4

## § 2  Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received, and to give such evidence a reasonable and fair construction in the light of your common knowledge of human nature.

Keep in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.

## § 3  Burden of Proof

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence.  If you conclude that the party bearing the burden of proof has failed to establish any required element of that claim by a preponderance of the evidence, you must decide against that party on the issue you are considering.

What does "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the

fact is more likely true than not.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the testimonial and documentary evidence, not to the number of exhibits or witnesses.

If you find that the credible evidence on a given issue is evenly divided between the parties, such that it is equally probable that one side is right as it is that the other side is right, then you must decide that issue against the party having the burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence; Plaintiffs must prove the issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance.  So long as you find that the scale tips, however slightly, in favor of the party with the burden of proof -- that what the party claims is more likely true than not true -- then that element will have been proved by a preponderance of the evidence.

### § 4  Evidence Received in the Case

The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You have also heard testimony in the form of depositions

which have been received into evidence. A deposition is simply a procedure in which the attorneys for one side question a witness or an adversary party under oath before a court stenographer prior to trial. A video deposition is a procedure where attorneys question a witness under oath before a court stenographer prior to trial while the whole proceeding is simultaneously taped by a specially trained video operator. Deposition testimony is entitled to the same weight as live testimony and should be evaluated by you in the same manner as you would evaluate any other testimony.

During the trial several items were received into evidence as exhibits. These exhibits will be sent into the jury room with you when you begin to deliberate. Examine the exhibits if you think doing so will help your deliberations. Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Likewise, anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

### § 5 **Questions are Not Evidence**

Questions and statements of the Court or counsel, and objections and arguments of counsel, are not evidence in the

case.  If the Court or a lawyer asks a question on cross examination which incorporates a statement which assumed certain facts to be true, the question is not evidence of those facts if the witness denies the truth of the statement in his or her answer.  You may consider the facts incorporated into a question only if the answer of the witness recognizes their truth.  In short, questions are not evidence, answers are.

## § 6   Inferences from the Evidence

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  If you find a fact has been proven, you are permitted to draw from that fact such reasonable inferences as you feel are justified in the light of your experience and common sense.  Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the facts proven in the case.

## § 7   Direct and Circumstantial Evidence

There are two types of evidence which are generally presented during a trial -- direct evidence and circumstantial

8

evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence or non-existence of a fact. The law generally makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial. You should weigh all the evidence in the case. After weighing all the evidence, you must decide if Plaintiffs have satisfied their burden of proving each element of the case by a preponderance of the evidence.

### § 8  Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel. You are the sole judges of the evidence received in this case.

### § 9  Juror Notes

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you

9

should rely on your memory and not on the notes.  The notes are

not evidence.  If you have not taken notes, you should rely on

your independent recollection of the evidence and should not be

unduly influenced by the notes of other jurors.  Notes are not

entitled to any greater weight than the recollection or

impression of each juror about the testimony.

### § 10  Credibility

There are times when you are asked to draw different

inferences from the same facts.  It is for you, and you alone, to

decide what reasonable inferences you choose to draw from the

evidence in this case.

Now, I have said that you must consider all of the evidence.

This does not mean, however, that you must accept all of the

evidence as true or accurate.  You are the sole judges of the

credibility or "believability" of each witness and the weight to

be given to his or her testimony.

You are called upon to resolve various issues of fact

concerning the respective allegations of the parties.  How do you

determine where the truth lies?  Your determination of the

credibility or believability of a witness depends largely upon

the impression the witness made upon you as to whether or not he

or she was giving an accurate and truthful version of what

occurred.  In weighing the testimony of a witness you should

10

consider his or her interest, if any, in the outcome of the case, his or her manner of testifying, and the extent to which he or she has been supported or contradicted by other credible evidence.  You may accept or reject the testimony of any witness in whole or in part.

You must use your common sense, your good judgment, and your experience.  In other words, what you must try to do is to size a person up, just as you would in any important matter where you are undertaking to determine whether or not a person is truthful, candid, and straightforward.

In passing upon the credibility of a witness, you may also take into account inconsistencies or contradictions as to material matters in his or her own testimony, the length of time which has passed since the events testified about, and any conflict between his or her testimony and the testimony of another witness.  A witness may be inaccurate, contradictory, or even confused in some minor respects, and yet be entirely credible in the essentials of his or her testimony. The ultimate question for you to decide in passing upon credibility is -- did the witness tell the truth?  It is for you to say whether his or her testimony at this trial is truthful in whole or in part in the light of the demeanor, the explanations, and all the evidence in the case.

If a witness is shown knowingly to have testified falsely

11

concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness, or you may give it such credibility as you think it deserves.

### § 11 Number of Witnesses

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

### § 12 Prior Inconsistent Statements

During the course of the trial, the parties have sometimes challenged the testimony of certain witnesses by pointing to prior statements the witnesses made or allegedly made. In considering this evidence, you must separate these prior statements into statements that were not made under oath and statements that were made under oath.

You may consider prior statements that were not made under oath solely for the purpose of impeachment; that is, you may consider them only to help you decide if you believe the witness's testimony. For example, if the witness said something previously that conflicts with what he or she said here in court, there may be reason for you to doubt that witnesses' testimony.

12

That is for you to decide. You are not permitted, however, to use these earlier statements as affirmative, substantive evidence in this case.

If, however, the witness is a party, that is, the witness is one of the Named Plaintiffs or is an officer, employee, or agent of ALPA, then even their unsworn prior statements may be treated by you as substantive evidence in this case. Prior statements that were made under oath -- for example at a deposition, or in an affidavit or a declaration -- should be treated just as if they were made here in court. You may consider them for the purpose of impeachment, as above, but you may also consider them as affirmative, substantive evidence. You may rely on these statements as much, or as little, as you think proper.

It is exclusively your duty to determine whether the prior statement was inconsistent, and, if so, the significance of the inconsistency and how much weight it should be given.

### § 13  **Nature of the Claim**

In this case, the TWA Pilots claim that ALPA, their former union, breached its duty of fair representation. ALPA denies those claims.

ALPA, as the union and exclusive bargaining representative for the TWA Pilots, was required under the law to fairly represent the TWA Pilots. This duty is known as the "duty of

13

fair representation" and requires a union to act in the best interests of its members in the manner I will describe to you hereafter.

The TWA Pilots claim that ALPA breached its duty of fair representation by failing to protect the TWA Pilots' seniority as part of TWA's merger with American Airlines and the subsequent merger of the two pilot groups. ALPA denies these claims and contends that it represented the TWA pilots appropriately under the difficult circumstances presented by TWA's poor financial situation.

In order to prove their case, the TWA Pilots will have to establish by a preponderance of the evidence that ALPA's representation of the TWA Pilots was either arbitrary or motivated by bad faith.

If Plaintiffs prove that ALPA's conduct was arbitrary or motivated by bad faith, they must then prove a tangible injury resulting from that conduct in order to prevail. A labor union can only be held liable for breach of its duty of fair representation if its breach directly causes injury to an individual or group to whom the duty is owed. In this case, proving injury means that Plaintiffs are required to demonstrate that, but for ALPA's breach of its duty of fair representation, the overall outcome of the integration of the TWA Pilots into American would have been more favorable.

14

As I mentioned earlier, this case is being pursued by the named Plaintiffs on behalf of a class of certain of the former TWA Pilots.  While the outcome of this case will affect these members of this class, this issue should not influence your decision making on whether the Plaintiffs here have proved all the elements of their case.  You should not view the fact that this is a class action as making the Plaintiffs' claims any more or less true or likely.  You must evaluate the proofs as they are presented to you without consideration of the class action status.

### § 14  **Duty of Fair Representation**

When a union is the exclusive bargaining representative for a group of employees, the law requires that union to represent the interests of the employees in a proper manner. This requirement is known as the duty of fair representation. ALPA owed a duty of fair representation to the TWA Pilots.

The primary concern that the duty of fair representation was designed to address is that individual employees not be deprived of all effective means of protecting their own interests.  A union owes its duty of fair representation to every employee within the bargaining unit that it represents.  Personal hostility alone is insufficient to establish unfair representation if the union's representation was adequate and

15

there is no substantial evidence that personal hostility tainted the union's actions.

In this case, you must decide whether ALPA breached its duty of fair representation. A union breaches its duty of fair representation when its conduct toward a member or members of the bargaining unit it represents is arbitrary, in bad faith, or discriminatory. There is no contention that ALPA acted in a discriminatory manner towards the TWA Pilots.

You must evaluate ALPA's decisions and actions only in light of the legal and factual information ALPA possessed at the time it made those decisions and took those actions. Therefore, any review of union actions in the context of litigation must be deferential. This deferential review is designed to recognize the wide latitude that negotiators need for the effective performance of their bargaining responsibility. Therefore, in evaluating whether Plaintiffs have demonstrated their claim for breach of the duty of fair representation, you may not rely on hindsight.

I should emphasize to you that in order to prove that ALPA violated its duty of fair representation to the TWA Pilots, Plaintiffs must prove that ALPA did more than simply act negligently or without proper care in dealing with the TWA-American Airlines merger. ALPA does not need to establish that it had any particular reason for any of the actions it took,

16

or that it was motivated by good faith.  It is the Plaintiffs'
burden to prove that ALPA acted arbitrarily or was motivated by
bad faith towards the TWA Pilots it represented.

### § 15   Duty of Fair Representation - Arbitrary Conduct

A union's conduct is arbitrary if, looking at all the
evidence presented, it is so far outside a wide range of
reasonableness that it is irrational. A union acts arbitrarily
when it makes decisions based on considerations that are not
legitimate union objectives.  Examples of arbitrary conduct
include things like acting in a perfunctory or superficial
manner.

### § 16   Duty of Fair Representation - Bad Faith Conduct

A union's conduct is made in bad faith when it acts, or
fails to act, out of hostility or ill will towards the employees
it represents.  The intent of the union is critical in
determining whether it acted in bad faith.  In order for you to
find that ALPA acted in bad faith, you must find that ALPA had a
bad faith motive.

Examples of bad faith include things like deliberately
making misleading statements to employees, not disclosing
conflicts of interest, acting with hostility towards union
members and ignoring union policies in labor negotiations, if

17

such actions are the result of a bad faith motive as described above.

You have heard testimony that ALPA refused to institute litigation suggested by the attorney for the TWA MEC, Roland Wilder.   Individual union members do not have the right to insist that a union file litigation.   The basic test is one of reasonableness.   So long as the union acts in good faith, the law permits a union to exercise broad discretion in determining whether litigation should be instituted.   The union may consider, among other factors, the cost of proceeding, the likelihood of success and the potential adverse consequences of pursuing litigation, even if meritorious.   Thus, even if a properly proposed legal action has merit, mere negligence or the exercise of poor judgment on the part of the union does not constitute a breach of its duty of fair representation.   On the other hand, when a union acts arbitrarily or in bad faith in refusing to pursue properly proposed legal action, it violates the duty it has to represent fairly the union members.

### § 17   Bond Bill

The fact that the Bond Bill was not enacted into law is not proof that ALPA breached its duty of fair representation. Nonetheless, when deciding whether ALPA breached its duty of fair representation, you can consider what actions ALPA took or did

18

not take in support of the Bond Bill, and its motivations for
such action or inaction.

### § 18 **Verdict**

If you find by a preponderance of the evidence, looking at
all of the evidence presented, that ALPA breached its duty of
fair representation by acting arbitrarily or in bad faith and
that ALPA's conduct caused injury to some or all of the TWA
Pilots, you must find for the Plaintiffs. If you find that the
Plaintiffs have failed to meet this burden of proof, you must
find for ALPA.

### § 19 **Deliberations**

When you retire to the jury room to deliberate, you may take
with you these instructions, your notes, and the exhibits that
the Court has admitted into evidence. You should select one
member of the jury as your foreperson. That person will preside
over the deliberations and speak for you here in open court.
You have two main duties as jurors. The first one is to decide
what the facts are from the evidence that you saw and heard here
in court. Deciding what the facts are is your job, not mine, and
nothing that I have said or done during this trial was meant to
influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply

it to the facts, and decide if, under the appropriate burden of proof, the TWA Pilots have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict. You are not partisans. You are judges -- impartial judges of the facts. Your sole interest is to ascertain

the truth from the evidence in the case. Under no circumstances should your deliberations be affected or diverted by any appeal to bias, passion or prejudice for or against any of the parties, nor influenced by any pity or sympathy in favor of them.  The law does not permit jurors to be governed by sympathy, prejudice or public opinion.  A corporation, or other association, including a labor union, and all other persons are equal before the law and must be treated as equals in a court of justice.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone, or computers of any kind; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, website, or social networking service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take some time to

21

get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished. Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous. A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

22

### § 20  **Conclusion**

(a) If any of you have served on a jury before, you must disregard the facts and law of that case and any verdict you may have returned, because they have no application to this case. All cases are unique and must be judged independently. You are not permitted to compare them to arrive at your verdict in this case. Your verdict here must be based solely on the law I give to you and the evidence you heard and saw in this courtroom.

(b) You are instructed once more that if I have asked any questions of any witness during the trial or if I have said or done anything during the trial, or in the course of instructing you now, that suggests to you that I am inclined to favor the case of the plaintiff or the defendant, you must remove that impression from your minds and not permit yourselves to be influenced it.  Nothing in these instructions or in the verdict sheet prepared for your convenience is meant to suggest what verdict I think you should find. That is not my responsibility. The determination of the verdict is the exclusive and essential duty of the jury.

(c) You will be provided with a written copy of these instructions should you desire to consult it during deliberations. The captions at the beginning of the various sections or subsections are not part of the instructions and are there only for your convenience.  You must not consider any

23

particular portion of these instructions in isolation, but rather, you must apply all the rules of law about which I have instructed you.

(d) May I commend counsel for their actions in this Court and for the respect which they have given to the Court. I wish also to compliment and thank the jurors for their patience and for the attention they have paid to the witnesses, to the parties and to this Court.

(e) If you have any questions for the Court, please write them on a piece of paper and have your foreperson give them to the United States Marshal for delivery to me. Never attempt to communicate with the Court by any other means than a signed writing. You will be provided with paper and pencils. Bear in mind that you are not to reveal to the Court or to any person how the jury stands, numerically or otherwise, until you have reached a unanimous verdict.

(f) Now a word as to the form of your verdict. Your verdict must represent the considered judgment of each juror. In order to return a verdict it is necessary that each and every juror agree to it. Your verdict must be unanimous.

(g) Jurors perform a very important function in deciding upon their verdict. You are an arm of government, here to do justice. There is nothing more sacred. Do your duty conscientiously, according to your oath, and according to these

24

instructions, and justice will be done.