# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

PATRICK BRADY, *et al.*         )

                      )

        Plaintiffs,     )

                      )

v.                     )     Cause No.  02cv2917 (JEI)

                      )

AIR LINE PILOTS ASSOCIATION,  )

                      )

        Defendant.     )

### *DECLARATION OF ALLEN P. PRESS*

1.    ALPA and its counsel claim I coached five witnesses to lie about Roland Wilder's presence at the April 2, 2001 MEC meeting in St. Louis, and that I knowingly presented their supposed false testimony in that regard.  These claims are false.

2.    I tell every witness in every case that they must always tell the truth when testifying by deposition or as a witness in court.  I gave the same direction in this case to every witness I examined and worked with in preparation for his or her testimony, including the five witnesses ALPA charges with having perjured themselves.  To my knowledge, they all followed that direction.  I have always believed that Mr. Wilder was present at the April 2 MEC meeting.  I still believe that to be the truth.

3.    I have had primary responsibility for this case ever since we were appointed to represent the Class in July 2006.  From my initial meetings with our clients, to this day, they have always said that Roland Wilder was at the April 2

meeting. They testified to this fact in their depositions shortly after we got in the case, and so did several of the ALPA advisors who were present at the meeting (Clay Warner, Michael Glanzer and Steve Tumblin). Of course, Roland Wilder said the same thing in his first deposition.

4.      In support of ALPA's motion for summary judgment, Roland Wilder signed an affidavit in which he denied he was at the April 2 meeting. My co-counsel and I had several discussions with our clients concerning this discrepancy. Our clients never wavered in their expressed beliefs and statements that Mr. Wilder was at the meeting on April 2.

5.      I concluded from all these facts that Mr. Wilder was simply mistaken when he changed his testimony. This conclusion was bolstered when David Singer (ALPA's witness) testified in his deposition (and later at trial) that Mr. Wilder was present at the April 2 meeting. My conclusion was further bolstered when Alan Altman, a voting MEC member, told me (and later testified) that he flew into St. Louis the evening of April 1, and thus could not have been part of any MEC meeting that day.

6.      I did not suborn perjury, and it is my sincere hope that the Court denies ALPA's motion in the strongest terms. The fact is I prepared and tried this case to the highest of standards in our profession. I dealt with the Court, ALPA, its lawyers and its witnesses with respect and professionalism, as I do in every case, and no court, party or lawyer has ever questioned my integrity. The same is true of my partner Joe Jacobson, who is now being considered for a seat on the Missouri

-2-

Supreme Court. The timing of ALPA's false and malicious attack could not have come at a worse time for him. For me, the attack is a highly disturbing allegation (now public) on an unblemished twenty year record of service.

7.     I have been a member in good standing of the Missouri Bar since 1991, and a member in good standing of the Illinois bar since 1992. I am also admitted to practice in the following federal courts: Eighth Circuit Court of Appeals, Federal Circuit Court of Appeals, Eastern District of Missouri, Northern District of Illinois, Southern District of Illinois and Court of Claims.

8.     My licenses to practice law have never been censored in any way. To my knowledge, I have never been the subject of an investigation by any disciplinary authority, or the subject of any bar complaint.

9.     I have never been sanctioned by any court, and to my knowledge, I have never been accused of any misconduct as part of any judicial proceeding (a malicious prosecution case was brought against me, but it was dismissed on a Rule 12(b)(6) motion).

10.     I have been admitted *pro hac vice* in many courts, and have never had such an application denied or admission revoked.

I declare under penalty of perjury that the foregoing is true to my best knowledge and belief. Dated this 12th day of September, 2011.

_____
Allen P. Press

-3-