

ARCHER & GREINER, P.C.
ATTORNEYS AT LAW

**STEVEN J. FRAM**
*Also Member of Pennsylvania Bar*

ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033-0968
856-795-2121
FAX 856-795-0574

Email Address:
sfram@archerlaw.com

Direct Dial:
(856) 354-3051

www.archerlaw.com

September 20, 2011

**VIA CM/ECF and HAND DELIVERY**

The Honorable Joseph E. Irenas
United States District Judge
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

    RE:    **Brady, et al. v. Air Line Pilots Association**
            **Civil No. 02-2917 (JEI)**

Dear Judge Irenas:

     I am writing on behalf of Defendant in anticipation of the telephone conference that Your Honor has scheduled with counsel for this Thursday, September 22, 2011, at 12:30 p.m. I understand that the purpose of the call is to discuss the two issues raised in Ms. Rodriguez's letter to Your Honor dated September 13, 2011.

     With respect to ALPA's motion to decertify, ALPA disagrees with Plaintiffs' suggestion that they can attempt to prove damages by having an expert create a seniority list that the TWA pilots "could have achieved" if ALPA "had properly represented the pilots." ALPA contends, as outlined in its pending motions, including its decertification motion, that there is insufficient information from the liability verdict to proceed to the issue of damages.

     With respect to ALPA's Motion to Revoke the *Pro Hac Vice* Admissions of Allen Press and Joe Jacobson, ALPA believes that it would be inappropriate for the Court to consider Mr. Jacobson's candidacy for judicial office in addressing any aspect of that motion. Indeed, it would be unfortunate if a ruling by this Court was portrayed either as an endorsement of Mr. Jacobson's candidacy or as opposition to his candidacy. We believe the appropriate course is for the Court to act on the motion in due course and with its usual deliberateness, without regard to the schedule of the Governor of Missouri.

*PRINCETON OFFICE*
700 Alexander Park
Suite 102
Princeton, NJ 08540
P 609-580-3700
F 609-580-0051

*FLEMINGTON OFFICE*
Plaza One
1 State Route 12, Suite 201
Flemington, NJ 08822-1722
P 908-788-9700
F 908-788-7854

*PHILADELPHIA OFFICE*
One Liberty Place - 32nd Floor
1650 Market Street
Philadelphia, PA 19103-7393
P 215-963-3300
F 215-963-9999

*WILMINGTON OFFICE*
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801
P 302-777-4350
F 302-777-4352

*GEORGETOWN OFFICE*
9 East Market Street
P.O. Box 977
Georgetown, DE 19947
P-302-858-5151
F-302-858-5161

*NEW YORK OFFICE*
2 Penn Plaza
Suite 1500
New York, NY 10121
P 212-292-4988
F 212-629-4568

Hon. Joseph E. Irenas, U.S.D.J.
September 20, 2011
Page 2

ALPA further notes that Plaintiffs' request for expedited consideration of the Revocation motion, without a hearing or argument, is inconsistent with the manner in which Plaintiffs have already proceeded. After ALPA filed its JNOV, new trial and revocation motions on August 10, 2011, with an original return date of September 6, 2011, Plaintiffs obtained two postponements of the return dates for all three motions. The first was through the filing on August 12, 2011, of a Clerk's extension for all three motions pursuant to L. Civ. R. 7.1(d)(5), which allows a "dispositive motion" to be adjourned once by a party opposing the motion. (Although the new trial and revocation motions are not dispositive motions, ALPA did not object and all three motions were rescheduled for a return date of September 12, 2011.) Counsel for Plaintiffs then contacted counsel for ALPA and requested the further postponement of all three motions to a return date of October 3, 2011. Counsel for ALPA consented and the parties submitted a Consent Order for briefing schedule, which the Court approved on August 31, 2011. [Docket #422].

At no point during these communications was there any mention of Mr. Jacobson's candidacy for judicial office.

On August 16, 2011, the week after ALPA filed its motions, Plaintiffs served counsel for ALPA with their Rule 11 Motion. They then filed that motion on September 6, 2011, with a return date of October 3, 2011. Mr. Jacobson and other attorneys at his office then immediately provided the Rule 11 Motion to the media in Missouri and made various disparaging statements concerning ALPA and its counsel to the press, as reflected in the attached article. (Counsel for ALPA were contacted by the press before this article appeared but declined to speak to any reporters or otherwise to comment on this litigation.)

ALPA and its counsel first became aware that Mr. Jacobson was being considered for judicial office when the attached newspaper article came to our attention on September 9, 2011. We note that Mr. Jacobson is quoted in this article as stating that he does not think the allegations in the revocation motion "will hurt his chance for the Supreme Court position."

If expedited consideration of the revocation motion was important, counsel for Plaintiffs would not have obtained two extensions to respond to that motion but would instead have promptly filed their responsive papers. We note that the brief filed by Plaintiffs on September 12 in opposition to the revocation motion is a single page in length and essentially incorporates the arguments in the Rule 11 brief served on August 16. Plaintiffs could easily have filed that brief and the Declarations of Messrs. Press and Jacobson on August 16, 2011 or shortly thereafter and could then have written to the Court – a full month ago – to request early consideration of their motion.

In light of the above circumstances, Plaintiffs' request appears to stem from an interest in public relations rather than concerns about efficiency and, ALPA submits, is therefore not an appropriate basis for judicial action.

Hon. Joseph E. Irenas, U.S.D.J.
September 20, 2011
Page 3

Respectfully yours,

STEVEN J. FRAM

SJF:gam

cc: All Counsel of Record (via CM/ECF only)

7123208v1

# Missouri LawyersMedia | molawyersmedia.com

LOG IN | REGISTER | SUBSCRIBE

NEWS | VERDICTS & SETTLEMENTS | OPINIONS | FORECLOSURES & PUBLIC NOTICES | PUBLIC RECORDS | SPECIAL REPORTS | EVENTS | HELP WANTED | READER SERVICES | ADVERTISE

Home > News > Kansas City Daily Record > Joe Jacobson blasts allegation that former TWA pilots coached to lie

## Joe Jacobson blasts allegation that former TWA pilots coached to lie

*Jacobson is one of three contenders for a vacancy on the Missouri Supreme Court.*

Published: September 9, 2011

By Heather Cole
heather.cole@molawyersmedia.com

Green Jacobson lawyers let unflattering adjectives fly when asked about an opponent's allegation that they coached five witnesses to lie on the stand in a high stakes class action case.

The allegation is just one in a series of "slimy" tricks played by the defense throughout the case, said Joe Jacobson, a Missouri Supreme Court finalist and one of the attorneys representing the former TWA pilots who are plaintiffs in the case. Allen Press, who is the lead plaintiffs' attorney, said the motion containing the allegation was "a desperate move."

Their adversary, defense attorney Steven Fram, says in an Aug. 10 court filing that Press and Jacobson "lost their moral compass" in pursuing their successful trial. Fram heads up the commercial litigation practice of New Jersey firm Archer & Greiner.

The witnesses were former TWA pilots. They are among the 2,300 pilots in the class suing their former union after they lost seniority in the 2001 American Airlines purchase of the bankrupt TWA. A unanimous jury sided with the plaintiffs in July. They now await a second hearing on damages, which could be substantial; Press has put a figure of more than $1 billion on actual damages.


Attorney Joe Jacobson answers questions posed to him about his career from the Missouri Supreme Court Selection panel in Jefferson City, Mo. KAREN ELSHOUT/photo

Meanwhile, attorneys for the two sides are lobbing mud at a particularly bad time for Jacobson to be spattered. He's one of three contenders for a vacancy on the Missouri Supreme Court.

Fram asked in the Aug. 10 filing for Press and Jacobson to be kicked off the case, which is in federal court in New Jersey.





**TOP STORIES**
- Joe Jacobson blasts allegation that former TWA pilots coached to lie
- SunTrust, M&T customers win court ruling on overdraft fees
- Commentary: Suing banks is next best to letting them fail
- Can John Edwards resist becoming a 'fool client'?

Jacobson, for his part, said he doesn't think the allegations will hurt his chances for the Supreme Court position. He is up against Jackson County Circuit Judge Michael Manners of Independence and Missouri Court of Appeals Eastern District Judge George Draper III.

All kinds of allegations are made in court filings, Jacobson said. As an example, he pointed to Manners' application for the position. In answer to a question about whether he had faced litigation, Manners refers to several lawsuits filed against him as a lawyer and a judge.

"The bottom line is there are people in the world who are jerks, and anyone can file anything," Jacobson said. "It should not diminish one bit Michael Manners' reputation, which is stellar. In a short period of time [Fram's motion in the TWA case] will be in the dustbin of history."

Fram did not return two phone calls seeking comment by press time. The media department for his client, the Air Line Pilots Association International, also did not respond to a request for comment by press time.

Press said the filing was disturbing.

"You don't lose a case and get to accuse everyone of perjuring themselves and the lawyers of coordinating it without a shred of evidence," Press said. "Of course there's no evidence. It didn't happen."

**Unusual move**

Fram's motion was one of three filed by the defense on Aug. 10. The other two were expected and conventional: a motion for a new trial and a motion for a judgment "as a matter of law" to overturn the jury's verdict.

The motion to revoke permission for Press and Jacobson to represent the pilots in the U.S. District Court in New Jersey was unusual and unexpected: Press and Green said they'd never seen anything like it in their decades of practice.

The 34-page motion centers mostly on the question of whether an attorney hired to represent the local master executive council of the union was present at a critical meeting on April 2, 2001, in St. Louis. The attorney, Roland Wilder Jr. of Washington, D.C.-based Baptiste & Wilder, varied on the question the four times he was asked about it in testimony and depositions for the TWA lawsuit and a separate unrelated case in St. Louis County Circuit Court over unpaid legal bills.

The last time he testified in a video deposition for the TWA case, Wilder said he hadn't been at the meeting of the council, referred to as TWA-MEC. Wilder's April 1 plane ticket for Louisville, an invoice and meeting agendas back up that version of events, Fram says in his motion.

Admitting that Wilder wasn't at the meeting "would undermine the entire foundation of the Plaintiffs' case," the motion says. The plaintiffs' case centered on "their claim that Wilder and the members of the TWA-MEC were ambushed by the other advisors at the meeting on April 2 and were bullied and coerced into waiving scope," the motion says. By waiving scope, TWA-MEC gave up the pilots' rights to require that American submit TWA pilots' seniority to arbitration.

Six pilot members of the committee said in court that Wilder was at the April 2 meeting, according to Fram's motion. At least four of them said Wilder, who had advocated against waiving scope, capitulated and left after he was beset by the other advisers.

"What happened in this case is obvious," the motion said. "The pilot witnesses called by Plaintiffs concocted a story of last-minute coercion on April 2. That was only plausible if Wilder was present then as opposed to the day before."

**'Squabble between the lawyers'**

There is a simpler explanation, according to the 11-page sanctions motion filed by Press

Plaintiffs concocted a story of last-minute coercion on April 2. That was only plausible if Wilder was present then as opposed to the day before."

**'Squabble between the lawyers'**

There is a simpler explanation, according to the 11-page sanctions motion filed by Press, Jacobson and local New Jersey counsel Lisa Rodriguez of Trujillo Rodriguez & Richards.

Wilder may have chosen not to bill for his time on April 2 because "responsible lawyers frequently will not bill clients for time spent that did not benefit the client's interests," the motion says. That would explain the lack of a note about the meeting on the invoice.

"Certainly, it can not be denied that it is more reasonable to believe that one lawyer decided not to bill for his time (and then forgot about it) than to believe that two lawyers and five witnesses entered into a conspiracy to present false testimony," the motion said.

Plaintiffs' attorneys also had their clients examine the document for Wilder's Louisville ticket, Jacobson said in a phone interview. They said the document was actually a receipt for a ticket returned for credit, and they couldn't tell from it when Wilder left, he said.

Reached by phone, Wilder said he didn't understand why there was any doubt about where he was. His testimony and affidavit show he was at an April 1 meeting but left afterward to meet another client in Louisville and was in that city April 2, he said.

"I'm not anxious to get involved in another squabble between the lawyers," he said.

Wilder's final word on his whereabouts April 2 is the linchpin of the defense attorney's contention "that everyone else is a liar," but the jury was free to disbelieve that account, especially after his earlier inconsistent testimony, Green Jacobson's motion says.

The jury's verdict is proof that Fram's claims are unreasonable; the defense attorney's closing argument was dominated by his attacks on the credibility of the plaintiffs' witnesses, the motion said.

"The jury heard all this and rejected the contention that plaintiffs' witnesses were all liars," the motion said.

The pilots did not lie, and the plaintiffs' attorneys did not coach them to lie, Jacobson said. He summed up his sentiments with a quote from his favorite lawyer movie: "My Cousin Vinny."

"Everything that guy said is bullsh—."



V&S Search provides Missouri Lawyers Weekly subscribers with access to hundreds of verdicts and settlements.

**ORDER YOUR 2011 ATTORNEY'S HANDBOOK!**

Your up-to-date guide to all 45 Missouri judicial circuits and state and appellate courts includes names, addresses, phone numbers and e-mail addresses (if available) for every court official.

Order your copy today!



Leave a comment

Name (required)

Email Address (required)

Website