UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATRICK BRADY, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.  02-2917 (JEI) |
| | ) | |
| AIR LINE PILOTS ASSOCIATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR
CERTIFICATION OF THE ORDER OF MAY 4, 2012 DENYING ALPA'S
RULE 50 MOTION FOR INTERLOCUTORY APPEAL**

Lisa J. Rodriguez
Nicole M. Acchione
**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
258 Kings Highway East
Haddonfield, NJ 08033
(856) 795-9002

Allen P. Press
Joe D. Jacobson
**GREEN JACOBSON, P.C**
7733 Forsyth Boulevard
Pierre Laclede Center, Suite 700
St. Louis, Missouri 63105
(314) 862-6800

Dated:  July 2, 2012

# TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................ 1

II.  LEGAL ARGUMENT ..................................................................... 2

   A.   The Court's Order Does Not Present a Controlling
        Question of Law For Which There is a Substantial
        Ground for Difference of Opinion ......................................... 3

        1.   ALPA's arguments raise issues
             of fact that are not appropriate
             for interlocutory review ............................................. 3

        2.   ALPA raises no controlling questions of law
             which the Court wrongly decided................................. 6

             a.   Deference, Bad Faith and
                  Arbitrary Conduct........................................... 6

             b.   Causation .......................................................... 9

   B.   An Immediate Appeal Would Not Materially
        Advance the Termination of the Litigation............................. 11

III. CONCLUSION..................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bensel v. Allied Pilots Association*,
  387 F.3d 298 (3d Cir. 2004)..................................................................................8

*Century Pac., Inc. v. Hilton Hotels Corp.*,
  574 F. Supp. 2d 369 (S.D.N.Y. 2008) ..................................................................4

*Cox v. U.S. Steel*,
  17 F.3d 1383 (11th Cir. 1994)............................................................................ 10

*In re Flor v. BOT Financial Corp.*,
  79 F.3d 281 (2d Cir. 1996)...................................................................................7

*In re Shafer*,
  2009 U.S. Dist. LEXIS 95648 (D.N.J. 2009) ................................................. 3, 4

*Katz v. Carte Blanche Corp.*,
  496 F.2d 747 (3d Cir. 1974)..................................................................................3

*Levine v. United Healthcare Corp.*,
  285 F.Supp.2d 552 (D.N.J. 2003)........................................................................3

*McFarlin v. Conseco Servs.*,
  381 F.3d 1251 (11th Cir. 2004) ...........................................................................4

*N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*,
  2008 U.S. Dist. LEXIS 80080 (D.N.J. 2008) ................................................... 12

*SEC v. Lucent Techs., Inc.*,
  2009 U.S. Dist. LEXIS 107098 (D.N.J. 2009) ................................. 3, 11, 12, 13

*Viking Yacht Co. v. Composites One LLC*,
  2009 U.S. Dist. LEXIS 49717 (D.N.J. 2009) .......................................... 4, 11, 12

## OTHER CASES

*Viner v. Sweet,*
70 P.3d 1046 (S. Ct. Ca. 2003) ........................................................................... 10

## FEDERAL STATUTES

28 U.S.C. § 1292(b) ......................................................................................... passim

## RULES

Rule 50 ............................................................................................................ 1, 5, 8

Rule 59 ...................................................................................................................8

## I.    INTRODUCTION

Unhappy with the jury's liability verdict and the court's subsequent denial of its post-trial motions, ALPA has again sought certification of an interlocutory order for review by the Third Circuit.   The court's denial of ALPA's Rule 50 post-trial motion, however, presents no wrongly decided "controlling question of law," a requirement of 28 U.S.C. §1292(b).   Moreover, an appeal now will not "materially advance" the outcome of the case, another statutory requirement for certification.    ALPA's motion, although often reiterating the standard for interlocutory review, fails to present a single issue of controlling *law* that was wrongly decided.  ALPA's arguments are all factually based and stem from its own subjective interpretation of the trial evidence and continued disbelief that the jury found it liable for breaching its duty of fair representation to the TWA Pilots.

It is well settled that factual disputes such as these are not appropriate for interlocutory review by the Third Circuit.   The fact that an appellate court conducting a plenary review -- after a review of a complete record including a trial on damages  -- may conclude that the evidence adduced at the trials did not support a favorable jury verdict (a highly improbable hypothetical from Plaintiffs' perspective) is a very different inquiry than "is there substantial ground for difference of opinion as to controlling issues of *law*." (emphasis added).    That hypothetical scenario, however, is the essence of ALPA's motion and therefore

ALPA has not satisfied the hefty burden imposed by 28 U.S.C. §1292(b), to justify interlocutory review.  Simply stated, ALPA has presented no controlling questions of law warranting interlocutory review, but instead has substituted its own subjective view of the evidence to conclude that the verdict was erroneous.

Moreover, with the damages phase of the litigation underway, with Plaintiffs' expert disclosures due July 2, 2012[1] and a likely trial just months away, an interlocutory appeal would only serve to delay trial and unfairly prejudice the Plaintiffs in this case which is now eleven years old.  For these reasons, the Court should deny ALPA's motion.

## II.   LEGAL ARGUMENT

Section 1292(b) requires a three-pronged inquiry when deciding to certify an issue on appeal.  A court must find that: (1) the order presents a controlling question of law which, if wrongly decided, would result in reversible error; (2) a substantial ground for difference of opinion on that question; and (3) that an immediate appeal would materially advance the termination of the litigation.  *See*

---

[1]   The timing of ALPA's filing is suspect. Although ALPA proclaims that damage phase discovery will be costly and thus appellate review should occur before the parties expend tremendous resources, its motion was not filed until after a scheduling order was entered requiring Plaintiffs to disclose their experts (and therefore retain) by July 2, 2012 - the very day that Plaintiffs' Opposition brief is due.  Accordingly, while an appellate review at this stage may be a cost-saving measure to the defense, it will not have a similar impact on the Plaintiffs. Defendant's arguments in this regard should therefore be rejected.

*SEC v. Lucent Techs., Inc.*, 2009 U.S. Dist. LEXIS 107098, *21 (D.N.J. 2009); *Levine v. United Healthcare Corp.*, 285 F.Supp.2d 552, 556-57 (D.N.J. 2003). All three criteria must be satisfied before certifying an issue for appeal. "Certification pursuant to Section 1292(b) has been described as an extreme measure that should be granted sparingly in cases where circumstances are so extraordinary as to overcome the presumption against piecemeal litigation." *Lucent*, 2009 U.S.LEXIS 107098, *20-21 (citations and quotations omitted). None of the three prongs for certification are present here.

### A. The Court's Order Does Not Present a Controlling Question of Law For Which There is a Substantial Ground for Difference of Opinion.

#### 1. ALPA's arguments raise issues of fact that are not appropriate for interlocutory review.

A controlling question of law includes any "order which, if erroneous, would be reversible error on final appeal." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). "[M]ere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of §1292(b). Rather, the 'difference of opinion' must arise out of genuine doubt as to the correct legal standard." *In re Shafer*, 2009 U.S. Dist. LEXIS 95648, *3-5 (D.N.J. 2009)(citing *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860 (3d Cir. 1977) (en banc)).

Issues of fact are, generally, not an appropriate basis for an interlocutory

3

appeal. *Viking Yacht Co. v. Composites One LLC*, 2009 U.S. Dist. LEXIS 49717, *3-5 (D.N.J. 2009) (citations omitted). And, although framed by ALPA as "controlling questions of law involving a substantial difference of opinion," the three issues raised by ALPA, *see* Db, pp. 1-2, necessarily require an in-depth review and weighing of the trial evidence. These factual determinations were already made by the liability phase jury in this case and correctly rejected by the trial court in its post-trial rulings. *In re Shafer*, 2009 U.S. Dist. LEXIS 95648, * 4-5 (citing *Christy v. Pennsylvania Turnpike Comm.*, 912 F. Supp. 148, 149 (E.D. Pa. 1996) (questions of fact regarding denial of summary judgment are not appropriate for interlocutory appeal)).

> Section 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts. The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case.

*McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004) (citations omitted). *See also Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371-372 (S.D.N.Y. 2008)("The 'question of law' certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.).

While ALPA attempts to articulate a controlling question of law that it

alleges was wrongly decided, any review of the Court's Order denying its Rule 50 motion would necessarily require the Third Circuit to analyze a very extensive factual record, including five weeks of trial testimony and over 400 trial exhibits.

For instance, ALPA states as one issue appropriate for review:

> Where union members charge that a union acted arbitrarily toward a unit of represented employees, can that union be held to have acted arbitrarily when its advice and decisions were all supported by a substantial segment of the represented group and were objectively reasonable based on the facts and the law known at the time.

Db, p. 2. First and foremost, this "inquiry" is inconsistent with Plaintiffs' claim and the evidence admitted at trial. Even assuming that ALPA's characterization of Plaintiffs' claims is accurate, an answer to this inquiry would necessarily require a review of the extensive testimony and evidence admitted at trial. Section 1292(b) should not be used in such a case and, accordingly, ALPA's motion should be denied.

The next issue ALPA frames as a controlling "legal" issue is:

> Where a union has an alleged conflict of interest based on its essential purpose to organize employee groups, can that union be held to have acted in bad faith in the absence of direct evidence that the union altered its advice or decisions in a way that involved intentional misrepresentations or dishonest conduct?

Db, p. 2. Again, as framed by ALPA, this statement not only over simplifies the Plaintiffs' claims concerning ALPA's clear conflict of interest, mischaracterizes the *direct* evidence and testimony introduced at trial, but also requires a review of

5

the trial evidence rendering it inappropriate for interlocutory review.

Importantly, the trial evidence showed that ALPA officials communicated regularly with the American campaign organizers, and that top ALPA executives met with those organizers. President Woerth received the campaign cards from American pilot John Clark in Las Vegas, and then treated him to a lavish dinner. An ALPA official then promised in writing to reimburse the American pilot organizers for the expenses they incurred. That message was approved in advance by ALPA's legal and finance department.

ALPA witnesses admitted to these events, all of which took place while the TWA pilots were in the midst of their struggle with the American pilots, and none of which were disclosed to the TWA pilots at the time. This direct evidence was accepted by the jury when it rendered a verdict in Plaintiffs' favor, and simply does not support the alleged "controlling question of law as to which there is substantial ground for difference of opinion."

### 2. ALPA raises no controlling questions of law which the Court wrongly decided.

There is no "controlling question of law" which the Court wrongly decided, contrary to ALPA's arguments to the contrary. ALPA's arguments are separately addressed below.

### a. Deference, Bad Faith and Arbitrary Conduct.

The first controlling question of law ALPA alleges to be under dispute is the

amount of deference afforded a union.  Db, p. 6.  Plaintiffs, however, do not disagree that a union is afforded tremendous deference in its decision making responsibilities.   At trial, the jury was specifically instructed that ALPA's actions required deference, and that the jury could find ALPA acted arbitrarily only if its actions were "so far outside a wide range of reasonableness that it is irrational."

Any difference of opinion concerning the issue of union deference is created solely by ALPA's own view that the trial evidence did not support the jury's verdict that ALPA breached its duty.  This is a factual issue that is not appropriate for interlocutory review under 28 U.S.C. §1292(b).

To support its argument, ALPA points to the Court's comments concerning the uncertainty in the law of DFR.[2]   The Court, however, followed the law of this case as set forth by the Third Circuit in the *Bensel* decision, as well as other governing DFR case law.

> Because [Plaintiffs] aver that ALPA faced a conflict of interest in representing the former TWA pilots arising from an active organizing campaign to bring American pilots into ALPA with the knowledge and approval of ALPA, it is premature to dismiss these duty of fair representation claims at this time.  If [Plaintiffs] prove their allegations that ALPA failed to take specific actions on behalf of its members for an improper purpose or in bad faith, they may obtain relief for ALPA's breach of its fair representation duty.

---

[2]    "The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor v. BOT Financial Corp.*, 79 F.3d 281, 284 (2d Cir. 1996).

*Bensel v. Allied Pilots Association*, 387 F.3d 298, 311 (3d Cir. 2004).

Given the Third Circuit's roadmap, Plaintiffs presented substantial evidence of ALPA's conflict of interest and many examples of actions ALPA failed to take on behalf of the TWA pilots. Plaintiffs also presented evidence of ALPA's misrepresentations and material omissions to the TWA pilots, evidence of ALPA's violation of its own policies in representing the TWA pilots and evidence of ALPA's hostility towards the TWA pilots, any or all of which would support a finding of arbitrary or bad faith conduct. ALPA's view that Plaintiffs' evidence did not support the verdict does not justify appellate review at this stage of the proceedings.

ALPA further argues that when the trial evidence is viewed under the correct legal standard defining arbitrary and bad faith conduct, no reasonable jury could have concluded that ALPA acted arbitrarily or in bad faith.[2] Again, ALPA's dispute is factual, would necessarily require the appellate court to pour over 5 weeks of trial testimony and hundreds of exhibits, all of which are not appropriate for interlocutory appellate review.

---

[2]     Plaintiffs have repeatedly defeated the same arguments ALPA raises in this motion. Plaintiffs have briefed the issue of what union behavior constitutes arbitrary and/or bad faith conduct, and provided record citations from the trial that support the jury's liability verdict in favor of the TWA pilots. For purposes of brevity, Plaintiffs incorporate those arguments here. *See* PACER Docket Entry Nos. 302 (Plaintiffs' Opposition to ALPA's Motion for Summary Judgment); 447 (Plaintiffs' Opposition to ALPA's Rule 50 Motion); 446 (Plaintiffs' Opposition to ALPA's Rule 59 post-trial motion).

### b.   Causation

ALPA next argues that Plaintiffs failed to prove, through direct evidence, that ALPA's breach caused the TWA pilots to suffer damages.   Specifically, ALPA frames the issue as follows:

> Where plaintiffs charge that a union violated its duty of fair representation towards them by engaging in arbitrary or bad faith conduct in connection with seniority negotiations with another group of employees whom the union did not represent, can the union's advice or decision be held to have caused actual injury to the plaintiffs, an essential element of establishing a duty of fair representation violation, in the absence of direct evidence (such as testimony from the representatives of the other employee group) that the seniority outcome for the represented group would have improved if the union had said or done what plaintiffs say the union should have?

Db, p. 2.  Again, ALPA misstates the evidence and does not raise a controlling legal issue for which substantial ground for difference of opinion exists.

ALPA contends that direct evidence of causation is a necessary element of Plaintiffs' claim, arguing that the only evidence adduced at trial was "the speculation of Mike Day and Roland Wilder that a strike threat, a jumpseat boycott, or a lawsuit might have led the APA to soften its position."  Db, p. 16. This mischaracterizes the testimony, the procedural posture of the litigation and misstates the law.   Here, the  jury made reasonable inferences from the evidence presented at trial.  The jury did not have to speculate, but instead based its verdict on the evidence presented.

Case law is clear that a plaintiff need not present direct evidence to prevail on a claim and, indeed, juries routinely rely upon circumstantial evidence to make reasonable inferences.  The issue of causation in circumstances analogous to this case arose in *Cox v. U.S. Steel*, 17 F.3d 1383 (11th Cir. 1994).  There, union negotiators told a company negotiator that they would only sign an agreement if they were granted personal concessions.  These concessions were agreed to but not disclosed.  Plaintiffs sued claiming that the agreement that was finally signed was less favorable to them as a result of the private concessions, causing them to be damaged. The court began its analysis by noting that the plaintiffs need not prove that the actions of the union members caused all the concessions in the agreement, or that economic conditions had no impact on the negotiations. 17 F.3d at 1399. Plaintiffs need only show that the factor complained of was a "substantial factor in the sequence of responsible causation." *Id.* (citing *Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 23-24 (2d Cir. 1990).

The court went on to hold:

> Here, although there may be no direct evidence that the union negotiators made concessions to obtain personal pension benefits, there is a great deal of circumstantial evidence that could lead a reasonable jury to that conclusion.

17 F.3d at 1400.  Thus, the court recognized that it is appropriate for the jury to consider the circumstantial evidence offered at trial and to infer causation. *See also Viner v. Sweet*, 70 P.3d 1046 (S.Ct. Ca. 2003)(a plaintiff may use

circumstantial evidence to prove what other parties to a negotiation would have accepted, and it is unnecessary for an express concession by those other parties to the negotiation).

Moreover, the issue of what damages were actually caused by ALPA's breach will be not be resolved until the damages trial is complete. Because ALPA successfully moved to bifurcate this litigation, there was no discovery or evidence of the actual harm caused to the TWA pilots by ALPA's breach of the duty of fair representation. The jury found, consistent with the evidence, that ALPA's DFR violation caused injury to some TWA pilots. The damages phase will address the actual harm caused.

### B. An Immediate Appeal Would Not Materially Advance the Termination of the Litigation.

Section 1292(b) requires the court to find both a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal would materially advance the termination of the litigation. *Lucent*, 2009 U.S. Dist. LEXIS 107098, at * 27-28.

Here, an immediate appeal would not materially advance this litigation. To the contrary, an appeal at this stage of the litigation will necessarily delay the case as the parties prepare for the damages trial. "'Delay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial.'" *Viking Yacht Co. v. Composites One LLC*, 2009 U.S. Dist. LEXIS 49717,

3-5 (D.N.J. 2009)(quoting *Hulmes v. Honda Motor Co., Ltd*, 936 F. Supp. 195, 212 (D.N.J. 1996)). *See also N.J. Prot. & Advocacy, Inc. v. N.J. Dep't of Educ.*, 2008 U.S. Dist. LEXIS 80080, 8-9 (D.N.J. 2008) ("A critical factor is whether the interlocutory appeal will cause excessive delay. ... Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set.").

This Court in *Viking Yacht* denied the defendant's section 1292(b) motion which was "filed on the eve of what will likely be a lengthy trial." *Id.* It did so because of the delay associated with an appeal. The Court also reasoned that a trial "would [not] be a waste of judicial resources even if the ultimate appeal is successful. Such a trial would provide the Court of Appeals with a complete record of all the evidence in the case, which will be particularly helpful given the parties conflicting interpretations of the record as it currently exists." *Id.*

The same result was reached in the *Lucent* case on similar facts. 2009 U.S. Dist. LEXIS at * 27-28. There, as in this case, the Section 1292(b) motion was brought when "there [was] nothing left for this Court to do but try the case." In denying the motion, the court reasoned that "[a]n interlocutory appeal could take considerable time, and would prevent the action from reaching a conclusion as swiftly as possible. Plaintiffs argue that a second trial may be necessary if the Third Circuit [disagrees with the District Court]. That may or may not be so. The

Court knows this however: whoever loses at trial will appeal. There will be an appeal." *Id.*

The facts in *Viking Yacht* and *Lucent* are present here. Although there is no trial date yet for the damage trial, the Plaintiffs were ordered to identify experts on July 2, 2012 and submit their expert reports by August 6, 2012. Once expert reports are exchanged and depositions completed, all that remains is the damages trial.

Further, as in *Viking Yacht*, a complete record and determination of the questions of fact will no doubt assist the Third Circuit in addressing the complex issues involved in the case. For all these reasons, an interlocutory appeal at this stage of the case will not materially advance the termination of this litigation.

## III.    CONCLUSION

For the foregoing reasons, ALPA's motion should be denied and this case should proceed to trial on the sole remaining issue of damages.

Dated: July 2, 2012                    Respectfully submitted,

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By:        s/ Lisa J. Rodriguez
           Lisa J. Rodriguez
           Nicole M. Acchione
           258 Kings Highway East
           Haddonfield, NJ 08033
           (856) 795-9002

**GREEN JACOBSON, P.C**
Allen P. Press
Joe D. Jacobson
7733 Forsyth Boulevard
Pierre Laclede Center, Suite 700
St. Louis, Missouri 63105
(314) 862-6800

14