**Archer&Greiner** P.C.
ATTORNEYS AT LAW

Steven Fram
*Also Member of Pennsylvania Bar*
sfram@archerlaw.com
856-354-3051 Direct
856-673-7051 Direct Fax

One Centennial Square
Haddonfield, NJ 08033
856-795-2121 Main
856-795-0574 Fax
www.archerlaw.com

August 23, 2012

**VIA CM/ECF**
The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

      Re:  Brady, et al v. Air Line Pilots Association, Int'l
             Civil Action No. 02-2917 (D.N.J.)(JEI)

Dear Judge Irenas:

      At the conclusion of the hearing on July 31, 2012, Your Honor requested that counsel agree on a form of order that memorialized the Court's directives as a result of the hearing. Counsel have been largely successful in that endeavor and have also reached agreement concerning several other issues that were not addressed explicitly during the hearing.

      One issue that counsel have been unable to resolve is whether ALPA has the option to take certain depositions before Plaintiffs serve their expert reports on September 28, 2012, as ALPA contends, or whether ALPA is required to take those depositions by that date or be deemed to have waived its right to do so, which is the position of Plaintiffs' counsel. The depositions discussed at the hearing were those of the five class representatives and of up to five representatives of American Airlines and/or the Allied Pilots Association. Paragraphs 3 and 4 of the attached form of Order address this issue and include language that ALPA believes is consistent with what was discussed at the hearing.

      By way of background, during the hearing on May 4, 2012, Your Honor held that it was premature to consider the issues of how fact discovery and expert discovery for the damages phase of this case would be conducted, of whether decertification might be warranted, and of how the damages trial would be conducted and that those matters would be deferred until after class counsel had served expert reports that identified the members of the class for whom damages will be sought and articulated a theory of recovery, those experts were deposed and ALPA was given the opportunity to obtain other information relevant to the issue of damages. Tr. of 5/4/12 at 66-67, 77-78. As a result of that hearing, Your Honor entered an Order which required Plaintiffs to produce complete expert reports with respect to all damage issues by August 6, 2012. (Dkt. No. 478). ALPA was not required to proceed with any discovery on damage issues before those expert reports were served. Tr. of 5/4/12 at 81.

The Honorable Joseph E. Irenas, S.U.S.D.J.
August 23, 2012
Page 2

      During a telephone conference on July 12, 2012, Plaintiffs' counsel suggested that the Court consider adopting a trial plan before the service of their expert reports and suggested that the damage issues in this case could be considered based upon the approach taken to class damages in <u>United States v. City of New York</u>, 2011 U.S. Dist. Lexis 60276 (E.D.N.Y. Jun. 6, 2011) ("Vulcan I"). Tr. of 7/12/12 at 4-5. At the hearing on July 31, 2012, after Your Honor indicated that the approach taken in <u>Vulcan</u>, including the use of special masters, did not appear to be suitable in this case, counsel for Plaintiffs requested that they be permitted to have their experts submit their reports in two phases. Plaintiffs would first serve partial expert reports which identified a "but for" seniority list and which projected the earnings for the pilots for whom damages will be sought. Plaintiffs and their experts would then request an opportunity to gather additional information concerning the actual earnings of the affected pilots and would produce, at a significantly later date, supplemental reports that calculated the actual damages for the pilots for whom damages will be sought.

      This approach, which counsel for ALPA heard for the first time during the hearing on July 31, came as a surprise in that it was not only significantly different from the approach directed on May 4 but also differed from the approach Plaintiffs had suggested during the telephone conference on July 12. Your Honor set a deadline of September 28 for the service of Plaintiffs' preliminary expert reports and scheduled a conference for the following week, on October 2, 2012, to discuss the next steps in this case, including the scheduling of the depositions of Plaintiffs' experts with respect to their preliminary reports.

      In order to be in a position to provide meaningful comments on Plaintiffs' preliminary expert reports at the conference on October 2, I suggested that ALPA might want to proceed with the depositions of the five named class representatives after it had received responses to written discovery requests that were served on Plaintiffs on May 31, 2012, and that ALPA might also desire to proceed with the depositions of certain representatives of American Airlines and the APA after it had received documents that had been subpoenaed from those entities. Tr. of 7/31/12 at 43-46. My intention was to give ALPA the ability to proceed with a limited number of depositions if, after reviewing documents we had yet to receive, it appeared efficient to do so before September 28. ALPA believes Your Honor made clear, in summarizing what had been discussed, that depositions before September 28 were permissive, not mandatory. <u>Id.</u> at 57. ("The Court: . . . He'll be <u>allowed</u> to take five American slash APA witnesses.") (emphasis added).

      ALPA's concern about proceeding with depositions before we see Plaintiffs' expert reports is that we have no idea what those reports will say and do not want to be in a position where questions arise from the reports that we failed to ask and are forced to request the ability to take supplemental depositions. So rather than proceed now and create the potential for a dispute later, we believe that the more efficient course may be to defer these depositions until after our review of Plaintiffs' preliminary expert reports and the conference on October 2.

      Since the hearing on July 31, Mr. Katz and I have spoken several times with Mr. Press about the preparation of the proposed form of Order from the July 31 hearing. The disagreement noted above concerning depositions has emerged from those discussions. On behalf of ALPA, we fail to see how Plaintiffs will be prejudiced if ALPA elects to defer these depositions until

The Honorable Joseph E. Irenas, S.U.S.D.J.
August 23, 2012
Page 3

after we see preliminary expert reports. Because Plaintiffs have indicated that they will need another three and one-half months, or until mid-January of 2013, to supplement their expert reports, there will obviously be ample time to take these depositions during the period after preliminary expert reports are served. Indeed, given the presumptive four-hour limitation set by the Court for these depositions, all of these depositions can be completed within a matter of days. So no aspect of this case will delayed if these depositions are deferred until after September 28.

I note that the position currently being taken by counsel for Plaintiffs, that ALPA should be required to proceed with certain depositions before seeing Plaintiffs' expert reports, appears to be inconsistent with the position taken by Plaintiffs' counsel at the May 4, 2012 hearing. See Tr. of 5/4/12 at 81 ("Mr. Press: I think it would be premature for them to start taking depositions of pilots on a [damage] theory that hasn't been articulated yet.").

At this point we have not yet received any of the documents for the named class representatives that we requested in our written discovery served on May 31 and are also still awaiting additional materials from American, including the W-2 information on which Plaintiffs' counsel said at the July 31 hearing their experts planned to rely. We also do not yet know what witnesses Plaintiffs will rely upon during the damages trial and therefore cannot yet determine what other depositions may be necessary.

Counsel have also failed to reach agreement about two other, much more minor issues:

1.  In the second sentence of Paragraph 1 of the attached form of Order, Plaintiffs have requested that the word "reasonably" be inserted between "seniority list" and "would have been." ALPA's position is that use of this adjective might be inconsistent with the requirement that the Plaintiffs' expert reports project what the combined seniority list would have been.

2.  Plaintiffs' counsel have also indicated that they object to producing the documents sought in Request 5 of ALPA's document request served on May 31, 2012. That request sought, for each former TWA pilot for whom backpay damages are claimed, documents concerning educational courses attended that began or took place during any period of furlough or inability to fly.

We would appreciate it if Your Honor would entertain a brief telephone conference to assist counsel in resolving these issues.

                Respectfully yours,
                /s/ Steven J. Fram
                STEVEN J. FRAM

SJF:ss
cc:    Lisa Rodriquez, Esquire (via ECF and email)
        Allen Press, Esquire (via ECF and email)
        Daniel Katz, Esquire (via ECF and email)
        John Connell, Esquire (via ECFand email)

8798603v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AIR LINE PILOTS ASSOCIATION, ) <br> ) <br> INTERNATIONAL, ) <br> ) <br> Defendant. ) | Civil Action No. 02-2917 (JEI) <br><br> **CASE MANAGEMENT ORDER** |

THIS MATTER having come before the Court on the informal application of Plaintiffs, who requested during a telephone conference on July 12, 2012, that the Court amend the date set forth in the Court's Order filed on May 4, 2012 (Dkt. No. 478) for the service of Plaintiffs' expert reports; and the Court having discussed various discovery and case management issues with counsel on the record in open court on July 31, 2012; with Trujillo, Rodriguez & Richards, LLC (by Lisa J. Rodriguez, Esquire), and Green Jacobson, P.C. (by Allen Press, Esquire, and Joseph Jacobson, Esquire), appearing for Plaintiffs; and Archer & Greiner, P.C. (by Steven J. Fram, Esquire, and John C. Connell, Esquire), and Katz & Ranzman, P.C. (by Daniel M. Katz, Esquire), appearing for Defendant; for the reasons stated on the record on July 31, 2012; and good cause having been shown;

IT IS on this ____ day of August, 2012, ORDERED as follows:

1. No later than September 28, 2012, counsel for Plaintiffs shall serve expert reports for either or both of the two experts previously identified by them. Such reports shall detail Plaintiffs' methodology for the determination of damages for all members of the class for whom damages are sought. Said reports shall include opinions as to what the combined seniority list

[reasonably] would have been "but for" the alleged DFR violations of Defendant. Said reports shall identify by name the individual class members who are alleged to have suffered damages and shall identify, with respect to each such pilot, the projected "but for" gross earnings of each such class member. Said reports need not identify at this time the amounts that the class members for whom damages are sought actually earned during any period for which damages are claimed. If Plaintiffs fail to serve an expert report as required by this Order for either or both of their designated experts, such expert shall be barred from presenting any testimony concerning the issue of damages.

2. Counsel shall appear for a further conference on Tuesday, October 2, 2012 at 2:00 p.m., at which time counsel should be prepared to discuss (a) the scheduling of the depositions of Plaintiffs' experts with respect to their reports and any discovery that may be necessary in preparation for those depositions; (b) further discovery or other proceedings that may be necessary for Plaintiffs or their experts to determine the appropriate offset amounts for the class members for whom damages are sought; and (c) the date by which counsel for Plaintiffs shall supplement their reports to identify the specific damage claims for the class members for whom damages are sought.

3. ALPA may take the depositions of the five (5) named class representatives either before or after September 28, 2012. Said depositions shall be limited to four (4) hours. All depositions shall be scheduled in St. Louis or at such other locations as counsel may agree on dates and at locations mutually convenient to counsel and the parties. In preparation for said depositions, Plaintiffs shall produce by August 24, 2012, the documents sought by ALPA in its Document Request served on May 31, 2012, for the five (5) class representatives [with the exception of the documents sought in Document Request No. 5].

      4.     ALPA may also proceed with the depositions of up to five (5) current or former representatives of the Allied Pilots Association and/or American Airlines before September 28, 2012 or it may defer the taking of all third-party depositions until after September 28, 2012. Said depositions shall also be limited to four (4) hours per deposition, subject to a telephonic request to the court for leave for additional time. All depositions shall be scheduled on dates mutually convenient to counsel.

      5.     Prior to the scheduling of the depositions of current or former representatives of the Allied Pilots Association and/or American Airlines who are the subject of Paragraph 4 above, defense counsel shall amend ALPA's Rule 26 disclosures to the extent necessary to identify such deponents.

      6.     No later than September 28, 2012, counsel for Plaintiffs shall serve Rule 26 disclosures that identify all fact witnesses who they may call to testify during the damages trial.

                                                                               HON. JOSEPH E. IRENAS, S.U.S.D.J.

8756965v1