# Archer&Greiner P.C.
## ATTORNEYS AT LAW

**John C. Connell**
*Also Member of Pennsylvania Bar*
jconnell@archerlaw.com
856-354-3074 Direct

One Centennial Square
Haddonfield, NJ 08033
856-795-2121 Main
856-795-0574 Fax
**www.archerlaw.com**

September 17, 2012

**VIA CM/ECF AND U.S. MAIL**
The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

> Re:   **Brady, et al v. Air Line Pilots Association, Int'l**
> **Civil Action No. 02-2917 (D.N.J. Camden) (JEI)**
> **Plaintiffs' Refusal to Comply with Discovery Order**

Dear Judge Irenas:

Pursuant to Local (D.N.J.) R. 37.1(a)(1), I write on behalf of defendant, Air Line Pilots Association, International ("ALPA"), to ask Your Honor's assistance in resolving a pending discovery dispute between the parties, relative to this matter. Specifically, other than some W2s and furlough data for two pilots, plaintiffs have refused to provide documents or responsive answers to the 14 requests in the First Document Request of Defendant to Plaintiff's Relating to Damages, as directed by this court's Sept. 7, 2012 order.

Defendant's Document Request in question was served three and one-half (3-1/2) months ago on May 31, 2012. (Att.1). This was done in advance of Plaintiffs' service of their damages expert reports in order to put Plaintiffs on notice of what Defendant required in order to move forward with discovery. Plaintiffs' responses to those Document Requests were not actually anticipated until after Plaintiffs' service of their damages expert reports. This was in accordance with Your Honor's directive that "until we have their expert report, and the expert has been deposed, discovery isn't really too meaningful". (May 4, 2012 T61-5 to 7 (Att. 2)). Even Plaintiffs concurred: "I think it would be premature for them to start taking depositions of pilots on a theory that hasn't been articulated yet." (May 4, 2012 T81-11 to 13 (Att. 2)).

After Plaintiffs requested and received two successive continuances of the service date for their expert report, Defendant suggested the possibility of beginning the depositions of the class representatives prior to service of Plaintiffs' expert reports in an effort to expedite discovery. (July 31, 2012 T43-24 to 25 (Att. 3)). However, that was conditioned upon Plaintiffs producing responsive answers to Defendant's Document Requests. As the court noted, "You're basically saying you want the actual work history of the five class reps? … I have no objection to that." (July 31, 2012 T55-9 to13 (Att. 3)). But the court was quite clear that after service of

September 17, 2012
Page 2

Plaintiffs' expert reports, "we will be in a little better position to be able to layout ... complete discovery". (July 31, 2012 T59-1 to 3 (Att. 3)). Your Honor directed defense counsel to submit a form of order: "I don't want to see a draft of it until you passed it by [all counsel]". (July 31, 2012 T58-10 to 13 (Att. 3)).

When counsel could not agree of the form of order, a teleconference with the court was held on September 6, 2012. (Att. 4). Defense counsel identified all the information that Plaintiffs had not provided. (Sept. 6, 2012 T4-14 to T5-12 (Att. 4)). When questioned by this court about the status of Plaintiffs' responses to the May 31 Document Request, Plaintiffs' counsel responded, "I hope to have it today." (Sept. 6, 2012 T14-9 (Att. 4) (emphasis added)). He was "just having a little client issue." (Sept. 6, 2012 T14-22 (Att. 4)).

Your Honor's subsequent direction to counsel could not have been more clear: "**you got to produce that information**". (Sept. 6, 2012 T14-20 (Att. 4) (emphasis added)). Accordingly, Your Honor entered the Case Management Order (No. 495) on September 7, 2012, specifically requiring that "[i]n preparation for said [class representative] depositions, Plaintiffs shall produce by September 11, 2012, the documents sought by ALPA in its Document Request served on May 31, 2012, for the five (5) class representatives (with the exception of the documents sought in Document Request No 5). [(Emphasis added)]." (Att. 5).

On Sept. 11, 2012, Plaintiffs served what purports to be their answer to Defendant's Document Requests: they objected, both generally and specifically. (Att. 6). When defense counsel demanded documents and responsive answers (Att. 7), Plaintiffs' counsel simply re-asserted their objections, even as to income tax returns which, to the contrary, they had earlier conceded they were required to produce: "we need to identify the damaged class members ... [w]ho should be giving us their W2s and tax returns." (July 31, 2012 T34-10 to 12 (Att. 3) (emphasis added)). Finally, by letter dated Sept. 14, 2012, Plaintiffs re-produced certain W2s for four of the five class representatives, adding that "[w]e are still collecting documents responsive to ALPA's Request for Documents, including but not limited to the class representatives' federal income tax returns, and will produce such documents upon receipt of same." (Att. 8 (emphasis added)).

Plaintiffs' response does not constitute compliance with this court's order for full production by Sept. 11, and does nothing to ensure timely production "in preparation for the [class representatives'] depositions," which are scheduled to start on Tuesday, in St. Louis, Missouri. Inasmuch as Plaintiffs knew of these requests on May 31 and unequivocally acknowledged their obligations in court on July 31, there is no excuse for this unnecessary delay.

So, after having twice secured relief from serving expert reports while insisting on class representative depositions before service of those reports (after having previously insisted on the opposite), Plaintiffs now have decided to forgo compliance with Your Honor's order to produce all information requested by the defense in preparation for those depositions. Instead, Plaintiffs will produce these documents "upon receipt" – whenever that may be – in order to accommodate the convenience of their own schedule. This refusal by Plaintiffs to conform to this court's order is nothing more than a blatant attempt to sand-bag the defense in the conduct of discovery. Simply put, Plaintiffs do not want Defendant to have the documents they require to effectively

September 17, 2012
Page 3

examine Plaintiffs on their damages claims at the upcoming depositions, as the court had intended.

Defendant has been unsuccessful in making a good faith attempt to resolve this unnecessary dispute, and now respectfully requests a teleconference with Your Honor to address this problem before the depositions of the class representatives, which are scheduled to start in 24 hours.

Thank you.

Respectfully submitted,

JOHN C. CONNELL

JCC/jcw
cc:     Allen Press, Esquire (w/encl. via CM/ECF only)
        Lisa J. Rodriguez, Esquire (w/encl. via CM/ECF only)
        Daniel M. Katz, Esquire (w/encl. via CM/ECF only)
        Steven J. Fram, Esquire (w/encl. via CM/ECF only)
8875480v1

# EXHIBIT 1

*13. 0. 6*

Archer & Greiner
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033-0968
(856) 795-2121

By:    John C. Connell, Esquire
       Steven J. Fram, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PATRICK BRADY, et al,     ) | |
|           ) | |
|   Plaintiffs,     ) | |
|           ) | |
|   v.         ) | Civil Action No. 02-2917 (JEI) |
|           ) | |
| AIR LINE PILOTS ASSOCIATION,   ) | |
| INTERNATIONAL,      ) | |
|           ) | |
|   Defendant.     ) | |
|           ) | |

## FIRST DOCUMENT REQUEST OF DEFENDANT
## TO PLAINTIFFS RELATING TO DAMAGES

TO:    Lisa J. Rodriguez, Esquire
       Trujillo, Rodriguez & Richards, LLP
       258 Kings Highway East
       Haddonfield, New Jersey 08033

       Allen Press, Esquire
       Green Jacobson P.C.
       7733 Forsyth Boulevard, Suite 700
       St. Louis, Missouri 63105

PLEASE TAKE NOTICE that Defendant, Air Line Pilots Association, International, hereby demands that Plaintiffs produce the following documents in accordance with Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 34.1.

ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033
(856) 795-2121
Attorneys for Defendant

By: _____
JOHN C. CONNELL, ESQUIRE
STEVEN J. FRAM, ESQUIRE

*Pro Hac Vice:*
Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Ave., N.W., Suite 250
Washington, DC 20016
(202) 659-4656

Attorneys for Defendant,
Air Line Pilots Association, International

Dated:  May 31, 2012

## DEFINITIONS

For purposes of this First Request for the Production of Documents, the following terms shall have the following meanings:

1.  "Plaintiffs" shall mean the entire Plaintiff Class.

2.  "Defendant" shall mean Air Line Pilots Association, International ("ALPA").

3.  "Document" or "Documents," shall mean the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, whether written graphic, pictorial, photographic, mechanical, taped, electronic, computerized or otherwise, now or formerly in your possession, custody or control.  It includes but is not limited to: papers; publications; drafts; telex messages; memoranda (whether formal, informal, to the file, or otherwise); notes; notations; interviews; synopses of interviews; data; work papers; diaries; agendas; bulletins; notices; announcements; folios; inter-office communications; interdepartmental communications; intra-office communications and intra-department communications (whether formal, informal, or otherwise); correspondence, books; transcripts; affidavits; statements; summaries; opinions; court pleadings; stenographic notes; indices; analyses; questionnaires; answers to questionnaires; telephone logs; lists; minutes of meetings and other minutes; test reports; performance reports; and other reports; records; recordings of telephone conversations; interviews; conferences; meetings or other conversations; forms; studies; plans; specifications; evaluations; contracts; agreements; licenses; invoices; checks; drafts; vouchers; bills; receipts; desk calendars; appointment books; calculations; charts; graphs; maps; surveys; renderings; sketches; diagrams; schematics; data sheets; photographs; microfilms; price lists; brochures; pamphlets; manuals; warranties; literature; operation reports; maintenance reports; notebooks; communiqués; schedules; job calendars; cash flow studies; computer studies; computer tapes and discs; e-mail; magnetic tapes; punch cards; computer

printouts; data processing input and output; computer programs; computer program coding sheets; any retrievable data whether in computer storage, carded, taped, coded or stored electrostatically, electromagnetically or otherwise, and all transcripts thereof, programming instructions and other material necessary to understand the above-mentioned computer-related items; all other records kept by electronic, photographic or mechanical means; all other writing; and all things similar to any of the foregoing, regardless of their author or origin, however denominated.

The meaning of the words also include voice recordings and reproductions and film impressions of any of the aforementioned writings as well as copies of documents which are not identical duplicates of the originals and copies of documents of which the originals are not in your possession, custody or control.  In case originals or original non-identical copies are not available, "Document" or "Documents" includes copies of originals or copies of non-identical copies, as the case may be.

4.      "All documents" means every document, whether an original or copy as above defined, known to plaintiffs and every such document which can be located or discovered by reasonable diligent efforts.

5.      The terms "concern," "refer to," "relate to," and "reflect" shall be broadly defined to mean relevant to, pertaining to, referencing, directly or indirectly mentioning or describing, being connected with, making reference to, or reflecting upon a stated subject matter.

6.      The conjunctions "and" and "or" shall each be interpreted in every instance as meaning "and/or," and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any description of documents made herein.

7.      The singular shall be construed to include the plural, and vice versa, to make the Request inclusive rather than exclusive.

8.      The past tense shall be construed to include the present tense, and vice versa, to make the Request inclusive rather than exclusive.

9.      The masculine pronoun shall be construed to include the feminine, and vice versa, to make the Request inclusive rather than exclusive.

10.     The term "communication" means any manner or form of information or message transmission, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which occurred, was made, distributed or circulated between or among persons, or data storage or processing units, and any and all documents containing, consisting of, or relating or referring, in any way, either directly or indirectly, to a communication.

11.     The phrase "this litigation" shall mean the above-captioned Action entitled Patrick Brady, et al. v. Air Line Pilots Association, International, Civil Action No. 02-2917 (JEI).

12.     "You" and "your" mean the party to whom these Requests are directed, and the agents, servants, employees, persons acting on his behalf.

13.     As used herein, the terms "identify", "identity" or "identification" means, when used in reference to:

    a.  A natural person, his or her:

        i.    full name;

        ii.   present or last known home address;

        iii.  present or last known business address;

        iv.   social security number, if known, and

     v.  present or last known position, business affiliation and job description.

  b.  A company, corporation, association, partnership or legal entity other than a natural person:

     i.  its full name;

    ii.  a description of the type of organization or entity;

   iii.  the address of its principal place of business;

   iv.  the jurisdiction of incorporation or organization; and

    v.  the date of incorporation or organization.

  c.  A document:

     i.  its type (for example, letter, memorandum, report, etc.);

    ii.  its title;

   iii.  its date;

   iv.  the number of pages thereof;

    v.  its subject matter;

   vi.  the identity of its author, drafter or any person who participated in its preparation;

  vii.  the identity of its addressee or recipient;

 viii.  the identity of each person to whom copies were sent and each person by whom copies were sent;

   ix.  its present location;

    x.  the identity of its custodian; and

        xi.  if any such document was, but is no longer in the possession of or subject to the control of the party responding to these Requests, state what disposition was made of it and when that disposition was made.

    d.  An oral communication:

        i.  the date, time, and place when and where it occurred;

        ii.  the complete substance of the communication;

        iii.  the identity of each person to whom such communication was made, and

        iv.  each person who was present when such communication was made.

    e.  A facility or location:

        i.  the name and ownership of the facility; and

        ii.  the address of such location.

    f.  A fact, event, thing, legal or factual status or condition:

        i.  all knowledge, information or belief possessed by you with regard to the subject of the Request, as well as all pertinent documents.

14.      The term "person" includes natural persons, proprietorships, partnerships, firms, corporations, joint ventures, estates, trusts, receivers, public corporations, other forms of legal entities, municipal corporations, federal, state and local governments, all departments and agencies thereof, and any other governmental agencies, independent establishments, federal instrumentality, government corporations, government-controlled corporations, and subdivisions thereof, political subdivisions, groups, associations or organizations, and any other group or combination acting as an entity.

## INSTRUCTIONS

1.      If in responding to these Requests, you or your counsel either withhold the production of any document or refuse to disclose the substance of any oral communication on the grounds of a claim of privilege, confidentiality or the work product doctrine, compliance with Fed. R. Civ. P. 26(b)(5) and L. (D.N.J.) Civ. R. 33.1(c) is required and may be fulfilled by stating with respect to any such documents or information, the Request to which the document or oral communication is responsive, whether the document exists, the date of the document or oral communication, the type of document (e.g., three-page letter, one-paragraph memorandum) or oral communication (e.g., meeting, telephone call, etc.), the subject matter or title of the document or the nature of the oral communication, each person who authored the document or who participated in the oral communication and his or her business title or position, all intended recipients of the document and all persons or organizations who have reviewed or at any time possessed the document, the location of the original and all copies of the document, and the nature of and basis for the privilege or immunity claimed.

2.      These Requests are to be deemed continuing so as to require modified and/or supplemental responses in the event that you obtain information pertinent thereto between the time answers are served and the time the above-captioned action is concluded.

3.      If any Document (as defined herein) sought in these Requests has been misplaced, destroyed, erased or cannot be located, state the following separately for each such document:

     a.   the Request to which the document is responsive;

     b.   the date of the document;

     c.   the type of document (e.g., letter, memorandum, etc.)

     d.   the subject matter of the document and its title;

e.  all recipients of the document and the business, legal title or position of each;

f.  each person who authored the document and his or her business, legal title or position;

g.  the last known location of the document; and

h.  the reason the document cannot be produced (e.g., misplaced, destroyed, cannot be located, etc.

## REQUESTS

1.     For each former TWA pilot for whom backpay damages are sought, please produce the following:

(a)     All documents related to when any furlough began, when the pilot was recalled and any rejection or deferral of recall. This request includes, but is not limited to, furlough notices, records of furloughs or recalls showing the date of any and all furloughs or offers of recall, and all documents related to a deferred recall;

(b)     All documents that reflect the receipt of any compensation or benefit of any kind during any period of furlough or while unemployed, including but not limited to the following: furlough pay; unemployment benefits; federal, State or local welfare benefits; retirement income and benefits; and insurance monies received;

(c)     Federal and State tax returns for the period from 2000 to the present;

(d)     IRS Form W-2s and 1099s for the period from 2000 to the present; and

(e)     All other documents that reflect income for the period from 2000 to the present.

**RESPONSE:**

2.     For each former TWA pilot for whom backpay damages are sought, please produce the following:

(a)     All documents that reflect the efforts of the pilot to find other work after being furloughed, including but not limited to all correspondence in any form, job applications, offers of employment, or resumes submitted to a person or company; and

(b)     All other documents that reflect any efforts by the pilot to mitigate his or her lost income.

**RESPONSE:**

3.     For each former TWA pilot for whom backpay damages are sought, please produce all documents that concern, refer or relate to any firing, resignation, medical disability, loss of FAA medical certificate or other license needed to serve as a flight deck crew member, or disciplinary action or other event that impacted the ability of the pilot to fly during the period from 2000 to the present.

**RESPONSE:**

4.      For each former TWA pilot for whom backpay damages are sought, please produce all documents that concern, refer or relate to bids, awards or approvals or denials of a furlough stand-in-stead, voluntary furlough or overage or furlough avoidance leaves, or leaves of absence in lieu of furlough, or early retirement programs.

**RESPONSE:**

5.      For each former TWA pilot for whom backpay damages are sought, please produce all documents that concern, refer or relate to educational courses attended that began during or took place during any period of furlough or inability to fly for any reason.

**RESPONSE:**

6.      To the extent not produced in response to the preceding requests, please produce all documents that you will rely upon in attempting to prove backpay damages.

**RESPONSE:**

7.      For each pilot for whom front pay damages are sought, please produce all documents that you may rely upon to calculate front pay.

**RESPONSE:**

8.      For each pilot for whom lost pension or retirement benefits are sought, please produce all documents that you may rely upon in attempting to prove and calculate such damages.

**RESPONSE:**

9.      For each former TWA pilot for whom any other damages of any nature are sought, please produce all documents that concern, refer, relate to or reflect such damages.

**RESPONSE:**

10.     Please produce all emails and electronic documents concerning the amount of financial recovery or damages potentially available in this case that were sent to, received by or exchanged between individual plaintiffs.

11

**RESPONSE**:


11.    Please produce all documents identified in response to any interrogatory or required to be identified in response to any interrogatory.

**RESPONSE**:


12.    Please produce all documents used to create Plaintiffs' damages methodology and model(s).

**RESPONSE**:


13.    Please produce all documents that may be used as a summary or in support of Plaintiffs' damages claim.

**RESPONSE**:


14.    Please produce all documents relied upon by any expert in preparing any report or formulating any opinion.

**RESPONSE**:

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2012, I served the foregoing Document Request on

counsel for Plaintiffs by email and by United States Mail, first-class, postage prepaid, addressed

as follows:

Lisa J. Rodriguez, Esquire
Trujillo, Rodriguez & Richards, LLP
258 Kings Highway East
Haddonfield, New Jersey 08033
lisa@trrlaw.com

Allen Press, Esquire
Green Jacobson, P.C.
7733 Forsyth Boulevard, Suite 700
St. Louis, MO   63105
Press@stlouislaw.com

KERRI E. CHEWNING

8494967v1

13

# EXHIBIT 2

1

1    UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY
2

3    _____

     PATRICK BRADY, ET AL,
4
              Plaintiffs,              CIVIL ACTION NUMBER:
5
              -vs-                     02-2917(JEI)
6
     AIR LINE PILOTS ASSOCIATION
7    INTERNATIONAL,

8             Defendant.
     _____
9         Mitchell H. Cohen United States Courthouse
          One John F. Gerry Plaza
10        Camden, New Jersey 08101
          May 4, 2012
11
     B E F O R E:        THE HONORABLE JOSEPH E. IRENAS
12                       UNITED STATES DISTRICT JUDGE

13
     A P P E A R A N C E S:
14

15   TRUJILLO RODRIGUEZ & RICHARDS, LLC

16   BY:  LISA  J. RODRIGUEZ, ESQUIRE

17   ATTORNEYS FOR PLAINTIFFS

18

19   GREEN JACOBSON, P.C.

20   BY:  JOE D. JACOBSON, ESQUIRE

21       ALLEN P. PRESS, ESQUIRE

22   ATTORNEYS FOR PLAINTIFFS

23

24

25

```
 1

 2   KATZ & RANZMAN, P.C.

 3   BY:  DANIEL M. KATZ, ESQUIRE

 4   ATTORNEYS FOR DEFENDANT

 5

 6   ARCHER & GREINER

 7   BY:  STEVEN J. FRAM, ESQUIRE

 8   ATTORNEYS FOR DEFENDANT

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Certified as true and correct as required by Title 28,

25   U.S.C., Section 753.
```

*United States District Court*
*Camden, New Jersey*



1                    /S/ <u>Carl J. Nami</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    it's not enough for --

2            THE COURT:  Well, no.  And I intended to discuss

3    before we all depart, discovery.  But you make what I think

4    may be, I don't want to say now but I think may be a valid

01:40    5    point which is that until we have their expert's report, and

6    the expert has been deposed, discovery isn't really too

7    meaningful, which I think is your point and that you -- the

8    normal, in a normal litigation we do fact discovery and the

9    last very end of the case is the experts, expert, you know, in

01:40    10   the timing of the discovery usually experts are at the end.

11   Right?  I mean just a typical case, I mean not a class action

12   case, just a regular case.  You know, fact discovery, then we

13   do expert reports, then we do expert discovery and then the

14   case is ready for trial.  And that's the normal order.  And

01:41    15   here the order may have to be reversed.

16           MR. FRAM:  Well --

17           THE COURT:  In that we have to get a much clearer

18   picture of what the theory is, and then fact discovery might

19   follow that which is what you're saying, and I agree with you.

01:41    20           MR. FRAM:  Well, but I'm not quite there in the sense

21   that we don't think the plaintiffs, given the nature of the

22   damages available for a DFR violation can prove damages on

23   behalf of the type class or even whichever sub group the TWA

24   pilots are going to pursue damage claims without getting into

01:41    25   these individual hearings, and that's a problem.  If -- you

81

1    hope we understand that once we get the report, there's a lot

2    of work that's going to have to happen.

3         THE COURT:  Oh, I don't think the report ends the --

4    I think it starts it, starts the discovery process to some

02:08    5    degree.

6         MR. FRAM:  And I guess my question is, should we hold

7    off in serving interrogatories, document requests and doing

8    things like, taking depositions perhaps of select pilots until

9    we get the report or should we start that process?

02:08    10        THE COURT:  What's your position on that?

11        MR. PRESS:  I think it would be premature for them to

12   start taking depositions of pilots on a theory that hasn't

13   been articulated yet.

14        THE COURT:  That's my reaction.

02:08    15        MR. FRAM:  Your Honor, as long as we understand that

16   we're going to have ample time to analyze the report and take

17   the discovery we need, then we're fine.  But we don't want to

18   be in the position where they serve the report and then try to

19   foreclose us from taking whatever discovery we think is

02:08    20   necessary.

21        THE COURT:  I agree with you.

22        MR. FRAM:  Thank you, Your Honor.

23        MS. RODRIGUEZ:  We agree as well and have no comment.

24        THE COURT:  That's good.  I'll have to re-think my

02:09    25   position.  You should have said I disagree.

# EXHIBIT 3

1           UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW JERSEY
2

3   _____

PATRICK BRADY, et al,
4
              Plaintiff,          CIVIL ACTION NUMBER:
5
              -vs-                    02-2917
6
AIR LINE PILOTS ASSOCIATION,
7
              Defendants.
8   _____
         Mitchell H. Cohen United States Courthouse
9        One John F. Gerry Plaza
         Camden, New Jersey 08101
10       July 31, 2012

11  B E F O R E:      THE HONORABLE JOSEPH E. IRENAS
                     SENIOR UNITED STATES DISTRICT JUDGE
12

13
    A P P E A R A N C E S :
14
    ARCHER & GREINER, ESQS.
15  BY:  STEVEN J. FRAM, ESQUIRE
         JOHN C. CONNELL, ESQUIRE
16         and
    KATZ & RANZMAN, P.C.
17  BY:  DANIEL M. KATZ, ESQUIRE
    Attorneys for the Plaintiffs.
18
    TRUJILLO, RODRIGUEZ & RICHARD, LLC
19  BY:  LISA J. RODRIGUEZ, ESQUIRE
             and
20  GREEN JACOBSON, P.C.
    BY: ALLEN P. PRESS, ESQUIRE
21  Attorneys for the Defendants.

22
    JOSEPH JACOBSON, ESQUIRE
23  (Telephoned in )

24
    Certified as True and Correct as required by Title 28, U.S.C.,
25  Section 753
         /S/ Cathy J. Ford, CCR, CRR, RPR

34

1    about.

2         MR. FRAM:  Your Honor, the interim earnings is not a

3    question of litigation that's something plaintiffs have to

4    account for in their damages calculations.  And we were

5    anticipating they would have that information.

6         So, it does sound to me like --

7         THE COURT:  That information is in your control?

8    That's your client's base, isn't it?

9         MR. PRESS:  Judge, we would have to send notice to

10   the class members.  First, we have to identify the damaged

11   class members, who are they?  Who should be giving us their

12   W2s and tax returns.  We won't have that until the end of

13   September.  So, we would suggest, we will disclose the "what

14   if" seniority list, the "what if" earnings, that gives them --

15   that's where the battle is, that's where the attack is.  When

16   we re-create the seniority list, that's where they're going to

17   jump up and down say, it's ridiculous.

18        THE COURT:  Maybe they'll agree with you.

19        MR. PRESS:  It could happen.  I would welcome that.

20   But for us to then supplemental the report, to just simply

21   report what the damaged class members earned in the interim

22   period, that's not going to be something I hope that there is

23   a lot of debate about.  It's a matter of just summarizing tax

24   returns and subtracting from the "what if" earnings to the

25   actual interim earnings and coming to a net number.  That's

43

1  been meaningless, because many of the facts that we believe

2  exist that would have supported mitigation, didn't even exist.

3  We'll make the motion --

4         THE COURT:  Yeah, but mitigation is a fairly obvious

5  thing that becomes an issue.  You couldn't modify it in any

6  way but --

7         MR. FRAM:  Your Honor, given how obvious it was,

8  we're surprised to hear a suggestion from the other side that

9  they may object to our raising it.

10         THE COURT:  That's a clever way of turning it around.

11  I like it.

12         MR. FRAM:  Thank you, your Honor.  I have to order

13  the transcript now.  In any event, we're fine with part of

14  their schedule, but we're going to need the ability to take

15  back discovery.  We'd like to start with their experts'

16  depositions after we get the "but for" report and take some

17  fact discovery; and then I think the way to do this, your

18  Honor, is after we get their report that has numbers,

19  including the interim numbers, is to have a management

20  conference.  At that point we should be in a position to

21  advise the Court and plaintiff's counsel what we agree or

22  disagree with and talk to the Court about how much time we

23  think we need.

24         We are prepared to go ahead, as I say, in the interim

25  with certain fact discovery that we think is helpful.  We do

1   reps, your Honor.

2         MR. PRESS:  That deposition should take 30 minutes,

3   Judge.

4         THE COURT:  First of all, I don't think -- that

5   information, that can be provided without a doubt.

6         MR. PRESS:  Interrogatories.

7         MR. FRAM:  Once we get the written information, it

8   may even take a shorter deposition.

9         THE COURT:  You're basically saying you want the

10  actual work history of the five class reps?

11        MR. FRAM:  Exactly.

12        THE COURT:  I don't know what exact dates are, but

13  from predetermined dates.  And I have no objection to that.

14        MR. FRAM:  Precisely.  It may be, your Honor, if we

15  get that, we don't even need depositions.  But if we do,

16  there'll be limited as your Honor has directed to four hours.

17        THE COURT:  Yeah.

18        MR. FRAM:  Okay.  I think that gives us what we can

19  accomplish to move this ahead by September 30th.

20        THE COURT:  I'm trying to see what we can get done by

21  September 30th and then I'll setup a conference the first week

22  of October and go from there.

23        I got to have the -- the fundamental methodology of

24  computing damages, is still a mystery to me.

25        MR. FRAM:  Yes.

58

1  to me.  But we'll call you, Mr. Fram, and give you the date,

2  the first week in October.

3          MR. FRAM:  Thank you, your Honor.

4          THE COURT:  We'll have a conference.  Sitting here

5  now I just don't know.  We'll know in a day or two.  Probably

6  know today.  Mr. MacStravic will call you and let you know.

7  You're willing to take the burden of doing this order.

8          MR. FRAM:  Yes, of course, your Honor.  We'll work it

9  out.

10         THE COURT:  But I want to make sure -- I don't want

11 to see even a draft of it until you passed it by and worked

12 with -- however, you go, between Ms. Rodriguez, Mr. Press, Mr.

13 Jacobson, however you work it out.

14         See, I mentioned your name Mr. Jacobson.

15         MR. JACOBSON:  I appreciate it, your Honor.

16         THE COURT:  And, Mr. Jacobson, you can't see the

17 courtroom, but do you know that my head is rotating back and

18 forth, I spent 30 seconds looking at the defendant, and I

19 spent 30 seconds looking at the plaintiff, then turned back

20 and spent 30 seconds looking at the defendant.  I go back and

21 forth regardless of who is winning and regardless of what I'm

22 saying.

23         You heard that?

24         MR. JACOBSON:  I heard it.

25         THE COURT:  Okay.  And then we'll go to the next step

1   after that.  I think when we get that, somehow or other, we

2   will be in a little better position to be able to layout (a)

3   complete discovery, may not be that more, but if more is

4   necessary, and also a trial.  It's a little different

5   necessarily than discovery plan.  (A), how the case will be

6   discovered, how do we try it?  Because that still intrigues

7   me, the fact that it's a jury case.  Nonjury I can do all

8   kinds of things.  We had a case here involving a prison riot

9   where the police came in and allegedly beat up seven of the

10  prisoners.  Wound up they agreed to be nonjury.  And we had

11  Judge Bissell, former Judge Bissell, coming every week for a

12  year and a half, trying mini cases.  There had been a quote,

13  settlement, if you will, but basically wound up trying

14  probably 50 or 60 or 80 cases, maybe even more, little tiny

15  cases, right down the hall in Judge Rodriguez's old courtroom,

16  back there.

17          So how the case is going to be tried.  Anything else by

18  either party?

19          MR. FRAM:  Nothing further.  Thank you, your Honor.

20          MR. PRESS:  No, Your Honor.

21          MS. RODRIGUEZ:  No, Your Honor.

22          THE COURT:  And the disembodied voice in the sky,

23  have anything to say to me?

24          MR. JACOBSON:  No, Your Honor.  I heard you perfectly

25  throughout.  Sometimes had to strain to hear the lawyers, but

1    I got all I need to know.

2          THE COURT:  All right.  Have a good afternoon,

3    everybody.  We'll see you, I don't know, October 2nd or 3rd,

4    something like that.

5          MR. FRAM:  Thank you, your Honor.

6          THE DEPUTY COURT CLERK:  All rise.

7          (Proceeding is concluded for the day.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 4

1

1    UNITED STATES DISTRICT COURT
2    FOR THE DISTRICT OF NEW JERSEY

3    PATRICK BRADY, ET AL.,

4                Plaintiffs,

5        vs.                          CIVIL ACTION
                                      NO. 02-2917 (JEI)
6
     ALLIED PILOTS ASSOC.,            TELEPHONE CONFERENCE
7
                Defendant.
8

9                              UNITED STATES COURTHOUSE
                               ONE JOHN F. GERRY PLAZA
10                             4TH AND COOPER STREETS
                               CAMDEN, NEW JERSEY 08101
11                             THURSDAY, SEPTEMBER 6, 2012

12   B E F O R E:    THE HONORABLE JOSEPH E. IRENAS
                       UNITED STATES DISTRICT JUDGE

13

14   A P P E A R A N C E S:

15
          TRUJILLO, RODRIGUEZ & RICHARDS
16        BY:  LISA RODRIGUEZ, ESQUIRE
                    -AND-
17        GREEN JACOBSON, P.C.
          BY:  ALLEN PRESS, ESQUIRE
18        ATTORNEYS FOR PLAINTIFFS

19        ARCHER & GREINER
          BY:  STEVEN FRAM, ESQUIRE
20                  -AND-
          KATZ & RANZMAN
21        BY:  DANIEL M. KATZ, ESQUIRE
          ATTORNEY FOR DEFENDANT ALLIED PILOTS
22        ASSOCIATION

23

24                            LISA MARCUS, C.S.R.
                              CERTIFICATE # 1492
25                            OFFICIAL U. S. REPORTER

*United States District Court*
*Camden, New Jersey*



C E R T I F I C A T E

        I, LISA MARCUS, Official Court Reporter for the
United States District Court for the District of New Jersey,
Certified Shorthand Reporter and Notary Public of the State of
New Jersey, do hereby certify that the foregoing is a true and
accurate transcription of my original stenographic notes to
the best of my ability of the matter hereinbefore set forth.


                      S/Lisa Marcus, CSR
                      LISA MARCUS
                      Official U. S. Reporter
                      N.J. Certificate No. XIO1492


DATE:   September 10, 2012

4

```
1              THE COURT:  Right.  Is that being complied with?
2              MR. FRAM:  Your Honor, it has not.  We have gotten
3    some documents within the last couple days by email, but we
4    have not gotten most of the documents and we certainly don't
5    have the documents we would want to review to take any of
6    these depositions, your Honor.
7              MR. PRESS:  That's partially correct, Judge.  We're
8    missing -- you ordered us to turn over the work history for
9    our clients, which we've done except for one and I've beaten
10   on him and he's promised to provide it today.  And that was
11   all supposed to be done in conjunction with taking their
12   depositions, which the defendants show no interest in doing
13   now.  But the data has been provided except for one.
14             MR. KATZ:  That's not really correct, your Honor.
15   The request for production of documents asks for W-2s and
16   other tax forms for the years 2000 to the present.  There have
17   been no tax forms or W-2s for the year 2000 or the year 2001.
18   And with respect to Ted Case there's been no documents at all.
19   With respect to Sally Young there's a list of numbers for 2001
20   through 2011 that Mr. Press emailed to us but no
21   documentation.  The request for production of documents also
22   asks for job applications and the like for the people who were
23   furloughed and several of the -- three of the class
24   representatives were furloughed and we don't have furlough
25   notices, recall notices, applications for other employment, a
```

1 whole host of things that were requested in the May 31st

2 Request for Production of Documents.  There's also a request

3 for other documentation relating to the plaintiffs' failure to

4 work during this period of time, like loss of medical

5 licenses, extended sick leave, disciplinary action taken by

6 the company, and these are things that have happened to some

7 of the class representatives and we have no documentation on

8 any of that, so there's been a woeful lack of compliance with

9 the document request.  But plaintiffs are still maintaining

10 that these five depositions as well, the depositions of the

11 American Airlines and APA people must be completed by

12 September 28th.

13            THE COURT:  This is the first time that I heard that

14 they weren't -- I would have thought that depositions would

15 have been going on long before today.

16            MR. PRESS:  So did we, your Honor.  There's been no

17 attempt to even put a subpoena on APA or American as far as we

18 know.

19            MR. FRAM:  We're still -- I think we have most of the

20 documents but we're still missing some.

21            THE COURT:  Look, you guys will always be missing

22 documents.

23            MR. FRAM:  Your Honor, with respect to the class

24 representatives, I think Mr. Katz has outlined fairly

25 comprehensively the many documents we don't have.  It is a

1  whatever documents the plaintiffs will be producing for the

2  class reps?

3          THE COURT:  When are you going to finish your

4  production on that?

5          MR. FRAM:  I'm sorry, your Honor.

6          THE COURT:  I'm talking to Mr. Press.

7      When are you going to finish production of the May 31st

8  request?

9          MR. PRESS:  I hope to have it today.

10          THE COURT:  Okay.

11          MR. PRESS:  I was assured I would have the remaining

12  class reps' information today.

13          THE COURT:  I mean, your clients have to understand

14  that they're now in the hairy phase of the case, the area

15  that's always been problematic in this case, which is how do

16  you -- even if you're correct, as the jury said you were, you

17  know, the problematic area of this case from when I first

18  looked at it now ten years ago, whenever it was, how do you

19  prove damages even if the premise of your case is correct, and

20  you got to produce that information.

21          MR. PRESS:  We will, Judge.  I'm not trying to drag

22  my feet, just having a little client issue.

23          THE COURT:  I don't want to set a deadline because

24  that's just going to be more and then you won't meet the

25  deadline and then I'm going to be asked to extend the deadline

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al., | HONORABLE JOSEPH E. IRENAS |
| Plaintiffs, | CIVIL ACTION NO. 02-2917 (JEI) |
| v. | |
| AIR LINE PILOTS ASSOCIATION, | **CASE MANAGEMENT ORDER** |
| Defendant. | |

**APPEARANCES:**

TRUJILLO, RODRIGUEZ & RICHARDS, LLP
By: Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, NJ 08033
    Counsel for Plaintiffs

GREEN JACOBSON, PC
By: Joseph Jacobson
Allen P. Press
7733 Forsyth Boulevard
Suite 700 Pierre Laclede Center
St. Louis, MO 63105
    Counsel for Plaintiffs

ARCHER & GREINER, PC
By: John C. Connell
Steven J. Fram
One Centennial Square
Haddonfield, NJ 08033
    Counsel for Defendants

*Pro Hac Vice*:
KATZ & RANZMAN, PC
By: Daniel M. Katz
4530 Wisconsin Ave., N.W., Suite 250
Washington, DC 20016
    Counsel for Defendants

**IRENAS,** Senior District Judge:

THIS MATTER having come before the Court on the informal application of Plaintiffs, who requested during a telephone conference on July 12, 2012, that the Court amend the date set forth in the Court's Order filed on May 4, 2012 (Dkt. No. 478) for the service of Plaintiffs' expert reports; and the Court having discussed various discovery and case management issues with counsel on the record in open court on July 31, 2012; the parties having been directed to reach an agreement on these issues and having failed to do so, Court held a telephone conference on September 6, 2012 to resolve these issues; for the reasons stated on the record on July 31, 2012 and at the September 6, 2012 conference; and good cause having been shown;

**IT IS** on this 7th day of September, 2012,

**ORDERED THAT:**

(1)  No later than September 28, 2012, counsel for Plaintiffs shall serve expert damage reports for either or both of the two experts previously identified by them.  Said reports need not identify at this time the amounts that the class members for whom damages are sought actually earned during any period for which damages are claimed.

(2)  Counsel shall appear for a further conference on

Tuesday, October 2, 2012 at 2:00 p.m., at which time counsel
should be prepared to discuss (a) the scheduling of the
depositions of Plaintiffs' experts with respect to their reports
and any discovery that may be necessary in preparation for those
depositions; (b) further discovery or other proceedings that may
be necessary for Plaintiffs or their experts to determine the
appropriate offset amounts for the class members for whom damages
are sought; and (c) the date by which counsel for Plaintiffs
shall supplement their reports to identify the specific damage
claims for the class members for whom damages are sought.

   (3)  ALPA shall take the depositions of the five (5) named
class representatives before September 21, 2012.  Said
depositions shall be limited to four (4) hours.  All depositions
shall be scheduled in St. Louis or at such other locations as
counsel may agree on dates and at locations mutually convenient
to counsel and the parties.  In preparation for said depositions,
Plaintiffs shall produce by September 11, 2012, the documents
sought by ALPA in its Document Request served on May 31, 2012,
for the five (5) class representatives (with the exception of the
documents sought in Document Request No. 5).

   (4)  ALPA shall also proceed with the depositions of up to
five (5) current or former representatives of the Allied Pilots
Association and/or American Airlines before October 10, 2012.

Said depositions shall also be limited to four (4) hours per deposition, subject to a telephonic request to the court for leave for additional time.  All depositions shall be scheduled on dates mutually convenient to counsel.


(5)  Prior to the scheduling of the depositions of current or former representatives of the Allied Pilots Association and/or American Airlines who are the subject of  Paragraph 4 above, defense counsel shall amend ALPA's Rule 26 disclosures to the extent necessary to identify such deponents.


(6)  No later than September 28, 2012, counsel for Plaintiffs shall serve Rule 26 disclosures that identify all fact witnesses who they may call to testify during the damages trial.


S/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**

# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATRICK BRADY, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No.  02-2917 (JEI) |
| AIR LINE PILOTS ASSOCIATION, | ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT AIR LINE PILOTS ASSOCIATION, INTERNATIONAL'S FIRST DAMAGE DOCUMENT REQUEST

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 34.1, Plaintiffs respond as follows to Defendant's First Damage Document Request to Plaintiffs.

### GENERAL OBJECTIONS

Plaintiffs object to each of Defendant's Damage Document Requests on the following grounds, which are incorporated by reference in each response below.

1.      Defendant's Damage Document Requests are overly broad, unduly burdensome, vague and/or ambiguous, or seek information that is unrelated to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence.

2.      Plaintiffs object to each Damage Document Request to the extent it seeks information protected from discovery by any evidentiary privilege or attorney work product.

3.      Plaintiffs object to each Damage Document Request to the extent it seeks information already in Defendant's possession or available from publicly available means.

4.      Plaintiffs' object to each Damage Document Request to the extent it seeks information related to the defense of mitigation because Defendant failed to plead mitigation as an affirmative defense in its Answer to Plaintiffs' Second Amended and Restated Complaint.

5.      Plaintiffs object to, and will not be bound by, any instructions or definitions included in Defendant's Damage Document Request to Plaintiffs to the extent those instructions or definitions could be construed to be broader than, or inconsistent with, the requirements of the Federal Rules of Civil Procedure.

## RESPONSES

1.      Plaintiffs object to this document request on grounds encompassed by the general objections.  Plaintiffs' also object to the production of income tax returns as irrelevant and seeking confidential information to the extent a class member's tax return reflects income from other sources, *i.e.* income earned by a spouse.  The document request is also objectionable as ALPA has not pleaded mitigation as an affirmative defense.   Furthermore, this action was bifurcated at the Defendant's request and, therefore, damages discovery was stayed pending the liability phase of this litigation and the Court's resolution of post-trial motions.  As such, discovery from class members has not yet concluded.

Subject to and without waiving these objections, Class Plaintiffs will seek to have a Class Notice and Request for Information approved by the Court and sent to all members of the Class. Upon receipt of class member discovery, Plaintiffs will produce responsive, non-privileged, non-confidential documents in their possession, custody and control.

2.      See Plaintiffs' Response to Document Request No. 1.

3.      See Plaintiffs' Response to Document Request No. 1.

4.     See Plaintiffs' Response to Document Request No. 1.

5.     Plaintiffs' object to this request as not reasonably calculated to lead the discovery of admissible evidence.

6.     See Plaintiffs' Response to Document Request No. 1.  Plaintiffs also rely and incorporate herein their expert reports which are due on September 28, 2012, as well as any supplemental reports.

7.     See Plaintiffs' Response to Document Request No. 1.  Plaintiffs also rely and incorporate herein their expert reports which are due on September 28, 2012, as well as any supplemental reports.

8.     See Plaintiffs' Response to Document Request No. 1.  Plaintiffs also rely and incorporate herein their expert reports which are due on September 28, 2012, as well as any supplemental reports.

9.     See Plaintiffs' Response to Document Request No. 1.  Plaintiffs also rely and incorporate here their expert reports which are due on September 28, 2012, as well as any supplemental reports.

10.     Plaintiffs' object to this request as not reasonably calculated to lead the discovery of admissible evidence.

11.     Subject to and without waiving any of the aforementioned objections, Plaintiffs will produce responsive, non-privileged, non-confidential documents in its possession, custody and control.

12.     See Plaintiffs' Response to Document Request No. 1.  Plaintiffs also rely and incorporate here their expert reports which are due on September 28, 2012, as well as any supplemental reports.

13.     Plaintiffs object to this document request on grounds encompassed by the general objections.  Plaintiffs also object on the ground it calls for trial strategy, mental impressions of counsel and/or otherwise infringes upon the attorney work product doctrine.  Subject to and without waiving any of the aforementioned objections, Plaintiffs will produce responsive, non-privileged, non-confidential documents in its possession, custody and control.

14.     Subject to and without waiving any of the aforementioned objections, Plaintiffs will produce responsive, non-privileged, non-confidential documents in its possession, custody and control.

# EXHIBIT 7

**Connell, John**

| | |
|---|---|
| **From:** | Fram, Steven |
| **Sent:** | Thursday, September 13, 2012 6:01 PM |
| **To:** | Allen Press |
| **Cc:** | Joe Jacobson; Lisa Rodriguez; Nicole Acchione; Dan Katz; Connell, John |
| **Subject:** | RE: Brady v. ALPA: Damages Discovery |
| **Attachments:** | ALPA.PDF |

Allen:

What do you mean you did not have requests in front of you during the call with the Judge?  During that call Dan and I referred the Judge to specific document requests and Dan noted the categories of documents that the class reps had failed to produce. He specifically mentioned tax returns and noted that we needed them. See pages 5 to 6 of the Transcript, which I have attached.

Moreover, specific requests in the document request, which was served on May 31, were also discussed at the hearing on July 31 – Lisa even mentioned filing a motion for a protective order -- and you certainly knew what the document requests were when you confirmed, in your below email of August 13, that plaintiffs were agreeing to produce everything sought with the exception of Request 5.  You also had plenty of notice of the phone conference with the Judge and obviously knew, if you were going to insist that these depositions proceed now, that ALPA would need all of the relevant documents.

So your suggestion that you were somehow not on notice of this issue or were not paying attention is makes no sense and is rejected.

We are entitled to tax returns and you can designate them as confidential under the Protective Order that is in effect. Tax returns are routinely produced in employment cases.  By the way, we are astonished to hear that you did not tell the class reps they had to produce their tax returns.  The Order is the Order.  You and your clients need to respect even those aspects of the Order that you do not like.

But it is not just tax returns.  You have failed to produce furlough notices or other furlough information for the class reps with the exception of a handful of documents.  You have also failed to produce other relevant information.  For example, we have reason to believe, from a document recently produced by American Airlines, that Sally Young was involuntarily separated from American without pay in March of 2011 and was not reinstated until September of that year.   If this was the result of some type of employment discipline we are entitled to know about it as ALPA obviously cannot be held liable for damages if Ms. Young, or any other member of the class, suffered a loss of wages reasons unrelated to its alleged conduct.

1

You insisted that these depositions should proceed now and the Judge ruled in your favor with certain conditions, including the production of documents by September 11. Your refusal to produce documents, despite being ordered to do so by the court, threatens to jeopardize the completion of these depositions.

**Steven Fram, Esq.**

One Centennial Square
Haddonfield, NJ 08033
Direct Dial: 856-354-3051
Mobile: 609-519-0858
Fax: 856-673-7051
sfram@archerlaw.com
www.archerlaw.com

## Archer&Greiner P.C.
### ATTORNEYS AT LAW

---

**From:** Allen Press [mailto:Press@stlouislaw.com]
**Sent:** Thursday, September 13, 2012 11:41 AM
**To:** Fram, Steven
**Cc:** Joe Jacobson; Lisa Rodriguez; Nicole Acchione; Dan Katz; Connell, John
**Subject:** RE: Brady v. ALPA: Damages Discovery

Your requests were directed to 2,300 people. We are well within our rights to ojbect to your overbroad discovery to the class. As to the class reps' documents, we have given you everything we have. We did not ask the class reps for their tax returns. I over-looked the fact that you wanted tax returns when we were on the phone with the Judge. I did not have the requests in front of me, and would have asked the Judge to rule on the discoverablity of those documents if I had not over-looked the fact that your request included tax returns. We did not discuss tax returns on the converence call. The discussion related primarily to wage information. We also talked about your request for job applications, but the Judge remarked that you should get into those issues at the depositions. The fact is that there is only one line on the class reps' tax returns that has any relevance to this case, the wages line, and you have the class reps' wages information for the years at issue. There is nothing else in their tax returns that you need, and they should not be forced to disclose the obviously private and sensitive information reported in their (and their spouses') tax returns. In the spirit of cooperation the Court would like to see us foster, we ask that you please reconsider your request for tax returns.

---

**From:** Fram, Steven [mailto:sfram@archerlaw.com]
**Sent:** Thursday, September 13, 2012 8:29 AM
**To:** Allen Press
**Cc:** Joe Jacobson; Lisa Rodriguez; Nicole Acchione; Dan Katz; Connell, John
**Subject:** Brady v. ALPA: Damages Discovery

Allen:

Counsel for ALPA were very surprised to receive on Tuesday from Plaintiffs' counsel a written response to ALPA's May 31, 2012 Document Request that purports to object to

the production of many of the categories of documents that have been requested from the class representatives.  So far we have received only a fraction of the documents responsive to that document request.  We know that many other documents that have not been produced must exist for the five pilots who will be deposed next week, including basic information like wage information for the years 2000 and 2001 for all five, tax returns for all five and furlough notices and recall notices for the class representatives who were furloughed.  These deficiencies were discussed during the phone conference with Judge Irenas on September 6.

ALPA does not accept the failure and refusal of the class representatives to produce all of the documents sought in our May 31 document request other than those responsive to Request 5.  And we submit that it is far too late for the assertion of any objections.  In that regard, I note the following:

1.  Plaintiffs were orally directed, during the hearing on July 31, 2012, to produce the responsive documents;
2.  After fairly extensive discussions among counsel, you confirmed, in the email exchange below, and which made reference to the attached draft and redline of the Case Management Order, that Plaintiffs were agreeing to produce all of the documents requested other than those responsive to Request 5.  See the highlighted language in Paragraph 4 below and your confirmation; and
3.  Most importantly, the Court's Order filed on September 7, 2012, required in Paragraph 3 that all of the documents sought other than those responsive to Request 5 be produced by September 11.

Plaintiffs' counsel have no right to object to producing documents after the Court has already directed their production. ALPA demands that the named class representatives immediately comply with the Court's Order and reserves all of its rights with respect to their failure to do so.

**Steven Fram, Esq.**

One Centennial Square
Haddonfield, NJ 08033
Direct Dial: 856-354-3051
Mobile: 609-519-0858
Fax: 856-673-7051
sfram@archerlaw.com
www.archerlaw.com



Archer&Greiner P.C.
ATTORNEYS AT LAW

**From:** Allen Press [mailto:Press@stlouislaw.com]
**Sent:** Monday, August 13, 2012 2:30 PM
**To:** Fram, Steven
**Subject:** RE: Brady v. ALPA: Proposed Order

Your message accurately sets forth our position.

**From:** Fram, Steven [mailto:sfram@archerlaw.com]
**Sent:** Friday, August 10, 2012 4:02 PM
**To:** Allen Press
**Cc:** Joe Jacobson; Lisa Rodriguez; Dan Katz; Connell, John; Nicole Acchione
**Subject:** RE: Brady v. ALPA: Proposed Order

Allen:

As a follow up to our phone conference of yesterday with Dan and John and our short discussion of today, I am attaching the form of Order that ALPA believes accurately memorializes the results of the hearing on July 31.   I also attach a redline to show the changes from the last order I forwarded.

I understand that you disagree with the following aspects of this Order:

1.  In Paragraph 1, second sentence, you believe that the second sentence of Paragraph 1 should have the word "reasonably" inserted between "seniority list" and "would have been;

2.  You believe that Paragraphs 3 and 4 should require ALPA to take the depositions of the five class reps and five APA/American witnesses before September 28 or be deemed to waive their right to do so.  If ALPA does proceed with those depositions before September 28 and then learns something in your expert reports that warrants additional questions, you would not oppose that, although you might disagreement about what might justify additional questions;

3.  In paragraph 3, you would want a presumption that the depositions of the class representatives would be taken in St. Louis rather than New Jersey; and

4.  **You object to having the pilots be required to provide documents responsive to document request 5 but do not object to the other document request.**

You have suggested that we should submit the form of Order to the Judge with alternative language and then let him resolve our disagreements.  Please advise me of any additional disagreements you have with the attached and I will be back in touch in terms of how we propose to proceed.

**Steven Fram, Esq.**

One Centennial Square
Haddonfield, NJ 08033
Direct Dial: 856-354-3051
Mobile: 609-519-0858
Fax: 856-673-7051
sfram@archerlaw.com
www.archerlaw.com

# Archer&Greiner p.c.
## ATTORNEYS AT LAW

---

**From:** Allen Press [mailto:Press@stlouislaw.com]
**Sent:** Thursday, August 09, 2012 11:46 AM
**To:** Fram, Steven
**Cc:** Joe Jacobson; Lisa Rodriguez; Dan Katz; Connell, John; Nicole Acchione
**Subject:** RE: Brady v. ALPA: Proposed Order

Who do we talk to concerning this issue, and when is he or she available to talk?

---

**From:** Fram, Steven [mailto:sfram@archerlaw.com]
**Sent:** Thursday, August 09, 2012 10:01 AM
**To:** Allen Press
**Cc:** Joe Jacobson; Lisa Rodriguez; Dan Katz; Connell, John
**Subject:** Brady v. ALPA: Proposed Order

Allen:

I am attaching a revised version of the form of Order.

We do not agree with your position that ALPA is required, as a result of the hearing on July 31, to take any depositions before we see Plaintiffs' expert reports.  We were given the option to do so and are confident that the transcript of the hearing, which we have been trying to obtain, will confirm that.

We have incorporated certain of your suggested revisions in the revised form of Order but either do not agree with or do not understand others.  Based upon a more careful review of our notes, we have also included several additional changes.

I am attaching a redline to show the changes from the draft form of Order we sent you originally.

Please either confirm that this form of Order is acceptable to you or, if not, let's set up a time to talk it through.

5

With respect to the class representatives, please forward to us, as soon as possible, the documents for them that we requested in our document request served on May 31.  After we have an opportunity to review those documents we will advise you of whether we want to proceed with any depositions before September 28.


**Steven Fram, Esq.**

One Centennial Square
Haddonfield, NJ 08033
Direct Dial: 856-354-3051
Mobile: 609-519-0858
Fax: 856-673-7051
sfram@archerlaw.com
www.archerlaw.com


# Archer&Greiner P.C.
ATTORNEYS AT LAW

---

**From:** Allen Press [mailto:Press@stlouislaw.com]
**Sent:** Tuesday, August 07, 2012 10:57 AM
**To:** Fram, Steven; Connell, John; Dan Katz
**Cc:** Joe Jacobson
**Subject:** Proposed Order

What is going on with this?  It's been a week now since the hearing.


AP


IRS Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) voiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.


IRS Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) voiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

INFORMATION CONTAINED IN THIS E-MAIL TRANSMISSION IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS EMAIL, DO NOT READ, DISTRIBUTE OR REPRODUCE THIS TRANSMISSION (INCLUDING ANY ATTACHMENTS). IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE IMMEDIATELY NOTIFY THE SENDER BY TELEPHONE OR EMAIL REPLY.

# EXHIBIT 8



**TRUJILLO
RODRIGUEZ &
RICHARDS, LLC**
A Pennsylvania Limited Liability Company
**ATTORNEYS AT LAW**

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

September 14, 2012

**VIA EMAIL AND REGULAR MAIL**
Steve Fram, Esquire
Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033

            RE:    *Brady, et al. v. Air Line Pilots Association, Int'l*
                    Civil Action No. 02-2917

Dear Steve,

      Enclosed please find document discovery from the five class representatives, that was previously produced by Allen Press in emails dated September 4-6, 19, 2012. All documents being reproduced have been Bates-stamped PD1 through PD65, and marked Confidential under the terms of the parties' July 12, 2012, Discovery Confidentiality Order. We are still collecting documents responsive to ALPA's Request for Documents, including but not limited to the class representatives' federal income tax returns, and will produce such documents upon our receipt of same.

                  Sincerely,

                  Nicole M. Acchione

                  Nicole M. Acchione

cc:    Dan Katz (via email)
        Plaintiffs' Counsel (via email)