**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICK BRADY, et al.,<br>Plaintiffs,<br>v.<br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br>Defendant. | No. 02 Civ. 2917 (JEI)<br>Electronically Filed<br>**Oral Argument Requested**<br>Motion Date: October 29, 2012 |

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR APPROVAL OF FORM OF CLASS NOTICE AND REQUEST FOR INFORMATION AND PLAN FOR DISSEMINATION OF CLASS NOTICE

Archer & Greiner
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033-0968
(856) 795-2121

*Pro Hac Vice:*

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ... 1

ARGUMENT ... 2

I. PLAINTIFFS' PROPOSED NOTICE IS IMPROPER ... 2

A. Court Approval is Unnecessary ... 2

B. Court Approval of Class Counsel's Notice Would Be Improper ... 5

II. PLAINTIFFS' MOTION IS PREMATURE ... 8

CONCLUSION ... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................5

*In re Cmty. Bank of N. Va.*,
418 F.3d 277 (3d Cir. 2005)....................2

*Easton & Co.* v. *Mut. Benefit Life Ins. Co.*,
Nos. 91-4012 (HLS), 92-2095 (HLS), 1994 U.S. Dist. LEXIS 12308 (D.N.J. May 18, 1994)....................8

*Hill* v. *Amoco Oil Co.*,
No. 97 C 7501, 2001 U.S. Dist. LEXIS 13489 (N.D. Ill. Aug. 27, 2001) ....................2, 3, 4

*Kyriazi* v. *W. Electric Co.*,
647 F.2d 388 (3d Cir. 1981)....................4

*Marshall* v. *Jerrico, Inc.*,
446 U.S. 238 (1980)....................5, 7

*Puffer* v. *Allstate Ins. Co.*,
614 F. Supp. 2d 905 (N.D. Ill. 2009)....................3

*Sessions* v. *Owens-Ill., Inc.*,
No. 1:07-CV-1669, 2011 U.S. Dist. LEXIS 62670 (M.D. Pa. June 13, 2011)....................8

*Stair* v. *Thomas & Cook*,
254 F.R.D. 191 (D.N.J. 2008) ....................4

*Walsh* v. *Great Atl. & Pac. Tea Co.*,
726 F.2d 956 (3d Cir. 1983)....................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 23(c)(2)(B) ....................4

Federal Rule of Civil Procedure 23(d)(1)(B) .................................................. 2, 3, 4

Order Approving Revised Form of Class Notice, Apr. 18, 2007, ECF No. 213 .................................................................................................. 3

Order Granting Class Certification, Feb. 12, 2003, ECF No. 48 .............................. 2

Order Granting Mot. to Amend Class Certification, Mar. 19, 2007, ECF No. 205 ..................................................................................... 3

**PRELIMINARY STATEMENT**

In their Motion for Approval of Form of Class Notice and Request for Information, class counsel needlessly seek to involve the Court in their communications with, and efforts to secure information from, their own clients. The motion should be summarily denied for two reasons.

First, Court approval of a communication from class counsel to their clients is not only unnecessary, but also would improperly lend the Court's imprimatur to class counsel's self-serving description of the proceedings and their efforts to bolster their case by eliciting information from their own clients.

Second, even if Court approval of Plaintiffs' proposed notice were proper, the request for information that class counsel propose is premature. If a notice is to be sent to the class, Defendant Air Line Pilots Association, International ("ALPA") should be afforded the opportunity to seek discovery from the class through that notice. Plaintiffs, however, have only begun to set forth their theory of damages in preliminary expert reports served just three days ago. And Plaintiffs have yet to fully produce the data underlying their experts' analysis. ALPA thus has had neither the time nor the information necessary to evaluate fully Plaintiffs' theory of damages and to determine what discovery it will need from class members.

ALPA therefore respectfully requests that the Court deny Plaintiffs' motion.

## ARGUMENT

## I. PLAINTIFFS' PROPOSED NOTICE IS IMPROPER

On February 12, 2003, the Court certified a class in this case. (*See* Order Granting Class Certification 3-4, Feb. 12, 2003, ECF No. 48.) In so doing, the Court recognized an attorney-client relationship between the members of the class and class counsel. *Cf. In re Cmty. Bank of N. Va.*, 418 F.3d 277, 313 (3d Cir. 2005). Though courts generally need not approve communications between attorneys and clients, class counsel now ask the Court to levy its authority to order class members to provide information and documents to their own attorneys. That is not the role for courts contemplated by Federal Rule of Civil Procedure 23(d)(1)(B) and, for that reason alone, Plaintiffs' motion should be denied. *See Hill* v. *Amoco Oil Co.*, No. 97 C 7501, 2001 U.S. Dist. LEXIS 13489, at *3 (N.D. Ill. Aug. 27, 2001).

### A. Court Approval is Unnecessary

Under Federal Rule of Civil Procedure 23(d)(1)(B), a court may issue orders requiring notice in some circumstances "to protect class members and fairly conduct the action." Fed. R. Civ. P. 23(d)(1)(B). "As

the Advisory Committee Notes to Rule 23 make plain, Rule 23(d)(2) [now codified in substantially the same form as Rule 23(d)(1)(B)] 'does not require notice at any stage, but rather calls attention to its availability and invokes the court's discretion.'" *Walsh* v. *Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 962 (3d Cir. 1983) (citation omitted). However, "[t]he purpose of providing notice is not to bolster the plaintiff's case, but rather to protect the due process rights of the absent class members." *Hill*, 2001 U.S. Dist. LEXIS 13489, at *3.

Plaintiffs do not claim that the purpose of their proposed notice is to protect the due process right of absent class members. Nor could they. The Court has already ordered notice at the class certification stage and the time to opt out of the class has long since expired. (*See* Order Approving Revised Form of Class Notice 1-2, Apr. 18, 2007, ECF No. 213; Order Granting Mot. to Amend Class Certification 3-5, Mar. 19, 2007, ECF No. 205.) And, unlike instances in which Rule 23(d)(1)(B) notice has been ordered, this case presents little risk of class members unknowingly forfeiting their right to sue or opt out of a class. *See, e.g.*, *Puffer* v. *Allstate Ins. Co.*, 614 F. Supp. 2d 905, 914-15 (N.D. Ill. 2009) (directing notice after class certification was *denied* because the statute of limitations could otherwise have expired on the class members' claims without their

knowledge); *Stair* v. *Thomas & Cook*, 254 F.R.D. 191, 204 (D.N.J. 2008) (ordering that Rule 23(c)(2)(B) notice of class certification and summary judgment against defendants be supplemented by Rule 23(d)(1)(B) notice informing class members, who still had opportunity to opt out, that the expected recovery for plaintiffs who remained in the class "may be as small as approximately $12.11 each.").[1] To the contrary, Plaintiffs concede that the purpose of their proposed notice is to "enable Plaintiffs and their experts to calculate actual damages for each and every Class Member." (Pls.' Br. 2.) In other words, Plaintiffs concededly seek to clothe themselves in the authority of the Court in an effort to bolster their case.

Plaintiffs offer no explanation for why they need the Court's approval to convey their request to absent class members. Indeed, Plaintiffs' counsel readily acknowledge that they have the means to communicate with members of the class by mail and through a secure website established for and utilized by members of the class. (Pls.' Br. 3.)

Because class notices generally should not be commandeered by plaintiffs for use as discovery devices, Plaintiffs' motion should be

---

1 Nor is this a case in which a court orders notice to a class certified under Rule 23(b)(2) following settlement. *See Kyriazi* v. *W. Electric Co.*, 647 F.2d 388, 395 (3d Cir. 1981) (affirming adequacy of notice sent to absent members of a Rule 23(b)(2) class informing them of eligibility to present claims and participate in hearings before Special Masters following settlement of a sex discrimination case).

denied. *See Hill*, 2001 U.S. Dist. LEXIS 13489, at *3 (denying the plaintiff's request "to approve notice as a discovery device").

**B. Court Approval of Class Counsel's Notice Would Be Improper**

Plaintiffs' motion should also be denied because it asks the Court to grant its imprimatur to class counsel's strategic decisions and one-sided characterization of the case. As the Court correctly noted during the September 18, 2012 teleconference, Plaintiffs' motion asks the Court to approve class counsel's strategic decisions about what they "need from [their] clients to help prove [their] case." (Teleconference Tr. 13:16-18, Sept. 18, 2012.) Plaintiffs' motion essentially asks the Court to give legal advice to class members about how to maximize their recovery at the damages trial. Moreover, Plaintiffs' proposed notice devotes several paragraphs to a one-sided and self-serving characterization of the litigation, but limits its description of ALPA's position to a single line. (Pls' Br., Ex. A, at 1-2.)

The role of the Court obviously is not to serve as an advocate for class counsel. Although "courts have a basic obligation to protect the pecuniary interests of absent class members," procedural due process requires "an impartial and disinterested tribunal in both civil and criminal cases." *Marshall* v. *Jerrico, Inc.*, 446 U.S. 238, 242 (1980); *In re Cendant*

*Corp. Litig.*, 264 F.3d 201, 260 n.45 (3d Cir. 2001). No authority suggests that the neutrality requirement ceases to apply in the context of class actions.

Plaintiffs' proposed notice states: "THIS NOTICE IS GIVEN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23 AND ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, ENTERED BY THE JUDGE IN THIS CLASS ACTION ON ________, 2012." (Pls' Br., Ex. A, at 1.) Although the notice includes a disclaimer stating that it is not an expression of the Court's opinion regarding the merits of the parties' claims or defenses, it includes a number of statements suggesting that the Court is ordering or advising class members to provide the required information. For example, the notice instructs class members that "your attorneys need information from you," and directs that "[i]f you were furloughed on or after April 5, 2001, following the merger between TWA, Inc. and American Airlines, you *must* produce the proof of employment income from 2001 through the present." (*Id.* at 2 (emphasis in original)). It also directs class members to send the requested information to their counsel and to contact their counsel if they "have questions about the nature of the information requested or need assistance filling out the paperwork." (*Id.* at 3.)

The legal advice given in the notice should not be stamped with the Court's imprimatur. A court is a neutral and disinterested forum for resolving disputes, not an advocate charged with assisting class members or their counsel in attempting to maximize their damage claims. *See Marshall*, 446 U.S. at 242. The Court's initial skepticism about whether it should approve the proposed notice because it "do[es]n't give legal advice" was well placed. (Teleconference Tr. 12:21, Sept. 18, 2012.) ALPA agrees that approving Plaintiffs' proposed notice would be tantamount to the Court offering legal advice to class members.

Class members could also easily misinterpret the notice as a court order requiring them to provide the requested information to their attorneys. The notice states that it is given by order of the Court, class counsel need information from class members, and furloughed pilots "must" produce certain evidence. (*See* Pls' Br., Ex. A, at 1-3.) Thus, the proposed notice, if approved by the Court, is likely, at the very least, to cause confusion among class members. Some may believe that they must submit the requested information or risk contempt.

Because Plaintiffs' motion asks the Court to play an inappropriate role and is likely to cause confusion, the motion should be denied.[2]

## II. PLAINTIFFS' MOTION IS PREMATURE

Plaintiffs' motion should also be denied because it is premature. In contrast to class counsel's request for assistance in obtaining discovery from their own class members, it is not uncommon for Courts to approve a notice to a class for purposes of assisting *defendants* in obtaining discovery from members of the class against whose claims they are defending. *See, e.g.*, *Sessions* v. *Owens-Ill., Inc.*, No. 1:07-CV-1669, 2011 U.S. Dist. LEXIS 62670, at *6 (M.D. Pa. June 13, 2011) (recognizing that sister districts within the Third Circuit have endorsed an approach allowing defendants to obtain discovery from absent class members in some circumstances); *see also Easton & Co.* v. *Mut. Benefit Life Ins. Co.*, Nos. 91-4012 (HLS), 92-2095 (HLS), 1994 U.S. Dist. LEXIS 12308, at *16 (D.N.J. May 18, 1994) (denying plaintiff's motion for a protective order precluding defendants from taking discovery of absent class members).

At this time, however, Plaintiffs have just begun to articulate a theory of damages in preliminary expert reports served on October 12, 2012.

---

2 If the Court nonetheless disagrees and grants Plaintiffs' motion, the portions of the notice discussed above should be struck.

And Plaintiffs have not yet produced all of the materials necessary to understand and evaluate these reports, including, for example, the "but-for" seniority list which purports to show how TWA's pilots would have been integrated into American's pilot roster pursuant to Plaintiffs' theory of the case. E, based on ALPA's initial review of the preliminary reports and the portion of the supporting material that has been produced, ALPA has substantial questions about their methodology and legitimacy. Further, should ALPA decide to retain rebuttal experts after reviewing Plaintiffs' expert reports, ALPA's rebuttal experts may need information from absent class members. ALPA and its experts accordingly have not yet had the opportunity to evaluate fully even those preliminary expert reports for purposes of determining what discovery it eventually may need from the class members in the damages phase of this case.

As Plaintiffs noted during the September 18 conference, if Court-approved notice seeking discovery is to be sent to the class, it should be sent "one and only one time." (Teleconference Tr. 13:7, Sept. 18, 2012.) Sending multiple notices would be inefficient and unduly burdensome, and permitting a single notice to be sent at this time would deprive ALPA of the opportunity to take discovery of the class members to which it is entitled.

Plaintiffs' motion accordingly should be denied as premature.

**CONCLUSION**

For the foregoing reasons, ALPA respectfully requests that the Court deny Plaintiffs' motion for approval of class notice in all respects.

Dated: October 15, 2012

Respectfully submitted,

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08016
(856) 795-2121

By: *\/s/ Kerri E. Chewning*
John C. Connell, Esquire
Steven J. Fram, Esquire
Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Theodore V. Wells, Jr., Esquire
Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*