# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br><br>                Defendant. | Civil Action No. 02-2917 (JEI)<br><br>**Oral Argument Requested**<br><br>Motion Date: November 19, 2012 |

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## AIR LINE PILOTS ASSOCIATION, INTERNATIONAL'S
## MOTION FOR LEAVE TO AMEND ANSWER

_____

                              Archer & Greiner
                              A Professional Corporation
                              One Centennial Square
                              P.O. Box 3000
                              Haddonfield, New Jersey 08033-0968
                              (856) 795-2121

*Pro Hac Vice:*

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

**Table of Contents**

**Page**

Preliminary Statement ................................................................................................ 1

Argument .................................................................................................................... 2

I.   Amending the Answer Would Not Prejudice Plaintiffs ................................ 3

II.  Amending the Answer Will Not Delay this Case .......................................... 4

Conclusion ................................................................................................................. 5

## **Table of Authorities**

**Page(s)**

**CASES**

*Eddy* v. *V.I. Water & Power Auth.*,
 256 F.3d 204 (3d Cir. 2001) ................................................................................. 2, 5

*Jackson* v. *Comm'r NJSP*,
 No. Civ. 00-4875, 2005 WL 3542465 (D.N.J. Dec. 27, 2005) ............................... 2

*Ning Shing (U.S.A.)* v. *Howard Berger Co.*,
 No. 97-604 (WGB), 1997 U.S. Dist. LEXIS 22771 (D.N.J. Aug. 4, 1997) ........... 2

*Sultan* v. *Lincoln Nat'l Corp.*,
 No. 03-5190 (JBS), 2006 WL 1806463 (D.N.J. June 30, 2006) ............................ 2

*UMG Mfg. & Logistics, Inc.* v. *I Heller Constr. Co.*,
 No. 04-5951 (SRC) (MAS), 2008 WL 5210661 (D.N.J. Dec. 11, 2008) ............... 2

*Wells Fargo Bank, N.A.* v. *LaSalle Bank Nat'l Ass'n*,
 No. 2:08-CV-1448 JCM (RJJ), 2011 WL 6300796 (D. Nev. Dec. 15,
 2011) ....................................................................................................................... 4

*Williams* v. *Jader Fuel Co.*,
 944 F.2d 1388 (7th Cir. 1991) ................................................................................ 4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15 ............................................................................................................ 1

Defendant Air Line Pilots Association, International ("ALPA") respectfully submits this memorandum of law in support of its motion for leave to amend its answer to assert failure to mitigate damages as an affirmative defense.

## Preliminary Statement

This case is a class action related to ALPA's alleged breach of its duty of fair representation. The parties are currently conducting discovery in preparation for the damages phase of the trial. As Plaintiffs explained in their Brief in Support of Motion to Approve Class Notice, "[i]n order to prove damages in this phase of the litigation, Plaintiffs will be required to set off their claimed monetary damages with actual employment earnings for each pilot per year . . . ." (Pls.' Br. in Supp. of Mot. to Approve Class Notice and Request for Information, and Plan for Dissemination of Class Notice 1, ECF No. 498-1.) To the extent class members did not pursue opportunities to earn income that would be set off against their claimed monetary damages, ALPA should be entitled to raise that failure to mitigate as an affirmative defense. Pursuant to Federal Rule of Civil Procedure 15, ALPA's request to amend its answer to include an affirmative defense based on Plaintiffs' failure to mitigate damages should be granted. *See* Fed. R. Civ. P. 15.

## Argument

"Under Fed. R. Civ. P. 15(a), a responsive pleading may be amended at any time by leave of court to include an affirmative defense, and 'leave shall be freely given when justice so requires.'" *Eddy* v. *V.I. Water & Power Auth.*, 256 F.3d 204, 209 (3d Cir. 2001) (quoting *Charpentier* v. *Godsil*, 937 F.2d 859, 863-64 (3d Cir. 1991)). "Unless the opposing party will be prejudiced, leave to amend should generally be allowed." *Id.* (quoting *Charpentier*, 937 F.2d at 864). "[A] defendant does not waive an affirmative defense if he raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id.* (internal quotation marks omitted and second alteration in original). Courts in this district routinely allow amendment of answers to assert new affirmative defenses as a matter of course. *See, e.g.*, *UMG Mfg. & Logistics, Inc.* v. *I Heller Constr. Co.*, No. 04-5951 (SRC) (MAS), 2008 WL 5210661, at *4 (D.N.J. Dec. 11, 2008); *Sultan* v. *Lincoln Nat'l Corp.*, No. 03-5190 (JBS), 2006 WL 1806463, at *13 (D.N.J. June 30, 2006); *Jackson* v. *Comm'r NJSP*, No. Civ. 00-4875, 2005 WL 3542465, at *12 (D.N.J. Dec. 27, 2005); *Ning Shing (U.S.A.)* v. *Howard Berger Co.*, No. 97-604 (WGB), 1997 U.S. Dist. LEXIS 22771, at *1-2 (D.N.J. Aug. 4, 1997).

## I.  Amending the Answer Would Not Prejudice Plaintiffs

Amending ALPA's answer to assert failure to mitigate as an affirmative defense will not prejudice Plaintiffs.  Plaintiffs can hardly claim to be surprised that mitigation will be an issue at the damages trial.  They have admitted that they need information from absent class members because they "will be required to set off their claimed monetary damages with actual employment earnings for each pilot per year." (Pls.' Br. in Supp. of Mot. to Approve Class Notice and Request for Information, and Plan for Dissemination of Class Notice 1.)  Indeed, during the July 12, 2012 hearing, Plaintiffs said that they were "sure" ALPA would want to "address the mitigation issues" (July 12, 2012 Hr'g Tr. 4:13), acknowledging that "there will be issues with regard to mitigation and what is and what is not mitigation" at the damages trial.  (*Id.* 9:1-3; *see also id.* 9:13-15.)  They also said that the plaintiffs were considering raising "*in limine* issues . . . with regard to mitigation." (*Id.* 11:8-9.)  They even asked the Court to approve a proposed notice to class members stating that furloughed pilots "*must* produce proof of employment income from 2001 through the present" in order to prove damages. (Notice and Request for Information 2, ECF No. 498-2 (emphasis in original).)  Because Plaintiffs already intend to seek discovery on what class members earned and Plaintiffs have been aware for months that mitigation is at issue, adding an affirmative defense based on Plaintiffs' failure to mitigate will not cause any unfair

3

surprise or undue burden. Amendment will simply conform the answer to the issues that Plaintiffs already concede are present in the case.

Moreover, mitigation has only recently become relevant as this case has moved into the damages phase. *See Williams* v. *Jader Fuel Co.*, 944 F.2d 1388, 1402 (7th Cir. 1991) (stating that two affirmative defenses relating to mitigation "should be considered only in the damages phase"); *Wells Fargo Bank, N.A.* v. *LaSalle Bank Nat'l Ass'n*, No. 2:08-CV-1448 JCM (RJJ), 2011 WL 6300796, at *3 (D. Nev. Dec. 15, 2011) ("Mitigation of damages is a remedy-related issue that should properly be asserted in the remedy phase."). Because Plaintiffs' failure to mitigate damages was largely irrelevant before the liability verdict, Plaintiffs cannot claim to suffer any harm from amendment of ALPA's answer. Indeed, by not seeking discovery of Plaintiffs' mitigation efforts before the liability verdict, ALPA saved considerable time and expense for Plaintiffs on what would have been an irrelevant issue had the liability verdict been different.

## II.   Amending the Answer Will Not Delay this Case

ALPA's amending its answer to assert failure to mitigate as an affirmative defense does not risk delaying the ultimate disposition of this case. Discovery at the damages phase is just beginning, and ample time remains for ALPA to pursue discovery on Plaintiffs' failure to mitigate damages without delaying any Court proceedings. Indeed, Plaintiffs have informed the Court that it is already their

intention to pursue discovery from the class regarding the "actual employment earnings for each pilot per year." (Pls.' Br. in Supp. of Mot. to Approve Class Notice and Request for Information, and Plan for Dissemination of Class Notice 1.) Thus, ALPA seeks to add the affirmative defense of failure to mitigate at a pragmatically sufficient time.

For all of the above reasons, the Court should grant ALPA's motion for leave to amend its answer, and should allow ALPA to replace its current answer with the answer filed contemporaneously with this memorandum. *See Eddy*, 256 F.3d at 209.

## Conclusion

Justice requires granting ALPA leave to amend its answer. Thus, ALPA respectfully submits that its motion for leave to amend its answer should be granted.

Dated:  October 23, 2012  Respectfully submitted,

                                              Theodore V. Wells, Jr., Esquire
                                              Paul, Weiss, Rifkind, Wharton
                                                  & Garrison LLP
                                              1285 Avenue of the Americas
                                              New York, New York 10019-6064
                                              (212) 373-3000

                                               - and -

                                              Archer & Greiner
                                              A Professional Corporation
                                              One Centennial Square
                                              P.O. Box 3000
                                              Haddonfield, New Jersey 08033
                                              (856-795-2121

                                              By:   */s/ John C. Connell*
                                                   John C. Connell, Esquire
                                                   Steven J. Fram, Esquire
                                                   Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*
9013889v1