**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, New Jersey 08033
(856) 795-9002
Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br><br>Defendant. | Civil Action No. 02-2917 (JEI) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER**

Plaintiffs oppose ALPA's motion for leave to amend its Answer to assert failure to mitigate damages as an affirmative defense.

**INTRODUCTION**

After a decade of litigation, including a jury trial on the issue of liability, ALPA now seeks for the first time to amend its Answer to include the affirmative defense of failure to mitigate. ALPA does not explain why it did not include mitigation as a defense in its February 2005 Answer to Plaintiffs' Second Amended and Restated Complaint.

ALPA contends Plaintiffs will not be prejudiced by its nearly eight year delay. Plaintiffs, however, will be unduly prejudiced if ALPA is permitted leave to add this affirmative defense. Failure to mitigate has never been part of this case, has not been the subject of discovery, and

should not be allowed to become part of this case at this junction. Damage phase discovery is well underway, the class representatives have all been deposed, and Plaintiffs' expert reports on damages have already been served.

Moreover, the defense of failure to mitigate cannot stand in this case and thus leave to amend would be futile. Although the class members' earnings under an alternative, appropriate seniority list should be reduced by each class member's actual earnings during the class period — and class counsel has already begun the process to collect data on set-off earnings from the class members — it is not reasonable to require the class members to present evidence of their efforts to obtain substitute employment in the airline industry as proof of their efforts to mitigate damages where ALPA can make no showing that any significant number of substantially equivalent airline jobs were available to the class members following the events of September 11, 2001. When an amendment would be futile, it should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings. Although the right to amend should be liberally granted, leave to amend should not be granted where there is undue delay, undue prejudice, bad faith, or futility of amendment. *Hoffman-La Roche Inc. v. Cobalt Pharms., Inc.*, 2010 U.S.Dist. LEXIS 79114, * 5-6 (D. N.J. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)).

### A.     The Proposed Amendment Would be Futile

The duty to mitigate damages requires an injured plaintiff to search for substantially similar employment.

> In order for a plaintiff to recover on a fair representation claim, he must show that he "use[d] reasonable diligence in finding other suitable employment." *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998) (citing *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231, 102 S. Ct. 3057, 73 L. Ed. 2d 721 (1982)). This duty,

2

> however, is "not onerous." *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997). The "unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position," but "he forfeits his right to back pay if he refuses a job substantially equivalent to the one he was denied."

*Ramey v. Dist. 141*, 362 Fed. Appx. 212, 215-216 (2d Cir. N.Y. 2010).

The burden is on ALPA to establish a failure to mitigate. "While it is the duty of a discrimination claimant to mitigate her losses, it is the employer who has the burden of proving a failure to mitigate." *Caufield v. Center Area School Dist.*, 133 Fed. Appx 4, 10-11 (3d Cir. 2005); see *Robinson v. Southeastern Pa. Transp. Auth., Red Arrow Div.*, 982 F.2d 892, 897 (3d Cir. 1993); *Goss v. Exxon Office Systems Co.*, 747 F.2d 885, 889 (3d Cir. 1984). To prove a failure to mitigate, ALPA must establish either (1) that other *substantially equivalent* positions were available to class members, and they failed to use reasonable diligence in attempting to secure those positions, or, (2) that a particular class member withdrew entirely from the employment market. *Tubari, Ltd. v. NLRB,* 959 F.2d 451, 454 (3d Cir. 1992).

It is undisputed that the events of September 11, 2001 hit the airline industry hard, leading to unprecedented furloughs. Under these circumstances, and given the extreme delay in ALPA's proposed assertion of failure to mitigate as a potential affirmative defense, the burden ought to be placed on ALPA to demonstrate the existence of sufficient numbers of substantially-equivalent jobs available to the class members *before* it is allowed to amend its answer and require the 2,300 class members to offer evidence about the efforts they made to secure the jobs that were not there.

If ALPA had pled failure to mitigate in a timely fashion, the class could have moved for summary judgment on the claim based on the lack of any substantially-equivalent jobs being available, long before damages discovery began. Now, if ALPA is allowed to make this

amendment, plaintiff would be caught on the horns of a dilemma. They will be forced to either move for summary judgment on this issue, delaying discovery and this case further while the issue is briefed and decided, or they will be forced to provide discovery on this issue to ALPA — an arduous and time-consuming task — when the issue itself has no serious merit.

The issue of mitigation is quite different from the related issue of set-off. While everyone agrees that adequate numbers of substantially-equivalent airline jobs have not been available during the class period, that does not mean that the pilots did not have any alternative job opportunities. Income that class members earned from employment while on furlough is relevant to their damages claims under the theory of set-off. Plaintiffs will present set-off evidence for every class member who was furloughed during the class period. These earnings will be deducted from the earning they would have earned at American Airlines under a proper seniority list for each applicable time period, thereby reducing their lost earnings to their actual lost-wages damages.

### B.     Undue Prejudice to Plaintiffs and the Certified Class

As noted above, if ALPA is permitted to amend its answer as requested, the result will be to open the floodgates of additional discovery, requiring the class to provide evidence of the efforts each class member made to seek a non-existent replacement pilot's job. ALPA has already attempted to open these floodgates. For example, in its Request for the Production of Documents Relating to Damages (served May 2012) ALPA requested documents of any kind reflecting class members' efforts to secure employment, including job applications, resumes, and the like dating back to 2001. This will be a massive undertaking, and will impose a massive time commitment on the part of class counsel to marshal evidence that, in the end, will not be admissible or relevant to any issue on damages. Moreover, much of this evidence is unlikely to

4

still exist. To the extent class members ever had documents responsive to this request, they were not on notice to retain such information until May 2012, at the earliest, and, more likely, not until October 2012, when the motion to amend was filed. "[A] party is not put on notice of an affirmative defense based on discovery requests." *Hoffman La Roche*, 2010 U.S.Dist. LEXIS 79114, * 9. Yet, although plaintiffs and the class members have been under no obligation to preserve this irrelevant information, one can be sure that ALPA will attempt to make hay of its absence before the jury. This will prejudice the class.

There is other prejudice here as well. Plaintiffs' experts' reports do not consider failure to mitigate. Failure to mitigate was not part of the case when the experts prepared their reports. ALPA waited until eleven days after the expert reports were delivered to first attempt to amend its answer to add failure to mitigate to its affirmative defenses. Whether the timing was innocent or not, the impact is the same: if the new affirmative defense is allowed to be answered, plaintiffs will have to ask their experts to consider the defense and possibly amend their reports in light of the defense. This means more expense. Even more significantly in this long-running case, this means more delay. Similarly, the five class representatives have all already been deposed by ALPA. If the amendment is allowed, ALPA will undoubtedly express its need to redepose the class representatives. This means more expense, more delay, and more burden on the class representatives, who have already expended time and effort far beyond the norm for representative plaintiffs in a class action.

C.   **Undue Delay**

ALPA did not move to amend its Answer until almost eight years after the filing of its Answer. This was more than fourteen months after the jury found ALPA liable for breaching its duty of fair representation to the TWA pilots, over five months since damage discovery resumed,

5

over three months after Plaintiffs raised the lack of the affirmative defense at a status conference, and eleven days after Plaintiffs served their damage phase expert reports, and following the completion of the five class representative depositions. A court can deny a motion to amend, "if the movant's delay in seeking the amendment is undue." *Hoffman-La Roche*, 2010 U.S.Dist.LEXIS 79114, * 6 (citing *Forman*, 371 U.S. at 182).

Although delay alone is an insufficient reason to deny leave to amend, *id.*, denial of a request to amend is appropriate where the delay is unexplained and granting leave to amend will place an unwarranted burden on the opposing party. ALPA's delay is unexplained. The burden granting leave will place on the class, including the likelihood of additional delays and the need to produced pointless discovery, have been discussed above.

For all these reasons, ALPA's motion should be denied.

Dated:  November 5, 2012                                Respectfully submitted,

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By: s/ Lisa J. Rodriguez
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, NJ  08033
(856) 795-9002

Green Jacobson, P.C.
Allen Press
Joe Jacobson
7733 Forsyth Boulevard, Suite 700
Pierre Laclede Center
St. Louis, Missouri 63105
(314) 862-6800