UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>AIR LINE PILOTS ASSOCIATION,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 02-2917<br>(JEI)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND DEFENDANT'S ANSWER (Dkt. No. 510)** |

**APPEARANCES:**

TRUJILLO, RODRIGUEZ & RICHARDS, LLP
By: Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, NJ 08033
    Counsel for Plaintiffs

GREEN JACOBSON, PC
By: Allen P. Press
7733 Forsyth Boulevard
Suite 700 Pierre Laclede Center
St. Louis, MO 63105
    Counsel for Plaintiffs

ARCHER & GREINER, PC
By: John C. Connell
One Centennial Square
Haddonfield, NJ 08033
    Counsel for Defendants

*Pro Hac Vice*:
KATZ & RANZMAN, PC
By: Daniel M. Katz
4530 Wisconsin Ave., N.W., Suite 250
Washington, DC 20016
    Counsel for Defendants

1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
BY: Jay Cohen
Daniel J. Toal
1285 Avenue of the Americas
New York, NY 10019
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    This matter having come before the Court upon Defendant ALPA's Motion for Leave to Amend Answer (Dkt. No. 510); oral argument having been held on January 4, 2013; the Court having considered the parties' oral and written submissions; and it appearing that:

    1.  The first Complaint in this case was filed on June 19, 2002.  (Dkt. No. 1)  Plaintiffs filed their Second Amended Restated Complaint in this case on January 27, 2003.  (Dkt. No. 45)  Defendant ALPA filed its answer to that Complaint on February 1, 2005.  (Dkt. No. 100)  A jury trial was held solely on the issue of liability in June and July 2011, with a verdict returned in favor of Plaintiffs.  (Dkt. No. 414)  Currently the parties are engaged in discovery for the damages phase of the case.

    2.  ALPA filed the instant motion on October 23, 2012 seeking leave to amend its answer to Plaintiffs' Second Amended

Restated Complaint.  (Dkt. No. 510)  Specifically, ALPA seeks to add an affirmative defense of failure to mitigate.

3.   At the outset, the Court notes that there are two types of mitigation at issue in this case.  The first is the set-off from the class members' actual earnings.  The second is mitigation in the form of whether class members took adequate steps to find substantially similar employment.

4.   There is no question that Defendants should be able to use set-offs to determine the scope of damages.  Indeed, the set-offs are properly encompassed in the definition of lost earnings in this case.  Defendants seek to introduce the second type of mitigation.

5.   Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  But where a party's "delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party," the court may deny leave to amend.  *Adams v. Gould Inc.*, 739, F.2d 858, 864 (3d Cir. 1984).

6.   Both undue delay and prejudice are present here.  "[T]he question of undue delay requires that [the Court] focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.23d 267, 273 (3d Cir. 2001).  ALPA filed its Answer on February 1, 2005.  (Dkt. No. 100)  Given the nature of the case, it should have been apparent

3

to ALPA then that mitigation based on class members' not seeking employment was a possible defense.  ALPA has provided no adequate reason why it waited almost eight years before seeking to amend its Answer.

    7.  Allowing the amendment after such a long period has passed also would result in prejudice to the Plaintiffs and the Certified Class.  Had failure to mitigate been raised as an affirmative defense in 2005, Plaintiffs and class members could have taken steps to preserve documents and develop that element of the case.  In short, Plaintiffs' "ability to present [their] case would be seriously impaired were amendment allowed."  *Dole v. Arco Chem. Co.*, 921 F.2d 848, 488 (3d. Cir. 1990).

IT IS on this 9th day of January, 2013,

    **ORDERED THAT:**

    Defendant ALPA's Motion for Leave to Amend Answer (Dkt. No. 510) is hereby **DENIED**.

    /s/ Joseph E. Irenas_____

    **Joseph E. Irenas, S.U.S.D.J.**