**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, New Jersey 08033
(856) 795-9002
Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICK BRADY, et al. | Civil Action No. 02-2917 (JEI) |
| Plaintiffs, | |
| v. | |
| AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PRECLUDING THE DEPOSITIONS OF SCOTT SCHWARTZ AND JOHN HEFLEY**

**INTRODUCTION**

ALPA has issued deposition subpoenas addressed to two members of the class who are neither named plaintiffs nor class representatives. Despite clear case law prohibiting discovery from non-party class members without a showing of particularized need, ALPA has not sought permission from this Court for these depositions. Nor has ALPA provided any explanation of why it has a need for the testimony of these class members on any issue related to damages. Because ALPA has not even attempted to meet its burden to show that the two proposed depositions are both necessary and sought in good faith for a proper purpose, the Court should

enter a protective order precluding absent class member depositions, including the depositions of Scott Schwartz and John Hefley.

## FACTS

On December 28, 2012, ALPA served plaintiffs' counsel with two subpoenas purporting to compel deposition testimony from former TWA pilots Scott Schwartz and John Hefley. See Exhibit A. Schwartz and Hefley are both members of the certified class of former TWA pilots. Neither is a named plaintiff or class representative. ALPA served the subpoenas directly on class counsel. The subpoenas did not list any topics for the depositions or provide any scope of what the depositions would cover.

Plaintiffs' counsel advised defense counsel that they were not authorized to accept service for Hefley or Schwartz.[1]

On January 8, 2013, ALPA purported to issue subpoenas directly to Schwartz and Hefley, and served class counsel with notices of depositions. See Exhibit B. Once again, the subpoenas did not include any scope of topics to be covered. Class counsel does not know why ALPA is seeking the depositions of these two class members and cannot conceive how their testimony could be in any way relevant to any issue in the upcoming damages trial.

Although to plaintiffs' knowledge neither Schwartz nor Hefley have yet been served with his respective subpoena, it is anticipated that both will be served in advance of his scheduled deposition, currently noticed for January 24 and 25, 2013.

## ARGUMENT

Unlike the named plaintiffs in a class action, non-representative, non-lead plaintiffs are treated as "absent" class members and are not subject to discovery. *In re Lucent Tech. Secs.*

---

[1] Plaintiffs' counsel complied with its meet and confer obligations required by Federal Rule of Civil Procedure 26(c)(1). See Certification of Allen P. Press filed herewith.

*Litig.*, 2002 U.S. Dist. LEXIS 24973, at *6 (D.N.J., July 15, 2002). Defendants are not permitted to take discovery from absent class members without a showing of particularized need. *Id.,* at *6-7 (absent class members not subject to discovery); *see also Kline v. First W. Gov't Sec.*, 1996 U.S. Dist. LEXIS 3329, at *4-5 (E.D. Pa., March 11, 1996) ("if discovery from absent members of the class is permissible at all, it should be sharply limited and allowed only on strong showing of justification" quoting 8 Wright, *et al., Federal Practice and Procedure* § 2171 (2d ed. 1994)); *Sessions v. Owens-Illinois, Inc.*, 2011 U.S. Dist. LEXIS 62670, at *5 (M.D. Pa., June 13, 2011) (broad discovery rules do not apply to absent class members).

Courts in this circuit do not permit discovery from absent class members without a prior showing that (1) the information requested is relevant to the resolution of *common* questions, (2) the discovery requests are tendered in good faith and are not unduly burdensome, and (3) the information is not available from the class representatives. *Kline*, 1996 U.S. Dist. LEXIS, at *8-9. ALPA carries the burden of such a showing. *Clark v. Universal Builders, Inc.*, 501 F.2d 324. 341(7th Cir. 1974) ("the party seeking the depositions has the burden of showing necessity and absence of any motive to take undue advantage of the class members"). The barriers to absent class member discovery are even greater when the discovery sought is through deposition. The courts have found the potential that absent class members might be subject to unduly harsh questioning during depositions. *Kline*, 1996 U.S. Dist. LEXIS, at *8-9 (citing *Clark*, 501 F.2d at 340-41).

ALPA has not carried its burden of showing necessity and the absence of an improper motive. Neither version of the subpoenas issued by ALPA provides any scope of topics for the depositions of Schwartz and Hefley. While the federal rules do not require deposition notices addressed to individuals to list topics to be covered, given the requirement for a particularized

3

showing of need for the deposition of an absent class member, the absence of a list of topics is suggestive of an absence of need. Moreover, neither Schwartz nor Hefley were identified as witnesses by either party in their supplemental Rule 26 disclosures. If ALPA is aware of damages evidence that can only be provided by Schwartz and Hefley, then ALPA was obligated to supplement its Rule 26 disclosures to add these witnesses and disclose the particular evidence expected to be addressed.

This court has already held that discovery from individual class members about their personal damages would be premature until Plaintiffs' expert submits his report. *See* Exhibit C, (Transcript of Oral Argument of May 4, 2012, 65:5-7). Plaintiffs' supplemental expert report is due at the end of this month. If ALPA is, in fact, seeking information on Schwartz's and Hefley's personal damages, then the deposition notice is premature. If ALPA is seeking to depose Schwartz and Hefley for some reason other than with respect to their personal damages, then such discovery would not be reasonably calculated to lead to the discovery of evidence admissible in the damages trial, and thus would be improper. The court should not permit the depositions of absent class members Schwartz and Hefley to go forward.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request this Court enter a protective order precluding the depositions of Scott Schwartz and John Hefley.

Dated: January 10, 2013        Respectfully submitted,

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By: _s/ Lisa J. Rodriguez_
 Lisa J. Rodriguez
 Nicole M. Acchione
 258 Kings Highway East
 Haddonfield, NJ 08033
 (856) 795-9002

**GREEN JACOBSON, P.C.**
Allen Press
Joe Jacobson
7733 Forsyth Boulevard, Suite 700
Pierre Laclede Center
St. Louis, Missouri 63105
(314) 862-6800