**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828 6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2 CHOME
CHIYODA-KU TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3163

WRITER'S DIRECT FACSIMILE
(212) 373-2399

WRITER'S DIRECT E-MAIL ADDRESS
jaycohen@paulweiss.com

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
BRAD J FINKELSTEIN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
JOYCE S HUANG
DAVID S HUNTINGTON

JEH C JOHNSON
MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JOHN J O'NEIL
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
LAWRENCE G WEE
THEODORE V WELLS JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

January 17, 2013

**Via ECF**

The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

      Re:    ***Brady, et al.* v. *Air Line Pilots Association, Int'l***
             **Civil Action No. 02-2917 (D.N.J. Camden) (JEI)**

Dear Judge Irenas:

      We write in response to plaintiffs' letter of yesterday afternoon requesting a conference with the Court to address plaintiffs' motion for a protective order. In that motion, plaintiffs seek to prevent the depositions of two fact witnesses, John Hefley and Scott Schwartz, that the Court has already expressly authorized.

      Pursuant to the Court's November 15, 2012 Order, ALPA is subject to a January 31, 2013 deadline for completing the depositions of Hefley and Schwartz, as well as the depositions of four additional TWA-related witnesses and plaintiffs' two experts. (Nov. 15, 2012 Order ¶¶ 1, 2.) As the Court recalls, this Order was issued following the November 15, 2012 Status Conference, during which ALPA sought and obtained the Court's permission to depose Hefley, Schwartz, and the other witnesses. (Nov. 15, 2012 Status Conference Tr. at 71; Nov. 15, 2012 Order ¶ 1.) During the Status Conference, Plaintiffs' counsel expressly stated that he had "no objection to the TWA discovery [ALPA] seek[s]." (Nov. 15, 2012 Tr. at 33.) And plaintiffs raised no objections at any

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Joseph E. Irenas, S.U.S.D.J.                                    2

time in the nearly two months that followed, even though the parties appeared again before the Court on January 4 in connection with defendant's motion to amend.

   At the November 15 Conference, I detailed for the Court the reasons ALPA proposed to take these depositions, which are independent of their membership in the plaintiff class. (Nov. 15, 2012 Status Conference Tr. at 19-27.) Specifically, I explained that these witnesses would provide testimony demonstrating that "TWA had no options" and "was on the verge of bankruptcy," issues that go to the heart of plaintiffs' damages theory. (Nov. 15 Tr. at 26.) To support their theory of damages, plaintiffs' experts assert that the TWA pilots could have negotiated a better seniority integration list with the Allied Pilots' Association ("APA") because, they assume, the TWA pilots' "reasonable [pre-transaction career] expectations" were relatively high.

   By virtue of their positions on the TWA Master Executive Council ("MEC"), Hefley and Schwartz have factual information relevant to this foundational assumption for the plaintiffs' expert reports. Schwartz was the Vice Chairman of the TWA MEC and even offered testimony during TWA's bankruptcy proceeding in support of American Airlines' acquisition of substantially all of TWA's assets. Hefley served on (and authored the minutes of) the TWA MEC's Merger Committee, which was charged with negotiating with the APA regarding seniority integration. We thus made clear at the conference that we were seeking to depose these witnesses not in their capacities as class members, but as percipient fact witnesses. In particular, in view of their positions, both witnesses are expected to have knowledge concerning, among other things, (i) TWA's perilous financial condition at the time of the transaction, (ii) the absence of any viable alternatives to American Airline's proposed asset acquisition, and (iii) the history of the negotiations between representatives of the TWA MEC and the APA regarding seniority integration. All of these issues bear directly on the viability of plaintiffs' speculative and counter-factual damage models. Notwithstanding their awareness of our rationale for these depositions and the status of Hefley and Schwartz as non-representative members of the class, Plaintiffs' counsel expressly stated at the Status Conference that he had no objections to this discovery. (Nov. 15, 2012 Tr. at 33.)

   Moreover, when ALPA thereafter served plaintiffs' counsel, in their capacity as counsel for the class, with subpoenas for the depositions of Hefley and Schwartz on December 28, 2012, plaintiffs did not object on grounds of relevance or otherwise suggest they planned to seek a protective order. Instead, Plaintiffs' counsel told us that they (i) had no authority to accept service on behalf of class members; (ii) were not willing to contact Hefley or Schwartz to seek their authorization to accept service; and (iii) did not even know how to get in touch with Hefley or Schwartz, notwithstanding that they had recently finished mailing questionnaires to all class members. Plaintiffs' counsel therefore insisted that we serve Hefley and Schwartz personally. Accordingly, on January 8, 2013, we served Plaintiffs' counsel with notices of subpoenas for both witnesses and undertook to make personal service. Plaintiffs' counsel then waited an additional 2 days, until January 10, 2013, to file this motion.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Joseph E. Irenas, S.U.S.D.J.                                                3

Based on the date when Plaintiffs' counsel filed their motion, this Court's local rules provided that the motion date would be February 4. Plaintiffs' counsel doubtless appreciated that—due to their needless and inexplicable decision to wait nearly two months after learning of our intent to depose Hefley and Schwartz before filing this motion—the motion date was 4 days *after* the deadline this Court had established for ALPA to complete their depositions.

As plaintiffs' letter acknowledges, ALPA has now managed to serve both Hefley and Schwartz with the subpoenas for their depositions. Hefley and Schwartz have each responded, indicating their willingness and availability to be deposed before the January 31 deadline. Hefley indicated that he is available on January 28, 29, or 30, and Schwartz indicated his availability on the date noticed in the subpoena, January 25. As we indicated in an email to plaintiffs' counsel, ALPA would like to proceed with these depositions in accordance with the schedule imposed by the Court. We also advised plaintiffs' counsel by email that ALPA planned to address the scheduling issues in its opposition to plaintiffs' pending motion for a protective order, but plaintiffs' counsel evidently decided to preempt that filing with the letter it sent yesterday.

Contrary to the suggestion of plaintiffs' counsel that ALPA somehow was trying to moot their motion by proceeding with the Hefley and Schwartz depositions before the Court had an opportunity to resolve the pending motion, ALPA had planned to propose an expedited briefing schedule. In particular, ALPA plans to file its opposition to plaintiffs' motion later today, significantly in advance of the January 22 due date prescribed by the Court's local rules. We would respectfully propose that plaintiffs file any reply by January 22, in the hope that doing so would permit the motion to be resolved prior to the scheduled depositions.

In the alternative, should the Court require additional time to consider and resolve this motion, we would respectfully request that the Court extend our time to complete these depositions.

Respectfully,

*Jay Cohen / agt*

Jay Cohen

cc:     All counsel of record (via ECF)