# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>     Plaintiffs,<br><br>     v.<br><br>AIR LINE PILOTS<br>ASSOCIATION,<br>INTERNATIONAL,<br><br>     Defendant. | Civil Action No. 02-2917 (JEI)<br><br><br><br>Motion Date: February 4, 2013 |

_____

## DEFENDANT ALPA'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER PRECLUDING THE DEPOSITIONS OF SCOTT SCHWARTZ AND JOHN HEFLEY

_____

                                        Archer & Greiner
                                        A Professional Corporation
                                        One Centennial Square
                                        Haddonfield, New Jersey 08033-0968
                                        (856) 795-2121

*Pro Hac Vice:*

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

## Table of Contents

Table of Authorities ................................................................................................. ii

Preliminary Statement ............................................................................................. 1

Background .............................................................................................................. 2

Argument ................................................................................................................. 5

Conclusion ............................................................................................................. 11

Doc#: US1:8325989v14

# Table of Authorities

**Page(s)**

**CASES**

*Clark* v. *Universal Builders*,
　501 F.2d 324 (7th Cir. 1974) ........................................................................... 10

*Kline* v. *First Western Government Securities, Inc.*,
　1996 WL 122717 (E.D. Pa. Mar. 11, 1996) ................................................. 8, 10

*In re Lucent Techs., Inc. Sec. Litig.*,
　2002 WL 32815233 (D.N.J. July 16, 2002) ...................................................... 9

*In re Plasma-Derivative Protein Therapies Antitrust Litig.*,
　2012 WL 1533221 (N.D. Ill. Apr. 27, 2012) .................................................. 6, 9

*Sessions* v. *Owens-Illinois, Inc.*,
　2011 WL 2415387 (M.D. Pa. June 13, 2011) ................................................. 10

*Withers* v. *eHarmony, Inc.*,
　267 F.R.D. 316 (C.D. Cal. 2010) ..................................................................... 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 26 .............................................................. 4, 5, 7

Doc#: US1:8325989v14

Defendant Air Line Pilots Association, International ("ALPA") respectfully submits this brief in opposition to plaintiffs' motion for a protective order precluding the depositions of Scott Schwartz and John Hefley.

### Preliminary Statement

At the November 15, 2012 Status Conference before this Court, ALPA stated its intention to depose two former TWA pilots, Scott Schwartz and John Hefley. ALPA's counsel explained to the Court that, by virtue of their positions with the TWA MEC and the TWA MEC Merger Committee, Schwartz and Hefley are expected to have knowledge concerning, among other things, (i) TWA's poor financial condition at the time of the transaction, (ii) the absence of any viable alternatives to American Airlines' proposed asset acquisition, and (iii) the history of the negotiations between representatives of the TWA MEC and the Allied Pilots' Association ("APA") regarding seniority integration. These issues bear directly on the viability of plaintiffs' speculative and counter-factual damage models. Plaintiffs affirmatively stated that they did not object to these depositions. On the basis of ALPA's stated rationale, the Court expressly granted ALPA permission to take the requested depositions and imposed a January 31, 2013 deadline for their completion.

Plaintiffs now belatedly claim that ALPA needs to provide additional information to justify the depositions the Court has already deemed appropriate,

and ultimately seek to prevent these depositions on the theory that, as absent class members, Hefley and Schwartz are somehow immune from discovery. But the entire premise for plaintiffs' motion is wrong. ALPA seeks to depose Schwartz and Hefley not in their capacities as absent class members, but as percipient fact witnesses who have personal knowledge about matters that bear on the legitimacy of plaintiffs' theory on damages. Plaintiffs' contention that ALPA should be precluded from deposing Schwartz and Hefley because they happen to be class members, in addition to percipient witnesses, defies both law and logic.

## Background

ALPA first sought to depose Scott Schwartz and John Hefley (along with four other TWA-related witnesses) during the November 15, 2012 Status Conference. (Toal Decl. ¶ 2; Toal Decl., Ex. 1 ("Nov. 15, 2012 Tr.") at 19.) At the Conference, ALPA's counsel advised that Schwartz and Hefley were former TWA pilots whose testimony would demonstrate TWA's poor financial condition and lack of alternatives at the time of the merger. (Toal Decl. ¶¶ 4-5; Nov. 15, 2012 Tr. at 19-27.)

ALPA's counsel further explained that plaintiffs have predicated their damage theories on the proposition that if ALPA had done more, the TWA MEC would have been able to persuade the APA, the union that represented American Airlines' pilots, to agree to a seniority integration list that was more favorable to

2

the TWA pilots than Supplement CC, the list eventually adopted by the APA. (Nov. 15, 2012 Tr. at 20.) In fact, as their basis for asserting that ALPA and the TWA MEC should have been able to extract a more favorable seniority integration deal, plaintiffs' experts rely on counter-factual assumptions about TWA's purported financial condition and its supposed alternatives to the American sale, which purportedly distinguished TWA from "an airline that was going to simply cease flying." (Nov. 15, 2012 Tr. at 20.) As a result, plaintiffs' experts inaccurately assume, contrary to all credible evidence, that the "reasonable [pre-transaction career] expectations" of the TWA pilots were relatively high. (Nov. 15, 2012 Tr. at 20, 25.)

Schwartz and Hefley were selected as deponents based on their connection to these facts. During the relevant time period, both Schwartz and Hefley served on the TWA MEC, which provided them with access to information about TWA's financial condition and future prospects, both of which necessarily would have shaped the TWA pilots' reasonable pre-transaction career expectations. It also gave them first-hand knowledge of the seniority integration negotiations with the APA.

Plaintiffs' counsel doubtless understood at the November 15 Status Conference that, as former TWA pilots, Schwartz and Hefley were also absent class members. (Toal Decl. ¶ 4.) And yet, plaintiffs' counsel repeatedly stated at

3

that Conference that plaintiffs had no objection to the requested depositions, even asserting: "I'm not saying it's going to be relevant and admissible, but it's certainly likely or could lead to admissible evidence. So if they want to go take depositions, they can go take them. We don't have a problem with that, Judge." (Toal Decl. ¶ 6; Nov. 15, 2012 Tr. at 30-31, 33.)

The Court authorized ALPA to take the six requested depositions by no later than January 31. (Toal Decl. ¶ 7; Toal Decl., Ex. 3 ("Nov. 15, 2012 Order") ¶ 1.) Despite several subsequent conversations between the parties' counsel,[1] and a January 4 hearing before this Court, plaintiffs never indicated their intention to reargue the propriety of these depositions or to move for a protective order until they filed this motion on January 10.[2]

---

[1] Plaintiffs seem to point to one such conversation as purported evidence that "[p]laintffs' counsel complied with its meet and confer obligations required by Federal Rule of Civil Procedure 26(c)(1)." (See Pls.' Br. at 2 n. 1.) In fact, during that conversation, plaintiffs' counsel discussed nothing more than his refusal to accept service on behalf of absent class members. Nor did plaintiffs' counsel make any subsequent attempt to meet and confer with ALPA's counsel regarding a proposed motion for a protective order. (Toal Decl. ¶¶ 8, 9.)

[2] ALPA submitted a letter to the Court earlier today that provides more detail on the facts surrounding ALPA's service of the Schwartz and Hefley subpoenas and the discussions between the parties' counsel. ALPA also proposed in this letter that this issue be determined on an expedited basis in light of the current schedule and the availability of the witnesses themselves. In the alternative, ALPA requested an extension of the January 31 deadline for completion of these depositions until after plaintiffs' motion is resolved.

4

After ALPA served Hefley and Schwartz with their subpoenas, the witnesses confirmed their availability to appear for deposition before the January 31 deadline. (Toal ¶¶ 10-11.)

### Argument

Rule 26 dictates that the scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As plaintiffs' counsel has already conceded, the discovery sought here is "certainly likely or could lead to admissible evidence." (Toal Decl. ¶ 6; Nov. 15, 2012 Tr. at 31.) As detailed at the November 15 Conference, the depositions of Schwartz and Hefley go directly to the legitimacy of plaintiffs' expert reports and theories of damages.

Both Schwartz and Hefley served on the TWA MEC, the executive body of the TWA "division" of ALPA (Second Am. Restated Compl. ¶ 31). The TWA MEC played a key role in the seniority integration efforts given that, in plaintiffs' words, it "directly represented the TWA pilots and was charged with the decision making on behalf of the pilots" in connection with the transaction with American Airlines. (*Id.* ¶ 41). By virtue of their involvement with the TWA MEC, Schwartz and Hefley are expected to have personal knowledge concerning

5

TWA's disastrous financial condition at the time of the transaction, the absence of any viable alternatives to the American Airlines acquisition, and the history of negotiations between the TWA MEC and the APA with respect to seniority integration.

In fact, Schwartz, who was the Vice Chairman of the TWA MEC, testified during TWA's bankruptcy proceedings about TWA's dire financial condition and its lack of alternatives to the American transaction. In that testimony, Schwartz affirmed that, to the best of his knowledge, TWA had not earned an annual profit in the last decade, and expressly acknowledged that the alternative to the American acquisition was to "put us out of work." (Toll Decl., Ex. 2 at 149, 165). Hefley was not only a member of the TWA MEC, but also served on (and authored the minutes of) the TWA MEC's Merger Committee that was charged with negotiating with the American pilots. (Nov. 15, 2012 Tr. at 71.) And indeed, as ALPA's counsel confirmed at the November 15 Conference, Hefley was formerly a class representative. (Toal Decl. ¶ 4; Nov. 15, 2012 Tr. at 19.)[3]

---

[3] Hefley's status as a former named plaintiff renders him "not your garden variety absent class member." *See In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 2012 WL 1533221, at *5 (N.D. Ill. Apr. 27, 2012) (absent class member status is not "a compelling reason to shield" a witness from discovery where it had been one of the initial individual plaintiffs).

6

Despite the clear relevance of these witnesses to the facts at issue, acknowledged by plaintiffs' counsel and the Court at the November 15 Conference, plaintiffs now seek reconsideration of the Court's decision and argue that ALPA should be prevented from deposing Hefley and Schwartz for two primary reasons:

First, plaintiffs inexplicably argue that ALPA "has not sought permission from this Court for these depositions" nor has ALPA "provided any explanation of why it has a need for the testimony of these class members on any issue related to damages." (Pls.' Br. at 1.) This contention is demonstrably false, as is evident from the transcript of the November 15 Conference and the Court's November 15 Order. (Nov. 15, 2012 Tr. at 19-27; Nov. 15, 2012 Order ¶ 1.)[4]

---

[4] In furtherance of their claim that ALPA has not explained the purpose of deposing these witnesses, plaintiffs make several unavailing arguments. First, plaintiffs decry "the absence of a list of topics" in the deposition subpoenas, while in the same sentence they acknowledge—as they must—that "the federal rules do not require deposition notices addressed to individuals to list topics to be covered." (Pls.' Br. at 3-4.) Second, plaintiffs complain that Hefley and Schwartz were not identified in ALPA's supplemental Rule 26 disclosures which, by Court Order, were limited to *APA or American-related deponents*. (Sept. 7, 2012 Order, Dkt. No. 495.) In all events, Schwartz and Hefley were identified in ALPA's *initial* Rule 26 disclosures (ALPA Initial Rule 26 Disclosures dated Feb. 15, 2005 at 3) and, even if they had not been, parties have no obligation under Rule 26 to supplement disclosures where, as here, the additional or corrective information has "otherwise been made known to the other parties," Fed. R. Civ. P. 26(e). Third, plaintiffs assert that "discovery from individual class members about their personal damages would be premature" (Pls.' Br. at 4), but fail to acknowledge that ALPA never suggested

7

Second, plaintiffs claim that Hefley and Schwartz should be shielded from discovery by virtue of their status as absent class members.  But this argument rests on the false premise that ALPA sought to depose Hefley and Schwartz *because* of their status as class members.  To the contrary, as detailed above, ALPA seeks to depose Hefley and Schwartz because of their personal knowledge regarding issues that plaintiffs and their experts have made a focal point of their damage theories, and without regard to their status as class members.  The law does not provide, as plaintiffs would have this Court believe, that defendants' efforts to discover facts relevant to issues that are common to the class must be confined to named plaintiffs or class representatives.  Were it otherwise, class counsel would have the unilateral ability to bury the truth through its strategic selection of representative plaintiffs.  No legal authority vests class counsel with such unbounded ability to tilt the playing field in their own favor.[5]

---

that it intended to depose Hefley and Schwartz regarding their personal damages.

[5] Plaintiffs claim that courts in this Circuit permit discovery from absent class members only upon a showing that the information requested (1) is relevant to common questions, (2) is sought in good faith and is not unduly burdensome, and (3) is not available from class representatives.  (Pls.' Br. at 3 (citing *Kline,* 1996 WL 122717, at *3).)  As ALPA does not seek to depose Hefley and Schwartz in their capacities as class members, plaintiffs' reliance on this standard is misplaced.  Even if these conditions were to apply to the discovery ALPA seeks, however, ALPA's request would easily satisfy this standard for the reasons discussed at the November 15 Conference and herein.

8

Not surprisingly, plaintiffs fail to cite a single case in which a court prohibited discovery from a meaningful fact witness simply because that witness happened to be a class member. This is because, as courts have recognized, such discovery is not the type from which passive class members need or deserve protection. *See Withers* v. *eHarmony, Inc.*, 267 F.R.D. 316, 321 & n.4 (C.D. Cal. 2010) (distinguishing deposition of a single absent class member who was "a key percipient witness with personal knowledge of plaintiff's experience" from cases where "discovery has been served on the majority of a largely unknown class in hopes that a failure to respond will effectively eliminate a majority of the class from continuing in the lawsuit[]"); *In re Plasma-Derivative Protein Therapies Antitrust Litig.*, 2012 WL 1533221, at *6 (N.D. Ill. Apr. 27, 2012) (deposition of single absent class member with information necessary in preparation for trial was not instance where "discovery devices are [ ] used to take unfair advantage of . . . an absent class members [sic] or as a stratagem to reduce the number of claimants").

The cases on which plaintiffs rely are inapposite, as—unlike the situation here—they involve one or more of the following: (i) pre-certification discovery requests on issues going to class certification, *e.g.*, *In re Lucent Techs., Inc. Sec. Litig.*, 2002 WL 32815233, at *2 (D.N.J. July 16, 2002); (ii) requests for individualized information, rather than information regarding issues common to

9

the class, *e.g., Sessions* v. *Owens-Illinois, Inc.*, 2011 WL 2415387, at *2 (M.D. Pa. June 13, 2011); *Kline*, 1996 WL 122717, at *3-4; or (iii) overly burdensome requests directed to many or all class members, *e.g., Kline*, 1996 WL 122717, at *5 (requests directed to class of more than 2400 people); *Clark* v. *Universal Builders*, 501 F.2d 324, 340-41 (7th Cir. 1974) (indiscriminately seeking interrogatories and depositions from absent class members).

By contrast, the depositions that ALPA has noticed—which this Court has already authorized—are not the sort of burdensome, individualized discovery of absent class members that have sometimes given courts pause. ALPA seeks targeted discovery of only a small percentage of the more than 2,300 absent class members, for reasons having nothing to do with their status as absent class members. Both witnesses have already indicated that they are available to be deposed (Toal Decl. ¶¶ 10, 11), each witness will be subject to a maximum four hours of questioning (Nov. 15, 2012 Order ¶ 1), and it will take place at a location convenient to his home. And, as described above, the depositions will bear on issues common to the class.

The Court granted ALPA permission to take these depositions, notwithstanding that these witnesses happen to be class members, after ALPA explained to the satisfaction of the Court—and, based on their comments at the November 15 Conference, class counsel themselves—that Hefley, Schwartz, and

the other TWA-related witnesses had information bearing directly on the supposed factual predicate for plaintiffs' damage theories.  Plaintiffs have put forward no evidence or argument to warrant reconsideration or reversal of the Court's decision.

## Conclusion

For the foregoing reasons, ALPA respectfully requests that the Court deny plaintiffs' Motion for a Protective Order and re-affirm its November 15, 2012 Order permitting the depositions of Scott Schwartz and John Hefley.

| | |
|---|---|
| Dated:  January 17, 2013 | Respectfully submitted, |

                                      Theodore V. Wells, Jr., Esquire
                                      Paul, Weiss, Rifkind, Wharton
                                          & Garrison LLP
                                      1285 Avenue of the Americas
                                      New York, New York 10019-6064

                                       - and -

                                      Archer & Greiner
                                       A Professional Corporation
                                       One Centennial Square
                                       Haddonfield, New Jersey 08033

                                       By:   */s/ Kerri E. Chewning*
                                            John C. Connell, Esquire
                                            Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

12

Doc#: US1:8325989v14