UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, <br><br> Defendant. | Civil Action No. 02-2917 (JEI) <br><br><br> Motion Date: February 4, 2013 |

DECLARATION OF DANIEL TOAL, ESQUIRE,
IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE
ORDER PRECLUDING THE DEPOSITIONS OF SCOTT SCHWARTZ
AND JOHN HEFLEY

>Archer & Greiner
>A Professional Corporation
>One Centennial Square
>Haddonfield, New Jersey 08033-0968
>(856) 795-2121

*Pro Hac Vice:*

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

DANIEL TOAL, ESQUIRE, hereby declares as follows:

1. I have been admitted to appear *pro hac vice* in the above-captioned matter, and am a partner at the law firm Paul, Weiss, Rifkind, Wharton & Garrison, LLP, attorneys for Defendant Air Line Pilots Association, International ("ALPA"). I share responsibility for the handling of this matter, and have personal knowledge of the information set forth herein. As such, I am authorized to make this Declaration.

2. I am submitting this declaration in opposition to Plaintiff's Motion for Protective Order Precluding the Depositions of Scott Schwartz and John Hefley, filed on January 10, 2013.

3. At the Status Conference on November 15, 2012, defendants' counsel sought to take six depositions, including the depositions of Scott Schwartz and John Hefley. A true and correct copy of the transcript of the November 15, 2012 Status Conference is attached as Exhibit 1 hereto.

4. At the November 15, 2012 Status Conference, ALPA's counsel detailed ALPA's rationale for deposing Schwartz and Hefley and the importance of these deposition to rebutting plaintiffs' and plaintiffs' experts' theory of damages. (Ex. 1 at 19-27.) We also made clear that Schwartz and Hefley were former TWA pilots, and that Hefley used to be a class representative but was now an unnamed member of the class. (Ex. 1 at 19.)

5. During the relevant time period, Schwartz was the Vice Chairman of the TWA MEC and Hefley was a member of the TWA MEC Merger Committee and took minutes in Merger Committee meetings. Schwartz also gave testimony during the TWA bankruptcy proceedings about TWA's precarious financial condition and its lack of viable alternatives to the American acquisition. A true and correct copy of Schwartz' March 9, 2001 testimony in the TWA bankruptcy proceeding is attached as Exhibit 2 hereto.

6. At no time during the November 15, 2012 Status Conference did plaintiffs' counsel object to the depositions of Hefley and Schwartz, or any of the other TWA witnesses. To the contrary, Mr. Press repeatedly stated that plaintiffs had no objection to the requested depositions, even asserting: "I'm not saying it's going to be relevant and admissible, but it's certainly likely or could lead to admissible evidence. So if they want to go take depositions, they can go take them. We don't have a problem with that, Judge." (Ex. 1 at 30-31, 33.)

7. At the conclusion of the Conference, the Court granted ALPA until January 31, 2013 to complete the six requested depositions. (Ex. 1 at 71.) The Court's November 15, 2012 Order also explicitly authorized ALPA to take the six requested depositions. A true and correct copy of the November 15, 2012 Order is attached as Exhibit 3 hereto.

3

8. On January 2 and January 4, 2013, my partner, Jay Cohen, and I had conversations with Allen Press regarding the Schwartz and Hefley depositions. On January 4, 2013, the parties also attended a hearing before Judge Irenas. None of these conversations was framed as a meet and confer. Moreover, in none of these interactions did plaintiffs' counsel ever indicate their intention to move for a protective order.

9. The facts surrounding ALPA's service of the Schwartz and Hefley subpoenas and the discussions between the parties' counsel are laid out in more detail in ALPA's letter to the Court on January 17, 2013. A true and correct copy of ALPA's January 17, 2013 letter is attached as Exhibit 4 hereto.

10. On January 14, 2013, John Hefley emailed our co-counsel at Archer & Greiner P.C. to indicate his unavailability on the date proposed and his willingness to be deposed on January 28, 29, or 30. A true and correct copy of Hefley's January 14, 2013 email is attached as Exhibit 5 hereto.

11. On January 15, 2013, Scott Schwartz called our co-counsel at Archer & Greiner to indicate that he is available to be deposed on January 25, 2013.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 17, 2013
        New York, NY

_____
Daniel Toal