```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEW JERSEY

    _____

    PATRICK BRADY, ET AL,

            Plaintiffs,                CIVIL ACTION NUMBER:

              -vs-                        02-2917 (JEI)

    ALLIED PILOTS ASSOCIATION,

            Defendants.
    _____
            Mitchell H. Cohen United States Courthouse
            One John F. Gerry Plaza
            Camden, New Jersey 08101
            January 22, 2013

    B E F O R E:      THE HONORABLE JOSEPH E. IRENAS
                       UNITED STATES DISTRICT JUDGE


    A P P E A R A N C E S:

    TRUJILLO, RODRIGUEZ & RICHARDS
    BY:  LISA RODRIGUEZ, ESQUIRE
    ATTORNEYS FOR PLAINTIFFS

    GREEN JACOBSON, PC
    By:  ALLEN PRESS, ESQUIRE
    ATTORNEY FOR PLAINTIFFS

    PAUL WEISS
    BY:  JAY COHEN, ESQUIRE
    ATTORNEYS FOR DEFENDANTS
```

Certified as true and correct as required by Title 28, U.S.C., Section 753.
/S/ Carl J. Nami

(Open Court)

THE COURT: Hello. Hail to the Chief. First of all, my apologies. I've had, unfortunately we scheduled three status conferences or conferences like this this afternoon and they were all big cases and a little more complex than we anticipated. So my apologies for keeping you all waiting, and I'm sorry for that.

All right. Just enter your appearances. There's a court reporter here.

MS. RODRIGUEZ: Your Honor, for the plaintiffs, it's Lisa Rodriguez and Allen Press.

THE COURT: Go ahead.

MR. COHEN: Your Honor, it's Jay Cohen from for the defendant Mr. Toal and Mr. Katz are also on the line as is Mr. Connell.

THE COURT: Okay. Just, I mean when you speak, announce who you are so because obviously we can't see you and that way I want to make sure that my fine court reporter gets everybody's name correctly.

All right, this was really started by plaintiff, Miss Rodriguez and Mr. Press. So, I'll let the plaintiff go first here.

MS. RODRIGUEZ: Your Honor, we brought this motion initially when the defendants sought to depose two absent Class Members, Scott Schwartz --

1  THE COURT: And John Hefley.
2  MS. RODRIGUEZ: Hefley. Since we filed the motion,
3  defendants' opposition has set forth with a little more detail
4  why they're looking for the depositions of those two absent
5  Class Members and while with regard to Mr. Schwartz we still
6  think it's not appropriate. We let Mr. Toal know earlier
7  today that we at least understood the rational behind his
8  deposition. They've been spending a lot of time going into
9  the financial viability of a pre-merger TWA and while we
10 question the applicability of much of that testimony, it's
11 been gone into. And, so, closing that loop with Mr. Schwartz,
12 we really don't have an issue with. John Hefley is a
13 different --
14 THE COURT: So can we take it right now that you
15 don't -- you are not going to object to them taking Schwartz's
16 deposition?
17 MS. RODRIGUEZ: Don't have any real objection to
18 Schwartz's deposition.
19 THE COURT: Do you have any objection real or
20 otherwise?
21 MS. RODRIGUEZ: No objection to Schwartz's
22 deposition.
23 THE COURT: Okay. Good. So we've solved that.
24 Okay. Now go onto Hefley.
25 MS. RODRIGUEZ: With regard to Hefley. John Hefley

1 was originally one of the original named plaintiffs who was
2 then during the realignment unnamed as a Class representative.
3 So he's an announcing Class Member. And in their papers, your
4 Honor, they talk about Mr. Hefley being appropriate because he
5 was on the -- he was a member of the TWA MEC and the MEC
6 Merger Committee. And they indicated in their papers that
7 they want Mr. Hefley to testify about the history of the
8 negotiations between the TWA MEC and the Allied Pilots
9 Association regarding the seniority integration.
10 Your Honor, that was the sole focus of the trial on
11 liability. I think that using that to try to impeach the
12 jury's verdict with regard to those negotiations, but at any
13 rate, that was in the liability phase. That part of the case
14 was discovered. That issue, those issues were litigated and
15 to go back and try to reopen discovery to talk about the
16 negotiations between the TWA MEC and the Allied Pilots
17 Association, it's to retry those issues that had been put to
18 rest during the liability phase of the litigation. And then
19 additionally for the reasons set forth in our papers, he's an
20 Absent Class Member. There's really no need for his testimony
21 at this stage.
22     THE COURT: Mr. Cohen?
23     MR. COHEN: Yeah. Yes, your Honor. It's Jay Cohen
24 for the defendants. So I'm glad that Miss Rodriguez said she
25 had no objection to Mr. Schwartz, which, of course, was their

1   position with respect to both Mr. Schwartz and Mr. Hefley in
2   November.
3       So, I mean I'll puzzled why we're being troubled here
4   at all.  We raised these two depositions as among the six fact
5   depositions that we wanted to complete by January 31st at the
6   November conference.
7       On the record Mr. Press specifically had an exchange
8   with your Honor in which your Honor said on page 31 of the
9   transcript that if you understood Mr. Press correctly and you
10  did, your Honor, they had no objection to going forward with
11  these depositions.  The subject matter of these depositions
12  has not changed at all.  We are not trying to relitigate the
13  liability phase.  You know, one of the things that we believe
14  is important for Mr. Hefley is that as a member of the MEC, he
15  did have access to information about TWA's financial condition
16  and future prospect which we view to be the fundamental
17  problem with their experts.  And, in fact, we are proceeding,
18  your Honor.  Mr. Katz and Mr. Toal and Mr. Press, Miss
19  Rodriguez were actually at the deposition of today of one of
20  their experts.  So, we're doing one additional deposition.
21  They really waived this.  We heard for the first time today
22  that they were withdrawing their opposition to Mr. Schwartz.
23  There never should have been any opposition.  The time to
24  decide this was in November and Mr. Press specifically said on
25  the record that he understood why we were taking these

1 depositions, and they could likely lead to the discovery of
2 admissible evidence.  That's what he said.
3       THE COURT:  Even I thought I understood why they were
4 taking the deposition.  That shows you how far off I was.
5       MR. COHEN:  Yeah.  We're not relitigating liability
6 and we think this motion is, you know, just it's really a wast
7 of everyone's time.  We've been through this already.  We have
8 these depositions.  We have the witnesses are available in the
9 month of January, and we should just be allowed to proceed.
10       THE COURT:  Okay.  Miss Rodriguez or Mr. Press?
11       MR. PRESS:  Judge, this is Allen Press, Judge.  We
12 now have a record since November and they've deposed two
13 officials from an American Pilot Union and elicited testimony
14 from that Union that there's nothing ALPA could have done to
15 change the result.  Well, so, we know that they aren't trying
16 to impeach the jury's verdict.  That's what this is all about,
17 Judge.  And, so, if Mr. Hefley's testimony is not going to be
18 used as part of any damage model by any of our experts, and
19 that's the basis for our objection.  It has no relevance.  We
20 have a record now.  We can see that.
21       MR. COHEN:  Your Honor, it's Jay Cohen.  May I
22 respond briefly?
23       THE COURT:  Yeah.  Are you finished, Mr. Press?
24       MR. PRESS:  I am, Judge.  Thank you.
25       THE COURT:  Okay.  Go ahead, Mr. Cohen.

1   MR. COHEN: Yes, your Honor. I mean that is the very
2   point. The point of the matter is that they have a damage
3   model that has no relationship to the factual predicate for
4   which they are seeking to get -- they're seeking damages. I
5   mean that's what we're trying to show. We understand that
6   there's a liability verdict, but you have to have a damages
7   model that's rooted in factual reality. The damages model, we
8   went through this a little bit in November. The damages model
9   makes the assumption that but for this transaction TWA would
10  have continued as a viable airline and the TWA pilots would
11  have reasonable expectation of flying as standalone TWA
12  pilots. All of this discovery is designed to show that
13  there's no factual predicate for their expert's damages
14  theory. That's a completely independent point from the issue
15  of whether or not, you know, there's liability which has been
16  found.
17          THE COURT: All right. Anything further?
18          MS. RODRIGUEZ: Again, just --
19          THE COURT: I'm sorry.
20          MS. RODRIGUEZ: And that's --
21          THE COURT: Go ahead. Lisa, go ahead.
22          MS. RODRIGUEZ: -- what Mr. Cohen's position is, and
23  that's why ultimately we withdrew our objection to Mr.
24  Schwartz. But, Judge, Hefley is not that person. John
25  Hefley, they want him to say but for ALPA'S breach, what would

1  you have done.  And Mr. Hefley can't say but for ALPA'S -- had
2  he known that they had a conflict of interest that they were
3  operating under this cloud that they -- and ultimately all the
4  reasons that the jury found that ALPA breached its duty.  But
5  for everything we did, Mr. Hefley, what would you have agreed
6  to.  Well, that is just -- that's -- talk about speculative.
7  That is not the situation that Mr.  Hefley was in.
8           THE COURT:  Well, let's assume he said that.
9           MS. RODRIGUEZ:  But with a but for 12 years rather
10 and said if ALPA did their job, what would you have agreed to.
11          THE COURT:  Well, let's assume he says that.
12          MS. RODRIGUEZ:  He's not an expert.  It would be
13 ultimate -- it would be utterly worthless.
14          THE COURT:  Let's assume he says that.  That doesn't
15 mean I'm going to let it into evidence before a jury.  I mean,
16 you have the notion that because somebody says something at a
17 deposition, that automatically gets it in evidence before a
18 jury?
19          MS. RODRIGUEZ:  No, your Honor.  But we were also
20 mindful in keeping the discovery limited in the second phase
21 of the bifurcated case, bifurcated at defendants' request and
22 with them going so far afield on retrying issues that we're
23 trying in the liability phase puts us now at a disadvantage
24 because, you know, we then need to get those issues T'd up
25 sooner rather than later because we need to discover the case

```
 1  conversely and address the issues that they're trying to
 2  raise.
 3          THE COURT:  What could a two hour deposition of
 4  Hefley, what kind of a problem could it create for you?
 5          MS. RODRIGUEZ:  I don't --
 6          THE COURT:  I don't --
 7          MS. RODRIGUEZ:  If you allow them to retry --
 8          THE COURT:  If he says things that are either
 9  irrelevant to what we're doing.
10          MS. RODRIGUEZ:  That ALPA not breached its duty, then
11  there has to be additional discovery that we would also need.
12          THE COURT:  Additional discovery for what?
13          MS. RODRIGUEZ:  Well, I guess we -- Hefley -- well,
14  first of all, Hefley is our witness but --
15          THE COURT:  Well, obviously they're not going to
16  depose their own witnesses.  Of course they're deposing
17  someone as your witness.  Unless Mr. Cohen as a new theory of
18  litigation.
19          MR. COHEN:  No, Your Honor.
20          MS. RODRIGUEZ:  Your Honor --
21          THE COURT:  I mean, I'm not saying that -- I don't
22  know what the heck Hefley would say.  You know, a lot of what
23  he might say might turn out to me to be irrelevant for a whole
24  variety of reasons.  Then my answer is so what.  It's a two
25  hour deposition.  It's not that he's just some pilot out
```

00:11

00:12

00:12

00:12

00:12

1  there.  He's not like one of 2300 pilots that's floating out
2  there.  He was a named plaintiff.  He was on the MEC.  He was
3  on various negotiating committees.  I mean we're not just
4  picking someone that's been picked out of the air who is going
5  to harass them by taking their depositions.  I mean he's
6  somebody who was very much involved in the core of things at
7  the time they were going on, and that's not to say just
8  because he says something, it's of any value at all in the
9  case or admissible on any theory.  And I simply don't
10  understand why because he says something, you're going to need
11  more discovery?  I don't get it.  I simply don't get it.
12          How many hours -- can you do Hefley in two hours?
13          MR. COHEN:  Your Honor, you had previously given us
14  four.  I --
15          THE COURT:  All right.
16          MR. COHEN:  I'll compromise at three?
17          THE COURT:  No, I'll leave it at four.  If I've
18  already ruled on that.  I'll leave it.  I'm not going to
19  change my ruling.  I just don't want him there for days and
20  days and days.
21          MR. COHEN:  You had given us four hours and that's
22  the way we're proceeding with all six of these depositions,
23  your Honor.
24          THE COURT:  Okay.  No, I'm not going to change that.
25  Okay.  Well, I want to make it clear, it's not that I'm

sitting here and in my mind I have some notion that Hefley has some valuable information which is going to be helpful to the defendants. I have no such thought in my mind, but I'm not sure I have anything to the contrary either. Maybe there's a gem in there based on all his history during these negotiations that will be helpful to the defendants. I don't know. But the notion that he's going to require more discovery by the Plaintiffs, I don't get that at all, and I don't get the notion that because he says something, it's admissible. He may be saying lots of things. I'm kind of anticipating much of what he says will be, if not all of what he says may be inadmissible. But so what. That's true with all kinds of depositions we take in cases. You know. I mean these names were surfaced in November. We all knew who they were in November. It's not as if we picked somebody out of the 2300 pilots, you know, hauled them in from Montana to go have a deposition and nobody knows what they're going to say. I mean Hefley was involved. He was, he was a player, and that doesn't mean he has anything of value to say. I don't know. I doubt it, but I don't want to prejudge that issue. I'm going to allow it.

　　　I'm going to deny the motion both -- well, Schwartz it's moot because you agreed to let him be deposed. So as to -- I'm going to rule that's moot. And as to Hefley, I'm going to allow him to go ahead with his four hours.

```
00:14

00:15



00:15




00:16




00:16
```

1        MS. RODRIGUEZ:  Thank you, your Honor.
2        THE COURT:  Okay.  Anything further, counsel?
3        MR. COHEN:  Can I have a moment?
4        THE COURT:  Of course you can have a moment.
5        MR. COHEN:  It's Jay Cohen again for the record.  We
6   have a conference before your Honor on February 8th, and I
7   have an unanticipated conflict on the 8th, and Mr. Schwartz
8   and Miss Rodriguez were gracious enough to say they would be
9   willing to move the conference, if it suits the Court's
10  schedule, to the following week, and I think the parties are
11  available any day that week other than the 14th.
12       THE COURT:  All right.  Can you check?  Can you give
13  me a second to go back into the calendar?
14       MR. COHEN:  Yes.  Thank you, your Honor.
15       THE COURT:  My law clerk is going back to her desk to
16  check out the calendar.  I have no objection.  I just got to
17  get a date.
18                   (Brief pause)
19       THE COURT:  What about Friday the 15th?
20       MR. COHEN:  Fine with me.  Jay Cohen.  With the
21  defendants, your Honor.
22       THE COURT:  What about plaintiffs?
23       MS. RODRIGUEZ:  Fine, your Honor.
24       THE COURT:  Mr. Press, is that okay, too?
25       MR. PRESS:  Yes, Judge.

```
 1          THE COURT:  Okay.  Let's make it ten o'clock.  Can we
 2  do it ten o'clock?
 3          MR. COHEN:  Yes, your Honor.
 4          THE COURT:  Okay.
 5          MS. RODRIGUEZ:  That's fine.
 6          THE COURT:  Friday 10:00 a.m.  I'll see you then.
 7      All right?  Have a good weekend.  No.  It's only
 8  Tuesday.
 9          MS. RODRIGUEZ:  Thank you.
10          THE COURT:  Yeah.  I only wish for you it would start
11  tomorrow.
12          MS. RODRIGUEZ:  Thank you, Judge.
13          MR. COHEN:  Thank you, your Honor.  See you in a
14  couple of weeks.
15          THE COURT:  All right.  Bye, bye.
16          MR. COHEN:  Bye.
17          (The matter was then concluded)
```