**HAGNER & ZOHLMAN, LLC**
57 Kresson Road
Cherry Hill, New Jersey 08034
(856) 663-9090
Attorneys for Cureton Caplan, P.C. n/k/a Cureton Clark, P.C.

By: Andrew T. McGuire, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al., | |
| Plaintiffs | |
| v. | Civil Action No.: 02-cv-2917 (JEI) |
| AIR LINE PILOTS ASSOCIATION, | |
| Defendant. | Motion Day: February 16, 2012 |

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO IMPRESS AN ATTORNEY'S CHARGING LIEN
## ON BEHALF OF CURETON CLARK, P.C. f/k/a CURETON CAPLAN, P.C.

### STATEMENT OF FACTS

On August 7, 2002, the New Jersey law firm of Cureton Caplan, P.C., n/k/a Cureton Clark, P.C. (hereinafter "Cureton Clark") undertook the representation of Leroy W. Bensel as representative of a class of pilots formerly employed by TWA, LLC, and then employed by American Airlines (the "Plaintiffs") in connection with their claims against the Air Line Pilots Association ("ALPA"), American Airlines ("AMR") and the Allied Pilots Association ("APA"). Petition ¶ 1-2; Declaration of Jerald R. Cureton, Esq. ("Cureton Decl." at ¶ 2). Cureton Clark was hired to assert affirmative claims, and also to defend a Declaratory Judgment lawsuit filed by the APA then pending before the United States District Court for the District of New Jersey. Petition ¶ 2; Cureton Decl. ¶ 2.

1

Cureton Clark's representation of the Plaintiffs was initially governed by the terms of a written fee agreement dated September 3, 2002 (the "Initial Fee Agreement"), which called for a blended arrangement at reduced hourly rates, in addition to a percentage contingent fee of any net monetary recovery.  In the event of a successful recovery, and in the further event that the Court denied the contingency payment, it also provided for a recalculation of fees at Cureton Clark's normal hourly rates.  Petition ¶¶ 3-4; Cureton Decl. ¶ 3; Exhibit A.  In furtherance of its representation of the Plaintiffs' interests, Cureton Clark prepared and filed an Answer, Counterclaims, and Cross-Claims in the above captioned matter and caused the same to be filed on or about October 3, 2002.  Petition ¶ 5.  It then continued to perform legal services encompassing all aspects of representation in the active litigation. Petition ¶ 5; Cureton Decl. ¶ 4.  However, on or about July 21, 2003, the Complaint filed on behalf of the Plaintiffs was dismissed as a result of a dispositive Motion to Dismiss/for Summary Judgment.  Petition ¶ 6; Cureton Decl. ¶ 5.

Thereafter, Cureton Clark undertook an appeal of the July 21, 2003 Order pursuant to the terms of a second fee agreement entered into with the Plaintiffs on September 9, 2003 (the "Second Fee Agreement"). Petition ¶ 8; Cureton Decl. ¶¶ 8-9.  On or about January 24, 2005, Cureton Clark obtained an "Order on the Mandate" vacating the Order of Dismissal with respect to Count I of the Plaintiffs' Complaint, and the matter progressed accordingly.  Petition ¶ 9; Cureton Decl. ¶ 10.  The Plaintiffs then entered into a third fee agreement with Cureton Clark dated May 31, 2005 (the "Third Fee Agreement").  Petition ¶ 10; Cureton Decl. ¶¶ 10-11; Exhibit E.  The Third Fee Agreement also called for a contingency fee as well as a recalculation at Cureton Clark's usual rates in the event that that the Court declined the contingency.  Petition ¶ 10; Cureton Decl. ¶ 11.

Cureton Clark continued its representation of the Plaintiffs through April 4, 2006, shortly after a notice of appearance was filed by Lisa J. Rodriguez, Es. Of the firm of Trujillo, Rodriguez and Richards, LLC on behalf of certain individuals, including Leroy Bensel. On May 16, 2006, an Order was entered appointing new class counsel. Petition ¶¶ 10, 12; Cureton Decl, ¶ 13. Subsequently, on January 30, 2012, Cureton Clark forwarded Pre-Action Notices to the Plaintiffs, as well as their substituted counsel, asserting an attorney's lien and informing the Plaintiffs of their right to fee arbitration. Petition ¶ 14. Yet no arbitration has since been instituted.

Presently, outstanding balances remain due and owing pursuant to one or more of the fee agreements between the Plaintiffs and Cureton Clark. Petition ¶¶ 7, 12, 14-15; Cureton Decl. ¶¶ 6, 16. Additionally, as two of the fee agreements called for a contingency payment upon recovery, and otherwise a recalculation of fees at Cureton Clark's hourly rate, the full amount of fees owed by the Plaintiffs is not currently capable of calculation. Petition ¶¶ 7, 12; Cureton Decl. ¶ 14.

Recently, Cureton Clark learned through the docket record that the Plaintiffs have successfully obtained a liability determination and are awaiting trial for an adjudication of damages. Petition ¶ 13; Cureton Decl. ¶ 14. Accordingly, has brought this Motion to Impress its attorney's charging lien upon the Plaintiffs' cause of action pursuant to N.J.S.A. 2A:13-5 and its interpretive caselaw. On the basis of the authority herein, Cureton Clark respectfully requests that the Court enter an Order, (1) enjoining and restraining disbursement of any recovery by the Plaintiffs in the above-captioned matter, (2) mandating that any proceeds resulting from such recovery be placed in escrow pending the resolution of this fee dispute, and (3) ordering further

proceedings in connection with a plenary action for the determination and enforcement of Cureton Clark's attorney's charging lien.

## LEGAL ARGUMENT

In the Third Circuit, the laws of the state in which an attorney was employed and suit was brought control as to the existence and enforcement of attorney's liens on plaintiffs' causes of action. See Lehigh & N. E. R. Co. v. Finnerty, 61 F.2d 289, 290 (3d Cir. 1932).  It is beyond dispute that Cureton Clark, a New Jersey Firm, was retained in the State of New Jersey for the purpose of bringing the above-captioned class action suit on the Plaintiffs' behalf in the United States District Court for the District of New Jersey.   Petition ¶¶ 1-2; Cureton Decl. ¶ 2. Accordingly, New Jersey law governs Cureton Clark's lien on any judgment in Plaintiffs' favor for unpaid legal services rendered.

Pursuant to New Jersey Statute:

"After the filing of the complaint….the attorney or counselor at law, who shall appear in the cause for the party instituting the action…shall have a lien for compensation, upon his client's action, cause of action, [or] claim…which shall contain and attach to a verdict, report, decision, award, judgment or final order in the client's favor, and the proceeds thereof in whosoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record.  The court in which the action or other proceeding is pending, upon the petition of the attorney or counselor at law, may determine and enforce the lien."

N.J.S.A. 2A:13-5 (emphasis supplied).

Liens created pursuant to that statute are "rooted in equitable considerations, and its enforcement is within the equitable jurisdiction of the courts." Musikoff v. Jay Parrino's The Mint, L.L.C., 172 N.J. 133, 142 (2002) (quoting James v. Harris, 42 N.J. Super. 468, 471 (L. Div. 1956)).  "'[They are] special or charging lien[s] which depend[ ] simply upon the right to

have the court intervene to determine the amount of compensation properly due an attorney and to arm him with a judgment in that amount…'" Id. at 143.

As set forth at length in the Petition and Affidavit filed herewith, Cureton Clark filed a number of affirmative claims and cross-claims against the ALPA, AMR, and the APA in connection with the above captioned matter, and then diligently fought to pursue, maintain, and revive them over the course of several years.  See generally, Petition, esp. ¶ 5; Cureton Decl., esp. ¶¶ 2, 4-5.  As a result, Cureton Clark possesses a statutory charging lien on the Plaintiffs' cause of action which may be determined and enforced in this Court.

Attorney's liens pursuant to N.J.S.A. 2A:13-5 are enforceable by way of petition made "as a step in the proceeding of the main cause." Levine v. Levine, 381 N.J. Super. 1, 9-10 (App. Div. 2005) (citing H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347, 353-354 (App. Div. 1959).  And, New Jersey Courts have recognized that a Motion seeking resolution of the fee dispute through a plenary hearing is the closest modern analogue to a petition. Shalit v. Shalit, 323 N.J. Super. 351, 355 (Ch. Div. 1999).  Additionally, the procedural requirements of Rule 1:20A-6 must generally be complied with prior to the institution of an action for fees under New Jersey Law.

Cureton Clark has fully complied with all of the procedural prerequisites for the determination and enforcement of its lien on the Plaintiff's above-captioned cause of action.  On January 30, 2012, Cureton Clark forwarded the requisite Pre-Action Notice pursuant to Rule 1:20A-6 to Plaintiffs, advising them of their right to fee arbitration. Petition ¶ 14.  Presently, the firm has brought this Motion, seeking the scheduling of plenary proceedings by which that lien can be perfected, its full amount can be determined, and it can be reduced to a judgment in Cureton Clark's favor.

Finally, in <u>Shalit</u>, the Court noted that "courts must be empowered to protect the amount of the claimed fee pending either fee arbitration or judicial determination and enforcement of the lien." 323 N.J. Super. at 358.   Thus, it noted that the parties should "in the meantime," be restrained from "dissipating or distributing the funds upon which the lien is sought to be imposed." <u>Id</u> at 353.   Pending resolution of its fee dispute with the Plaintiffs, Cureton Clark therefore respectfully requests that the Court order any proceeds recovered by the Plaintiffs in the underlying matter to be held in escrow, and that the parties thereto be enjoined from dissipating or otherwise distributing the same in order to protect Curteon Clark's ability to properly enforce its lien.

## CONCLUSION

For the foregoing reasons, Cureton Caplan, P.C. n/k/a Cureton Clark, P.C. respectfully requests that this Court grant its Motion to Impress an Attorney's Lien and establish a schedule for such additional proceedings as may be necessary to determine and award the amounts to which it is entitled.

**HAGNER & ZOHLMAN, LLC**
Attorneys for Cureton Caplan, P.C.
n/k/a Cureton Clark, P.C.

Dated: *February 7, 2013*          By: _____
                                          Andrew T. McGuire, Esq.