**HAGNER & ZOHLMAN, LLC**
57 Kresson Road
Cherry Hill, New Jersey 08034
(856) 663-9090
Attorneys for Cureton Caplan, P.C. n/k/a Cureton Clark, P.C.

By: Andrew T. McGuire, Esquire

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>  Plaintiffs<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION,<br><br>  Defendant. | Civil Action No.: 02-cv-2917 (JEI) |

### PETITION TO IMPRESS AN ATTORNEY'S CHARGING LIEN
### ON BEHALF OF CURETON CLARK, P.C. f/k/a CURETON CAPLAN, P.C.

Petitioner, Cureton Clark, P.C., f/k/a Cureton Caplan, P.C. ("Petitioner"), by way of petition against the Plaintiffs in the above captioned matter, states as follows:

1. Petitioner is a law firm that has, at all relevant times, operated in the State of New Jersey.

2. On or about August 7, 2002, Leroy W. Bensel, as representative of a class of pilots formerly employed by TWA, LLC, then employed by American Airlines (hereinafter the "Plaintiffs") employed Petitioner to assert affirmative claims against the Air Line Pilots Association ("ALPA"), American Airlines ("AMR") and the Allied Pilots Association ("APA"), and to defend a Declaratory Judgment lawsuit filed by the APA then before the above named Court.

3. Petitioner undertook representation of the Plaintiffs pursuant to the terms of a written fee agreement dated September 3, 2002 (the "Initial Fee Agreement."). A true copy of the Initial Fee Agreement is appended to the accompanying Affidavit of Jerald D. Cureton, Esq. as Exhibit "A."

4. The Initial Fee agreement called for a blended arrangement at hourly rates, in addition to a percentage contingent fee of any net monetary recovery. In the event of a successful recovery, it also provided for a recalculation of fees at Petitoner's normal hourly rates, should the Court decline to approve the contingency fee.

5. In furtherance of its agreement with the Plaintiffs, Petitioner prepared an Answer, Counterclaims, and Cross-Claims in the above captioned matter and caused the same to be filed on or about October 3, 2002.

6. Petitioner then continued to perform legal services in connection with the above captioned matter through July 21, 2003, when the Complaint filed on behalf of the Plaintiffs was dismissed upon dispositive Motion.

7. At that time, a significant balance was owed by the Plaintiffs for Petitioner's services under to the terms of the Initial Fee Agreement, and any eventual amounts due under the contingency/recalculation provisions had yet to be determined.

8. Following the dismissal, Plaintiffs retained Petitioner to appeal the July 21, 2003 Order of Dismissal/Summary Judgment pursuant to the terms of a second fee agreement dated September 9, 2003 (the "Second Fee Agreement").

9. Petitioner pursued the appeal, and on or about January 24, 2005 an "Order on the Mandate" vacating the Order of July 18, 2003 as to Count I of the Plaintiffs' Complaint was entered.

10. Petitioner then performed further legal services pursuant to the terms of a third fee agreement dated May 31, 2005 (the "Third Fee Agreement") through April 4, 2006. Like the Initial Fee Agreement, the Third Fee Agreement called for a contingency fee to be paid in the event of a successful recover, as well as a recalculation of fees at normal hourly rates in the event that the Court declined to approve it. A true copy of the Third Fee Agreement is appended to the accompanying Affidavit of Jerald D. Cureton, Esq. as Exhibit "E."

11. On March 16, 2006, an Order was entered appointing new class counsel for the Plaintiffs in accordance with a notice of appearance filed by Lisa J. Rodriguez, Esq. of the law firm of Trujillo Rodriguez and Richards, LLC.

12. At that time, a separate balance owed by the Plaintiffs remained outstanding pursuant to the Third Fee Agreement, and all amounts due under the contingency/recalculation provisions remained undetermined.

13. Petitioner has recently learned through the docket record that the Plaintiffs have successfully obtained a liability determination and are awaiting trial for an adjudication of damages.

14. On or about January 30, 2012 a Pre-Action Notice pursuant to New Jersey Rule 1:20A-6 was served upon the Plaintiffs via certified mail, return receipt requested, and first class mail, demanding payment of amounts due from the Plaintiffs for Petitioner's legal services and advising Plaintiffs of their right to fee arbitration.

15. Nevertheless, Plaintiffs have refused and neglected to satisfy the balances owed, and have offered no assurances that the agreed-upon contingency/recalculated payments will be forthcoming upon the disposition of their claims.

16. Petitioner claims that by virtue of the New Jersey Statute in such cases provided, it possesses a lien on any verdict, report, decision, award, judgment or final order in the Plaintiffs' favor for all outstanding balances and amounts payable under its fee agreements with the Plaintiffs. Petitioner therefore prays that the Court institute proceedings to determine the precise amount of said lien and enforce the same.

**WHEREFORE,** Petitioner, Cureton Clark, P.C., f/k/a Cureton Caplan, P.C. demands:

A. Judgment against the Plaintiffs for all outstanding balances and amounts due pursuant to the terms of the Initial and Third Fee Agreements between the Plaintiffs and Petitioner;

B. That the Court establish a schedule for further proceedings, including, but not limited to, time limitations for responsive pleadings of the Plaintiffs, discovery, pretrial conference, and trial;

C. That the Court enter an Order directing that any proceeds realized by the Plaintiffs in the underlying matter be placed in escrow and enjoining any disbursement of the same pending the resolution of this fee dispute; and

D. Such other and further relief as the Court may deem just and equitable under the circumstances.

**HAGNER & ZOHLMAN, LLC**
Attorneys for Cureton Caplan, P.C.
n/k/a Cureton Clark, P.C.

Dated: February 8, 2013        By: _____
                                    Andrew T. McGuire, Esq.