UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

PATRICK BRADY, et al

Plaintiffs,

v.

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL,

Defendants.

Civil Action No. 02-2917 (JEI)

---

DECLARATION OF
JERALD R. CURETON, ESQ.

---

Jerald R. Cureton, Esquire, of full age, hereby certifies as follows:

1. I am a former member of the law firm of Cureton Caplan, P.C. and its successor Cureton Clark, P.C. and have full and competent knowledge of the facts set forth below.

2. Commencing August 7, 2002 Cureton Caplan undertook the representation of Leroy W. Bensel as representative of a class of pilots formerly employed by TWA, LLC, then currently employed by American Airlines (hereinafter "Clients"), in connection with claims against the Air Line Pilots Association ("ALPA"), American Airlines ("AMR") and the Allied Pilots Association ("APA"), on affirmative claims and defenses of a Declaratory Judgment lawsuit filed by the APA then pending before the United States District Court for the District of New Jersey, Camden Vicinage. Representation was memorialized by way of a written fee

agreement dated September 3, 2002 and is referred to herein after as "Initial Fee Agreement". (Exhibit A)

    3.    The Initial Fee Agreement contains the following relevant provisions:

        (a)    Cureton Caplan agreed to bill, and the clients agreed to pay, a blended rate of $240.00 per hour for all attorney time spent on the matter plus a contingent fee of twenty-five (25%) percent of any net monetary recovery;

        (b)    The Clients were responsible for payment of costs incurred in connection with the representation;

        (c)    In the event of a successful recovery and in the further event that the Court did not approve the contingency fee, the Clients agreed to a recalculation of fees at normal hourly rates for cases of that nature i.e. $350.00 for Partners; $200.00 for Associates;

        (d)    The Clients agreed to pay a set amount of $20,000 per month for fees and costs to the extent funds were available.  Subsequently, by letter dated November 11, 2002 the monthly payment was increased from $20,000 per month to $30,000 per month.  (Exhibit B)

    4.    In furtherance of its representation as described above, Cureton Caplan performed legal services in connection with the referenced matter through July, 2003.  The representation included all aspects of representation in connection with the referenced litigation as reflected both on the official court docket and the invoices for services rendered (partially redacted).

    5.    The Complaint filed on behalf of the Clients was dismissed by way of a dispositive Motion to Dismiss or, in the alternative, for Summary Judgment entered July 21, 2003.

6. During the period of August 7, 2002 through July 21, 2003, the amount billed was $560,464.00 based upon the reduced blended rates. The amount of $327,860.63 was paid by the Clients, resulting in a balance of $232,603.37 based upon the reduced blended rates.

7. Annexed hereto and made a part hereof as Exhibit C are redacted invoices dated September 6, 2002, October 10, 2002, November 11, 2002, December 6, 2002, January 7, 2003, February 5, 2003, March 4, 2003, April 3, 2003, May 5, 2003, June 3, 2003 and July 3, 2003.

8. Subsequent to the dismissal, the Clients retained Cureton Caplan to handle the appeal of the July 21, 2003 Order of Dismissal/Summary Judgment and, in connection with that representation, a second fee agreement was entered into on September 9, 2003 (hereinafter "Second Fee Agreement").

9. Pursuant to the Second Fee Agreement a fixed sum of $60,000 was paid for the appeal. (Exhibit D).

10. On or about January 24, 2005 an "Order on the Mandate" vacating the Order of July 18, 2003 as to Count I of the Complaint was entered. Thereafter, Cureton Caplan and the Clients entered into a third fee agreement dated May 31, 2005 (hereinafter "Third Fee Agreement"). (Exhibit E)

11. The Third Fee Agreement contains the following relevant provisions:

    (a) The Client agreed to pay a flat monthly fee of $10,000 plus costs. The flat monthly fee was subsequently increased to $15,000 per month;

    (b) In the event of a successful recovery and in the further event that the Court did not approve the contingency fee, the Clients agreed to a recalculation of fees at normal hourly rates for cases of that nature i.e. $350.00 for Partners; $200.00 for Associates;

   (c) If no recovery was obtained the clients would not be responsible for any fees other than the hourly fees and costs that had been paid and/or outstanding at the time of the conclusion of the case.

 12. Cureton Caplan performed legal services pursuant to the Third Fee Agreement from January 4, 2005 through April 4, 2006. Copies of invoices (redacted) for the above referenced time period are annexed hereto and made a part hereof as Exhibit F.

 13. A notice of appearance by Lisa J. Rodriguez, Esq. of the firm of Trujillo, Rodriguez and Richards, LLC was filed on March 16, 2006 on behalf of certain individuals including Leroy Bensel. On May 16, 2006, an Order was entered appointing new class counsel.

 14. Cureton Caplan, P.C. learned through the docket record that the Clients successfully obtained a liability determination and are awaiting trial for an adjudication of damages. Accordingly, the 25% contingency fee is not capable of calculation presently.

 15. However, a recalculation of the hourly rates from the blended rate of $240.00 per hour to the customary hourly rates of $350.00 for partners, $200.00 for associates, $125.00 for law clerks and $70.00 for paralegals results in an additional amount due of $180,588.00.

 16. In addition, with respect to the time period of January, 2005 through March, 2006, regardless of whether or not a successful recovery is obtained, services were performed that were billed at $88,700.00 and payments amounting to $57,500.00 were received thereby leaving a balance due of $31,200.00. This amount has been due and is due irrespective of the outcome of the underlying matter.

 17. The qualifications, background and experience of the billing attorneys are annexed hereto and made a part hereof as Exhibit G.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.   Executed __1-7__, 2013.

_____
JERALD R. CURETON, ESQ.