# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PATRICK BRADY, et al.        :     Civil Action No. 02-2917 (JEI)

     Plaintiffs,         :

         v.          :

AIR LINE PILOTS ASSOCIATION,   :
INTERNATIONAL,          :

     Defendant.        :

## PLAINTIFFS' BRIEF IN OPPOSITION TO CURETON CLARK'S MOTION TO IMPRESS AN ATTORNEY'S CHARGING LIEN

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, NJ 08033
(856) 795-9002

**GREEN JACOBSON, P.C.**
Allen Press
Joe Jacobson
7733 Forsyth Boulevard, Suite 700
Pierre Laclede Center
St. Louis, Missouri 63105
(314) 862-6800
Counsel for Plaintiffs

Dated: February 19, 2013

## TABLE OF CONTENTS

I.      INTRODUCTION……………………………………………………….....1

II.     FACTUAL BACKGROUND…………………………………………………1

III.    LEGAL ARGUMENT…………………………………………………………...3

        A.  Rule 23 Governs the Award of Attorney Fees in This Case………………………3

        B.  Cureton's Three Fee Agreements Are Not Enforceable…………………………..6

IV.     CONCLUSION……………………………………………….………………7

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Boeing Co. v. Van Gemert,*
    444 U.S. 472 (1980)........................................................................................................4

*D.V. v. Westmoreland County Children's Bureau,*
    2008 U.S. Dist. LEXIS 15951 (W.D. Pa. March 3, 2008).........................................3

*Dewey v. Volkswagen of Am.,*
    2012 U.S. Dist. LEXIS 177844 (D.N.J. Dec. 14, 2012) ..........................................3

*Dunn v. H.K. Porter Co.,*
    602 F.2d 1105 (3d Cir. 1979)....................................................................................4

*Gunter v. Ridgewood Energy Corp.,*
    223 F.3d 190 (3d Cir. 2000).......................................................................................4

*Hollus v. AMTRAK Northeast Corridor,*
    937 F. Supp. 1110 (D.N.J. 1996) ..............................................................................3

*In re Agent Orange Prod. Liability Litig.,*
    818 F.2d 226 (2d Cir. 1987).......................................................................................4

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,*
    273 F.Supp.2d 563 (D.N.J. 2003) .............................................................................5

*Rodriguez v. Dinser,*
    688 F.3d 645 (9th Cir. 2011) .....................................................................................5

*Stair v. Thomas & Cook,*
    254 F.R.D. 191 (D.N.J. 2008)....................................................................................3

**STATE CASES**

*Glick v. Barclays DeZoete Wedd, Inc.,*
    300 N.J. Super. 299 (App. Div. 1997)........................................................................5

*Kopin v. Orange Products Inc.,*
    297 N.J. Super. 353 (App. Div. 1997), *certif. denied*, 149 N.J. 409 (1997)...................5

**RULES AND STATUTUES**

Federal Rule of Civil Procedure 23 .................................................................................1, 3

Rule 23(h)................................................................................................................................3

## I.      INTRODUCTION

There has been no monetary recovery in this litigation.  Notwithstanding the absence of a common fund, Cureton Clark ("Cureton"), a law firm that served as class counsel before abandoning the case more than seven years ago, seeks a lien for attorney's fees upon any recovery that may be obtained by current class counsel for the class in the future.

Cureton's claim is premature. It also relies on inapplicable authority. Federal Rule of Civil Procedure 23 governs the award of attorneys' fees in federal class actions, not the New Jersey attorney lien statute Cureton cites. Under Rule 23, the Court will decide which lawyers are entitled to a fee, and the amount of the fees, *after* there is a recovery either by settlement or judgment. Cureton recognizes its fee application is premature, stating that a determination of its claimed fee "is not currently capable of calculation." Cureton Brief at 3.

Cureton is seeking that priority be given to its claim for fees, without proper notice to the class, over the claims of the class members from some future fund that may be obtained. Cureton's motion is obviously premature.

Cureton's fee grab is also substantively without merit. Although plaintiffs contend that these substantive arguments should not be reached at this time, they are briefly addressed below.

## II.     FACTUAL BACKGROUND

In March 2006, current class counsel, Lisa J. Rodriguez, entered her appearance and filed an Order to Show Cause Why the Class Representatives Should Not Be Restructured and Realigned.  That motion was filed on behalf of a subset of the class representatives in response to Cureton's then-pending motion to withdraw. The Court granted Rodriguez's motion on May 16, 2006 and appointed the firms of Trujillo Rodriguez & Richards, LLC and Green Jacobson, P.C. as new class counsel ("TRR/GJ"). Docket No. 159.

Immediately following their appointment, TRR/GJ began prosecuting the case. There had been only limited discovery conducted before TRR/GJ were appointed. Although ALPA had produced over 26,000 documents, those documents had never been reviewed or indexed by Cureton. TRR/GJ did this work immediately. Likewise, the plaintiffs' documents that Cureton had produced to ALPA were unorganized, were not indexed, and unfortunately included privileged attorney-client documents. TRR/GJ was therefore forced to defend against an ALPA motion to compel, Docket Entry No. 220, and to seek a protective order to avoid a complete waiver of the attorney-client privilege. Docket Entry No. 223.

TRR/GJ started this case from the beginning. They conducted all of the meaningful written discovery, took and defended all of the numerous depositions, prepared and argued all motions post-appeal, and ultimately tried the liability phase of the case to a successful verdict after five weeks of trial. TRR/GJ have now, for the past year and a half, been engaged in extensive (and expensive) fact and expert witness discovery in preparation for the damage-phase trial.

In short, the class received little benefit from the work performed by Cureton, and Cureton was well compensated for what useful work it did perform through its clients' contemporaneous payment of legal fees believed to be in excess of $350,000.

It is a waste of time, and thus injurious to the class, that TRR/GJ have been placed in a position where it must respond to Cureton's unseemly fee application. This time would be better spent representing the interests of the class as counsel prepared for the damage phase of this case.

## III.   LEGAL ARGUMENT

### A.   Rule 23 Governs the Award of Attorney Fees in This Case.

The award of attorney fees in a federal class action is governed by Federal Rule of Civil Procedure 23. *Dewey v. Volkswagen of Am.*, 2012 U.S. Dist. LEXIS 177844, *48, (D.N.J. Dec. 14, 2012), citing *Briggs v. Hartford Fin. Servs. Group, Inc.,* Civ. No. 07-5190, 2009 U.S. Dist. LEXIS 66777 at *51 n.92 (E.D. Pa. July 31, 2009) (diversity case removed to federal court under CAFA), for the proposition that "federal law governs applications filed in federal class action cases"[1]; *Stair v. Thomas & Cook,* 254 F.R.D. 191, 203 (D.N.J. 2008) (in class action, the award of attorney's fees is governed by Rule 23); *Hollus v. AMTRAK Northeast Corridor*, 937 F. Supp. 1110, 1114 (D.N.J. 1996) ("Ordinarily, in exercising federal question jurisdiction, a district court is called upon to interpret and apply federal law"); *see also D.V. v. Westmoreland County Children's Bureau*, 2008 U.S. Dist. LEXIS 15951, at *5 (W.D. Pa. March 3, 2008) (cases involving a federal question require application of federal substantive and procedural law).

This matter was commenced in federal court as a class action under federal law. Following the realignment of the parties, the complaint as it now stands asserts a claim for breach of ALPA's duty of fair representation arising under the Railway Labor Act. Federal substantive and procedural law applies, including Rule 23 of the Federal Rules of Civil Procedure. The New Jersey state statute upon which Cureton relies is simply inapplicable.

Rule 23(h) and the case law interpreting the Rule control the procedures for awarding fees and costs in this class action. Fee applications in class actions are usually analyzed in one of

---

[1]   In attempting to resolve attorney fee applications filed by objectors in connection with a class action settlement, the *Dewey* Court noted that "even if the Court applied New Jersey state law, as the Murray and Braverman Objectors suggest, the result would not be different. Two separate panels of the New Jersey Superior Court, Appellate Division, have relied upon the federal precedent of the Third Circuit to determine the fee award in class actions." *Id.* at *50.

two ways, the lodestar method or the percentage of the recovery method, depending on the nature of the case. In a case like this where no applicable cost-shifting statute applies, the class's attorneys' fees should be paid from the common fund created for the benefit of the class. The Supreme Court "has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

The Court is required to consider a variety of factors before awarding attorneys' fees from such a common fund. *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) (stating factors required to be considered in awarding attorneys' fees). Thus, if TRR/GJ are successful in causing a common fund to be created for the benefit of the class, Cureton will need to show that it satisfies the *Gunter* factors before it can be awarded any fee.

While Cureton cites a number of fee agreements that it believes entitles it to fees, Cureton is not entitled to the fees it is seeking even on the face of the agreements. More importantly, however, in the class action context, the district court is not bound by any fee agreement entered into between some plaintiffs and their counsel. To the contrary, the district court is required to apply its own sound discretion and the principles of equity in considering fee applications. *Dunn v. H.K. Porter Co.*, 602 F.2d 1105, 1110 (3d Cir. 1979) ("the district court may properly inquire into the reasonableness of an attorney's fee which, whether or not agreed to by contract, is to be satisfied by a settlement fund"); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 226, 240 (2d Cir. 1987) ("It is well established that a district court, pursuant to its rulemaking authority or on an ad hoc basis, may review a contingency fee agreement").

This is consistent with New Jersey case law which holds an attorney hired on a contingent basis is not entitled to recover fees on the basis of such agreement if he is discharged

before the conclusion of the litigation, but instead he must make a showing of entitlement to the fees under a quantum meruit theory for the reasonable value of services rendered. *Glick v. Barclays DeZoete Wedd, Inc.*, 300 N.J. Super. 299, 310 (App. Div. 1997); *Kopin v. Orange Products Inc.*, 297 N.J. Super. 353, 367 (App. Div. 1997) (quantum meruit is the appropriate measure of a former firm's compensation for services provided in a case removed from its office), *certif. denied*, 149 N.J. 409 (1997).

Thus, Cureton's reliance upon the language in any one of its three purported fee agreements is not dispositive to the resolution of what fees, if any, Cureton may be entitled to at the conclusion of all litigation. It is also worth noting that Cureton has not noticed the absent class members of his intent to impose a lien on their hypothetical common fund.

Whether Cureton is entitled to additional attorney fees at all presents an equitable question. The court should consider the benefit Cureton brought and the part Cureton played in obtaining relief for the class in deciding that question. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F.Supp.2d 563, 566 (D.N.J. 2003) ("the amount of attorneys' fees and expenses to be awarded is within the court's sound discretion"); *Rodriguez v. Dinser*, 688 F.3d 645, 660 (9th Cir. 2011) (in awarding attorneys' fees from the common fund generated by litigation, courts are bound by traditional principles of equity and must review awards to class counsel and objectors in that light). Plaintiffs contend that Cureton played a small role, if any, in obtaining any benefit that may in the future be obtained for the class, but the issue of the benefit it provided the class is best left unconsidered until there is in fact a monetary benefit recovered for the class.

**B.     Cureton's Three Fee Agreements Are Not Enforceable.**

Although the Court need not resolve the substantive deficiencies with Cureton's claim for recovery, there are a multitude of issues that call into question Cureton's claims under its so-called fee agreements. For example, the September 3, 2002 document, which was between Cureton and LeRoy Bensel individually, states that, "We agree to look only to the TWA Pilots' Action Fund … and not you individually for the payment of our fees." *Cureton Exhibit A at 1.* The document does not purport to be on behalf of the 2,300 TWA pilots and, indeed, Mr. Bensel had no actual or apparent authority to bind his fellow pilots. The TWA Pilots' Action Fund, the *only* entity to whom Cureton agreed to look to for payment of its fees, is defunct.

Furthermore, the September 3, 2002 document states that Cureton may collect a contingency fee of 25% only in "the event that we are successful in obtaining a monetary judgment or settlement." It only permits that the fee be taken from any net recovery obtained "on your behalf as a result of our representation in this matter." Cureton, however, was not "successful in obtaining either judgment or settlement." Cureton abandoned the TWA pilots in 2005. Even if one were to accept this agreement between one pilot and Cureton as binding on all of the pilots — and it is not — by its own terms Cureton has no entitlement to any contingent fee.

The May 31, 2005 document purports to be between two funds — the TWA Pilots Action Fund and the TWA Pilots vs. ALPA Fund — and Cureton. *Cureton Exhibit E.* This document states that Cureton will look only to the two funds for payment of its fees. *Id. at 2.* The document requires the signatures of five "trustees"; apparently the trustees of the two funds. Only one trustee signed the document. *Id.* at 5. Thus, even the ordinary formalities of contract formation were not followed. This document would not be enforceable against the funds, the

6

putative parties to the document. It could not then be enforced against the 2,300 TWA pilots who were not even named as parties to the document.

These are only some of plaintiffs' substantive objections to Cureton's fee application. Plaintiffs request leave to fully address their objections to the fee application if the Court is inclined to consider it at this time.  Plaintiffs do not do so now because plaintiffs do not wish to further spend the Court's and their lawyers' time on this matter which is not yet ripe.

IV.    CONCLUSION

For the reasons set forth herein, Cureton's motion should be denied.

Dated:  February 19, 2013                    Respectfully submitted,

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By:  s/ Lisa J. Rodriguez
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, NJ  08033
(856) 795-9002

**GREEN JACOBSON, P.C.**
Allen Press
Joe Jacobson
7733 Forsyth Boulevard, Suite 700
Pierre Laclede Center
St. Louis, Missouri 63105
(314) 862-6800