**HAGNER & ZOHLMAN, LLC**
57 Kresson Road
Cherry Hill, New Jersey 08034
(856) 663-9090
Attorneys for Cureton Caplan, P.C. n/k/a Cureton Clark, P.C.
By: Andrew T. McGuire, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al., <br><br> Plaintiffs <br><br> v. <br><br> AIR LINE PILOTS ASSOCIATION, <br><br> Defendant. | Civil Action No.: 02-cv-2917 (JEI) <br><br> Motion Day: March 4, 2013 |

### REPLY IN SUPPORT OF MOTION
### TO IMPRESS AN ATTORNEY'S CHARGING LIEN
### ON BEHALF OF CURETON CLARK, P.C. f/k/a CURETON CAPLAN, P.C.

### PRELIMINARY STATEMENT

The Plaintiffs contend that Federal Rule of Civil Procedure 23, governing the award of attorney's fees in federal class action suits, somehow precludes Cureton Clark, P.C. f/k/a Cureton Caplan, P.C., (hereinafter "Cureton Clark") from asserting its attorney's charging lien under New Jersey's Attorney's Lien Statute, N.J.S.A. 2A:13-5. Yet Plaintiffs' argument on this point ignores the fact that Federal Courts in the Third Circuit have readily enforced liens arising under that state statute and fails to distinguish between a petition to impress the lien, which depends only upon its existence, and an award of attorney's fees itself, which is another matter entirely. Plaintiffs cannot, and seemingly do not dispute the fact that Curton Clark has met the criterion established pursuant to the statute and its interpretive case law, and does, therefore,

1

possess a charging lien on the Plaintiffs' cause of action. Accordingly, Plaintiffs have offered no grounds for dismissal of Cureton Clark's petition to impress that lien, which does not amount to a motion for an award of attorney's fees, but rather a request for acknowledgment of the lien and for the scheduling of further proceedings to establish its amount. Moreover, Plaintiffs' brief argument on the merits of Cureton Clark's claim for compensation is admittedly (and doubly) premature, as both N.J.S.A. 2A:13-5 and Rule 23(h) contemplate such proceedings (and potentially a plenary hearing) to establish the balances owed for Cureton Clark's legal services.

## STATEMENT OF FACTS

Between August 7, 2002 and April 4, 2006, the New Jersey law firm of Cureton Clark undertook the representation of named representative, Leroy W. Bensel, as well as a class of pilots formerly employed by TWA, LLC, and then employed by American Airlines (the "Plaintiffs") in connection with their claims against the Air Line Pilots Association ("ALPA"), American Airlines ("AMR") and the Allied Pilots Association ("APA"). Petition ¶ 1-2; Declaration of Jerald R. Cureton, Esq. ("Cureton Decl." at ¶ 2). Cureton Clark was hired to assert affirmative claims, and also to defend a Declaratory Judgment lawsuit filed by the APA then pending before the United States District Court for the District of New Jersey. Petition ¶ 2; Cureton Decl. ¶ 2. Its services, provided under the terms of three separate fee agreements included the filing of an Answer, Counterclaims, and Cross-Claims in the above-captioned matter. Petition ¶ 5; Cureton Decl. ¶¶ 2, 8, 10.

On May 16, 2006, an Order was entered appointing new class counsel. Petition ¶¶ 10, 12; Cureton Decl, ¶ 13. At that time, and since, outstanding balances have remained due and owing pursuant to one or more of the fee agreements between the Plaintiffs and Cureton Clark. Petition ¶¶ 7, 12, 14-15; Cureton Decl. ¶¶ 6, 16. Moreover, two of the fee agreements called for

additional contingency payments, or otherwise, a recalculation of fees at Cureton Clark's usual hourly rates, and accordingly, the full amount of fees owed is not currently calculable. Petition ¶¶ 7, 12; Cureton Decl. ¶ 14. On January 30, 2012, Cureton Clark forwarded Pre-Action Notices to the Plaintiffs, as well as their substituted counsel, asserting an attorney's lien and informing the Plaintiffs of their right to fee arbitration. Petition ¶ 14. No arbitration has since been instituted.

On February 8, 2012, Cureton Clark brought this Motion to Impress its attorney's charging lien upon the Plaintiffs' cause of action pursuant to N.J.S.A. 2A:13-5 and interpretive case law. For the reasons set forth herein, Cureton Clark respectfully requests that the same be granted.

## LEGAL ARGUMENT

As noted in our original submission, in the Third Circuit, the laws of the state in which an attorney was employed and suit was brought control as to the existence and enforcement of attorney's liens on plaintiffs' causes of action. See Lehigh & N. E. R. Co. v. Finnerty, 61 F.2d 289, 290 (3d Cir. 1932). Accordingly, Federal Courts in this jurisdiction have not hesitated to enforce valid attorney's liens asserted pursuant to New Jersey's Attorney's Lien Statute, N.J.S.A. 2A:13-5. See, e.g. Lehigh, 61 F. 2d at 290 ("The amount of the lien as fixed by the contract must be enforced by the court unless it be inequitable…"); Nickel Rim Mines Limited v. Universal-Cyclops Steel Corp., 202 F. Supp. 170, 173 (D.N.J. 1962) (looking to state law to determine the existence of an attorney's lien and noting that the Court was, "not at liberty to make an independent determination of that question where applicable state law ha[d] already done so.").

Pursuant to N.J.S.A. 2A:13-5,

> After the filing of a pleading containing a counterclaim or cross-claim…the attorney or counselor at law, who shall appear in the cause for the party instituting

> the action…shall have a lien for compensation, upon his client's action, cause of action, [or] claim…which shall contain and attach to a verdict, report, decision, award, judgment or final order in the client's favor, and the proceeds thereof in whosoever hands they may come…

The Plaintiffs do not dispute that Cureton Clark, a New Jersey law firm, filed a number of affirmative claims and cross-claims against the ALPA, AMR, and the APA in the above captioned matter on their behalf, having been retained in the State of New Jersey for that express purpose. See, generally, Petition, esp. ¶ 5; Cureton Decl., esp. ¶¶ 2, 4-5. They also tacitly concede that Cureton Clark has met the procedural prerequisites for the determination and enforcement of its lien on the Plaintiff's above-captioned cause of action. Accordingly, Plaintiffs cannot dispute the fact that Cureton Clark possesses a statutory charging lien on their cause of action, which may be determined and enforced in this Court.

Instead, the Plaintiffs attempt to circumvent this fact by suggesting that Federal Rule of Civil Procedure 23 somehow precludes the assertion of the lien. Yet in doing so, Plaintiffs fail to recognize both that the existence of a statutory attorney's lien is distinct from an award of fees, and that, on the face of the rule itself, this Court has discretion to award such fees as are authorized by the parties' agreement.

Rule 23 provides, in pertinent part, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. F. R. Civ. P. 23(h). However, it is clear that the existence of an attorney's charging lien is an issue separate and distinct from the amount of attorney's fees that may be awarded in light thereof. See, Lehigh & N.E.R. Co. v. Finnerty, 61 F. 2d at 290 (explaining that the lien was created by statute, and accordingly, "[t]he contract fixed the *amount* and not the *existence* of the lien."); see also Industry Network System, Inc. v. Armstrong World Industries, Inc., 54 F.3d 150, 153 (3d Cir. 1995) (noting the distinction between the terms "fee" and "lien," and stating "[t]hey

4

are two separate matters."). Thus, while the Plaintiffs are free to contest the amount of the fees which may be owed over the course of subsequent proceedings, they cannot contest that as a matter of law, Cureton Clark holds a "lien for compensation" upon their cause of action.

Moreover, Cureton Clark's assertion of a statutory charging lien wholly comports with the principles and procedure surrounding Rule 23(h). Liens created pursuant to N.J.S.A. 2A:13-5 are "rooted in equitable considerations, and [their] enforcement is within the equitable jurisdiction of the courts." Musikoff v. Jay Parrino's The Mint, L.L.C., 172 N.J. 133, 142 (2002) (quoting James v. Harris, 42 N.J. Super. 468, 471 (L. Div. 1956)). "'[They are] special or charging lien[s] which depend[ ] simply upon the right to have the court intervene to determine the amount of compensation properly due an attorney and to arm him with a judgment in that amount...'" Id. at 143. Thus, in accordance with, Rule 23(h), which contemplates a "reasonable award," upon the conclusion of further proceedings (which may include plenary proceedings), Cureton Clark has not prematurely requested an award of attorney's fees. Instead, it has requested acknowledgment of its statutory lien and the scheduling of plenary proceedings to establish the amount of the same. See, generally, Cureton Clark's Notice of Motion to Impress an Attorney's Charging Lien at ¶ 4; see also H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347, 353-354 (App. Div. 1959) (specifying that the matter should proceed as a plenary suit, and that, "[i]n no event should the matter be tried as a summary proceeding.").

As a result, the Plaintiffs have offered no grounds for the denial of Cureton Clark's Motion to Impress an Attorney's Charging Lien, as the existence of the lien, which has been recognized in our Federal Courts, is an issue separate and apart from the amount of attorney's fees to be awarded pursuant to Rule 23. Moreover, because both New Jersey Attorney's Lien Statute and, to a lesser extent, Rule 23, call for plenary proceedings on the amounts owed, it is

not Cureton Clark's petition, but rather the Plaintiffs' argument of its substantive merits, that is premature, See, Plfs. Br. at p. 6-7.[1] And, in any event, Cureton Clark respectfully requests that the Court withhold consideration of the merits of its fee application until the proper time and context.

Nevertheless, it should be noted that Rule 23(h) itself contemplates an award of such attorney's fees as are authorized by the parties' agreement, and that Cureton Clark has submitted a lengthy Certification (with attachments) detailing the substance of its agreements with the Plaintiffs, the legal services performed on their behalf, and the amounts which it contends remain due and owing under the terms of the same. It should also be noted that significant balances remain outstanding under the terms of those agreements, independent of any amounts which would otherwise be payable on a contingent basis. Petition ¶¶ 7, 12; Cureton Decl. ¶¶ 6, 16. In light of the foregoing, Cureton Clark therefore respectfully submits that its statutory attorney's lien is well established, and that its substantive claim for fees is, and will remain, well-supported.

## CONCLUSION

For the foregoing reasons, Cureton Caplan, P.C. n/k/a Cureton Clark, P.C. respectfully requests that this Court grant its Motion to Impress an Attorney's Lien and establish a schedule for such additional proceedings as may be necessary to determine and award the amounts to which it is entitled.

HAGNER & ZOHLMAN, LLC
Attorneys for Cureton Caplan, P.C.
n/k/a Cureton Clark, P.C.

Dated: February 25, 2013        By: _____
                                    Andrew T. McGuire, Esq.

---

[1] Plaintiffs themselves acknowledge this fact on page six (6) of their brief.