**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON    (1946-1991)
RANDOLPH E PAUL     (1946-1956)
SIMON H RIFKIND     (1950-1995)
LOUIS S WEISS       (1927-1950)
JOHN F WHARTON      (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3163

WRITER'S DIRECT FACSIMILE

(212) 492-0163

WRITER'S DIRECT E-MAIL ADDRESS

jaycohen@paulweiss.com

UNIT 3601 FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
BRAD J FINKELSTEIN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE, JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
JOYCE S HUANG
DAVID S HUNTINGTON
JEH C JOHNSON

MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JOHN J O'NEIL
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

March 20, 2013

**Via ECF**

The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

Re: ***Brady, et al.* v. *Air Line Pilots Association, Int'l***
**Civil Action No. 02-2917 (D.N.J. Camden) (JEI)**

Dear Judge Irenas:

      We represent ALPA in the above-referenced litigation. We write to bring to the Court's attention a development concerning the authorization cards that American Airlines pilot Mark Hunnibell produced and distributed, and American Airlines pilot John Clark thereafter collected from his colleagues in 2001.

      In his deposition in this case in 2006, Clark testified that he was unable to locate the authorization cards that he had collected. Clark recently reported to ALPA's counsel, however, that he has now discovered the previously missing authorization cards. Clark indicated that, while cleaning out his garage earlier this year, he discovered several boxes containing all of the cards that he collected during the course of the authorization campaign. He thus believes that the authorization cards have continuously been in his possession—not ALPA's (with the exception of a 20-30 minute period during which ALPA

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Joseph E. Irenas, S.U.S.D.J.                                                                 2

representatives were permitted to examine a few samples of the cards at a convention in Las Vegas)—since the time that he received them from his fellow pilots at American Airlines.

As the Court may recall, ALPA was unable to locate the missing authorization cards within its files during the liability phase of this case. Although there was no evidence that ALPA had the authorization cards in its possession, plaintiffs made ALPA's inability to produce them central component of their case. ALPA ultimately produced electronic records that reflected the information on the cards (with sensitive pilot information redacted) (*See* Dkt. Nos. 296-7 at 27-55), but plaintiffs nonetheless relied on the fact that the cards themselves had not been produced as purported support for their contention that ALPA was somehow involved in the cards' production and distribution. And although Clark testified that he "absolutely" had not given the cards to ALPA (Clark Dep. 167:10, December 1, 2006), plaintiffs' counsel used their absence to argue to the jury that ALPA had taken possession of the cards and played a role in their destruction. In opening arguments, plaintiffs' counsel thus stated:

> This campaign, the nuts and bolts of it, was that they sent what are called authorization cards to every American pilot. . . . Now, these cards, again, right after this prompts [sic] to pay, there is a meeting in Las Vegas where President Woerth again is there, and this American pilot named John Clark who was collecting these cards, John Clark, he is invited there, and he gives all of those cards to ALPA at this meeting. He delivers those cards to them.
>
> Now, mysteriously, those cards disappeared. No one can explain what happened to them after that. ALPA acknowledges they did exist and they acknowledge that they received them in [Las Vegas]. Now, what is funny, we took John Clark's deposition, he steadfastly denied he delivered the cards. He testified under oath, I asked him, now, you delivered those cards to ALPA, didn't you? Oh, no.

Trial Tr. vol. 1, 59:20-60:15, June 7, 2011. In closing arguments, plaintiffs again raised the absence of the cards to suggest impropriety by ALPA:

> [Clark] has got more cards he has collected and he asked ALPA, what did you want me to do with them? Don't know what the response was, but we do know this, the cards, however many there were, they are not here any more. Remember Mr. Rosen testified, we asked him what happened to the cards? I don't know. Looked everywhere, can't find

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Joseph E. Irenas, S.U.S.D.J.                                                    3

>       them.  That was his answer.  Can't find them.

Trial Tr. vol. 19, 70:24-71:5, July 12, 2011.

>       Although the Court denied plaintiffs' pretrial motions for sanctions based on ALPA's inability to produce the authorization cards (*see* Dkt. Nos. 311, 324, and 377), the Court also commented several times during the trial on the difficulties that the cards' absence posed for ALPA.  As but one example, after Seth Rosen, ALPA's Director of Representation during the relevant period, testified that ALPA had not supplied Clark and Hunnibell with the authorization cards that they distributed, the Court stated:

>> You can't say, you don't simply know.  You are not even aware of where the cards are, that might tell us, if we had the cards we might know who prepared them, wouldn't we?  If we physically had the cards. . . .  It might give us a clue who the printer was. . . .  There [are] a lot of things we could do if we had the cards. . . .  And you don't know where they are so we can't do any forensics on them to figure it out, right?

Trial Tr. vol. 16, 28:16-29:12, July 6, 2011.[1]

>       As Clark has now located the missing authorization cards, it may be possible to answer the questions that the Court posed about the provenance of the cards.  Clark is prepared to make the cards available, provided that appropriate steps are taken—in accordance with commitments that he and Hunnibell made to their fellow pilots—to preserve in confidence the identities of those who submitted the cards.  In light of his concerns, Clark has agreed to produce copies of the cards only upon assurances that ALPA's attorneys will redact individual pilots' names, signatures and other identifying information.  This approach accords with the privileged treatment of authorization cards under federal law, which limits enforcement of subpoenas requesting such cards to a specific showing of need.  *See In re Irving*, 600 F.2d 1027, 1036-37 (2d Cir. 1979) (holding that the district court erred in failing to protect the identities of authorization card signatories).[2]  Indeed, the privilege afforded to

---

[1]  *See also* Trial Tr. Vol. 11, 194:11-20, June 27, 2011; Trial Tr. Vol. 16, 26:13-23, July 6, 2011.

[2]  Courts routinely protect the identities of those who sign and submit authorization cards.  *See, e.g., Masonic Homes of R.W. Grand Lodge* v. *NLRB*, 556 F.2d 214, 220-21 (3d Cir. 1977) (finding that disclosure of authorization cards pursuant to the Freedom of Information Act would constitute a "serious violation of privacy" that would "effectively do away with union cards as they are used now"); *Pacific Molasses Co.* v. *NLRB*, 577 F.2d 1172, 1182 (5th Cir. 1978) ("[I]t is impossible to minimize the seriousness of the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Joseph E. Irenas, S.U.S.D.J.                                                    4

authorization cards has already been invoked—and accepted as applicable by plaintiffs—in this litigation. (*See* Dkt. No. 187.) During discovery, ALPA produced a database compiling the contents of authorization cards that Clark had collected. In the produced version, however, ALPA redacted all identifying information in accordance with Clark's insistence on confidentiality and its understanding of applicable law. (*See* Trial Ex. P-148 xx.)

We therefore request that the Court authorize ALPA's counsel to make copies of the cards, redact any identifying information, and then make the redacted copies available to counsel for plaintiffs. In this way, both ALPA and the plaintiffs will end up with redacted copies of the cards while Clark will retain the originals, thereby honoring the commitment of confidentiality that he made to his colleagues. In addition, Clark has advised that he would be willing to make the original cards in unredacted form available to the Court or its duly appointed forensic expert for *in camera* inspection so long as any reports from such inspection do not in any way allow identification of the individuals who signed the cards.

Respectfully,

Jay Cohen

cc:   All counsel of record (via ECF)

---

threatened invasion. . . . [Disclosure] would make meaningless those provisions of the N.L.R.A. which guarantee secrecy in union elections"). *See also* NATIONAL MEDIATION BOARD, REPRESENTATION MANUAL 7 (2013) (stating that "[t]he NMB keeps all authorizations confidential" in matters arising under the Railway Labor Act).