

**TRUJILLO
RODRIGUEZ &
RICHARDS, LLC**
A PENNSYLVANIA LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

May 23, 2013

**VIA ECF**
Hon. Joseph E. Irenas, U.S.D.J.
United States District Court for the District of New Jersey
1 John F. Gerry Plaza
Camden, NJ 08101

RE:   *Brady, et al. v. Air Line Pilots Association*
       Civil Action No. 02-2917

Dear Judge Irenas:

I write pursuant to Local Civil Rule 37(a)(1) to request that a discovery conference be scheduled to address a discovery dispute arising from Defendant's refusal to respond to certain discovery related to damages. Plaintiffs' counsel has made a good faith effort to resolve this discovery matter with the Defendant, including by way of letter dated May 8, 2013. *See* Exhibit A. Defendant responded to counsel's letter by letter dated May 22, 2013. *See* Ex. B.

In Plaintiffs' First Set of Damages Interrogatories and Plaintiffs' Fourth Request for Production of Documents (Damages), both served March 18, 2013, Plaintiffs requested discovery of the amount ALPA collected in union dues from each member of the certified class during the period January 1, 2001 through April 30, 2002, inclusive. *See* Ex. C. As part of their damages, plaintiffs may seek a refund of union dues paid during the period of time that ALPA breached its duty of fair representation to the TWA pilots. ALPA refused to produce any responsive documents. *See* Ex. D.

ALPA first objects to production of the requested discovery on the ground that a return of membership dues is "not recoverable in this action." To the contrary, however, restitution of union dues has been recognized as an appropriate remedy against a union. *See, e.g., Intl. Ass'n of Machinists v. Street*, 367 U.S. 740, 775 (1961); *Bd. of Ry. & S.S. Clerks, Freight Handlers, Exp. & Station Emp. v. Allen*, 373 U.S. 113, 120-21 (1963); *Dean v. Trans World Airlines, Inc.*, 708 F.2d

486, 488 (9th Cir. 1983) (noting that "it would have been appropriate for Dean to seek judicial relief by way of … a rebate" of dues improperly spent.). The Court in *Addington v. US Airline Pilots Association*, Civil Action No. 08-1633 (D. Arizona 2009), recognized that a refund of union dues may be appropriate where there is an allegation of a wrongful collection or expenditure of the union dues.

ALPA next objects, arguing that Plaintiffs were required to include this theory of damages in Plaintiffs' expert reports and that Defendant is now prejudiced by Plaintiffs' failure. ALPA is mistaken. Expert witness testimony is proper only where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue." Federal Rules of Evidence 702. It is obvious that no specialized knowledge is needed to understand how much money an ALPA member paid ALPA in union dues or membership fees if ALPA states that number in an answer to an interrogatory or produces a chart showing that number. Plaintiffs' experts have used their specialized knowledge to develop but-for seniority lists and the economic damages that flowed out of ALPA's breach in connection with the inferior seniority list that resulted from the breach, but they have never opined that these particular economic damages are the entirety of the plaintiffs' damages. The question of whether a refund of dues is an appropriate element of damages is a question for the Court to decide. It does not come within the purview of expert testimony. Damage discovery is not closed, the court has not yet set a discovery end date, and, accordingly, Plaintiffs' discovery requests are timely. There simply has been no showing of prejudice to Defendant.

Finally, ALPA has objected to the production of any union dues paid after April 3, 2002, since that was the date that ALPA ceased representing the TWA pilots. Plaintiffs' agreed with ALPA's objection and, accordingly, limited their document request to dues paid during the time frame January 1, 2001 through April 3, 2002, inclusive.

I will gladly coordinate a telephone conference at the Court's convenience to address this matter. In the alternative, Plaintiffs' seek leave to file a formal motion to compel if that is Your Honor's preference.

Respectfully submitted,

*s/ Lisa J. Rodriguez*
Lisa J. Rodriguez

cc:     Jay Cohen (via email)
        Dan Toal (via email)
        John Connell (via email)
        Dan Katz (via email)
        Plaintiffs' Counsel (via email)