# EXHIBIT A



**TRUJILLO
RODRIGUEZ &
RICHARDS, LLC**
A PENNSYLVANIA LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

May 8, 2013

**VIA EMAIL**
Daniel J. Toal
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

      RE:   *Brady, et al. v. Air Line Pilots Association*
              Civil Action No. 02-2917

Dear Mr. Toal:

      I am in receipt of ALPA's Responses and Objections to Plaintiffs' First Set of Damages Interrogatories and Plaintiffs' Fourth Request for Production of Documents (Damages). ALPA wholly objected to production of any documents reflecting the union dues, or membership fees, ALPA collected from former TWA pilots. ALPA's objection is two-fold and, in Plaintiffs' opinion, erroneous. Before seeking leave to file a discovery motion, Plaintiffs write in a good faith attempt to resolve this discovery dispute without the need for court intervention. L.Civ. R. 37.1(a)(1).

      First, ALPA objects on the ground that a return of membership dues is "not recoverable in this action." I am unable to find any federal case law binding on this Court that holds that union dues are not recoverable in a breach of the duty of fair representation case such as this. To the contrary, restitution of union dues has been recognized as an appropriate remedy against a union. *See, e.g., Intl. Ass'n of Machinists v. Street*, 367 U.S. 740, 775 (1961); *Bd. Of Ry. & S.S. Clerks, Freight Handlers, Exp. & Station Emp. v. Allen*, 373 U.S. 113, 120-21 (1963); *Dean v. Trans World Airlines, Inc.*, 708 F.2d 486, 488 (9th Cir. 1983)(noting that "it would have been appropriate for Dean to seek judicial relief by way of ... a rebate" of dues improperly spent.). The Court in *Addington v. US Airline Pilots Association*, Civil Action No. 08-1633 (D. Arizona 2009) recognized that a refund of union dues may be appropriate where there is an allegation of a wrongful collection

or expenditure of the union dues. If there is binding case law on this issue that I have missed, I would welcome the case citations from you.

Next, ALPA objects claiming Plaintiffs were somehow required to include this theory of damages in our expert reports. ALPA is mistaken. Expert witness testimony is proper only where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue." Rule 702, Federal Rules of Evidence. It is obvious that no specialized knowledge is needed to understand how much money an ALPA member paid ALPA in union dues or membership fees if ALPA states that number in an answer to an interrogatory or produces a chart showing that number. Our experts have used their specialized knowledge to develop but-for seniority lists and the economic damages that flowed out of ALPA's breach in connection with the inferior seniority list that resulted from the breach, but they have never opined that these particular economic damages are the entirety of the plaintiffs' damages. The question of whether a refund of dues is an appropriate element of damages is a legal question for the Court to decide. It does not come within the purview of expert testimony. Damage discovery is not closed, the court has not yet set a discovery end date, and, accordingly, Plaintiffs' discovery requests are timely.

Finally, ALPA has objected to the production of any union dues paid after April 3, 2002, since that was the date that ALPA ceased representing the TWA pilots. Plaintiffs' agree with ALPA's objection and, accordingly, will limit their document request to dues paid during the time frame January 1, 2001 through April 3, 2002.

I am happy to discuss this matter further at your convenience. If I do not hear from you by May 22, 2013, I intend to write to Judge Irenas requesting leave to file a Motion to Compel.

Respectfully,

Lisa J. Rodriguez

cc: Jay Cohen (via email)
Kerri Chewning (via email)
Plaintiffs' Counsel (via email)

# EXHIBIT B

## PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON  (1946-1991)
RANDOLPH E PAUL  (1946-1956)
SIMON H RIFKIND  (1950-1995)
LOUIS S WEISS  (1927-1950)
JOHN F WHARTON  (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3869
WRITER'S DIRECT FACSIMILE

(212) 492-0869
WRITER'S DIRECT E-MAIL ADDRESS

dtoal@paulweiss.com

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU  U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
BRAD J FINKELSTEIN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
JOYCE S HUANG
DAVID S HUNTINGTON
JEH C JOHNSON

MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JOHN J O'NEIL
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

May 22, 2013

<u>**By Email and Federal Express**</u>

Lisa J. Rodriguez, Esq.
Trujillo, Rodriguez & Richards, LLC
258 Kings Highway East
Haddonfield, NJ 08033

> Re:  *Brady, et al.* v. *Air Line Pilots Association*
>      Civil Action No. 02-2917

Dear Lisa:

    I write in response to your May 8, 2013 letter regarding ALPA's Responses and Objections to (i) Plaintiffs' First Set of Damages Interrogatories and (ii) Plaintiffs' Fourth Request for Production of Documents on the Issue of Damages, dated April 22, 2013 (together, "Responses and Objections").

    *First*, your letter indicates, for the first time, that plaintiffs intend to seek "restitution of union dues" as a remedy in this action. Case law, however, makes clear that restitution of union dues is not a permissible measure of damages in duty of fair representation cases premised on a union's conflict of interest. Restitutionary union dues are awarded only where "the very collection or expenditure of dues is unlawful." See *Addington* v. *US Airline Pilots Ass'n*, Nos. CV-08-1633, CV-08-1728, 2009 WL 856334 at *1 (D.Ariz. Mar. 26, 2009). Put differently, restitution is appropriate where the "offending conduct. . . was the collection and use of dues money for improper purposes," see *id.* (citing *Int'l Ass'n of Machinists* v. *Street*, 367 U.S. 740, 767–75 (1961)), as when

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Lisa J. Rodriguez, Esq.                                                                                          2

a union fails to grant non-members the right to dissent from political expenditures or levies dues increases without following the procedures set forth by federal labor law. *See, e.g., Chicago Teachers Union* v. *Hudson*, 475 U.S. 292 (1986) (holding that nonmember employees were entitled to restitution for agency fees charged for ideological expenditures unrelated to collective bargaining); *David Scharf and Samuel Offen*, 244 N.L.R.B. 905 (1979) (requiring disgorgement of dues and initiation fees withheld pursuant to an unlawfully-executed CBA that could not confer the right to levy dues and fees). In these cases, the union's wrongful conduct was exacting dues or fees to which it was not entitled. And because plaintiffs sought only return of the wrongfully-collected dues, their remedy is "restitution" in name only: plaintiffs were entitled to the amount of dues that would compensate them for their losses, and nothing more.

The cases cited in your letter support ALPA's objection that dues restitution is not available as a remedy in this action. *International Association of Machinists* v. *Street* and *Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees, et al.* v. *Allen* arise under the First Amendment and merely hold that agency shop agreements must grant non-members the opportunity to dissent from union political expenditures. Although *Dean* v. *Trans World Airlines* at least involves an allegation that a union violated the duty of fair representation, it too is a case about *dissenting non-members* and compelled political speech, with no bearing on whether the remedy plaintiffs seek is available to them in a duty of fair representation case premised on a conflict of interest. 708 F.2d 486, 488 (9th Cir. 1983).[1] Finally, *Addington* v. *US Air Line Pilots Association* definitively rejected the measure of damages you now propose. The court in *Addington* squarely held that dues restitution was an impermissible remedy because the "claim for restitution of dues [was] punitive" and therefore barred in duty of fair representation cases, further emphasizing that the "plaintiffs [could not] cite any legal authority supporting their claim for restitution of dues." *See* 2009 WL 856334 at *1.

*Second*, the position taken in your letter that plaintiffs were not "required to include this theory of damages in [their] expert reports" reflects a misunderstanding of ALPA's timeliness objection. You write that "no specialized knowledge is needed to understand how much money an ALPA member paid ALPA in dues or membership fees," suggesting that the discovery requests are therefore timely. ALPA's timeliness objection to plaintiffs' requests does not depend on whether your restitution theory would require expert testimony. The broader issue is that these requests come after over a decade of litigation, relating to an issue first raised only as we approach completion of nearly two years of damages discovery. As made clear by the Court on multiple occasions, plaintiffs were required to make their damage claims and theories clear long ago in order for the parties to conduct meaningful and full discovery. Conf. Tr. at 65

---

[1] The quote that you selectively excerpt from *Dean* reads in full: "it would have been appropriate for Dean to seek judicial relief by way of . . . a rebate for *political and ideological expenditures*." *Id.* (emphasis added).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Lisa J. Rodriguez, Esq.                                                                                      3

(May 4, 2012) ("[F]actual discovery as to who gets what [would] be very difficult, if not impossible" without a clear understanding of plaintiffs' damage model); Conf. Tr. at 10 (Sept. 18, 2012) ("[M]y view is that once we have a framework [of damages], we can begin to fine-tune. . . the discovery requests or demands for documents."). Plaintiffs' effort to assert new damage theories and claims—and to seek discovery in support thereof— is now untimely. Even assuming, contrary to well-established law, that dues restitution were an available remedy, calculating the appropriate measure of damages would be more involved than simply looking to the sum of "how much [plaintiffs] paid ALPA" and thus would require additional discovery, including re-opening previously conducted depositions.

The law is unambiguous on the fact that, where dues restitution is a viable remedy, plaintiffs are entitled to disgorgement of only the *pro rata* share of dues spent in violation of the law. *See, e.g., Abood* v. *Detroit Bd. of Educ.*, 431 U.S. 209, 212-213 (1977) (holding that plaintiff was entitled only to "a sum. . . which is so much of the moneys exacted from him as is the proportion of the union's total expenditures made for such political activities to the union's total budget"); *Prescott* v. *Cnty. of El Dorado*, 177 U.S. 1102, 1109 (explaining that "complete restitution" was too "draconian a rule"); *Gilpin* v. *Am. Fed'n of State, Cnty., and Mun. Emp.* 875 F.2d 1310, 1315 (7th Cir. 1989) ("The plaintiffs do not propose to give back the benefits that the union's efforts bestowed on them."). Unless plaintiffs allege that ALPA devoted *all* dues assessments paid by former TWA pilots to breaches of the duty of fair representation—an allegation that is both absurd on its face and was not properly pled—both parties will need to submit evidence in support of the proper *pro rata* allocation, necessitating further discovery from both fact and expert witnesses.

*Third,* as stated in the Responses and Objections, plaintiffs did not plead a claim for dues restitution and failed to allege any facts that would have provided ALPA with notice of such a claim. Plaintiffs' Second Amended Restated Complaint ("Complaint") is devoid of either an explicit prayer for restitution or allegations of wrongful dues withholdings or expenditures. As a result, plaintiffs' belated presentation of a restitution-based damage theory violates the basic requirement that plaintiffs "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," with allegations of fact "suggestive of [the proscribed] conduct." *See Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)); *Umland* v. *Planco Fin. Servs.*, 542 F.3d 59 (3d Cir. 2008). To the extent that you now intend to assert a claim for restitution of union dues, plaintiffs therefore must seek leave of Court to amend their Complaint, which application ALPA would oppose.

Plaintiffs inexplicably waited more than *eleven years* to advise ALPA that they intended to claim restitution of dues, a remedy that—in all events—is not available to redress the harms plaintiffs claim to have suffered. Accordingly, ALPA does not intend to supplement its Responses and Objections. We are, however, available for a

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Lisa J. Rodriguez, Esq. 4

meet and confer in accordance with Rule Local Rule 37.1(a)(1) to discuss these issues further.

Sincerely,

*Daniel J. Toal*

Daniel J. Toal

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INT'L,<br><br>Defendant. | Civil Action No. 02-2917 (JEI) |

## PLAINTIFFS' FIRST SET OF DAMAGE INTERROGATORIES

Plaintiffs hereby demand that Defendant, Air Line Pilots Association, International ("ALPA"), provide verified answers to the following Interrogatory in accordance with Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.1.

1. State the amount of union dues or agency fees paid to ALPA by each member of the Class of TWA pilots during the period January 1, 2001 through April 30, 2002, inclusive.

DATE: March 18, 2013

TRUJILLO RODRIGUEZ & RICHARDS, LLC

BY: _Nicole M. Acchione_
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, N.J. 08033
(856) 795-9002

GREEN JACOBSON P.C.
Allen P. Press
Joe Jacobson
7733 Forsyth Blvd., Suite 700
St. Louis, MO 63105
(314) 862-6800

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICK BRADY, et al.

    Plaintiffs,

v.

AIR LINE PILOTS ASSOCIATION, INT'L,

    Defendant.

Civil Action No. 02-2917 (JEI)

### PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS ON THE ISSUE OF DAMAGES

Pursuant to Rule 34, Plaintiffs hereby demand that Defendant, Air Line Pilots Association, International, produce the following documents in accordance with Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 34.1.

1. Any document or documents, including by not limited to a report or an accounting, sufficient to show the amounts of ALPA union membership dues (agency fees) paid by each member of the Class of TWA Pilots to ALPA during the period January 1, 2001 through April 30, 2002, inclusive.

DATE: March 18, 2013

TRUJILLO RODRIGUEZ & RICHARDS, LLC

BY: *[signature: Nicole M. Acchione]*
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, N.J. 08033
(856) 795-9002

GREEN JACOBSON P.C.
Allen P. Press
Joe Jacobson
7733 Forsyth Blvd., Suite 700
St. Louis, MO 63105
(314) 862-6800

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>AIR LINE PILOTS ASSOCIATION,<br>INTERNATIONAL,<br><br>        Defendant. | Civil Action No. 02-2917 (JEI) |

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS ON THE ISSUE OF DAMAGES

Defendant Air Line Pilots Association, International ("ALPA"), by its attorneys Archer & Greiner and Paul, Weiss, Rifkind, Wharton, & Garrison, hereby responds and objects to Plaintiffs' Fourth Request for Production of Documents on the Issue of Damages as follows:

### GENERAL RESPONSES AND OBJECTIONS

ALPA objects to each of Plaintiffs' requests on the following grounds, which are incorporated by reference in the response below:

1. ALPA objects to Plaintiffs' Request to the extent that the requests contained therein are not reasonably calculated to lead to the discovery of admissible evidence.

2. ALPA objects to Plaintiffs' Request to the extent that the requests contained therein are vague, ambiguous, overbroad, oppressive or unduly burdensome.

2

3. ALPA objects to each request to the extent that the information sought (a) is subject to the attorney-client privilege; (b) constitutes work product; (c) was prepared in anticipation of litigation or for trial; or (d) is otherwise privileged or exempt from discovery. In the event that a document that is privileged or exempt from discovery is produced by ALPA, it will have been produced through inadvertence and shall not constitute a waiver of privileges applicable to that or any other document.

4. ALPA objects to Plaintiffs' Request to the extent that it seeks information coming into existence after April 3, 2002, the date when the National Mediation Board transferred to the Allied Pilots Association the representational rights for the former TWA pilots, as not reasonably calculated to lead to the discovery of admissible evidence.

5. ALPA's responses are not intended to waive or prejudice any objections defendants may later assert, including, without limitation, objections as to the admissibility of any response or category of responses at trial.

6. ALPA reserves the right to supplement, amend or correct all or any parts of any of the responses provided herein.

**SPECIFIC RESPONSES AND OBJECTIONS**

Subject to and without waiver of each of the General Responses and Objections set forth above, ALPA specifically responds and objects as follows:

**Document Request No. 1:**

Any document or documents, including but not limited to a report or an accounting, sufficient to show the amounts of ALPA union membership dues (agency fees) paid by each member of the class of TWA pilots to ALPA during the period January 1,

2001 through April 30, 2002, inclusive.

**Response and Objections to Document Request No. 1:**

ALPA objects to this Request on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, as plaintiffs have not advanced any allegations, claims for damages, or damage theories that implicate the requested information. To the extent plaintiffs seek the requested documents for inclusion in their damage calculations, ALPA states that, as a matter of law, union dues or agency fees paid to ALPA by members of the class of TWA pilots are not recoverable in this action, and ALPA further objects to this Interrogatory as untimely. Plaintiffs were obligated to give ALPA notice of their damage theory with their initial submission of expert reports. Plaintiffs may not now attempt to advance new damage theories or calculations after both parties have already selected experts, served expert reports, taken expert and fact witness depositions, and dedicated substantial resources to developing and supporting their respective damage theories.

To the extent that the Request applies to "any" documents sufficient to show the amounts of union membership dues paid to ALPA by the class of TWA pilots, ALPA objects that the Request is unduly burdensome.

4

Dated: Haddonfield, NJ
April 22, 2013

Theodore V. Wells, Jr., Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

- and -

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033

By: _____
John C. Connell, Esquire
Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*
9679683v1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, <br><br> Defendant. | Civil Action No. 02-2917 (JEI) |

### DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF DAMAGE INTERROGATORIES

Defendant Air Line Pilots Association, International ("ALPA"), by its attorneys Archer & Greiner and Paul, Weiss, Rifkind, Wharton, & Garrison, hereby responds and objects to Plaintiffs' First Set of Damage Interrogatories as follows:

### GENERAL RESPONSES AND OBJECTIONS

The following general responses and objections are incorporated into each specific response and objection as if fully set forth therein.

1. ALPA objects to Plaintiffs' Interrogatories to the extent that the requests contained therein are not reasonably calculated to lead to the discovery of admissible evidence.

2. ALPA objects to Plaintiffs' Interrogatories to the extent that the requests contained therein are vague, ambiguous, overbroad, oppressive or unduly burdensome.

3. ALPA objects to each interrogatory to the extent that the information sought (a) is subject to the attorney-client privilege; (b) constitutes work product; (c) was

prepared in anticipation of litigation or for trial; or (d) is otherwise privileged or exempt from discovery.

4. In responding and objecting to the Interrogatories, ALPA does not intend to waive, and shall not be construed as having waived, any privilege or protection, including, but not limited to, the attorney-client privilege and work product protection.

5. ALPA objects to Plaintiffs' interrogatories to the extent that it seeks information coming into existence after April 3, 2002, the date when the National Mediation Board transferred to the Allied Pilots Association the representational rights for the former TWA pilots, as not reasonably calculated to lead to the discovery of admissible evidence.

6. ALPA submits these answers without conceding the relevancy or materiality of the subject matter of any interrogatory or the information requested in any such interrogatory.

7. ALPA reserves the right to supplement, amend or correct all or any parts of any answer provided herein, and reserves the right to object to the admissibility of all or any part of the answers provided herein and any information contained herein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of each of the General Responses and Objections set forth above, ALPA specifically responds and objects as follows:

### Interrogatory No. 1:

State the amount of union dues or agency fees paid to ALPA by each member of the class of TWA pilots during the period January 1, 2001 through April 30, 2002, inclusive.

3

**Response and Objections to Interrogatory No. 1:**

ALPA objects to this Interrogatory on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, as plaintiffs have not advanced any allegations, claims for damages, or damage theories that implicate the requested information. To the extent plaintiffs seek the requested information for inclusion in their damage calculations, ALPA states that, as a matter of law, union dues or agency fees paid to ALPA by members of the class of TWA pilots are not recoverable in this action, and ALPA further objects to this Interrogatory as untimely. Plaintiffs were obligated to give ALPA notice of their damage theory with their initial submission of expert reports. Plaintiffs may not now attempt to advance new damage theories or calculations after both parties have already selected experts, served expert reports, taken expert and fact witness depositions, and dedicated substantial resources to developing and supporting their respective damage theories.

Dated: Haddonfield, NJ
April 22, 2013

Theodore V. Wells, Jr., Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

- and -

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033

By: _____
John C. Connell, Esquire
Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton
   & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*
9679675v1