PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K GARRISON (1946-1991)
RANDOLPH E PAUL (1946-1956)
SIMON H RIFKIND (1950-1995)
LOUIS S WEISS (1927-1950)
JOHN F WHARTON (1927-1977)

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3869

WRITER'S DIRECT FACSIMILE
(212) 492-0869

WRITER'S DIRECT E-MAIL ADDRESS
dtoal@paulweiss.com

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
BRAD J FINKELSTEIN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
JOYCE S HUANG
DAVID S HUNTINGTON
JEH C JOHNSON

MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN S MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JOHN J O'NEIL
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YAETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

May 29, 2013

*Via ECF*
The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

    Re:  *Brady, et al.* v. *Air Line Pilots Association*
        Civil Action No. 02-2917

Dear Judge Irenas:

    We write in response to Lisa Rodriguez's letter to the Court dated May 23, 2013 concerning ALPA's objections to Plaintiffs' First Set of Damage Interrogatories and Plaintiffs' Fourth Request for the Production of Documents on the Issue of Damages (together, the "Requests"). We believe plaintiffs' request for a discovery conference is premature and contrary to the purpose of Local Rule 37.1(a)(1) since plaintiffs' counsel failed to meet and confer regarding this issue. Nevertheless, in anticipation of tomorrow's telephonic conference, we outline below ALPA's objections to producing the requested discovery.

**I.  The Requests Evidence an Attempt to Belatedly Amend Plaintiffs' Pleadings**

    Ms. Rodriguez's letter to the Court states: "As part of their damages, plaintiffs may seek a refund of union dues paid during the period of time that ALPA breached its duty of fair representation to the TWA pilots." Ms. Rodriguez fails to note, however, that plaintiffs have not actually pleaded a claim for dues restitution and that the Complaint lacks *any* allegations of facts that would support or otherwise put ALPA on notice of such a claim. It was on that basis, among others, that ALPA objected to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Lisa J. Rodriguez, Esq. 2

production of discovery sought by the Requests relating to "the amount of union dues or agency fees paid to ALPA by each member of the class of TWA pilots" during the relevant time period. Ms. Rodriguez's May 8, 2013 letter to ALPA's counsel concerning ALPA's Responses and Objections to the Requests (Exhibit A to May 23 Ltr. from L. Rodriguez to J. Irenas) was the first time that plaintiffs even hinted that they would attempt to seek restitution of union dues as a remedy in this action. Plaintiffs' belated presentation of a restitution-based damage theory violates the basic requirement that plaintiffs "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," with allegations of fact "suggestive of [the proscribed] conduct." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Umland v. Planco Fin. Servs.*, 542 F.3d 59 (3d Cir. 2008). Therefore, to the extent that plaintiffs now intend to claim restitution of union dues, they must seek leave of Court to amend their Complaint, which application ALPA would oppose as untimely and prejudicial to ALPA.

II.   **A Belated Dues Restitution Claim Would Require New Proof and Discovery**

Plaintiffs claim that their discovery requests are timely "as long as damage discovery is not closed [and] the court has not yet set a discovery end date." This position, however, ignores that plaintiffs seek discovery on *new, unpleaded* damage claims and issues that would also require ALPA to discover and prove evidence in support of a defense that it had not—and could not have—contemplated in its prior discovery efforts. Although plaintiffs request only the sum of dues paid to ALPA during the specified period, the calculation of restitutionary damages requires much more. Both parties would need to determine and support their assessment of the *pro rata* share of dues spent in violation of the law, in accordance with a vast body of case law. *See, e.g., Abood v. Detroit Bd. of Educ.*, 431 U.S. 209, 212-213 (1977) (holding that plaintiff was entitled only to "a sum . . . of the moneys exacted from him as is the proportion of the union's total expenditures made for such political activities to the union's total budget"); *Prescott v. Cnty. of El Dorado*, 177 U.S. 1102, 1109 (explaining that "complete restitution" was too "draconian a rule"). Unless plaintiffs intend to maintain that ALPA devoted *all* dues assessments paid by former TWA pilots to breaches of the duty of fair representation, both parties will need to submit evidence in support of the proper *pro rata* allocation, necessitating further discovery from both fact and expert witnesses and even the re-opening of completed depositions. Plaintiffs ignore these considerations.

III.   **The Requested Discovery Relates to Damages That Are Not Recoverable as a Matter of Law**

Although we do not believe it necessary to address in detail the underlying merits of plaintiffs' unpleaded claim for restitution, we briefly address plaintiffs' assertion that "restitution of union dues has been recognized as an appropriate remedy against a union."

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Lisa J. Rodriguez, Esq. 3

        Case law makes clear that restitution of union dues is not a permissible measure of damages in duty of fair representation cases premised, as here, on a union's conflict of interest. Restitution is appropriate only where the union's "offending conduct . . . was the *collection and use* of dues money for improper purposes," see *Addington* v. *US Airline Pilots Ass'n*, Nos. CV-08-1633, CV-08-1728, 2009 WL 856334 at *1 (D.Ariz. Mar. 26, 2009) (citing *Int'l Ass'n of Machinists* v. *Street*, 367 U.S. 740, 767–75 (1961) (emphasis added)), as when a union fails to grant non-members the right to dissent from political expenditures or levies dues increases without following the procedures set forth by federal labor law. *See, e.g., Chicago Teachers Union* v. *Hudson*, 475 U.S. 292 (1986) (granting restitution for agency fees charged for ideological expenditures unrelated to collective bargaining); *David Scharf and Samuel Offen*, 244 N.L.R.B. 905 (1979) (requiring disgorgement of dues and initiation fees illegally withheld).

        The cases on which plaintiffs rely do not provide support for the claim that restitution may be available in this action. *International Association of Machinists* v. *Street* and *Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees, et al.* v. *Allen* merely hold that agency shop agreements must grant non-members the opportunity to dissent from union political expenditures. Likewise, *Dean* v. *Trans World Airlines* is a case about *dissenting non-members* and compelled political speech, with no bearing on whether the remedy plaintiffs seek is available to them in a duty of fair representation case premised on a conflict of interest. 708 F.2d 486, 488 (9th Cir. 1983).[1] Finally, *Addington* v. *US Air Line Pilots Association* definitively rejected the measure of damages plaintiffs now propose. The court in *Addington* squarely held that dues restitution was an impermissible remedy because the "claim for restitution of dues [was] punitive" and therefore barred in duty of fair representation cases, noting further that the "plaintiffs [could not] cite any legal authority supporting their claim for restitution of dues." *See* 2009 WL 856334 at *1.

        \*    \*    \*

        We look forward to discussing these issues in more detail during tomorrow's telephonic court conference.

        Sincerely,

        */s/ Daniel J. Toal*

        Daniel J. Toal

---

[1] In further support of ALPA's argument, the quote that plaintiffs selectively excerpt from *Dean* reads in full: "it would have been appropriate for Dean to seek judicial relief by way of . . . a rebate for *political and ideological expenditures*." *Id.* (emphasis added).