# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PATRICK BRADY, et al.                          :
                                               :        Civil Action No. 02-2917 (JEI)
    Plaintiffs,                       :
                                               :
        v.              :
                                               :
AIR LINE PILOTS ASSOCIATION, INT'L, :
                                               :
    Defendant.                        :
                                               :

## PLAINTIFFS' FOURTH REQUEST
## FOR PRODUCTION OF DOCUMENTS ON THE ISSUE OF DAMAGES

Pursuant to Rule 34, Plaintiffs hereby demand that Defendant, Air Line Pilots

Association, International, produce the following documents in accordance with Rule 34

of the Federal Rules of Civil Procedure and Local Civil Rule 34.1.

    1.     Any document or documents, including by not limited to a report or an accounting, sufficient to show the amounts of ALPA union membership dues (agency fees) paid by each member of the Class of TWA Pilots to ALPA during the period January 1, 2001 through April 30, 2002, inclusive.

DATE:  March 18, 2013      TRUJILLO RODRIGUEZ & RICHARDS, LLC

                  BY: _Nicole M. Acchione_____
                      Lisa J. Rodriguez
                      Nicole M. Acchione
                      258 Kings Highway East
                      Haddonfield, N.J. 08033
                      (856) 795-9002

                      GREEN JACOBSON P.C.
                      Allen P. Press
                      Joe Jacobson
                      7733 Forsyth Blvd., Suite 700
                      St. Louis, MO 63105
                      (314) 862-6800

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PATRICK BRADY, et al.                    :

     Plaintiffs,                        :     Civil Action No. 02-2917 (JEI)

             v.                     :

AIR LINE PILOTS ASSOCIATION, INT'L,  :

     Defendant.                         :

### PLAINTIFFS' FIRST SET OF DAMAGE INTERROGATORIES

Plaintiffs hereby demand that Defendant, Air Line Pilots Association, International ("ALPA"), provide verified answers to the following Interrogatory in accordance with Rule 33 of the Federal Rules of Civil Procedure and Local Civil Rule 33.1.

     1.    State the amount of union dues or agency fees paid to ALPA by each member of the Class of TWA pilots during the period January 1, 2001 through April 30, 2002, inclusive.

DATE: March 18, 2013       TRUJILLO RODRIGUEZ & RICHARDS, LLC

                      BY:_____Nicole M. Acchione_____
                          Lisa J. Rodriguez
                          Nicole M. Acchione
                          258 Kings Highway East
                          Haddonfield, N.J. 08033
                          (856) 795-9002

                          GREEN JACOBSON P.C.
                          Allen P. Press
                          Joe Jacobson
                          7733 Forsyth Blvd., Suite 700
                          St. Louis, MO 63105
                          (314) 862-6800

## VERIFICATION

I, _____, in my capacity as the _____ of

the Air Line Pilots Association, International, being duly sworn, according to law, upon

his/her oath, deposes and says:

      1.      In accordance with Local Civil Rule 33.1(b), the information contained in

the foregoing Interrogatory Answer which is not within my personal knowledge is as

follows: [describe knowledge]. This information was obtained by me from the following

individual(s): [identify name and address of every person from whom information was

received].

      2.      Certain of the information contained in the foregoing Interrogatory

Answer was obtained from the following document(s): [specify information and

documents referred to or relied upon in supplying information].

      I have read the attached Interrogatory Answer. The information contained therein

is true and correct.


_____
Signature


Sworn and subscribed
before me this ___ day
of _____, 2013

_____
{Notary Signature}

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PATRICK BRADY, et al.,

                Plaintiffs,

                v.

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL,

                Defendant.

Civil Action No. 02-2917 (JEI)

## DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS ON THE ISSUE OF DAMAGES

      Defendant Air Line Pilots Association, International ("ALPA"), by its attorneys Archer & Greiner and Paul, Weiss, Rifkind, Wharton, & Garrison, hereby responds and objects to Plaintiffs' Fourth Request for Production of Documents on the Issue of Damages as follows:

### GENERAL RESPONSES AND OBJECTIONS

      ALPA objects to each of Plaintiffs' requests on the following grounds, which are incorporated by reference in the response below:

      1.     ALPA objects to Plaintiffs' Request to the extent that the requests contained therein are not reasonably calculated to lead to the discovery of admissible evidence.

      2.     ALPA objects to Plaintiffs' Request to the extent that the requests contained therein are vague, ambiguous, overbroad, oppressive or unduly burdensome.

3.      ALPA objects to each request to the extent that the information sought (a) is subject to the attorney-client privilege; (b) constitutes work product; (c) was prepared in anticipation of litigation or for trial; or (d) is otherwise privileged or exempt from discovery.  In the event that a document that is privileged or exempt from discovery is produced by ALPA, it will have been produced through inadvertence and shall not constitute a waiver of privileges applicable to that or any other document.

4.      ALPA objects to Plaintiffs' Request to the extent that it seeks information coming into existence after April 3, 2002, the date when the National Mediation Board transferred to the Allied Pilots Association the representational rights for the former TWA pilots, as not reasonably calculated to lead to the discovery of admissible evidence.

5.      ALPA's responses are not intended to waive or prejudice any objections defendants may later assert, including, without limitation, objections as to the admissibility of any response or category of responses at trial.

6.      ALPA reserves the right to supplement, amend or correct all or any parts of any of the responses provided herein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of each of the General Responses and Objections set forth above, ALPA specifically responds and objects as follows:

### Document Request No. 1:

Any document or documents, including but not limited to a report or an accounting, sufficient to show the amounts of ALPA union membership dues (agency fees) paid by each member of the class of TWA pilots to ALPA during the period January 1,

3

2001 through April 30, 2002, inclusive.

**Response and Objections to Document Request No. 1:**

ALPA objects to this Request on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, as plaintiffs have not advanced any allegations, claims for damages, or damage theories that implicate the requested information. To the extent plaintiffs seek the requested documents for inclusion in their damage calculations, ALPA states that, as a matter of law, union dues or agency fees paid to ALPA by members of the class of TWA pilots are not recoverable in this action, and ALPA further objects to this Interrogatory as untimely. Plaintiffs were obligated to give ALPA notice of their damage theory with their initial submission of expert reports. Plaintiffs may not now attempt to advance new damage theories or calculations after both parties have already selected experts, served expert reports, taken expert and fact witness depositions, and dedicated substantial resources to developing and supporting their respective damage theories.

To the extent that the Request applies to "any" documents sufficient to show the amounts of union membership dues paid to ALPA by the class of TWA pilots, ALPA objects that the Request is unduly burdensome.

4

Dated:   Haddonfield, NJ
       April 22, 2013

Theodore V. Wells, Jr., Esquire
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

- and -

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033

By: _____
      John C. Connell, Esquire
      Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*
9679683v1

# EXHIBIT D

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

PATRICK BRADY, et al.,

        Plaintiffs,

        v,

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL,

        Defendant.

Civil Action No. 02-2917 (JEI)

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIRST SET OF DAMAGE INTERROGATORIES

Defendant Air Line Pilots Association, International ("ALPA"), by its

attorneys Archer & Greiner and Paul, Weiss, Rifkind, Wharton, & Garrison, hereby responds

and objects to Plaintiffs' First Set of Damage Interrogatories as follows:

## GENERAL RESPONSES AND OBJECTIONS

The following general responses and objections are incorporated into each

specific response and objection as if fully set forth therein.

    1.    ALPA objects to Plaintiffs' Interrogatories to the extent that the

requests contained therein are not reasonably calculated to lead to the discovery of

admissible evidence.

    2.    ALPA objects to Plaintiffs' Interrogatories to the extent that the

requests contained therein are vague, ambiguous, overbroad, oppressive or unduly

burdensome.

    3.    ALPA objects to each interrogatory to the extent that the information

sought (a) is subject to the attorney-client privilege; (b) constitutes work product; (c) was

prepared in anticipation of litigation or for trial; or (d) is otherwise privileged or exempt from discovery.

4.      In responding and objecting to the Interrogatories, ALPA does not intend to waive, and shall not be construed as having waived, any privilege or protection, including, but not limited to, the attorney-client privilege and work product protection.

5.      ALPA objects to Plaintiffs' interrogatories to the extent that it seeks information coming into existence after April 3, 2002, the date when the National Mediation Board transferred to the Allied Pilots Association the representational rights for the former TWA pilots, as not reasonably calculated to lead to the discovery of admissible evidence.

6.      ALPA submits these answers without conceding the relevancy or materiality of the subject matter of any interrogatory or the information requested in any such interrogatory.

7.      ALPA reserves the right to supplement, amend or correct all or any parts of any answer provided herein, and reserves the right to object to the admissibility of all or any part of the answers provided herein and any information contained herein.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiver of each of the General Responses and Objections set forth above, ALPA specifically responds and objects as follows:

**Interrogatory No. 1:**

State the amount of union dues or agency fees paid to ALPA by each member of the class of TWA pilots during the period January 1, 2001 through April 30, 2002, inclusive.

**Response and Objections to Interrogatory No. 1:**

ALPA objects to this Interrogatory on the ground that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence, as plaintiffs have not advanced any allegations, claims for damages, or damage theories that implicate the requested information. To the extent plaintiffs seek the requested information for inclusion in their damage calculations, ALPA states that, as a matter of law, union dues or agency fees paid to ALPA by members of the class of TWA pilots are not recoverable in this action, and ALPA further objects to this Interrogatory as untimely. Plaintiffs were obligated to give ALPA notice of their damage theory with their initial submission of expert reports. Plaintiffs may not now attempt to advance new damage theories or calculations after both parties have already selected experts, served expert reports, taken expert and fact witness depositions, and dedicated substantial resources to developing and supporting their respective damage theories.

4

Dated:   Haddonfield, NJ
   April 22, 2013

Theodore V. Wells, Jr., Esquire
Paul, Weiss, Rifkind, Wharton
 & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

- and -

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033

By:

  John C. Connell, Esquire
  Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton
 & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*
9679675v1

# EXHIBIT E

# Archer&Greiner P.C.

## ATTORNEYS AT LAW

**Kerri E. Chewning**
*Also Member of Pennsylvania Bar*
kchewning@archerlaw.com
856-616-2685 Direct
856-673-7166 Direct Fax

One Centennial Square
Haddonfield, NJ 08033
856-795-2121 Main
856-795-0574 Fax
**www.archerlaw.com**

May 29, 2013

**VIA CM/ECF ONLY**

The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

      **Re:  Brady, et al v. Air Line Pilots Association, Int'l,
          Civil Action No. 02-2917 (JEI) (D.N.J. Camden)**

Dear Judge Irenas:

    Enclosed please find Defendant's letter in response to Plaintiffs' letter dated May 23, 2013.

    Thank you.

                    Respectfully submitted,

                    */s/ Kerri E. Chewning*

                    KERRI E. CHEWNING

KEC:gam
Enclosure
cc:    All Counsel via CM/ECF
9814584v1

# Archer&Greiner P.C.
## ATTORNEYS AT LAW

**Kerri E. Chewning**
*Also Member of Pennsylvania Bar*
kchewning@archerlaw.com
856-616-2685 Direct
856-673-7166 Direct Fax

One Centennial Square
Haddonfield, NJ 08033
856-795-2121 Main
856-795-0574 Fax
**www.archerlaw.com**

May 29, 2013

**VIA CM/ECF ONLY**

The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

> **Re:  Brady, et al v. Air Line Pilots Association, Int'l,**
> **Civil Action No. 02-2917 (JEI) (D.N.J. Camden)**

Dear Judge Irenas:

Enclosed please find Defendant's letter in response to Plaintiffs' letter dated May 23, 2013.

Thank you.

Respectfully submitted,

*/s/ Kerri E. Chewning*

KERRI E. CHEWNING

KEC:gam
Enclosure
cc:  All Counsel via CM/ECF
9814584v1

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K GARRISON   (1946-1991)
RANDOLPH E PAUL    (1946-1956)
SIMON H RIFKIND    (1950-1995)
LOUIS S WEISS      (1927-1950)
JOHN F WHARTON     (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3869

WRITER'S DIRECT FACSIMILE
(212) 492-0869

WRITER'S DIRECT E-MAIL ADDRESS
dtoal@paulweiss.com

May 29, 2013

UNIT 3601, FORTUNE PLAZA OFFICE TOWER A
NO 7 DONG SANHUAN ZHONGLU
CHAO YANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU  U K
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
PO BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W ABBOTT
ALLAN J ARFFA
ROBERT A ATKINS
DAVID J BALL
JOHN F BAUGHMAN
LYNN B BAYARD
DANIEL J BELLER
CRAIG A BENSON
MITCHELL L BERG
MARK S BERGMAN
BRUCE BIRENBOIM
H CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L BROCHIN
RICHARD J BRONSTEIN
DAVID W BROWN
SUSANNA M BUERGEL
PATRICK S CAMPBELL*
JESSICA S CAREY
JEANETTE K CHAN
YVONNE Y F CHAN
LEWIS R CLAYTON
JAY COHEN
KELLEY A CORNISH
CHRISTOPHER J CUMMINGS
CHARLES E DAVIDOW
DOUGLAS R DAVIS
THOMAS V DE LA BASTIDE III
ARIEL J DECKELBAUM
ALICE BELISLE EATON
ANDREW J EHRLICH
GREGORY A EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ANDREW C FINCH
BRAD J FINKELSTEIN
ROBERTO FINZI
PETER E FISCH
ROBERT C FLEDER
MARTIN FLUMENBAUM
ANDREW J FOLEY
HARRIS B FREIDUS
MANUEL S FREY
ANDREW L GAINES
KENNETH A GALLO
MICHAEL E GERTZMAN
PAUL D GINSBERG
ADAM M GIVERTZ
SALVATORE GOGLIORMELLA
ROBERT D GOLDBAUM
NEIL GOLDMAN
ERIC S GOLDSTEIN
ERIC GOODISON
CHARLES H GOOGE  JR
ANDREW G GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A GUTENPLAN
GAINES GWATHMEY, III
ALAN S HALPERIN
JUSTIN G HAMILL
CLAUDIA HAMMERMAN
GERARD E HARPER
BRIAN S HERMANN
ROBERT M HIRSH
MICHELE HIRSHMAN
MICHAEL S HONG
JOYCE S HUANG
DAVID S HUNTINGTON
JEH C JOHNSON

MEREDITH J KANE
ROBERTA A KAPLAN
BRAD S KARP
JOHN C KENNEDY
ALAN W KORNBERG
DANIEL J KRAMER
DAVID K LAKHDHIR
STEPHEN P LAMB*
JOHN E LANGE
DANIEL J LEFFELL
XIAOYU GREG LIU
JEFFREY D MARELL
MARCO V MASOTTI
EDWIN R MAYNARD
DAVID W MAYO
ELIZABETH R McCOLM
MARK F MENDELSOHN
WILLIAM B MICHAEL
TOBY S MYERSON
CATHERINE NYARADY
JOHN J O'NEIL
ALEX YOUNG K OH
BRAD R OKUN
KELLEY D PARKER
MARC E PERLMUTTER
VALERIE E RADWANER
CARL L REISNER
WALTER G RICCIARDI
WALTER RIEMAN
RICHARD A ROSEN
ANDREW N ROSENBERG
JACQUELINE P RUBIN
RAPHAEL M RUSSO
JEFFREY D SAFERSTEIN
JEFFREY B SAMUELS
DALE M SARRO
TERRY E SCHIMEK
KENNETH M SCHNEIDER
ROBERT B SCHUMER
JAMES H SCHWAB
JOHN M SCOTT
STEPHEN J SHIMSHAK
DAVID R SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J SIMONS
MARILYN SOBEL
AUDRA J SOLOWAY
TARUN M STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F TARNOFSKY
MONICA K THURMOND
DANIEL J TOAL
LIZA M VELAZQUEZ
MARIA T VULLO
ALEXANDRA M WALSH*
LAWRENCE G WEE
THEODORE V WELLS, JR
BETH A WILKINSON
STEVEN J WILLIAMS
LAWRENCE I WITDORCHIC
MARK B WLAZLO
JULIA MASON WOOD
JORDAN E YARETT
KAYE N YOSHINO
TONG YU
TRACEY A ZACCONE
T ROBERT ZOCHOWSKI, JR

*NOT ADMITTED TO THE NEW YORK BAR

*Via ECF*

The Honorable Joseph E. Irenas, S.U.S.D.J.
United States District Court for the District of New Jersey
Mitchell H. Cohen Federal Building & U.S. Courthouse
1 John F. Gerry Plaza, Room 310
Camden, NJ 08101

    Re:  *Brady, et al.* v. *Air Line Pilots Association*
       Civil Action No. 02-2917

Dear Judge Irenas:

    We write in response to Lisa Rodriguez's letter to the Court dated May 23, 2013 concerning ALPA's objections to Plaintiffs' First Set of Damage Interrogatories and Plaintiffs' Fourth Request for the Production of Documents on the Issue of Damages (together, the "Requests"). We believe plaintiffs' request for a discovery conference is premature and contrary to the purpose of Local Rule 37.1(a)(1) since plaintiffs' counsel failed to meet and confer regarding this issue. Nevertheless, in anticipation of tomorrow's telephonic conference, we outline below ALPA's objections to producing the requested discovery.

**I.  The Requests Evidence an Attempt to Belatedly Amend Plaintiffs' Pleadings**

    Ms. Rodriguez's letter to the Court states: "As part of their damages, plaintiffs may seek a refund of union dues paid during the period of time that ALPA breached its duty of fair representation to the TWA pilots." Ms. Rodriguez fails to note, however, that plaintiffs have not actually pleaded a claim for dues restitution and that the Complaint lacks *any* allegations of facts that would support or otherwise put ALPA on notice of such a claim. It was on that basis, among others, that ALPA objected to

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Lisa J. Rodriguez, Esq.                                                                    2

production of discovery sought by the Requests relating to "the amount of union dues or
agency fees paid to ALPA by each member of the class of TWA pilots" during the relevant
time period. Ms. Rodriguez's May 8, 2013 letter to ALPA's counsel concerning ALPA's
Responses and Objections to the Requests (Exhibit A to May 23 Ltr. from L. Rodriguez to
J. Irenas) was the first time that plaintiffs even hinted that they would attempt to seek
restitution of union dues as a remedy in this action. Plaintiffs' belated presentation of a
restitution-based damage theory violates the basic requirement that plaintiffs "give the
defendant fair notice of what the . . . claim is and the grounds upon which it rests," with
allegations of fact "suggestive of [the proscribed] conduct." *See Bell Atl. Corp.* v.
*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957));
*Umland* v. *Planco Fin. Servs.*, 542 F.3d 59 (3d Cir. 2008). Therefore, to the extent that
plaintiffs now intend to claim restitution of union dues, they must seek leave of Court to
amend their Complaint, which application ALPA would oppose as untimely and
prejudicial to ALPA.

## II.     A Belated Dues Restitution Claim Would Require New Proof and Discovery

Plaintiffs claim that their discovery requests are timely "as long as damage
discovery is not closed [and] the court has not yet set a discovery end date." This position,
however, ignores that plaintiffs seek discovery on *new, unpleaded* damage claims and
issues that would also require ALPA to discover and prove evidence in support of a
defense that it had not—and could not have—contemplated in its prior discovery efforts.
Although plaintiffs request only the sum of dues paid to ALPA during the specified period,
the calculation of restitutionary damages requires much more. Both parties would need to
determine and support their assessment of the *pro rata* share of dues spent in violation of
the law, in accordance with a vast body of case law. *See, e.g., Abood* v. *Detroit Bd. of
Educ.*, 431 U.S. 209, 212-213 (1977) (holding that plaintiff was entitled only to "a sum. . .
of the moneys exacted from him as is the proportion of the union's total expenditures made
for such political activities to the union's total budget"); *Prescott* v. *Cnty. of El Dorado*,
177 U.S. 1102, 1109 (explaining that "complete restitution" was too "draconian a rule").
Unless plaintiffs intend to maintain that ALPA devoted *all* dues assessments paid by
former TWA pilots to breaches of the duty of fair representation, both parties will need to
submit evidence in support of the proper *pro rata* allocation, necessitating further
discovery from both fact and expert witnesses and even the re-opening of completed
depositions. Plaintiffs ignore these considerations.

## III.    The Requested Discovery Relates to Damages That Are Not Recoverable as a
         Matter of Law

Although we do not believe it necessary to address in detail the underlying
merits of plaintiffs' unpleaded claim for restitution, we briefly address plaintiffs' assertion
that "restitution of union dues has been recognized as an appropriate remedy against a
union."

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Lisa J. Rodriguez, Esq. 3

Case law makes clear that restitution of union dues is not a permissible measure of damages in duty of fair representation cases premised, as here, on a union's conflict of interest. Restitution is appropriate only where the union's "offending conduct . . . was the *collection and use* of dues money for improper purposes," *see Addington* v. *US Airline Pilots Ass'n*, Nos. CV-08-1633, CV-08-1728, 2009 WL 856334 at *1 (D.Ariz. Mar. 26, 2009) (citing *Int'l Ass'n of Machinists* v. *Street*, 367 U.S. 740, 767–75 (1961) (emphasis added)), as when a union fails to grant non-members the right to dissent from political expenditures or levies dues increases without following the procedures set forth by federal labor law. *See, e.g., Chicago Teachers Union* v. *Hudson*, 475 U.S. 292 (1986) (granting restitution for agency fees charged for ideological expenditures unrelated to collective bargaining); *David Scharf and Samuel Offen*, 244 N.L.R.B. 905 (1979) (requiring disgorgement of dues and initiation fees illegally withheld).

The cases on which plaintiffs rely do not provide support for the claim that restitution may be available in this action. *International Association of Machinists* v. *Street* and *Brotherhood of Railway & Steamship Clerks, Freight Handlers, Express & Station Employees, et al.* v. *Allen* merely hold that agency shop agreements must grant non-members the opportunity to dissent from union political expenditures. Likewise, *Dean* v. *Trans World Airlines* is a case about *dissenting non-members* and compelled political speech, with no bearing on whether the remedy plaintiffs seek is available to them in a duty of fair representation case premised on a conflict of interest. 708 F.2d 486, 488 (9th Cir. 1983).[1] Finally, *Addington* v. *US Air Line Pilots Association* definitively rejected the measure of damages plaintiffs now propose. The court in *Addington* squarely held that dues restitution was an impermissible remedy because the "claim for restitution of dues [was] punitive" and therefore barred in duty of fair representation cases, noting further that the "plaintiffs [could not] cite any legal authority supporting their claim for restitution of dues." *See* 2009 WL 856334 at *1.

\*     \*     \*

We look forward to discussing these issues in more detail during tomorrow's telephonic court conference.

Sincerely,

*[signature]*

Daniel J. Toal

---

[1]   In further support of ALPA's argument, the quote that plaintiffs selectively excerpt from *Dean* reads in full: "it would have been appropriate for Dean to seek judicial relief by way of . . . a rebate for *political and ideological expenditures*." *Id.* (emphasis added).

# EXHIBIT F



TRUJILLO
RODRIGUEZ &
RICHARDS, LLC
A Pennsylvania Limited Liability Company
ATTORNEYS AT LAW

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

November 22, 2011

**VIA EMAIL AND REGULAR MAIL**
Steve Fram, Esq.
Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033

      RE:    *Brady v. ALPA*
              Civil Action No. 02-2917

Dear Mr. Fram:

      Enclosed please find Plaintiffs' First Request for Production of Documents Directed to Defendant ALPA on the Issue of Damages.

      Thank you.

                Very truly yours,

                Nicole M. Acchione

Enclosures

cc:    Dan Katz, Esq. (via email and regular mail)
       Plaintiffs' Counsel (via email)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICK BRADY, et al. | : | |
| Plaintiffs, | : | Civil Action No. 02-2917 (JEI) |
| | : | |
| v. | : | |
| | : | |
| AIR LINE PILOTS ASSOCIATION, et al. | : | |
| Defendant. | : | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT ALPA ON THE ISSUE OF DAMAGES

### DEFINITIONS

A.    The terms "you" and "your" refer to Air Line Pilots Association, International (ALPA), or any individual who has acted on its behalf.

B.    The acronym "ALPA" refers to the Defendant, Air Line Pilots Association, International.

C.    The acronym "TWA" refers to Trans World Airlines, Inc.

D.    The acronym "TWA MEC" refers to the Trans World Airlines Master Executive Council.

E.    The term "non-ALPA carrier" refers to an airline in which the pilots of that airline are not represented by ALPA as its collective bargaining agent.

F.    The term "document" includes all materials described in Federal Rule of Civil Procedure 34(a).

G.     The term "communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise.  All spoken or written exchanges (whether face-to-face or via telephone, teleconference, electronic transmission, e-mail, or recorded message) constitute "communications."

H.     The term "concerning" means, without limitation, constituting, containing, showing, reflecting, discussing, relating to, commenting upon, pertaining to, mentioning, evidencing, quoting, describing, or referencing in any way, directly or indirectly.

I.     Words in the singular include the plural thereof, and words of masculine gender include the feminine gender thereof.

J.     The past tense includes the present tense and vice versa.

K.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

L.     The words "any" and "all" shall be construed to mean "any" or "all" as required to bring within the scope of the discovery request the greatest amount of information.

## **DOCUMENT REQUESTS**

Pursuant to Rule 34, Plaintiffs request Defendant produce the following documents within 30 days:

1.     A complete list of TWA's fleet of aircraft as of April 9, 2001, or as close to that date as possible.   If you do not have a responsive list, produce documents that reflect TWA's total fleet of aircraft as of that date.

RESPONSE:

2.      The TWA pilot seniority list as of April 9, 2001, or as close to that date as possible.  Please produce a copy of the list in electronic format.

RESPONSE:


3.      The American pilot seniority list as of April 9, 2001, or as close to that date as possible.  Please produce a copy of the list in electronic format.

RESPONSE:


4.      The TWA / American Airlines merged pilot seniority list as of April 3, 2002, or as close thereto as possible.  Please produce a copy of the list in electronic format.

RESPONSE:


5.      A list of all mergers, bulk asset sales, or other strategic transactions between ALPA and non-ALPA airline carriers from 1980 to the present.   If you do not have a responsive list, produce documents that reflect all mergers, bulk asset sales, or other strategic transactions between ALPA and non-ALPA airline carriers from 1980 to the present.

RESPONSE:


6.      For every merger, bulk asset sale, or other similar strategic transaction between an ALPA and non-ALPA carrier from 1980 to the present, produce all documents reflecting:

      i.      the outcome of the seniority integration between the two pilot groups, including but not limited to a copy of the final merged seniority list;

      ii.     arbitration decisions, if any;

      iii.    all correspondence, briefs or legal memoranda submitted by ALPA on behalf of its represented pilot group;

      iv.     expert reports, if any, submitted by ALPA or the ALPA represented pilot group in support of seniority;

      v.      the submission of, or request for submission of, the proposed final seniority list to the pilots for membership ratification.

RESPONSE:


7.      All non-privileged documents concerning the Southwest Airlines and AirTran pilot seniority integration dispute, including seniority list proposals prepared or endorsed by ALPA on behalf of the Air Tran pilots, as well as the final seniority list.

RESPONSE:


8.      All documents prepared by or for ALPA for the TWA MEC, or any of its committees, that analyzed seniority integration scenarios between the TWA and American pilots, including but not  limited to any financial impact to the TWA pilots as result of those scenarios.

RESPONSE:


9.      Any document provided to the TWA MEC, its Merger Committee or Merger Counsel by ALPA addressing what a reasonable seniority integration would look like.

RESPONSE:


10.      Documents reflecting all union dues paid by TWA airline pilots to ALPA from January 1, 2001 through April, 2002.

RESPONSE:


11.      All communications between you and Professor Michael Tannen concerning the seniority integration of the TWA and American pilots.

RESPONSE:

12.     Any analysis prepared by or for ALPA concerning Tannen's Rightful Place Proposal.

RESPONSE:


13.     All documents prepared by or for ALPA that analyzed the TWA pilots' career expectations prior to January 9, 2001.

RESPONSE:


14.     All documents prepared by or for ALPA that analyzed the TWA pilots' career expectations after January 9, 2001.

RESPONSE:


15.     Copies of all insurance policies which name you as an insured and would cover any part of a judgment entered in this case.

RESPONSE:


16.     Any documents supporting ALPA's representation to the Jet Blue pilots that ALPA possesses over $600,000,000 worth of insurance.

RESPONSE:

# EXHIBIT G

**WO**



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Don Addington; John Bostic; Mark)
Burman; Afshin Iranpour; Roger Velez;)
Steve Wargocki,

          Plaintiffs,

vs.

US Airline Pilots Association; US)
Airways, Inc.,

          Defendants.

No. CV 08-1633-PHX-NVW
(consolidated)

**ORDER**

Don Addington; John Bostic; Mark)
Burman; Afshin Iranpour; Roger Velez;)
Steve Wargocki, et al.,

          Plaintiffs,

vs.

Steven Bradford; Paul Diorio; Robert)
Frear; Mark King; Douglas Mowery; John)
Stephan, et al.,

          Defendants.

CV08-1728-PHX-NVW

Plaintiffs seek class-wide relief against Defendant USAPA, alleging that USAPA breached its duty of fair representation.  In their motion for class certification, Plaintiffs indicated that they sought class-wide relief in the form of a refund of union agency fees and membership dues, as well as a vacatur of such fees and dues obligations.  (Doc. # 120.) The Court granted Plaintiffs' motion to certify the class but reserved judgment on the validity of

1   this theory of relief. (Doc. # 248.)   Defendant USAPA now moves for judgment on the

2   pleadings as to these dues and fees claims. (Doc. # 272.) (USAPA titled its motion a Motion

3   to Dismiss, but it is treated as a Motion for Judgment on the Pleadings under Fed. R. Civ. P.

4   12(c) because it was filed after the Answer.)   In considering a motion for judgment on the

5   pleadings, the Court accepts the allegations in the Complaint as true. *Westlands Water Dist.*

6   *v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir. 1993). The motion will be granted because

7   the remedies claimed are prohibited as punitive in this case.

8        Plaintiffs cite no case in which a court has awarded restitution of dues and fees for a

9   union's breach of the duty of fair representation as such.  Broader principles of settled law

10  preclude the extension of this remedy to the case at bar. "To remedy a breach of the duty of

11  fair representation, a court must issue an award 'fashioned to make the injured employee

12  whole.' The court may order an injunction compelling the union, if it is still able, to pursue

13  the employee's claim, and may require monetary compensation, but it cannot award

14  exemplary or punitive damages." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,

15  494 U.S. 558, 587 (1990) (quoting *Elec. Workers v. Foust*, 442 U.S. 42, 49 (1979)) (internal

16  citations omitted).  Restitution of fees and dues in this case goes beyond any make-whole

17  remedy that the alleged harm requires.

18       To be sure, a refund of union dues may be appropriate and consistent with these

19  principles when the very collection or expenditure of dues is unlawful. *See, e.g., Morrison-*

20  *Knudsen Co. v. NLRB*, 276 F.2d 63, 74 (9th Cir. 1960) (noting that dues payments coerced

21  by unlawful threats may be refundable under the NLRA).  The two cases Plaintiffs cite in

22  support of their theory involve certain wrongful expenditures unrelated to collective

23  bargaining and labor disputes. In *Int'l Ass'n of Machinists v. Street*, a refund was allowed

24  because the union had spent exacted funds for political purposes over the objection of an

25  employee.  367 U.S. 740, 767-75 (1961).  The offending conduct in that case was the

26  collection and use of dues money for improper purposes; restitution therefore presented a

27  proportionate means of redress. *See id.* at 775. In the second case, the Ninth Circuit applied

28  *Street* in this spirit, holding that a union member with complaints about political expenditures

- 2 -

1    may not unilaterally reduce or stop dues payments but should seek judicial relief tailored to

2    the political expenditures themselves. *See Dean v. Trans World Airlines, Inc.*, 708 F.2d 486,

3    488 (9th Cir. 1983).

4            Plaintiffs, however, allege no wrongful collection or expenditure here.  Plaintiffs

5    allege an independent failure to represent fairly that adversely affects their wages, benefits,

6    and working conditions.  Their claim is not bound up with or confined by union dues and

7    fees.  Whatever compensable damages may be attributable to the union's actions and

8    recoverable on that basis, the union's alleged failure is not remedied by the suspension or

9    disgorgement of its regular funding.  And it is nothing short of punitive to extract monetary

10   relief from the union beyond whatever compensatory damages may be provable at trial.

11   "Such awards could deplete union treasuries, thereby impairing the effectiveness of unions

12   as collective-bargaining agents. Inflicting this risk on employees, whose welfare depends

13   upon the strength of their union, is simply too great a price for whatever deterrent effect

14   punitive damages may have." *Int'l Broth. of Elec. Workers v. Foust*,  442 U.S. 42, 50-51

15   (1979). This rule supplants the general common law principles Plaintiffs invoke concerning

16   fiduciary remedies.

17           There is no basis for relief relating to Plaintiffs' union dues and fees, whether already

18   paid or payable in the future.

19           IT IS THEREFORE ORDERED that Defendants' Motion for Judgment on the

20   Pleadings as to Plaintiffs' Dues Restitution Claim (doc. # 272) is granted.  Plaintiffs' claims

21   for monetary and injunctive relief relating to past and future payments of union dues and fees

22   are dismissed with prejudice.

23           DATED this 26th day of March, 2009.

24

25

26

27                                          _____
                                            Neil V. Wake
28                                          United States District Judge

- 3 -