TRUJILLO RODRIGUEZ & RICHARDS, LLC
Lisa J. Rodriguez
Nicole M. Acchione
258 Kings Highway East
Haddonfield, New Jersey 08033
(856) 795-9002

GREEN JACOBSON, P.C.
Allen P. Press
Joe Jacobson
Pierre Laclede Center
7733 Forsyth Boulevard, Suite 700
St. Louis, Missouri 63105
(314) 862-6800

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATRICK BRADY, et al., | : | |
|  | : | Civil Acton No. 02-2917 (JEI) |
| Plaintiffs, | : | |
|  | : | |
| v. | : | |
|  | : | |
| AIR LINE PILOTS ASSOCIATION, | : | |
| INTERNATIONAL, | : | |
|  | : | |
| Defendant. | : | |
|  | : | |

## PLAINTIFFS' BRIEF IN OPPOSITION TO ALPA'S MOTION FOR LEAVE TO DEPOSE ABSENT CLASS MEMBERS

**DATED:**     July 1, 2013

# **TABLE OF CONTENTS**

I.      INTRODUCTION ..............................................................................................1

II.     ARGUMENT......................................................................................................1

        A.      Absent Class Member Discovery Is Not Favored.................................................1

        B.      ALPA Has Not Shown that Absent Class Member Depositions is Necessary
                to Test Plaintiffs' Classwide Damages Model……………………..……….3

                1.   Absent Class Member Discovery Is Unnecessary to Challenge
                     Salamat's Assumption That All Furloughed Pilots Would Return
                     to American Airlines……………………………………………………4

                2.   Absent Class Member Discovery Is Unnecessary to Challenge
                     Mr. Salamat's Assumption With Regard to Non-Responders…………….5

                3.   Mr. Salamat's Model Does Not Assume Unharmed Pilots Suffered
                     Damages……………………………………………………………..6

                4.   Whether an Absent Class Member Believes He Was Damaged Is
                     Not Relevant…………………………………………………………7

III.    CONCLUSION.....................................................................................................8

## I.   INTRODUCTION

ALPA seeks to depose 11 members of the class who are neither named plaintiffs nor class representatives. They have not been identified by Plaintiffs as potential witnesses at the future trial on damages. None of the 11 class members are experts on damages. The proposed depositions would be unduly burdensome and contrary to the objectives of Rule 23. Since ALPA has not met it burden to show that these 11 depositions are necessary, relevant, and sought in good faith for a proper purpose, the Court should deny ALPA's motion.

## II.   ARGUMENT

### A.   Absent Class Member Discovery Is Not Favored.

Unlike the named plaintiffs in a class action, non-representative, non-lead plaintiffs are treated as passive class members and are not generally subject to discovery. *In re Lucent Tech. Secs. Litig.*, 2002 U.S. Dist. LEXIS 24973 at *6 (D.N.J., July 15, 2002). Federal courts, while not completely banning discovery from absent class members, have imposed strong restrictions on such discovery.

> The majority of courts considering the scope of discovery against absent class members granted discovery by interrogatories or document requests (1) where the information requested is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome and (3) when the information is not available from the class representative.

*Kline v. First Western Gov't Secs.*, 1996 U.S. Dist. LEXIS 3329 at *9 (E.D. Pa. Mar. 11, 1996) (quoting *Transamerican Refining Corp. v. Dravo Corp.*, 139 F.R.D. 619, 621 (S.D. Tx. 1991)); *Easton & Co. v. Mut. Ben. Life Co.*, 1994 U.S. Dist. LEXIS 12308 (D.N.J. May 18, 1994). A party seeking deposition discovery of absent class members has "an even heavier burden with respect to demonstrating necessity than a party requesting permission to use interrogatories." *In*

1

*re World of Wonder Sec. Litig.*, 1992 U.S. Dist. LEXIS 10503 at * 8 (N.D. Cal.1992) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)).

Defendants are not permitted to take discovery of absent class members in a class action without a showing of particularized need. *Newberg on Class Actions* advises, "Absent class members should not be required to participate actively during the pretrial and trial stages of litigation, since such a requirement would impose an affirmative obligation not expressly required by Rule 23 and would frustrate the rule's goals." A. Conte and H. Newberg, *Newberg on Class Actions* (4th ed.), § 16:1 at 120.  Also:

> One objective of Rule 23 is the avoidance of a multiplicity of actions. The satisfaction of this goal is hindered by encouraging exclusion when absent class members are forced to participate in the discovery process ... If a class member is intimidated to the point [of exclusion], another goal of Rule 23, the resolution of common claims, will be defeated.

*Kline*, 1996 U.S. Dist. LEXIS 3329, *6 (quoting *Newberg*). "In a similar vein, the Federal Judicial Center's *Manual on Complex Litigation* points out, '[o]ne of the principal advantages of class actions over massive joinder or consolidation would be lost if class members were routinely subjected to discovery.'" *Id.* (quoting *Manual* at § 30.232).

Before discovery from absent class members can be permitted, "a trial court must be assured that the requested information is actually needed in preparation for trial…" *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1006 (7th Cir. 1971). The Seventh Circuit in *Brennan* went further, finding:

> **class wide discovery was not appropriate unless the district court concluded that:** (1) the discovery was not designed as a tactic to take undue advantage of the class or as a stratagem to reduce the number of claimants; (2) **the discovery was necessary;** (3) the discovery did not require the assistance of technical and legal advice in understanding the questions and formulating responses; and (4) that **the discovery did not seek information on matters already known to the defendants.**

2

*Id.* at 340-41 (emphasis added).

Courts in this Circuit do not permit discovery from absent class members unless it is found that (1) the information requested is relevant to the decision of *common* questions, (2) the discovery requests are tendered in good faith and are not unduly burdensome and (3) the information is not available from the class representatives.[1] *Kline*, 1996 U.S. Dist. LEXIS at *8-9. Defendants must carry the burden of such a showing. In *Kline*, for instance, the district court denied the defendant's requested discovery from absent class members, finding most of the information sought dealt with individual questions, not common questions. *Id.* at *3-4. Similarly, in *In re Lucent Technologies Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 24973 (D.N.J. July 16, 2002), the district court denied Lucent's motion to obtain discovery from all *named plaintiffs* (not even absent class members) to obtain evidence to rebut the presumption of fraud-on-the-market in a securities case, affirming the Magistrate Judge's conclusion that "discovery as to the investment behavior of the 41 named, non-lead plaintiffs is not probative of the question of class-wide reliance on the market." *Id.* at * 20.

> B.    ALPA Has Not Shown that Absent Class Member Depositions is Necessary to Test Plaintiffs' Class-wide Damages Model.

The 11 TWA Pilots targeted by ALPA were not randomly selected to seek insight into class-wide damages issues. Nor were they selected to "test Mr. Salamat's assumptions," as ALPA claims. Rather they were selected because ALPA already has the data from plaintiffs' experts' supporting documents to believe that these 11 pilots have histories ALPA thinks it can use to advance its position that the TWA Pilots have not been damaged by ALPA's misconduct.

---

[1]    Here, while the information may not be available from the class representatives individually, it is available from them collectively through the work product of their expert witnesses.

3

The purpose of the proposed depositions is not discovery and would not be probative of any class-wide damage issues.

      1.      Absent Class Member Discovery Is Unnecessary to Challenge Salamat's Assumption That All Furloughed Pilots Would Return to American Airlines.

One of Plaintiffs' damages experts, Rikk Salamat, assumed – for purposes of creating a class-wide damage model -- that all furloughed pilots would return to American Airlines when offered recall in the future. This assumption relates to Mr. Salamat's class-wide damage calculation for *future* damages. More specifically, to calculate future damages, Mr. Salamat assumed that a TWA Pilot currently on furlough would accept recall when it was offered, even though that pilot may have already deferred, or declined, recall in the past. ALPA claims it needs to depose absent class members to "test" Mr. Salamat's assumption that pilots would in the future accept recall despite having rejected recall in the past.

Defendant can challenge Mr. Salamat's assumption, however, with the data already provided to it. ALPA does not need these depositions to do so. Over half of the 11 pilots ALPA seeks to depose[2] either passed over recall from furlough or took voluntary furlough, allowing a more junior pilot to take their position.

Asking an absent class member pilot whether he would accept recall at some future date is not indicative, or statistically significant, of what other class members might do in the future. Indeed, the answer does not even establish what that pilot in question would do in the future under circumstances not yet known. In short, the question calls for speculation. ALPA appears to ignore the fact that if one class member declines recall, the recall offer passes to the next most

---

[2]     James Adolphson, Brent Carter, Lance Cauble, Earl Ecklin, Gregory Register and Cheryl Trentman

senior pilot on the list.  If she declines, then it passes to the next.  Unless every pilot declines recall, then one of them will accept it, thus cutting off the accepting pilot's furlough damages. Since Mr. Salamat is calculating class-wide damages, his assumption that each pilot offered recall will accept it is a reasonable one, and certainly more reasonable than assuming that no one would.[3]  Moreover, ALPA can challenge Mr. Salamat's assumption through cross-examination and its own experts' testimony. Absent class member depositions are not only unnecessary, but are also not likely to lead to admissible evidence as the answers to the questions would be too speculative.

2.      Absent Class Member Discovery Is Unnecessary to Challenge Mr. Salamat's Assumption With Regard to Non-Responders.

While the percentage of class members who completed and returned questionnaires about damages was extraordinarily high, especially in light of the many years this case has been pending, it was not perfect. Thus, Mr. Salamat was left to decide how to handle set-offs for those pilots who did not respond.  He concluded that the most reasonable assumption was that the non-responders had set off their damages at about the same rate as those who did respond, rather than to assume that they had no set-offs or had completely set-off their damages.

ALPA disagrees with Mr. Salamat's decision. Dissatisfied with any questionnaire response rate that was less than perfect, ALPA has selected two non-responding pilots to be deposed on the issue of set-off. ALPA's proposed depositions are unscientific and pointless. There is no reason to believe that those two pilots – whether randomly selected or cherry-picked

---

[3]      Moreover, it is reasonable to conclude that a reason why a former TWA Pilot would decline recall is the very poor seniority position he would have because of ALPA's breach. ALPA cannot take the position, which in effect it is taking, that because a pilot's seniority is so poor that he declines recall, ALPA is thereby relieved of any obligation to pay damages for the poor seniority ALPA's breach caused.

5

by ALPA – would be more representative of the 100s of pilots who did not respond than are the almost 2000 pilots who did respond.  The proposed deposition testimony of those two pilots will tell us nothing meaningful about class-wide damages. Meaningless discovery is not necessary for trial and thus should not be permitted.

      3.    Mr. Salamat's Model Does Not Assume Unharmed Pilots Suffered Damages.

Mr. Salamat's class-wide damage model attributes damages, in varying amounts, to all former TWA pilots except (i) those with such low seniority numbers that they would have been furloughed even if the "but-for" seniority list had been achieved, and (ii) certain very-high-seniority TWA pilots. To support its argument that other senior TWA pilots were not damaged, ALPA has identified four very senior TWA pilots to whom Mr. Salamat has attributed damages, to inquire whether those pilots *believe* they were, in fact, damaged.[4]  These four pilots are former Ozark pilots. The Ozark pilots were freed from a prior restriction imposed on them in the 1986 TWA-Ozark merger. Under that prior agreement, there was a limit to the number of former Ozark pilots who could fly the Boeing 767.  Thus, while employed by TWA, three of these four former Ozark pilots flew the MD-80. When Supplement CC was imposed, Ozark pilots were freed from this equipment restriction, allowing two of the four to obtain the position of 767 Captain.[5]  Thus after the merger, three of the four former Ozark pilots were able to fly higher-paying equipment at higher hourly rates.[6]

---

[4]    Oscar Horan, Steve Kleinschnittger, Paul Pickering and John Swanson.

[5]    Steve Kleinschnittger, and Paul Pickering.

[6]    John Swanson was a 767 Captain prior to the American merger and remained in that position.

6

Again, ALPA already knows this from the data they have been provided. The depositions are not intended to discover evidence.  They are intended to personalize ALPA's contention that the TWA pilots suffered no damages. Good theater, perhaps, but not a good reason to depose absent class members.

4.      Whether an Absent Class Member Believes He Was Damaged Is Not Relevant.

ALPA may wish to ask these 11 pilots if they believed they were damaged, as it has asked some of the other absent class members it has already deposed. The pilots' answers, whatever they may be, are irrelevant and inadmissible. As the Court has recognized, determination of damages in this case will require testimony from qualified experts. An expert is required to determine what the proper but-for seniority list should have been, and all damages flow from the but-for seniority list. Thus, when ALPA asks non-expert pilots whether they were damaged, it is not the case that "the requested information is actually needed in preparation for trial," *Brennan, supra*.  Irrelevant, immaterial, and inadmissible information is not "actually needed" for trial.

Plaintiffs suspect that ALPA's request for absent class member discovery is a precursor to yet another motion to decertify the class. The Court has denied that motion several times.  To engage in absent class member discovery at this late stage of the litigation opens the door to the need for other potential discovery by the plaintiffs as they anticipate ALPA's 11th hour litigation strategies. If ALPA is permitted to take these 11 depositions to dramatize facts that it already knows and does not need to discover, it will be opening the door to a parade of horribles, as plaintiffs will be compelled by necessity to bring to court at least as many, if not three times as many, TWA pilots who have suffered terrible, obvious losses as a result of the improper seniority list that resulted from ALPA's breach. Not to do so would give the jury a lopsided and

7

misleading view of the case. The alternative of allowing ALPA's cherry-picked pilots to testify via deposition unrebutted would be unfair to the rest of the class. Thus, to counter ALPA's wholly irrelevant trial-theater strategy, plaintiffs would have to seek leave to designate these new trial witnesses, who would then have to be deposed by ALPA, thus extending the discovery period (again), and leading to an unnecessarily lengthened trial.

And all this extra work, time, and expense would all be unnecessary because there is nothing material that these 11 pilots can say in their depositions that ALPA does not already know from the huge amount of individualized data provided to it in the appendices to Mr. Salamat's expert report.

## III.   CONCLUSION

ALPA's motion for leave to take absent class member discovery should be denied. The discovery it seeks is not necessary for the trial and would largely result in evidence that was inadmissible, either because it was irrelevant or because the prejudice resulting from the misleading testimony would greatly outweigh any probative value it might have.

Respectfully submitted,

Dated: September 18, 2012                    TRUJILLO RODRIGUEZ & RICHARDS, LLC

BY:           *s/ Lisa J. Rodriguez*
                    Lisa J. Rodriquez
                    Nicole M. Acchione
                    258 Kings Highway East
                    Haddonfield, N.J 08033

                    GREEN JACOBSON, P.C.
                    Allen P. Press
                    Joe Jacobson
                    7733 Forsyth Blvd., Suite 700
                    St. Louis, MO 63105