UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br><br>Defendant. | Civil Action No. 02-2917 (JEI) |

**DECLARATION OF DANIEL J. TOAL, ESQUIRE,
IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033-0968
(856) 795-2121

*Pro Hac Vice:*

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

DANIEL J. TOAL, ESQUIRE, hereby declares as follows:

1. I have been admitted to appear *pro hac vice* in the above-captioned matter, and am a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys for Defendant Air Line Pilots Association, International ("ALPA"). I share responsibility for the handling of this matter, and have personal knowledge of the information set forth herein. As such, I am authorized to make this Declaration.

2. I am submitting this Declaration in support of Defendant's Opposition to Plaintiffs' Motion to Compel Discovery.

3. Attached hereto as Exhibit A is a true and correct copy of a letter from Lisa Rodriguez to me, dated May 8, 2013.

4. Attached hereto as Exhibit B is a true and correct copy of pages 40 to 41 of plaintiffs' Second Amended Restated Complaint (the "Complaint"), excerpted from the copy of the Complaint that was marked as Defendant Exhibit D-019 for purposes of the liability trial. The excerpted pages are missing from the version of the Complaint filed as Docket Entry No. 45.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:   July 1, 2013
         New York, NY

_____
DANIEL J. TOAL

# Exhibit A



**TRUJILLO
RODRIGUEZ &
RICHARDS, LLC**
A PENNSYLVANIA LIMITED LIABILITY COMPANY
ATTORNEYS AT LAW

258 Kings Highway East
Haddonfield, NJ 08033
856-795-9002
856-795-9887 Fax

Lisa J. Rodriguez
New Jersey Responsible Attorney

1717 Arch Street
Suite 3838
Philadelphia, PA 19103
215-731-9004
215-731-9044 Fax

May 8, 2013

**VIA EMAIL**
Daniel J. Toal
Paul, Weiss, Rifkind,
Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

      RE:   *Brady, et al. v. Air Line Pilots Association*
              Civil Action No. 02-2917

Dear Mr. Toal:

      I am in receipt of ALPA's Responses and Objections to Plaintiffs' First Set of Damages Interrogatories and Plaintiffs' Fourth Request for Production of Documents (Damages). ALPA wholly objected to production of any documents reflecting the union dues, or membership fees, ALPA collected from former TWA pilots. ALPA's objection is two-fold and, in Plaintiffs' opinion, erroneous. Before seeking leave to file a discovery motion, Plaintiffs write in a good faith attempt to resolve this discovery dispute without the need for court intervention. L.Civ. R. 37.1(a)(1).

      First, ALPA objects on the ground that a return of membership dues is "not recoverable in this action." I am unable to find any federal case law binding on this Court that holds that union dues are not recoverable in a breach of the duty of fair representation case such as this. To the contrary, restitution of union dues has been recognized as an appropriate remedy against a union. *See, e.g., Intl. Ass'n of Machinists v. Street*, 367 U.S. 740, 775 (1961); *Bd. Of Ry. & S.S. Clerks, Freight Handlers, Exp. & Station Emp. v. Allen*, 373 U.S. 113, 120-21 (1963); *Dean v. Trans World Airlines, Inc.*, 708 F.2d 486, 488 (9th Cir. 1983)(noting that "it would have been appropriate for Dean to seek judicial relief by way of … a rebate" of dues improperly spent.). The Court in *Addington v. US Airline Pilots Association*, Civil Action No. 08-1633 (D. Arizona 2009) recognized that a refund of union dues may be appropriate where there is an allegation of a wrongful collection

or expenditure of the union dues. If there is binding case law on this issue that I have missed, I would welcome the case citations from you.

Next, ALPA objects claiming Plaintiffs were somehow required to include this theory of damages in our expert reports. ALPA is mistaken. Expert witness testimony is proper only where "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue." Rule 702, Federal Rules of Evidence. It is obvious that no specialized knowledge is needed to understand how much money an ALPA member paid ALPA in union dues or membership fees if ALPA states that number in an answer to an interrogatory or produces a chart showing that number. Our experts have used their specialized knowledge to develop but-for seniority lists and the economic damages that flowed out of ALPA's breach in connection with the inferior seniority list that resulted from the breach, but they have never opined that these particular economic damages are the entirety of the plaintiffs' damages. The question of whether a refund of dues is an appropriate element of damages is a legal question for the Court to decide. It does not come within the purview of expert testimony. Damage discovery is not closed, the court has not yet set a discovery end date, and, accordingly, Plaintiffs' discovery requests are timely.

Finally, ALPA has objected to the production of any union dues paid after April 3, 2002, since that was the date that ALPA ceased representing the TWA pilots. Plaintiffs' agree with ALPA's objection and, accordingly, will limit their document request to dues paid during the time frame January 1, 2001 through April 3, 2002.

I am happy to discuss this matter further at your convenience. If I do not hear from you by May 22, 2013, I intend to write to Judge Irenas requesting leave to file a Motion to Compel.

Respectfully,

Lisa J. Rodriguez

cc:   Jay Cohen (via email)
      Kerri Chewning (via email)
      Plaintiffs' Counsel (via email)

# Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

Jerald R. Cureton (JRC4144)
H. Thomas Hunt (HTH9745)
Anthony Valenti (AV4918)
**CURETON CAPLAN, P.C.**
950B Chester Ave.
Delran, New Jersey 08075
(856) 824-1001
Attorneys for Plaintiffs, Leroy Bensel, et al.

| | |
|---|---|
| LEROY "BUD" BENSEL, JAMES ARTHUR, PATRICK BRADY, THEODORE A. CASE, MATTHEW J. COMLISH, DARSHANPRIT S. DHILLON, LEMUEL A. DOUGHERTY, MICHAEL V. FINUCAN, JOHN S. HEFLEY, HOWARD B. HOLLANDER, ROBERT A. PASTORE AND SALLY YOUNG<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PILOTS ASSOCIATION, AIR LINE PILOTS ASSOCIATION, AMERICAN AIRLINES, INC., and TWA AIRLINES, LLC<br><br>Defendants | CIVIL ACTION No. 02cv2917 (JEI) |

## SECOND AMENDED RESTATED COMPLAINT

Plaintiffs, LeRoy Bensel, James Arthur, Patrick Brady, Theodore A. Case, Matthew J. Comlish, Darshanprit S. Dhillon, Lemuel A. Dougherty, Michael V. Finucan, John S. Hefley, Howard B. Hollander, Robert A. Pastore, and Sally Young, on behalf of themselves and all persons formerly employed as pilots by TWA, Inc., who have become or may become employed as pilots by TWA, LLC as a result of the April 2001 asset transaction between American and TWA, by way of Complaint against defendants say:

Young Ex
19

199. Both APA and ALPA have failed and refused to enforce any aspect of this award despite repeated demands by the pilots and have thereby breached the duty of fair representation owed to the former TWA pilots employed by TWA-LLC requiring the Class to enforce the arbitration award itself.

WHEREFORE, Plaintiffs on behalf of themselves and all others similarly situated, demand judgment against Defendants, American, TWA-LLC, APA and ALPA:

1. setting aside Supplement CC or otherwise declaring Supplement CC void and unenforceable as to the Class;

2. reinstating and declaring American and TWA-LLC bound by the Allegheny-Mohawk protective provisions and other seniority protection provisions contained in the ALPA-TWA collective bargaining agreement;

3. ordering the rehiring of all Class members who were furloughed pursuant to the provisions of Supplement CC;

4. reinstating to all Class members all benefits of seniority;

5. ordering American, TWA-LLC and APA to renegotiate a fair and equitable integration of all American and TWA-LLC pilots with APA;

6. awarding the Class compensatory damages against American, TWA-LLC, APA and ALPA together with pre and post judgment interest;

7. awarding the Class punitive damages against American, TWA-LLC and APA together with pre and post judgment interest;

8. awarding the Class costs of suit and reasonable attorney fees;

9. enforcing the arbitration award issued by the System Board of Adjustment on May 26, 2002 by ordering American and/or TWA-LLC to pay the awarded compensation and ordering American and TWA-LLC to discuss the matters directed by the Board; and

10. providing for such further relief as the Court deems equitable and just.

Dated:

By: _____
ANTHONY VALENTI
JERALD R. CURETON
H. THOMAS HUNT, III
CURETON CAPLAN, P.C.
950B Chester Ave.
Delran, New Jersey
(856) 824-1001