```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>AIR LINE PILOTS ASSOCIATION,<br><br>          Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 02-2917<br>           (JEI)<br><br>**OPINION** |

**APPEARANCES**:

SCHNADER HARRISON SEGAL & LEWIS LLP
By: Lisa J. Rodriguez
Nicole M. Acchione
Woodland Falls Corporate Park
200 Lake Drive East
Suite 200
Cherry Hill, NJ 08002-1165
     Counsel for Plaintiffs

GREEN JACOBSON, PC
By: Allen P. Press
7733 Forsyth Boulevard
Suite 700 Pierre Laclede Center
St. Louis, MO 63105
     Counsel for Plaintiffs

ARCHER & GREINER P.C.
By: John C. Connell
One Centennial Square
Haddonfield, NJ 08033
     Counsel for Defendants

*Pro Hac Vice*:
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
BY: Jay Cohen
Daniel J. Toal
1285 Avenue of the Americas
New York, NY 10019
     Counsel for Defendants

1

KATZ & RANZMAN, PC
By: Daniel M. Katz
4530 Wisconsin Ave., N.W., Suite 250
Washington, DC 20016
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    Presently before the Court are Defendant's Motion for Leave to Depose Certain Absent Class Members (Dkt. No. 553) and Plaintiffs' Motion to Compel Discovery (Dkt. No. 554). For the reasons discussed below, both Motions will be granted.[1]

**I.**

    ALPA seeks leave to depose eleven absent class members for the purpose of attacking certain assumptions made in the expert report and damages models of Plaintiffs' expert, Rikk Salamat. These eleven class members represent three categories of plaintiffs: 1) current (as of the end of 2011) furloughees who voluntarily deferred or declined recall by American Airlines; 2) absent class members who did not respond to inquiries from Plaintiffs' counsel and expert for their earnings while on furlough; and 3) pilots for whom Plaintiffs' expert attributes damages even though they appear to be unharmed by the seniority integration. (Def.'s Br. 2)

---

[1] As the parties are familiar with the facts and procedural history, the Court will not recount them here.

2

While the Court recognizes the general law that passive class members should not be burdened by the litigation, *see, e.g.*, *In re Lucent Techs. Inc. Sec. Litig.*, No. 00-0621, 2002 WL 32815233, at *2 (D.N.J. July 16, 2002), the instant situation is different.  First, the class members in this litigation have been much more active than absent class members typically are.  Second, the damages claim by nature hinges heavily on hard-to-test assumptions that ALPA is entitled to challenge.  Accordingly, the Court finds that it is appropriate to allow ALPA to depose these eleven absent class members.  In so finding, the Court makes no ruling on the admissibility of any of the deposition testimony.

**II.**

Plaintiffs request written discovery relating to union dues that ALPA collected from the former TWA pilots for the period from January 9, 2001, through April 3, 2002.  Plaintiffs have stated that they may seek restitution and disgorgement of the union fees as an alternative theory of damages and that written discovery is necessary should they pursue this form of damages.

The Court agrees that as the case develops the amount of union dues may become relevant.  In addition, the information should be easy for ALPA to produce.  Finally, contrary to ALPA's objections, there is no law that requires a plaintiff to plead

3

restitution separately. *See Clark v. McDonald's Corp.*, 213 F.R.D. 198, 213 (D.N.J. 2003). As such, the Court will grant Plaintiffs' Motion. Again, in granting the Motion, the Court makes no ruling on whether this is an appropriate measure of damages or if the information is even admissible.

## III.

For the reasons discussed above, Defendant's Motion for Leave to Depose Certain Absent Class Members (Dkt. No. 553) and Plaintiffs' Motion to Compel Discovery (Dkt. No. 554) are both granted. An appropriate Order accompanies this Opinion.

Date: August 6, 2013

/s/ Joseph E. Irenas
**Joseph E. Irenas, S.U.S.D.J.**