# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATRICK BRADY, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 02-CV-2917 (JEI) |
| | ) | |
| | ) | |
| AIR LINE PILOTS ASSOCIATION, | ) | |
| INTERATIONAL, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF DANIEL J. TOAL

Daniel J. Toal declares:

1.     I am a partner in the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, counsel for defendant Air Line Pilots Association, International ("ALPA") in the above-captioned case.  I respectfully submit this declaration in support of ALPA's Motions to Exclude the Testimony of Plaintiffs' Experts, and for Summary Judgment.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Supplement CC to the Collective Bargaining Agreement between American and the APA, dated November 8, 2001, which has been marked as Exhibit J-352 in the liability trial of this action.

3.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the June 7, 2011 transcript of the liability trial in this action.

4.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the June 8, 2011 transcript of the liability trial in this action.

5.      Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the July 12, 2011 transcript of the liability trial in this action.

6.      Attached hereto as Exhibit 5 is a true and correct copy of the Jury Verdict, dated July 13, 2011 and filed at Docket No. 413 in this action.

7.      Attached hereto as Exhibit 6 is a true and correct copy of excerpts of the deposition transcript of William Compton, dated January 18, 2013.

8.      Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the transcript of the March 9, 2001 proceedings before the Honorable Peter J. Walsh at the United States Bankruptcy Court for the District of Delaware in the matter of *In re Trans World Airlines, Inc., et al.*, No. 01-0056, which has been marked as Exhibit D-203 in the liability trial of this action.

9.      Attached hereto as Exhibit 8 is a true and correct copy of excerpts of the deposition transcript of Michael Palumbo, dated January 21, 2013.

10.     Attached hereto as Exhibit 9 is a true and correct copy of excerpts of the deposition transcript of David Resnick, dated January 16, 2013.

2

11.     Attached hereto as Exhibit 10 is a true and correct copy of excerpts of the Affidavit of Michael J. Palumbo, executed on January 10, 2001 and filed in United States Bankruptcy Court for the District of Delaware in the matter of *In re Trans World Airlines, Inc.*, No. 01-0056, which has been marked as Exhibit 1 to the deposition of Michael Palumbo, dated January 21, 2013.

12.     Attached hereto as Exhibit 11 is a true and correct copy of excerpts of the transcript of the January 27, 2001 proceedings before the Honorable Sue L. Robinson at the United States Bankruptcy Court for the District of Delaware in the matter of *In re Trans World Airlines, Inc., et al.*, No. 01-0056, which has been marked as Exhibit 3 to the deposition of Michael Palumbo, dated January 21, 2013.

13.     Attached hereto as Exhibit 12 is a true and correct copy of excerpts of the April 2, 2001 decision of the United States Bankruptcy Court for the District of Delaware in the matter of *In re Trans World Airlines, Inc., et al.*, No. 01-0056.

14.     Attached hereto as Exhibit 13 is a true and correct copy of excerpts of the transcript of the January 10, 2001 proceedings before the Honorable Sue L. Robinson at the United States Bankruptcy Court for the District of Delaware in the matter of *In re Trans World Airlines, Inc., et al.*, No. 01-0056,

which has been marked as Exhibit 2 to the deposition of Michael Palumbo, dated January 21, 2013.

15.     Attached hereto as Exhibit 14 is a true and correct copy of excerpts of the transcript of the March 10, 2001 proceedings before the Honorable Peter J. Walsh at the United States Bankruptcy Court for the District of Delaware in the matter of *In re Trans World Airlines, Inc., et al.*, No. 01-0056, which has been marked as Exhibit D-292 in the liability trial of this action.

16.     Attached hereto as Exhibit 15 is a true and correct copy of excerpts of the Asset Purchase Agreement between American Airlines, Inc. and Trans World Airlines, Inc., dated January 9, 2001, which has been marked as Exhibit 1 to the deposition of Terry Hayes, dated January 28, 2013.

17.     Attached hereto as Exhibit 16 is a true and correct copy of excerpts of the deposition transcript of Donald Carty, dated October 15, 2012.

18.     Attached hereto as Exhibit 17 is a true and correct copy of excerpts of the Collective Bargaining Agreement between TWA and ALPA, effective September 1, 1998, which has been marked as Exhibit P-256 in the liability trial of this action.

19.     Attached hereto as Exhibit 18 is a true and correct copy of excerpts of the Agreement between American and the APA, effective May 5, 1997, which has been marked as Exhibit P-255 in the liability trial of this action.

4

20.     Attached hereto as Exhibit 19 is a true and correct copy of excerpts of the deposition transcript of Jeffrey Brundage, dated October 23, 2012.

21.     Attached hereto as Exhibit 20 is a true and correct copy of excerpts of the deposition transcript of John Darrah, dated November 29, 2012.

22.     Attached hereto as Exhibit 21 is a true and correct copy of excerpts of the AMR Corporation 1998 Annual Report, which has been marked as Exhibit 2 to the deposition of Donald Carty, dated October 15, 2012.

23.     Attached hereto as Exhibit 22 is a true and correct copy of excerpts of the deposition transcript of Michael Day, dated May 2, 2013.

24.     Attached hereto as Exhibit 23 is a true and correct copy of excerpts of the Motion by TWA for an Order Authorizing Rejection of Certain of its Collective Bargaining Agreements Pursuant to 11 U.S.C. § 1113, dated March 15, 2001, which has been marked as Exhibit D-012 in the liability trial of this action.

25.     Attached hereto as Exhibit 24 is a true and correct copy of excerpts of the deposition transcript of Terry Hayes, dated January 28, 2013.

26.     Attached hereto as Exhibit 25 is a true and correct copy of the minutes of an April 2, 2001 TWA MEC Special Meeting, which has been marked as Exhibit D-013 in the liability trial of this action.

27.    Attached hereto as Exhibit 26 is a true and correct copy of the American/TWA Pilot Seniority Integration:  Summary of Supplement CC from the APA's Mergers & Acquisitions Committee, dated December 14, 2001, which has been marked as Exhibit 447 to the deposition of Edwin White, dated October 12, 2012.

28.    Attached hereto as Exhibit 27 is a true and correct copy of a letter from Edwin White to Michael Day, dated July 18, 2001, which has been marked as Exhibit J-323P in the liability trial of this action.

29.    Attached hereto as Exhibit 28 is a true and correct copy of excerpts of the deposition transcript of Edwin White, dated October 12, 2012.

30.    Attached hereto as Exhibit 29 is a true and correct copy of excerpts of the Written Testimony of Edwin White at the Hearing on the TWA/American Workforce Integration before the Committee on Health, Education, Labor and Pensions of the United States Senate, dated June 12, 2003, which has been marked as Exhibit 448 to the deposition of Edwin White, dated October 12, 2012.

31.    Attached hereto as Exhibit 30 is a true and correct copy of excerpts of the expert report of Kevin Murphy on behalf of ALPA, dated June 7, 2013.

32.     Attached hereto as Exhibit 31 is a true and correct copy of the minutes of the TWA MEC October 20-22, 2001 special meeting, which has been marked as Exhibit D-088 in the liability trial of this action.

33.     Attached hereto as Exhibit 32 is a true and correct copy of a letter from John Darrah to Robert Pastore, dated October 23, 2001, which has been marked as Exhibit P-344 in the liability trial of this action.

34.     Attached hereto as Exhibit 33 is a true and correct copy of the April 3, 2001 decision of the National Mediation Board in the matter of "APA alleging a representation dispute pursuant to Section 2, Ninth, of the Railway Labor Act as amended, involving employees of American and TWA."

35.     Attached hereto as Exhibit 34 is a true and correct copy of excerpts of a letter from Edwin White to Leroy Bensel, dated March 2, 2001, which has been marked as Exhibit J-283 in the liability trial of this action.

36.     Attached hereto as Exhibit 35 is a true and correct copy of excerpts of the Class Action Complaint for Damages and Declaratory Relief, signed on May 24, 2012 and filed at Docket No. 1 in the matter of *Krakowski* v. *American Airlines, Inc.*, No. 12-00954 (E.D. Mo.).

37.     Attached hereto as Exhibit 36 is a true and correct copy of excerpts of the transcript of the April 23, 2012 proceedings at the United States

Bankruptcy Court for the Southern District of New York in the matter of *AMR Corp.*, filed on April 25, 2012 at Docket No. 2466 in that action.

38.     Attached hereto as Exhibit 37 is a true and correct copy of excerpts of the Memorandum in Support of Debtors' Motion to Reject Collective Bargaining Agreements Pursuant to 11 U.S.C. § 1113, filed on March 27, 2012 at Docket No. 2041 in the matter of *In re AMR Corporation*, No. 11-15463 (Bankr. S.D.N.Y.).

39.     Attached hereto as Exhibit 38 is a true and correct copy of the Declaration of Dennis Newgren in Support of Debtors' Motion to Reject Collective Bargaining Agreements Pursuant to 11 U.S.C. § 1113, filed on March 27, 2012 at Docket No. 2041-9 in the matter of *In re AMR Corporation*, No. 11-15463 (Bankr. S.D.N.Y.).

40.     Attached hereto as Exhibit 39 is a true and correct copy of excerpts of the Memorandum of Decision regarding the Debtor's Motion to Reject Collective Bargaining Agreements Pursuant to 11 U.S.C. § 1113, signed on August 15, 2012, and filed at Docket No. 4044 in the matter of *In re AMR Corporation*, No. 11-15463 (Bankr. S.D.N.Y.).

41.     Attached hereto as Exhibit 40 is a true and correct copy of the Restructuring Agreement between American and the airline pilots in the service of American, as represented by the APA, dated May 1, 2003.

42.     Attached hereto as Exhibit 41 is a true and correct copy of the Voluntary Petition of the AMR Corporation, filed on November 29, 2011 at Docket No. 1 in the matter of *In re AMR Corporation*, No. 11-15463 (Bankr. S.D.N.Y.).

43.     Attached hereto as Exhibit 42 is a true and correct copy of Debtors' Motion to Reject Collective Bargaining Agreements Pursuant to 11 U.S.C. § 1113, filed on March 27, 2012 at Docket No. 2035 in the matter of *In re AMR Corporation*, No. 11-15463 (Bankr. S.D.N.Y.).

44.     Attached hereto as Exhibit 43 is a true and correct copy of the Order Pursuant to 11 U.S.C. § 1113 Authorizing Debtors to Reject the Collective Bargaining Agreement with the APA, signed on September 5, 2012 and filed at Docket No. 4293 in the matter of *In re AMR Corporation*, No. 11-15463 (Bankr. S.D.N.Y.).

45.     Attached hereto as Exhibit 44 is a true and correct copy of the Letter Agreement Re: STL and Other Base Closings from Laura Einspanier to Keith Wilson, dated January 1, 2013, which is available at http://equitydispute.alliedpilots.org/Documents/HearingExhibits/APA%20Exhibit %2043.pdf.

46.     Attached hereto as Exhibit 45 is a true and correct copy of excerpts of the Pre-Hearing Statement of the TWA Pilots Committee, filed in the

9

Arbitration between American and the APA Pursuant to LOA 12-05, dated April 1, 2013.

47.     Attached hereto as Exhibit 46 is a true and correct copy of the July 22, 2013 decision in the arbitration between American and the APA.

48.     Attached hereto as Exhibit 47 is a true and correct copy of excerpts of Plaintiffs' Opposition to Defendants' Motion to Transfer, signed on June 20, 2013 and filed at Docket No. 14 in the matter of *Krakowski* v. *American Airlines, Inc.*, No. 13-00838 (E.D. Mo.).

49.     Attached hereto as Exhibit 48 is a true and correct copy of excerpts of Plaintiffs' Combined Response to the Motions to Dismiss Filed by Defendants, signed on May 31, 2013 and filed at Docket No. 24 in the matter of *Krakowski* v. *American Airlines, Inc.*, No. 13-1283 (Bankr. S.D.N.Y.).

50.     Attached hereto as Exhibit 49 is a true and correct copy of an article, *AMR Judge Wants DOJ Suit Info Before OK'ing Ch. 11 Plan*, which was published on August 16, 2013 by Law 360.

51.     Attached hereto as Exhibit 50 is a true and correct copy of an article, *American Airlines has no Plan B, will take antitrust fight to court*, which was published on August 20, 2013 by the Dallas News.

52.     Attached hereto as Exhibit 51 is a true and correct copy of Plaintiffs' Response to Defendant ALPA's First Set of Damage Interrogatories in this action, dated September 11, 2012.

53.     Attached hereto as Exhibit 52 is a true and correct copy of the expert report of Rikk Salamat on behalf of plaintiffs, dated October 12, 2012.

54.     Attached hereto as Exhibit 53 is a true and correct copy of the Supplementary Report on Damages under the Farber Lists, offered by Rikk Salamat on behalf of plaintiffs, and dated October 12, 2012.

55.     Attached hereto as Exhibit 54 is a true and correct copy of the Supplementary Report on Damages under the Tannen List, offered by Rikk Salamat on behalf of plaintiffs, and dated October 12, 2012.

56.     Attached hereto as Exhibit 55 is a true and correct copy of the supplemental report on Furlough Damages After Application of Set-Off, offered by Rikk Salamat on behalf of plaintiffs, and dated April 30, 2013.

57.     Attached hereto as Exhibit 56 is a true and correct copy of excerpts of the deposition transcript of Rikk Salamat, dated January 29, 2013.

58.     Attached hereto as Exhibit 57 is a true and correct copy of excerpts of the deposition transcript of Rikk Salamat, dated January 30, 2013.

59.     Attached hereto as Exhibit 58 is a true and correct copy of excerpts of the deposition transcript of Rikk Salamat, dated January 31, 2013.

11

60.    Attached hereto as Exhibit 59 is a true and correct copy of the expert report of Dr. Henry Farber on behalf of plaintiffs, dated October 12, 2012.

61.    Attached hereto as Exhibit 60 is a true and correct copy of excerpts of the deposition transcript of Dr. Henry Farber, dated January 22, 2013.

62.    Attached hereto as Exhibit 61 is a true and correct copy of excerpts of the deposition transcript of Dr. Henry Farber, dated January 23, 2013.

63.    Attached hereto as Exhibit 62 is a true and correct copy of excerpts of the expert report of Katia Sycara on behalf of ALPA, dated March 15, 2013.

64.    Attached hereto as Exhibit 63 is a true and correct copy of excerpts of the June 23, 2011 transcript of the liability trial in this action.

65.    Attached hereto as Exhibit 64 is a true and correct copy of a letter from Edwin White to Michael Day, dated April 18, 2001, which has been marked as Exhibit J-309 in the liability trial of this action.

66.    Attached hereto as Exhibit 65 is a true and correct copy of excerpts of the transcript of the July 12, 2012 telephone conference, filed on July 18, 2012 at Docket No. 487 in this action.

67.    Attached hereto as Exhibit 66 is a true and correct copy of excerpts of the transcript of the July 31, 2012 conference in this action.

68.     Attached hereto as Exhibit 67 is a true and correct copy of a letter from Michael Day to Edwin White, dated August 17, 2001, which has been marked as Exhibit J-327 in the liability trial of this action.

69.     Attached hereto as Exhibit 68 is a true and correct copy of an endorsed Stipulation and Order as to Michael Tannen that was filed on April 30, 2013 at Docket No. 547 in this action.

70.     Attached hereto as Exhibit 69 is a true and correct copy of excerpts of the decision in the arbitration between Republic Airline/Chautauqua Airlines/Shuttle America; Frontier Airlines; Midwest Airlines; Lynx Aviation; and Republic Airways Holdings, Inc., dated February 19, 2011.

71.     Attached hereto as Exhibit 70 is a true and correct copy of excerpts of the decision in the arbitration between the pilots of US Airways, Inc. and the pilots of America West Airlines, Inc., dated May 1, 2007.

72.     Attached hereto as Exhibit 71 is a true and correct copy of excerpts of the arbitration decision in the matter of The Seniority Integration of Continental Airlines and Former Frontier Airline Pilots, dated June 15, 1987.

73.     Attached hereto as Exhibit 72 is a true and correct copy of excerpts of the decision in the arbitration between Flying Tiger Lines, Inc. and Seaboard World Airlines, Inc., dated March 16, 1981.

13

74.    Attached hereto as Exhibit 73 is a true and correct copy of excerpts of the decision in the arbitration between Canadian Air Line Pilots Association and Master Executive Councils for Air Canada, Air Nova, Air Alliance, Air Ontario, Air B.C., and NWT Air, dated March 28, 1995.

75.    Attached hereto as Exhibit 74 is a true and correct copy of excerpts of the decision in the arbitration between Canadian Pacific Airlines Master Executive Council, the Nordair Master Executive Council, the Pacific Western Master Executive Council, and the Eastern Provincial Airways Master Executive Council, dated November 16, 1987.

76.    Attached hereto as Exhibit 75 is a true and correct copy of excerpts of the decision in the arbitration between Jet America Airlines and Alaska Airlines, dated August 14, 1990.

77.    Attached hereto as Exhibit 76 is a true and correct copy of an article, *Pan Am Agrees to Sell Major Routes to Delta*, which was published on July 12, 1991 by the New York Times.

78.    Attached hereto as Exhibit 77 is a true and correct copy of excerpts from the Form 8-K filed with the Securities and Exchange Commission by Delta Air Lines, Inc., dated September 1, 1991.

79.    Attached hereto as Exhibit 78 is a true and correct copy of a memorandum from Michael Day to the TWA MEC Negotiating Committee, dated

March 22, 2001, which has been marked as Exhibit P-405 in the liability trial of this action.

80.     Attached hereto as Exhibit 79 is a true and correct copy of excerpts of the June 22, 2011 transcript of the liability trial in this action.

81.     Attached hereto as Exhibit 80 is a true and correct copy of excerpts of the decision in the arbitration between Continental Air Lines, Inc. Pilot Group and Texas International Airlines, Inc. Pilot Group, dated July 31, 1983.

82.     Attached hereto as Exhibit 81 is a true and correct copy of excerpts of the Agreement between Southwest Airlines Co.; Airtran Airways, Inc.; the Airline Pilots in the Service of Southwest Airlines Co. as represented by the Southwest Airlines Pilots' Association; and the Airline Pilots in the Service of Airtran Airways, Inc. as represented by ALPA, dated November 8, 2011.

83.     Attached hereto as Exhibit 82 is a true and correct copy of excerpts from Arthur Goldberger, *A Course in Econometrics* (1991).

84.     I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: New York, New York
        August 22, 2013

_____
Daniel J. Toal