## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>AIR LINE PILOTS ASSOCIATION,<br>INTERNATIONAL,<br><br>           Defendant. | Civil Action No. 02-2917 (JEI) |

## PLAINTIFFS' RESPONSE TO
## ALPA'S STATEMENT OF MATERIAL FACTS

Pursuant to Local Civil Rule 56.1, Plaintiffs submit this in response to ALPA's Statement of Material Facts. Plaintiffs preserve all objections to the admissibility of the evidence cited by ALPA.  Plaintiffs also object to ALPA's Statement to the extent the "undisputed" fact includes legal argument, opinion testimony, and irrelevant statements concerning facts not at issue.

1.     Agreed.

2.     Agreed.

3.     Agreed.

4.     Agreed.

5.     Agreed.

6.     Disagree.  Plaintiffs' evidence produced at trial showed actions that were available for ALPA. Collectively, the failure to take any of the action

requested was evidence of ALPA's breach and collectively the failure to take any of the requested actions lead to implementation of Supplement CC. Plaintiffs rely on the expert report and deposition of Katie Sycara.

7.   Agreed.

8.   Agreed.

9.   Agreed that TWA had not had an operating profit. Disagree as to the undefined term of "unsuccessful" as impermissible opinion and not appropriate in a Statement of Material Facts.

10.   Agreed that William Compton so testified.

11.   Agreed that William Compton so testified. Disagree as to the term "unprofitable enterprise" as impermissible opinion and not appropriate in a Statement of Material Facts.

12.   Agreed that Carl Icahn acquired a controlling stake in TWA.  That Icahn sold TWA's "only strength" is opinion and argument and not appropriate in a Statement of Material Facts.

13.   Agreed.

14.   Agreed.

15.   Agreed.

16.   Disagree. Statement constitutes impermissible opinion and legal argument not appropriate in a Statement of Material Facts.

17.    Agreed.

18.    (a) Agreed that TWA was a single hub airline with its only hub in St. Louis. As to the rest of subparagraph (a), disagreed the statement represents the opinions of Compton, Paulmbo and Resnick not appropriate in a Statement of Material Facts.

(b) Agreed.

(c) Agreed that TWA had limited liquidity and a poor credit rating. Disagree as to the remaining portion of the paragraph as it is impermissible argument not appropriate in a Statement of Material Facts.

(d) Agreed that TWA had a poor credit rating. Disagreed as to the remainder of the subparagraph as it is the opinion of Compton, Palumbo and Resnick not appropriate in a Statement of Material Facts, moreover Mr. Palumbo testified that TWA was able to hedge its exposure to the jet fuel market on a limited basis. (Deft's Ex. 10, ¶ 27).

19.    Agreed.

20.    Agreed.

21.    Agreed.

22.    Agreed that TWA pursued corporate combinations and that none of the discussions turned up a willing partner as of the date the American Airlines asset acquisition was announced.

23. Agreed.

24. Agreed that William Compton expressed his opinion that doubted that TWA could survive as a stand-alone. Disagree as to what the market believed as there has been no admissible evidence submitted as to the markets' belief and Mr. Compton's opinion as to the viability of TWA as a stand alone company is impermissible opinion not appropriate in a Statement of Material Facts.

25. Agreed that Compton so testified. Disagree as to the statement concerning TWA's financial condition and that TWA was going to liquidate within days as opinion not properly included in a Statement of Material Facts.

26. Agreed that Palumbo so testified.

27. Agreed that as part of the liquidation TWA was required to file for bankruptcy for a third time. Disagree to the statement that the American offer rescued TWA from liquidation. Disagree that TWA was only able to continue flying because American provided financing. Support for these statements is based on opinion testimony not appropriate in a Statement of Material Facts.

28. Agreed.

29. Agreed that Palumbo so testified.

30. Agreed.

31. Agreed.

32. Agreed.

33.     Agreed.

34.     Agreed.

35.     Agreed that Carty so testified.

36.     Agreed that Brundage so testified.

37.     Agreed that Darrah so testified.

38.     Agreed.

39.     Agreed that Carty so testified.

40.     Agreed Brudage so testified.

41.     Agreed.

42.     Agreed.

43.     Agreed.

44.     Agreed.

45.     Agreed that Mike Day so testified.

46.     Agreed.

47.     Agreed that Darrah so testified but he clarified that "any seniority integration does affect premerger expectations.  To do one by its entirety would, obviously, negatively impact the other group to it, what I would call an unfair, inequitable. (*sic*)" (Deft's Ex. 20 at 139: 3-7).

48.     Agreed.

49.    Agreed that White so testified. Disagree that "within hours of going out of business" as impermissible opinion and argument and not appropriate in a Statement of Material Facts.

50.    Agreed.

51.    Agreed.

52.    Agreed that Ed White so testified.

53.    Agreed that at the time of the Acquisition American's financial condition was stronger than TWA's.

54.    Agreed that there was a pay rate disparity and that TWA pilots were paid less than the American pilots. Disagree as to undefined terms "well below" as opinion and argumentative and not appropriate in a Statement of Material Facts.

55.    Agreed.

56.    Agreed.

57.    Agreed.

58.    Agreed that John Darrah so "opined" on November 29, 2012, over eleven years after the Acquisition and over a year after the jury found the seniority integration would have been different but for ALPA's breach of its duty of fair representation.  Disagree as to the effect of the jump seat war as it is opinion not properly included in a Statement of Material Facts.   (Deft's Ex. 20 at 1; Jury Verdict Form Docket No. 413).

6

59.    Agreed that John Darrah so testified on November 29, 2012, over eleven years after the Acquisition and over a year after the jury found the seniority integration would have been different but for ALPA's breach of its duty of fair representation.   Disagree as to the effect of an AFL-CIO boycott or ALPA lobbying for the Bond legislation as opinion not properly included in a Statement of Material Facts. (Deft's Ex. 20 at 1; Jury Verdict Form Docket No. 413).

60.    Agreed that Ed White so testified on October 12, 2012, over eleven years after the Acquisition and over a year after the jury found the seniority integration would have been different but for ALPA's breach of its duty of fair representation.  Disagree as to the impact of the threats of litigation or a jump seat war as opinion not properly included in a Statement of Material Facts.  (Deft's Ex. 20 at 1; Jury Verdict Form Docket No. 413).

61.    Agreed that Don Carty so testified on October 15, 2012, over eleven years after the Acquisition and over a year after the jury found the seniority integration would have been different but for ALPA's breach of its duty of fair representation.   Disagree as to the impact of litigation, lobbying or any other leverage that could have been brought to bear as opinion testimony not properly included in a Statement of Material Facts. (Deft's Ex. 16 at 1; Jury Verdict Form Docket No. 413).

62.    Agreed that Jeffrey Brundage so testified on October 23, 2012, over eleven years after the Acquisition and over a year after the jury found the seniority integration would have been different but for ALPA's breach of its duty of fair representation.  Disagree as to the impact of any leverage that could have brought to bear as opinion testimony not properly included in a Statement of Material Facts.  (Deft's Ex. 19 at 1; Jury Verdict Form Docket No. 413).

63.    Agreed only that the October 22, 2001, TWA MEC meeting minutes so provide. Disagree as to the hearing statement as it is opinion testimony not properly included in a Statement of Material Facts.

64.    Agreed.

65.    Agreed.

66.    Agreed.

    a.  Agreed.

    b.  Agreed.

    c.  Agreed.

    d.  Agreed.

    e.  Agreed.

    f.  Agreed.

    g.  Agreed.

67.    Agreed.

68.  Agreed.

69.  Agreed that John Darrah so testified on November 29, 2012, over eleven years after the Acquisition and over a year after the jury found that ALPA breached its duty of fair representation.  Disagree as to the fact that there was no other possible list as contrary to the jury verdict and opinion testimony not appropriate for a Statement of Material Facts. (Deft's Ex. 20 at 1; Jury Verdict Form Docket No. 413).

70.  Agreed that Jeffery Brundage so testified on October 23, 2012, over eleven years after the Acquisition and over a year after the jury found that ALPA breached its duty of fair representation.  Disagree as to the probability of any alternative list as opinion not properly included in a Statement of Material Facts. (Deft's Ex. 19 at 1; Jury Verdict Form Docket No. 413).

71.  Agreed.

72.  Agreed.

73.  Agreed.

74.  Agreed as to the top 2596 positions on the merged seniority list. Disagree as to the statement that "TWA pilots had no expectation ever flying" as argument not supported by the record and impermissible in a Statement of Material Facts.

75.   Agreed as to the ratio of one TWA pilot to eight American pilots. Disagree as to what the TWA pilots' career expectations were as argument and impermissible in a Statement of Material Facts.

76.   Agreed.

77.   Agreed.

78.   Agreed.

79.   Agreed.

80.   Agreed.

81.   Agreed.

82.   Agreed that Allen Press so stated. Disagree that this statement, made by a lawyer in an adversarial setting, has any relevance to the determination of what damages the TWA Pilots suffered at the hands of ALPA.

83.   Agreed.

84.   Agreed.

85.   Denied that the Restructuring Agreement replaced the CBA (Deft's Ex. 44)

86.   Agreed.

87.   Agreed.

88.   Agreed.

89.   Agreed.

90.   Agreed.

91.   Disagree. Rodriguez Declaration, Ex. D (Letter of Agreement 12-05).

92.   Disagreed that the TWA Pilots Committee represented the interests of the plaintiff class. The class was represented by the APA *Ad Hoc* Committee.

93.   Disagree. *See* Rodriguez Declaration, Ex. C (Post-Hearing Brief of the TWA pilots Committee and award).

94.   Agreed.

95.   Agreed.

96.   Agreed.

97.   Agreed.

98.   Disagree to the characterizations of Plaintiffs' Expert reports. (See Reports of Rikk Salamat and Dr. Henry Farber, attached as Exhibits to Plaintiffs' Opposition to ALPA's Motion to Exclude Plaintiffs' Experts).

99.   Disagree as to the characterization of Rikk Salamat's Expert Report (See Report of Rikk Salamat).

100.   Disagree that there is no other evidence that supports Plaintiffs claim for monetary damages.   The jury verdict form is evidence that the Plaintiffs are entitled to damage.   Duane Woerth's testimony that Professor Tannin's Rightful Place Proposal was scientific and fair as well as compelling and persuasive is

evidence from which a jury can reasonable infer the amount of damages.

Rodriguez Declaration, Ex. A (Rightful Place Proposal video and transcript).