# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br><br>　　　　Defendant. | Civil Action No. 02-2917 (JEI) |

_____

## ALPA'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL STATEMENTS OF DISPUTED AND UNDISPUTED MATERIAL FACTS

_____

　　　　　　　　　　　　　　　　Archer & Greiner
　　　　　　　　　　　　　　　　A Professional Corporation
　　　　　　　　　　　　　　　　One Centennial Square
　　　　　　　　　　　　　　　　Haddonfield, New Jersey 08033-0968
　　　　　　　　　　　　　　　　(856) 795-2121

*Pro Hac Vice:*

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

Pursuant to Local Civil Rule 56.1, defendant Air Line Pilots Association, International ("ALPA") respectfully submits this Response to Plaintiffs' Supplemental Statements of Disputed and Undisputed Material Facts. ALPA expressly reserves all objections to the admissibility of the evidence cited herein and in the accompanying memorandum of law and does not waive any objections by making this submission.

I. **ALPA's Response to Plaintiffs' Supplemental Statement of Disputed Material Facts**

   1. The measure of damages needed to compensate the TWA pilots for ALPA's breach of its duty of fair representation to the TWA pilots [sic]

   **Response:** Disagree. Plaintiffs' statement no. 1 is unclear and unintelligible, and is not supported by any factual evidence in violation of Local Civil Rule 56.1.

II. **ALPA's Response to Plaintiffs' Supplemental Statement of Undisputed Material Facts**

   2. ALPA breached its duty of fair representation to the TWA pilots. Jury Verdict, Docket No. 413.

   **Response:** ALPA agrees that the liability jury found that ALPA had breached its duty of fair representation. (Jury Verdict, Dkt. No. 413.)

3. ALPA's breach of its duty caused injury to the TWA pilots. Jury Verdict, Docket No. 413.

**Response:** Disagree. The liability jury found that ALPA's breach caused injury to "some" TWA pilots. (Jury Verdict, Dkt. No. 413.)

4. This case was bifurcated at ALPA's request. Docket No. 112.

**Response:** Disagree. The Court ordered bifurcation in response to a motion from ALPA that Plaintiffs did not oppose. (Dkt. No. 113.)

5. ALPA requested that the first phase of the litigation deal solely with the actions of ALPA in the 2001 negotiations that resulted in the seniority list, Supplement CC, that ultimately emerged. Docket No. 112.

**Response:** Disagree, but note that, in its brief supporting its motion for bifurcation, ALPA expressed its expectation that the liability issue—"whether ALPA breached its duty of fair representation to the former TWA pilots"—"solely concerns the actions of ALPA in the 2001 negotiations that resulted in the seniority arrangements that ultimately emerged." (Dkt. No. 112, at 14.)

6. ALPA anticipated that the second phase of the litigation would focus on how the individual pilots would have fared if ALP A had not breached its duty of fair representation. Docket No. 112.

**Response:** Disagree, but note that in the brief supporting its motion for bifurcation, ALPA expressed its expectation that the calculation of damages

would focus "on the question of how the individual pilots would have fared in 2002 and thereafter had the seniority arrangements proved more favorable." (Dkt. No. 112, at 14-15.)

7. In the summer of 2011, a twelve person jury heard more than five weeks of evidence concerning whether ALPA breached its duty of fair representation in connection with the TWA pilots' seniority integration. Docket Nos. 383 through 410.

**Response:** Agree.

8. Duane Woerth, in his capacity of President of ALPA, admitted that the merged seniority list contained in Professor Michael Tannen's "Rightful Place" proposal was based on a reasoned and scientific approach that considered and protected the career expectations of both pilot groups. (*See* Declaration of Lisa J. Rodriguez, dated September 30, 2013 (Dkt. No. 580) ("Rodriguez Decl.") Ex. A (Transcript, Rightful Place Proposal).)

**Response:** Disagree, but note that Woerth stated, in the context of a promotional video produced during negotiations for purposes of gaining support for the Rightful Place Proposal, that "the proposal is based on a reasoned and scientific approach that considers many factors, such as the career expectations of both pilot groups." (Rodriguez Decl., Ex. A at 2.)

3

9. Roland Wilder, a lawyer employed to represent the TWA pilots in the seniority negotiations, admitted that the "Rightful Place" proposal presented by ALPA was fair and equitable in fact as well as name since each pilot will occupy his or her rightful place. (Rodriguez Decl., Ex. A (ALPA's Transcript—Rightful Place Proposal).)

**Response:** Disagree, but note that Wilder stated, in the context of a promotional video produced during negotiations for purposes of gaining support for the Rightful Place Proposal, that the Rightful Place Proposal "will be fair and equitable in fact as well as name since each pilot will occupy his or her rightful place." (Rodriguez Decl., Ex. A at 20.)

10. Supplement CC was less favorable to the TWA pilots than the "Rightful Place" proposal. Rodriguez Decl., Ex. A (Transcript Rightful Place Proposal).

**Response:** Agree.

11. ALPA's breach altered the outcome of the seniority integration negotiations and the ultimate seniority integration that was used. Jury Verdict, Docket No. 413.

**Response:** Disagree. The verdict reached in the liability phase finds only that "some of the TWA Pilots" were injured in some unspecified way by ALPA's breach of the duty of fair representation. (Jury Verdict, Dkt. No. 413.)

4

12. Before American Airlines acquired TWA, TWA paid ALPA dues to represent their interests.

**Response:** Disagree. TWA has never paid ALPA dues. During the Relevant Period, until April 3, 2002, TWA and its successor, TWA LLC, recognized ALPA as the collective bargaining representative for the pilots they employed. (Dkt. No. 100 at ¶ 35.) In connection with that role, ALPA collected dues and fees from the pilots then employed by TWA and TWA LLC. (*See* Pls. Br. in Support of Their Mot. to Compel Discovery, Dkt. No. 554, at 13 (moving to compel documents "related to the union dues ALPA collected from the TWA Pilots").) ALPA also notes that Plaintiffs have failed to cite any evidentiary support for statement no. 12, in violation of Local Civil Rule 56.1.

Dated: Haddonfield, NJ
October 18, 2013

Respectfully submitted,

Theodore V. Wells, Jr., Esquire
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064

 - and -

Archer & Greiner
A Professional Corporation
One Centennial Square
Haddonfield, New Jersey 08033

By:   */s/ John C. Connell*
    John C. Connell, Esquire
    Kerri E. Chewning, Esquire

*Pro Hac Vice:*

Jay Cohen, Esquire
Daniel J. Toal, Esquire
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000

Daniel M. Katz, Esquire
Katz & Ranzman, P.C.
4530 Wisconsin Avenue, N.W.
Washington, D.C. 20016
(202) 659-4656

*Attorneys for Defendant Air Line Pilots Association, International*

6