# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br><br>Defendant. | Civil Action No. 02-cv-2917 (JEI) |

# NOTICE OF CLASS ACTION SETTLEMENT

### READ THIS NOTICE CAREFULLY

1. *A Federal Court authorized this Notice. This is not a solicitation from a lawyer. You may benefit by reading this Notice.*

2. This Notice describes the terms of a proposed final settlement in the above-captioned class action lawsuit which was brought on behalf of a class of former TWA pilots against their former union, the Air Line Pilots Association, International ("ALPA"). This Notice also describes the nature and procedural history of the case and resulting settlement.

3. You have been identified as a Class Member. The fact that you received this Notice means that you may be entitled to a monetary award if this Settlement is approved by the United States District Court for the District of New Jersey after a hearing set for ___[Wednesday, May 14, 2014, at 10:00 a.m., or as soon thereafter as the Court may schedule]__ to determine the settlement's fairness to the Class Members.

4. You have the right, if you wish, to object to the proposed settlement, the fees and expenses requested by counsel for the class, and the other matters described herein.

5. **You must act**. If you want to receive your monetary award from the proposed settlement, you must complete and return the attached Claim Form. If you are seeking reimbursement of monetary contributions to the lawsuit, you must also complete and return the Reimbursement Request Form along with any supporting documentation.

6. Your rights and options, and deadlines to exercise them, are explained in this Notice.

7. The Court in charge of this case still has to decide whether to approve this settlement. Payments will only be made after the Court approves the settlement and after any appeals are resolved. Please be patient.

| I.  Why Did I Receive This Notice? |
|---|

The Court authorized this Notice of Class Action Settlement to be issued to members of the certified class, defined as:  All persons formerly employed as a pilot by TWA, Inc. and who became employed as a pilot by TWA, LLC as a result of the April 2001 asset transaction between American Airlines and TWA, Inc.  If you are a member of the Class, you have a right to know about the proposed settlement of this class action, and about all of your options, before the Court decides whether to give "final approval" to the settlement. If the Court approves the parties' Settlement Agreement, payments will be made to members of the certified Class who return the Claim Form, after any objections and appeals are resolved.

This Notice explains the lawsuit, the settlement, your legal rights, the proposed Plan of Allocation, and how you can receive your share of the settlement.

Judge Joseph E. Irenas of the United States District Court for the District of New Jersey is overseeing this class action. The case is known as *Brady, et al. v. Air Line Pilots Association, International,* Civil Action No. 02-cv-2917.

| 2.  What Is This Lawsuit About? |
|---|

This is a certified class action. The current Named Plaintiffs are Patrick Brady, Ted Case, Michael Finucan, Howard Hollander, and Sally Young (referred to as "Plaintiffs"). Plaintiffs filed this lawsuit in 2002, claiming that their former union, ALPA, breached its duty of fair representation to the TWA Pilots in connection with the seniority integration between the TWA and American Pilots following American Airlines' acquisition of TWA, Inc.'s assets. The issues of liability and damages were bifurcated and, following a five week jury trial on the issue of liability in July 2011, a unanimous jury returned a verdict in Plaintiffs' favor. Following the verdict, the parties engaged in extensive fact and expert discovery on the issue of damages. The damages phase trial was scheduled to begin March 17, 2014. The parties reached a settlement agreement following the completion of all damage phase discovery and two months before trial.

| 3.  Why Is There a Settlement? |
|---|

Both sides agreed to a settlement to avoid the cost, delay and uncertainty of continued litigation. Class Counsel believe that the settlement is in the best interests of the Class and that the settlement is fair, adequate, and reasonable.

| 4.  How Do I Know If I Am Part of the Settlement? |
|---|

By Order dated February 12, 2003, and amended by Order dated March 19, 2007, the Court certified the following Class: All persons formerly employed as pilots by TWA, Inc. who became employed as pilots by TWA LLC as a result of the April 2001 asset transaction sale between American Airlines and TWA, Inc.  If you are not sure if you are included, you can get

free help.  You can call the Claims Administrator toll-free at 1 (800) 222-2760 or visit *http://www.stlouislaw.com/TWA* for more information

| 5. What Will I Get From The Settlement? |
|---|

The Settlement Fund is $53,000,000, from which will be deducted Attorneys' Fees and Litigation Expenses, the sum of $1.5 million set aside for expense reimbursement to certain class members, and any Incentive Awards to be paid to current and former Named Plaintiffs.

If the Court approves the settlement, Class Members who return their Claim Forms will receive payments as follows:

> Class Counsel propose an allocation plan under which every member of the Class will receive an allocation of settlement funds. The amounts allocated are intended to reflect the relative economic harm suffered by the pilots, with the most senior and most junior pilots on the TWA seniority list receiving lesser amounts. The bulk of the settlement funds would be distributed to pilots in the middle of the seniority list.
>
> The amount you will receive depends on your TWA seniority number and the number of months you were active at or involuntarily furloughed from American Airlines during the nine-year period beginning January 2003. The amount each pilot will receive is calculated through formulas using data obtained in the lawsuit. You can review and download a detailed description of the formulas and a spreadsheet showing the estimated allocation amount by TWA seniority number at the website *http:\\www.stlouislaw.com/TWA*.
>
> The following statements are based on a presumed distribution amount, net of attorneys' fees and all lawsuit expenses, of $32 million. The actual amount each pilot will receive depends on a number of factors, including the amount awarded by the court as attorneys' fees, the number of pilots who do not timely submit Claim Forms, and the lawsuit expenses allowed by the court.
>
> Pilots with TWA seniority numbers from 1 to 821 will generally receive amounts ranging for $200 up to an estimated $2,600. Roughly half of this group, generally the most senior pilots, will receive the minimum amount of $200 each. Pilots with TWA seniority numbers from 822 to 994 will generally receive amounts estimated at between $2,800 and $31,000. Pilots with TWA seniority numbers from 946 to 1881 will generally receive the maximum amount, estimated at $32,000. Pilots with TWA seniority numbers from 1882 to 2103 will generally receive amounts estimated at between $3,000 and $25,000. Pilots with TWA seniority numbers from 2104 to 2337 will generally receive amounts estimated at between $200 and $2,000. Roughly half of this group, generally the most junior pilots, will receive the minimum amount of $200 each. Pilots who were members

of the Class but who never worked under Supplement CC receive the minimum award of $200.

There are exceptions to the general amounts estimated above. Pilots who retired, were on medical leave, voluntary furlough, declined recall, or who otherwise are not listed as active or involuntarily furloughed during the entire allocation calculation period will receive lesser amounts based principally on the number of months each pilot is listed as active or involuntarily furloughed. Every Pilot, including those Class members who never worked under Supplement CC, will receive no less than the minimum allocation of $200 if he or she timely completes a Claim Form. Pilots who do not complete a Claim Form will not receive any award from the Settlement.

Amounts remaining in the Settlement Fund after distribution under the allocation plan described above will be allocated in a second distribution. If amounts remain in the Settlement Fund after the second distribution, Class Counsel will apply to the Court for a distribution of those remaining funds to a charitable or other organization in accordance with the terms of the Settlement Agreement.

If the settlement becomes final, the lawsuit will be dismissed with prejudice, and ALPA will receive a complete release and discharge of the claims asserted in the lawsuit. (See Question 12 for more details).

### 6. I Am a Class Member. What do I need to do to participate in the Settlement?

If you are a member of the Class, you or your "Legally Authorized Representative" (see Question 7 for an explanation of that term) must submit a Claim Form by _ [60days from date of mailing]_____, 2014, to qualify for a payment. Your payment will be calculated and then distributed according to the process described in Question 5 above. If you do not submit a Claim Form by ___[60 days from date of mailing]_____, 2014, you will not be eligible for a payment.

### 7. What is a "Legally Authorized Representative"?

"Legally Authorized Representative" means an administrator or administratrix, personal representative, executor or executrix of a deceased Class Member's estate, or a guardian, conservator, or any other legally-appointed person or entity responsible for handling the business affairs of a Class Member.

### 8. Where Should I Send My Claim Form?

If you are a member of the Class, you or your Legally Authorized Representative must complete and send a Claim Form to be eligible for payment under this Settlement to:

Brady, et al. v. Air Line Pilots Association
c/o McGladrey LLP
P.O. Box 1387
Blue Bell, PA  19422

The Claim Form is at the end of this Notice. You must fill it out completely, provide your current address, sign where indicated, and send the Form so that it is postmarked by __[60 days from date of mailing]_____, 2014.

If you are a Class Member's Legally Authorized Representative, you must fill out the Claim Form and provide your own contact information and proof of your status as the Class Member's Legal Authorized Representative

### 9.  How Much Will My Payment Be? What Is My Share of the Settlement Fund?

If the Court approves the settlement, ALPA and its insurers will pay the sum of $53,000,000, from which will be deducted Attorneys' Fees, Litigation Expenses, and any Incentive Award to the former and current Named Plaintiffs. Each Class Member who submits a Claim Form will be eligible to receive his or her share of the remaining funds.

The exact amount each qualifying Class Member will receive cannot be calculated until (1) the Court approves the settlement; (2) the Court approves the Plan of Allocation; (3) attorneys' fees and costs, and any Named Plaintiffs' Incentive Awards, are deducted from the Settlement Fund; and (4) the number of participating Class Members is determined.

A chart is available online at *http://www.stlouislaw.com/TWA* showing the approximate award expected for Class Members at each seniority range based on certain assumptions. A general description of the amounts allocated to class members can be found in Question 5 above.

### 10.  I contributed money to the litigation.  Can I get reimbursed for my contribution?

The parties have agreed to set aside $1.5 million from the Settlement Fund to reimburse class members for their monetary contributions to the litigation. If you contributed money towards the litigation, you may seek a reimbursement of your contribution by completing and returning the relevant portion of the attached Claim Form. Please attach supporting documents.

If class members' total verified requests for reimbursement exceed $1.5 million, class members will be reimbursed on a pro rata basis. If any funds remain after all verified claims for reimbursement are paid, those funds will revert back to the Settlement Fund.

### 11.  When Will I Get My Payment?

The date that qualifying Class Members will receive payment is not known at this time.

The Court will hold a hearing on ____[May 14, 2014 at 10:00 a.m. (Eastern time) or as soon thereafter as the Court may schedule] ___ to decide whether to finally approve the settlement. If the Court finally approves the settlement, there may be appeals from that approval. It is always uncertain whether appeals can be resolved, and resolving them can take time.

If the Court approves the settlement, and the settlement becomes final after any appeals have been finally resolved, the Distribution will be made as soon thereafter as is reasonably practicable.

| 12.  What Am I Giving Up? |
|---|

Unless you previously excluded yourself from the Class in response to the Notice of Pendency of Class Action dated May 18, 2007, you are a member of the Class and cannot opt out or exclude yourself from the Settlement. That means you cannot sue, continue to sue, or be part of any other lawsuit against ALPA about the legal issues in this case. It also means that all of the Court's orders apply to you and legally bind you. As a member of the Class, you are releasing ALPA and other entities as described in Paragraphs 31 through 34 of the Settlement Agreement.

Your claims against ALPA will be released even if you do not return a Claim Form and receive a payment from the Settlement Fund.

| 13.  Do I have a lawyer in this case? |
|---|

The Court appointed the following firms to represent you and other Class Members:

| | |
|---|---|
| Allen P. Press<br>Joe D. Jacobson<br>Green Jacobson PC<br>7733 Forsyth Boulevard,  Suite 700<br>St. Louis, MO  63100<br>Telephone: (314) 862-6800 | Lisa J. Rodriguez<br>Nicole M. Acchione<br>Schnader Harrison Segal & Lewis, LLP<br>220 East Lake Drive, Suite 200<br>Cherry Hill, New Jersey 08002<br>Telephone:  (856) 482-5552 |

These lawyers are called Class Counsel. You will not be directly charged for services performed by Class Counsel. Their fee will be determined by the Court and subtracted from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 14.  How Will The Lawyers Be Paid? |
|---|

Class Counsel are asking the Court to award them a fee of 30 percent of the Settlement Fund, plus reimbursement of their reasonable litigation expenses (together, the "Attorneys' Fees and Expense Award), to be paid from the Settlement Fund. Included in Class Counsel's request for Attorneys' Fees and Expenses will be a $1.5 million set-aside fund for class members to seek

reimbursement for payments they made towards litigation expenses. Class Counsel will also ask for a payment to be made to each of the former and current Named Plaintiffs in amounts ranging from $2,500 to $ 80,000, to be paid from the Settlement Fund. The Court may award less or more than these amounts. If you are a Class Member (or a Class Member's Legally Authorized Representative), you can object to the Plan of Allocation, Attorneys' Fees and Expense Award, and Named Plaintiffs' Incentive Awards by following the procedure for objecting to the settlement in Question 15, "How do I tell the Court I don't like the Settlement?"

### 15. How do I tell the Court I don't like the settlement?

If you are a Class Member (or a Class Member's Legally Authorized Representative), you can object to the proposed settlement if you do not like it. You cannot object if you have already opted out of the Class. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views.

To object, you must: file with the Clerk of the Court and serve Class Counsel and Counsel for ALPA, at the addresses set forth below and in Paragraph 13, no later than ten (10) days before the Fairness Hearing, a statement of your objection, as well as the specific reasons, if any, for each objection, including any legal support that you wish to bring to the Court's attention and any evidence you wish to introduce in support of the objection. Objections must conform to the format described in subparagraph b below. Any Class Member who files and serves a written objection, as described herein, may appear at the Fairness Hearing and request to be heard with respect to the objection.

      a.     Any Class Member filing a written objection or appearing at the Fairness Hearing in accordance with this Section may do so either on his or her own or through an attorney hired at the objecting Class Member's own expense. If a Class Member hires an attorney to represent him or her, the attorney must file a notice of appearance with the Clerk of the District Court no later than seven (7) days before the Fairness Hearing or as the Court may otherwise direct, and serve a copy of such notice of appearance on Class Counsel and Counsel for ALPA.

      b.     Any objection, whether filed by a Class Member or an attorney hired on a Class Member's behalf, must conform to the following format: i) The objection must contain a heading that refers to the Action by case name and case number; ii) a statement of the legal and factual basis for each objection or intervention argument; iii) a statement whether the Class Member intends to appear at the Fairness Hearing, either in person or through counsel; iv) a description of any and all evidence the Class Member intends to offer at the Fairness Hearing, including but not limited to the names, addresses and expected testimony of any witnesses, and a description of all exhibits intended to be introduced at the Fairness Hearing; and v) a list of other cases in which the Class Member or counsel for the Class Member has appeared either as an objector or counsel for an objector in the last five years. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of Court.

Please note that any objections or motions must be submitted by an individual Class Member, or his or her attorney, and not as a member of a group, class, or subclass. The only exception is that an objection may be submitted on behalf of an individual Class Member by his or her Legally Authorized Representative (see Question 7 for the definition of that term).

<u>Clerk of the Court</u>
United States District Court for the District of New Jersey
Attn: Clerk
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Plaza
4th and Cooper Streets
Camden, New Jersey 08101

<u>Counsel for ALPA</u>
Jay Cohen
Danial Toal
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
1285 Avenue of the Americas
New York, NY 10019-6064

John Connell
ARCHER & GREINER, PC
33 East Euclid Avenue
Haddonfield, NJ 08033

### 16. When and Where Will the Court Decide to Approve the Settlement?

The Court will hold a hearing called a "Final Approval Hearing" (also known as a "Fairness Hearing") to decide whether to finally approve the settlement. You may attend the Final Approval Hearing and you may ask to speak, but you do not have to do either.

The Final Approval Hearing will be on __[May 14, 2014, at 10:00 a.m. (Eastern Time)]____ before the Honorable Joseph E. Irenas, U.S.D.J., Mitchell H. Cohen U.S. Courthouse, 1 John F. Gerry Plaza, 4th and Cooper Streets, Camden, New Jersey, 08101.

At this hearing, the Court will consider whether the proposed settlement and all of its terms are adequate, fair, and reasonable. If there are objections, the Court will consider them. The Court may listen to people who have asked for permission to speak at the Hearing and complied with the other requirements for objections explained in Question 15 above. The Court may also decide how much to award Class Counsel for fees and expenses for representing the Class, and whether and how much to award the Named Plaintiffs for representing the Class.

At or after the Hearing, the Court will decide whether to finally approve the proposed settlement. There may be appeals after that. We do not know how long those decisions will take.

The Court may change the deadlines listed in this Notice without further notice to the Class. To keep up on any changes in deadlines, please contact the Claims Administrator or review the website.

| 17.  What Happens If I Do Nothing At All? |
|---|

Unless you previously excluded yourself, you are part of the Class and this settlement and you will not be able to sue, continue to sue, or be part of any other lawsuit against ALPA about the legal issues in this case.

You will not receive any money from this settlement unless you complete and send in a Claim Form, as explained in Question 8.

| 18.  Is My Settlement Payment Subject to Tax Consequences? |
|---|

There could be tax consequences associated with your settlement payment and expense reimbursement. You should consult with your tax advisor concerning any tax liability.

| 19. How Do I Get More Information About The Settlement? |
|---|

You may obtain additional information by:

- Calling the Claims Administrator toll-free at 1 (800) 222-2760 to ask questions and receive copies of documents;
- Writing to the Claims Administrator at the following address: *Brady, et al. v. Air Line Pilots Association*, c/o McGladrey LLP, P.O. Box 1387, Blue Bell, PA 19422
- Visiting the settlement website, *http://www.stlouislaw.com/TWA*, where you will find answers to common questions about the settlement plus other information to help you.
- Reviewing legal documents that have been filed with the Clerk of the Court in this lawsuit.
- Contacting Class Counsel listed in Question 13 above.

**PLEASE DO NOT CALL THE JUDGE OR THE COURT CLERK TO ASK QUESTIONS ABOUT THIS NOTICE OR LAWSUIT.**

**THE COURT WILL NOT RESPOND TO LETTERS OR TELEPHONE CALLS. IF YOU WISH TO ADDRESS THE COURT, YOU MUST FILE AN APPROPRIATE PLEADING OR MOTION WITH THE CLERK OF THE COURT IN ACCORDANCE WITH THE COURT'S USUAL PROCEDURES.**