# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICK BRADY, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>AIR LINE PILOTS ASSOCIATION, INTERNATIONAL,<br><br>*Defendant.* | Civil Action No. 02-cv-2917 (JEI) |

### [PROPOSED]
### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING A DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT

WHEREAS, a class action is pending in this Court entitled *Brady, et al. v. Air Line Pilots Association, International,* Civil Action No. 02-cv-2917 (the "Action");

WHEREAS, the parties have agreed to settle this Action upon the terms and conditions set forth in the Settlement Agreement (the "Settlement"), subject to Court approval following Notice to the Class and a hearing; and

WHEREAS, by Order dated February 12, 2003 (Doc. No. 48), as amended by Order dated March 19, 2007 (Doc. No. 205), the Court certified the Action to proceed as a class action on behalf of all persons formerly

employed as a pilot by TWA, Inc. who became employed as a pilot by TWA, LLC as a result of the April 2001 asset transaction between American and TWA, Inc. (the "Class"); and

WHEREAS, the Court has reviewed the Settlement, as well as the files, records and proceedings to date in this matter; and

WHEREAS, the Court has subject matter and personal jurisdiction over the parties to the Settlement Agreement, including the absent Class members, as set forth in paragraphs 45-46 of the Settlement Agreement; and

WHEREAS, this Court has issued multiple lengthy decisions addressing the facts and legal issues raised in this case, presided over the five week trial on liability, and is very familiar with the strengths and weaknesses of the parties' litigation positions; and

WHEREAS, unless otherwise defined herein, all capitalized words have the same meanings as in the Settlement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. <u>Preliminary Approval of Settlement</u> - The Court hereby preliminarily approves the Settlement as fair, reasonable, and adequate to Class Members, subject to further consideration at the Fairness Hearing to be conducted as described below. The Court finds that: (a) the Settlement resulted from arm's-length negotiation; (b) the case was sufficiently advanced and all discovery

complete so as to inform the parties and the Court of the relative strengths and weaknesses of the parties' positions; (c) Class Counsel are experienced in litigation and settlement of similar litigation; and (d) the Settlement is in all other respects sufficient to warrant notice to the Class and a full hearing on the approval of the Settlement.

2. <u>Fairness Hearing</u> – A Fairness Hearing shall be held before the Honorable Joseph E. Irenas, U.S.D.J. on May 14, 2014 at 10:00 a.m. at the Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, for the following purposes: (a) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court; (b) to determine whether Judgment should be entered dismissing the Action with prejudice pursuant to the Settlement; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved; (d) to determine whether the motion by Class Counsel for an award of costs, attorneys' fees, and reimbursement of litigation expenses incurred by Class Counsel and Class Members should be approved; (e) to determine whether the proposed Incentive Awards to current and former Named Plaintiffs should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement

and the Fairness Hearing shall be given to Class Members as set forth in Paragraph 5 of this Order.

3. The Fairness Hearing may be postponed, adjourned, or continued by Order of the Court, without further notice to the Class.

4. <u>Retention of Claims Administrator</u> - Class Counsel are authorized to retain McGladrey LLP (the "Claims Administrator" or "McGladrey") to supervise and administer the notice procedure as well as the processing of Claims.

5. <u>Class Notice</u> - Notice of the Settlement and the Fairness Hearing shall be given by the Claims Administrator as follows:

(a) <u>Mailed Notice</u> - not later than fifteen (15) business days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause copies of the Settlement Notice and Claim Form, substantially in the forms attached as Exhibits B and C to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, respectively (the "Notice Packet"), to be mailed by First-Class U.S. Mail to all Class Members identified in the mailing of the Notice of Pendency of Class Action (the "Class Notice"), as updated by the Claims Administrator, or who may otherwise be identified through reasonable effort. The Claims Administrator will make reasonable efforts to locate the proper address related to any Settlement Notice returned by the U.S.

Postal Service as undeliverable and shall re-mail any returned Settlement Notice within ten (10) days after receipt of same using the updated address information;

(b) <u>Internet Notice</u> – Class Counsel will establish and maintain a settlement page at the URL *http://www.stlouislaw.com/TWA* contemporaneously with the mailing of the Notice Packet. Counsel will post copies of the Settlement Notice and Claim Form, as well as any other Court Orders, filings, and information Class Counsel deems relevant or useful. Class Members will be able to download copies of the Settlement Notice and Claim Form from the web page.

(c) <u>Proof of Mailing</u> - not later than seven (7) calendar days before the Fairness Hearing, Class Counsel will serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of the mailing of Notice Packets to the Class Members.

6. <u>Approval of Form and Content of Notice</u> - The Court (a) approves, as to form and content, the Settlement Notice and Claim Form, attached as Exhibits B and C to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement,, and (b) finds that the mailing and distribution of this Notice Packet in the manner and form set forth in Paragraph 5 of this Order, combined with the posting on the webpage (i) is the best notice practicable

under the circumstances, (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the proposed Settlement, of the effect of the proposed Settlement (including the Releases contained therein), and of their right to object to any aspect of the proposed Settlement, and to appear at the Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23(e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Fairness Hearing will be included in the Settlement Notice.

7. <u>Participation in Settlement</u> - Class Members who wish to participate in the Settlement and receive a distribution from the proceeds of the Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Class Members who wish to also seek reimbursement for monetary contributions to the litigation must complete the relevant portion of the Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all completed Claim Forms must be returned to the Claims Administrator postmarked no later than sixty (60) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept late Claims for processing

provided such acceptance does not delay distribution of the Settlement Fund to the Class. By submitting a Claim, a person or entity is deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

8. Each Claim Form that is submitted by a class member must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) if the person executing the Claim Form is acting in a representative capacity, documentation supporting his, her, or its current authority to act on behalf of the Class Member must be included with the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; (c) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (d) it must be signed under penalty of perjury.

9. Any Class Member that does not submit a timely and valid Claim Form: (a) shall be deemed to have waived his or her right to share in the Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement, and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment, and the Releases provided for therein, whether

favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Claims against the Defendant. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above, or as otherwise ordered by the Court.

10. <u>No Second Opportunity to Request Exclusion From the Class</u> - The Court, in the exercise of its discretion, determines and directs that there shall not be a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

11. <u>Appearance and Objections at Fairness Hearing</u> - Any Class Member who did not previously submit a request for exclusion from the Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice, by filing with the Clerk of Court and delivering a notice of appearance to Class Counsel and Defendant's Counsel, at the addresses set forth in paragraph 12 below, so that it is received no later than seven (7) calendar days before the Fairness Hearing. Any Class Member who does not enter an appearance will be represented by Class Counsel.

12. Any Class Member who has not opted out of the Class may file a written objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for an award of attorneys' fees and reimbursement of

Litigation Expenses, or the proposal for Named Plaintiff incentive awards, and may enter an appearance to show cause as to why the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses, or the proposed incentive awards to Named Plaintiffs, should not be approved. No Class Member will be heard or entitled to contest any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses, or the proposed Named Plaintiff incentive awards unless that person or entity timely filed a written objection with the Court and served copies of such objection on Class Counsel and Defendant's Counsel at the addresses set forth below such that they are received no later than seven (7) calendar days before the Fairness Hearing.

Counsel for Plaintiffs

Allen P. Press
Joe Jacobson
GREEN JACOBSON, PC
7733 Forsyth Blvd.
Suite 700
Clayton, MO 63105

Lisa J. Rodriguez
Nicole M. Acchione
SCHNADER HARRISON SEGAL & LEWIS
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, NJ  08002

Counsel for ALPA

Jay Cohen
Daniel Toal
PAUL, WEISS, RIFKIND, WHARTON & GARRISON  LLP
1285 Avenue of the Americas
New York, NY 10019-6064

John Connell
ARCHER & GREINER, PC
33 East Euclid Avenue
Haddonfield, NJ 08033

13. Any objection, whether filed by a Class Member or an attorney hired on a Class Member's behalf, must conform to the following format: i) the objection must contain a heading that refers to the Action by case name and case number; ii) a statement of the legal and factual basis for each objection; iii) a statement whether the Class Member intends to appear at the Fairness Hearing, either in person or through counsel; iv) a description of any and all evidence the Class Member intends to offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses, and a description of all exhibits that may be introduced at the Fairness Hearing; and v) a list of other cases in which the Class Member or counsel for the Class Member has appeared either as an objector or counsel for an objector in the last five years. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of Court.

14. Any Class Member who does not make his or her objection in the manner provided herein will waive his or her right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, the motion for attorneys' fees and reimbursement of Litigation Expenses, and the proposed Named Plaintiff incentive awards. Such Class Member shall forever be barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the requested attorneys' fees and Litigation Expenses, and the incentive awards, and otherwise from being heard concerning the Settlement, the Plan of Allocation, attorneys' fees and expense request, or incentive awards in this or any other proceeding.

15. <u>Stay</u> - Pending final determination of whether the Settlement should be approved, the Named Plaintiffs, all Class Members, and anyone who acts or purports to act on behalf of the Named Plaintiffs or Class Members, shall not institute, commence, or prosecute any action which asserts Released Claims against the parties to the Settlement Agreement. Until and unless otherwise ordered by the Court, all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement are stayed.

16. <u>Settlement Administration Fees and Expenses</u> - All reasonable costs incurred in administering the Settlement Fund shall be paid as set forth in the

Settlement without further Order of the Court. Defendant will pay all reasonable costs associated with providing Notice of the Settlement to the Class, excluding the creation and maintenance of the web page described in Paragraph 5(b).

17. <u>Settlement Fund</u> - The Court approves Fulton Financial Advisors as Escrow Agent to hold the Settlement Fund. The Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court and will remain subject to the jurisdiction of the Court until such time as it shall be distributed pursuant to the Settlement, subject to any further order of the Court.

18. <u>Taxes</u> - Class Counsel are authorized and directed to have the Claims Administrator prepare any tax returns and any other tax reporting forms for or in respect of the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and otherwise to perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement.

19. <u>Termination of Settlement</u> - If the Settlement is not approved or the Effective Date of the Settlement does not occur, this Order (except for Paragraph 22 below) will become null and void and be without prejudice to the rights of the Named Plaintiffs, the absent Class Members, the Defendant, Class Counsel, and the Parties, all of whom will be restored to their respective

positions in the Action as those parties existed immediately before reaching the Settlement.

20. <u>Use of this Order</u> – Nothing contained in this Order is, or may be construed as, any admission or concession by or against ALPA, the Named Plaintiffs, or the members of the Class on any point of fact or law.

21. <u>Supporting Papers</u> - Class Counsel will file and serve papers in support of the proposed Settlement, the Plan of Allocation, their motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and proposal for Named Plaintiff incentive awards, no later than April 24, 2014, twenty (20) calendar days before the Final Approval Hearing.

22. The Court retains jurisdiction over this case and the proposed Settlement.

SO ORDERED this _____ day of _____, 2014.

_____
The Honorable Joseph E. Irenas
United States District Judge