UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

PATRICK BRADY, *et al.*,

        *Plaintiffs*,

v.

AIR LINE PILOTS ASSOCIATION,
INTERNATIONAL,

        *Defendant*.

Civil Action No. 02-2917 (JEI)

---

## FINAL ORDER AND JUDGMENT

WHEREAS, a class action is pending in this Court entitled *Brady, et al. v. Air Line Pilots Association, International*, Civil Action No. 02-2917 (the "Action");

WHEREAS, by Order dated February 12, 2003, as amended by Order dated March 19, 2007, the Court certified the Action to proceed as a class action on behalf of all persons formerly employed as a pilot by TWA, Inc. and who became employed as a pilot by TWA, LLC as a result of the April 2001 asset sale between American Airlines and TWA, Inc. (the "Class")[1]; and

---

[1] Unless otherwise specified herein, capitalized terms have the meanings set forth in the Settlement.

WHEREAS, pursuant to this Court's Order entered March 19, 2007, the Notice of Pendency of Class Action (the "Class Notice") was mailed to members of the Class to notify them of, among other things: (a) the Action pending against the Defendant, the Air Line Pilots Association, International; (b) the Court's certification of the Action as a class action; (c) the effect of remaining in the Class; and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, the parties agreed to settle this Action upon the terms and conditions set forth in the Settlement Agreement (the "Settlement"), a copy of which has been filed with the Court, subject to Court approval following Notice to the Class and a hearing; and

WHEREAS, by Order dated February 21, 2014 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to members of the Class; and (c) scheduled a hearing for final approval of the Settlement;

WHEREAS, Class Counsel filed with the Court proof, by affidavit, of mailing of the Settlement Notice;

WHEREAS, due and adequate notice has been given to the Class;

2

WHEREAS the Court conducted a hearing on May 27, 2014 to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate, and should therefore be approved; (b) whether the Plan of Allocation proposed by Class Counsel is fair, reasonable, and adequate, and should be approved; (c) whether Class Counsel's Motion for an Award of Attorneys' Fees and Expenses should be granted; (d) whether Intervenor Cureton's motion to be awarded a percentage of the attorneys' fees should be granted; (d) whether Class Counsel's Motion for Named Plaintiff Incentive Awards should be granted; and (e) whether a final judgment should be entered dismissing the Action with prejudice, pursuant to the Settlement; and

WHEREAS, this Court has issued multiple decisions addressing factual and legal issues in the case, presided over a five-week jury trial on liability, and is familiar with the strengths and weaknesses of the parties' claims and defenses; and

WHEREAS, the Court has carefully reviewed the Settlement, as well as the proceedings to date in this case, and listened to oral presentations by Class Counsel, counsel for Intervenor, and by Named Plaintiffs, Patrick Brady and Howard Hollander, and former Named Plaintiff Matthew Comlish; and

WHEREAS, the Court orally stated its findings and holdings in open Court on all issues except the Plan of Allocation, and which it now wishes to memorialize in this written Order and Judgment.

IT IS on this 29th day of May, 2014,

HEREBY ORDERED AND ADJUDGED as follows:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over the parties to the Settlement, as set forth in ¶¶ 45–46 of the Settlement.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Settlement filed with the Court, Doc. No. 602-3; and (b) the Notice of Settlement which was approved by the Court by Order dated February 21, 2014, Doc. No. 602-6.

3. **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice was (a) implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of (i) the effect of the Settlement (including the Releases), (ii) the proposed Plan of Allocation of the net Settlement Funds; (iii) Class Counsel's motion for an award of attorneys' fees and

reimbursement of litigation expenses, (iv) Class Counsel's motion for award of Named Plaintiff incentive payments; (v) their right to object to any aspect of the Settlement, (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all Class Members; and (e) satisfied the requirements of Rule 23(e) of the Federal Rules of Civil Procedure.

4. **Final Settlement Approval** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure and, upon application of the nine factors identified in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), this Court hereby fully and finally approves the Settlement and finds that the Settlement is in all respects fair, reasonable, and adequate, as more fully set forth on the record on May 27, 2014. The Court incorporates the Settlement in this Final Order and Judgment and Orders that the Settlement shall be effective, binding and enforced according to its terms and conditions.

5. **Plan of Allocation** - Details of the proposed Plan of Allocation were provided to all Class Members in the court-approved Notice of Settlement, described above. The Notice described the Plan of Allocation and provided a website address where more information concerning the Plan of Allocation could be obtained. The Court has also reviewed a detailed description of the Plan of Allocation, provided by Class Counsel on May 28, 2014, and hereby finds and concludes that the proposed Plan of Allocation provides a fair and reasonable

manner in which to distribute the proceeds of the Net Settlement Fund among the Class Members. Accordingly, the Court approves the Plan of Allocation proposed by Plaintiffs.

6. **Attorneys' Fees and Costs** – Class Counsel are hereby awarded attorneys' fees in the sum of $15,543,128.64, such sum being equal to 30% of the Net Settlement Fund after deduction of Class Counsel's litigation expenses. The Court finds this fee to be fair and reasonable, after consideration of all the circumstances. In addition, the Court awards Class Counsel the sum of $1,189,571.22 for reimbursement of litigation expenses.

(a) Litigation expenses will be paid to the law firm or law firms (or their successors) that incurred such expenses. If additional expenses are incurred in this matter, they may be submitted to the Court for approval at or before the second distribution of settlement proceeds to the Class Members.

(b) The attorneys' fees will be distributed to such law firms or to such individual lawyers in such sums as attorneys Lisa J. Rodriguez and Allen P. Press determine to be fair and reasonable as agreed between the two of them.

(c) All litigation expenses and attorneys' fees will be paid out of the Settlement Fund, and may be paid when this judgment as to attorneys' fees and litigation expenses is final and no longer subject to appeal.

(d) Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment as to the Settlement as a whole.

7. **Motion to Intervene** - The Cureton Law Firm was permitted to intervene. Its motion for a share of the attorneys' fees awarded to Class Counsel is denied. The Cureton Law Firm has already been fully compensated for its work in the case performed before it abandoned the Class. It is not entitled to any further compensation for the reasons more fully set forth on the record.

8. **Named Plaintiff Incentive Awards** - Incentive awards totaling $640,000 shall be paid to the twelve current and former Named Plaintiffs from the Net Settlement Fund as follows:

   a. Howard Hollander - $108,936.17
   b. Sally Young - $108,936.17
   c. Patrick Brady - $81,702.13
   d. Michael Finucan - $81,702.13
   e. Theodore Case - $81,702.13
   f. LeRoy "Bud" Bensel - $40,851.06
   g. Robert Pastore - $40,851.06
   h. Matthew Comlish - $40,851.06
   i. James Arthur - $20,425.53
   j. John Hefley - $20,425.53
   k. Lemuel "Butch" Dougherty - $6,808.51
   l. Darsh Dhillon - $6,808.51

Such awards are fair, reasonable, and reflect the efforts of the Named Plaintiffs. The awards shall be paid from the Net Settlement Fund at the time the net settlement funds are distributed to Class Members.

9. **Dismissal** - The Action is hereby dismissed with prejudice.

10. **Binding Effect** – The terms of the Settlement and this Judgment shall be forever binding on and inure to the benefit of Defendant, Named Plaintiffs, and the individual members of the Class (regardless of whether or not any individual class member submits a claim form or seeks or obtains a distribution from the Net Settlement Fund), and the parties' respective Releasees, as well as their heirs, executors, administrators, predecessors, successors, affiliates, and assigns. All persons who opted out of or are otherwise excluded from the Class are listed on Exhibit A hereto and shall not be bound by the terms of the Settlement or this Judgment.

11. **No Admissions** – Neither the Settlement nor this Judgment, nor their negotiation or any proceedings taken pursuant to them, shall constitute or be construed as a presumption, concession, or admission by the Released Parties of any fault, liability, damages, or wrongdoing or of any fact, allegation or claim that was or could have been asserted in this Action.

12. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:

8

(a) the parties for purposes of administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees or litigation expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve Named Plaintiff Incentive Awards; and (f) the Class Members for all matters relating to the Action.

13. **Termination of Settlement** – If approval of the Settlement is appealed and not affirmed on appeal, or if the Effective Date of the Settlement otherwise does not occur, this Order will cease to be effective and will be without prejudice to the rights of the parties to the Settlement, all of whom will be restored to their respective positions in the Action as those existed immediately before reaching the Settlement.

14. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

_____
Honorable Joseph E. Irenas, U.S.D.J.